UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |
| DHI Holdings, LP | Case No. 8:26-bk-01639-CPM |
| Applicable Debtor. | |

**DEBTOR'S EXPEDITED MOTION FOR ORDER
(A) AUTHORIZING THE DEBTORS TO SELL REAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND
INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M);
(B) APPROVING BIDDING PROCEDURES; AND (C) FOR OTHER RELIEF**
(238 N. 53rd Street, Philadelphia, Pennsylvania)

**(Expedited Hearing Requested)**

Debtor, DHI Holdings, LP (the "**Debtor**"), by and through its undersigned counsel, submits

this motion (this "**Motion**") for entry of an order, on an expedited basis, (a) authorizing the Debtor

to sell certain real property located at 238 N. 53rd Street, Philadelphia, Pennsylvania

(the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to

11 U.S.C. §§ 363(b), (f), and (m); (b) approving bidding procedures; and (c) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1.    The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The bases for the relief requested herein are sections 105(a) and 363(b), (f), and (m) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 2002 and 6004.

## Background

4.    On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5.    The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7.    On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

8.      The Debtor is the record title owner of the Property, which is more particularly described on **Exhibit A** hereto.  The Property was at one time operated by a prior owner as a funeral home, but is currently unoccupied.

9.      The Property consists of a 10,034 square foot lot, improved with a 6,366 square foot structure.  A true copy of the property card from the City of Philadelphia Office of Property Assessment is attached to this Motion as **Exhibit B**.  The tax assessed value of the Property is $891,000.00.

10.     A title report obtained by the Debtor dated November 15, 2025 (the "**Title Report**") reflects that there are no mortgages against the Property.

11.     The Title Report reflects that The City of Philadelphia has filed certain municipal liens and judgments against Debtor totaling $23,471.54 that may constitute a lien against the Property, true copies of which are attached as composite **Exhibit C**.

12.     The City of Philadelphia Department of Revenue may assert an interest in the Property for unpaid real property taxes for 2024 in the amount of $11,735.52, 2025 in the amount of $14,155.94, and accrued 2026 taxes.

13.     To the best of the Debtor's knowledge, information, and belief, except for the parties identified in paragraphs 11, 12 and 13 of this Motion (the "**Interested Parties**"), no other person or entity asserts a lien, claim, or interest in and to the Property.

14.     The Debtor, by and through its Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment, has determined that it is in the best interests of the Debtor and the estate to sell the Property at public auction on the terms set forth in this Motion.

**Relief Requested**

15.     The Debtor has previously filed an Application [Dkt. 243] (the "**Auction Application**") to employ Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") as auctioneer, which Auction Application was approved at the hearing held on April 21, 2026.  By this Motion, the Debtor requests the entry of an order, pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests (the "**Sale Order**"), by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.  The Debtor proposes that except as may otherwise be ordered by the Court in the Sale Confirmation Order, property taxes shall be paid by the purchaser at closing, and judgment and municipal liens against the Property shall attach to the net proceeds of sale and be paid pursuant to subsequent order of the Court.

16.     The Debtor, in consultation with TD, proposes that the following terms of sale be approved by the Court:

    a. **Free and Clear**:  The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale.

    b. **The Auction Dates:** TD shall market the Property for public auction (the "**Auction**").  The auction date shall be a date selected by TD that is at least four (4) weeks but not more than eight (8) weeks after the Sale Order.  TD shall begin its marketing campaign within ten (10) days of the entry of the Sale Order.

    c. **Auction Terms:** The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application.

    d. **Sale Documents:** Promptly following the closing of the Auction, the winning bidder shall execute a sale agreement or other applicable sale documents (the "**Sale Documents**").

    e. **The sale of the Property shall be "AS-IS WHERE IS WITH ALL FAULTS," with no warranties of title whatsoever.**

    f. **Sale Confirmation:** Within five (5) business days following the Auction and prior to the closing of the sale of the Property, the Debtor will seek the entry of an order confirming the sale to the winning bidder (the "**Sale Confirmation Order**").

g. **Closing Date:**   Closing shall occur within thirty (30) days after the auction or within ten (10) business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

h. **Closing Documents**:   The Property shall be conveyed to the purchaser by Trustee's Deed.

17.     All valid and duly perfected liens against the Property that are not paid at closing will attach to the net proceeds of sale (after payment of closing costs) of the Property with the same extent, validity, and priority as existed before the Petition Date.

**Authority for Requested Relief**

**I.     The Proposed Notice of the Auction and Bid Procedures is Appropriate.**

18.     The Debtor seeks authority to sell the Property through an Auction and related sale process, subject to the Debtor's right to seek an alternative course of action to maximize the value of its estate.   TD will conduct an extensive and robust marketing process designed to maximize the number of auction participants, bidders, and purchase price.

19.     Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

20.     Bankruptcy Rule 6004 provides, in pertinent part:

(1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:

(A) under Rule 2002(a)(2), (c)(1), (i), and (k); and

(B) in accordance with §363(b)(2), if applicable.

* * *

(c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:

(1) the date of the hearing on the motion; and

(2) the time to file and serve an objection on the debtor in possession or trustee.

Fed. R. Bankr. P. 6004.

21.     The Debtor has served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid on the Interested Parties and those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006.  In light of the existence of a Committee, the estate should not be required to incur the expense of service by mail on all creditors.  As a practical matter, given the unique nature of the Property, it is unlikely that creditors of the Debtor will be bidders.

22.     The Debtor respectfully requests the Court to hold an expedited hearing on this Motion so that the marketing process can begin and the auction process concluded promptly.

**II.     The Auction and Sale of the Property Should be Approved.**

23.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  A sale of the debtor's assets should be authorized pursuant to § 363 if a sound business purpose exists for the proposed transaction. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated business justification' . . . .");￼ *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

24.     Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale,

(ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith. *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders. *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

25.     The Debtor has a sound business justification for selling the Property. The Property is not subject to a mortgage and is generating no income. The value of the Property will be tested through the Auction conducted pursuant to and according to the bid procedures set forth in the Auction Motion. Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtor in the exercise of its reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the bankruptcy estate. *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction"). Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process—the best means for establishing whether a fair and reasonable price is being paid.

**III.     The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.**

26.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.  *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

27.     Section 363(f) is drafted in the disjunctive.  Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtors' sale of the Assets free and clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement.  *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

28.     The only liens against the Property are liens for ad valorem taxes, which taxes will be paid by the buyer at closing, and municipal liens and judgments, which will attach to the proceeds of sale. The anticipated sale price will far exceed the total of the municipal liens and judgments.

29.     Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to ad valorem taxes, with past due *ad valorem* taxes paid by the buyer at closing, and current year's taxes pro-rated.

**IV.    The Sale Will Be Undertaken by the Buyers in Good Faith.**

30.    Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased notwithstanding if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

31.    The sale of the Property should be found to be in good faith if the Debtor can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2nd Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641, 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

32.    The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Debtor respectfully requests that the Court find that any purchaser of the Property be entitled to the protections of section 363(m) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to section 363 of the Bankruptcy Code; (b) approving the sale procedures and terms set forth herein; and (c) granting such other and further relief as may be just and equitable.

Dated: April 30, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By:  */s/ Joseph A. Pack*
     Joseph A. Pack
     Email:  joe@packlaw.com
     Florida Bar No. 117882
     Jessey J. Krehl
     Email:  jessey@packlaw.com
     Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

*Remainder of Page Left Intentionally Blank*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 30, 2026, the foregoing document:

a.  was filed with the Clerk of the Court using CM/ECF;

b.  was served by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case;

c.  was served by first class U.S. Mail, postage prepaid on the City of Philadelphia, Department of Revenue, Municipal Services Building Concourse, 1401 John F. Kennedy Blvd., Philadelphia, PA 19102;

d.  was served by first class U.S. Mail, postage prepaid on the City of Philadelphia, Department of Licenses and Inspections, 1401 John F. Kennedy Blvd., 11th Floor, Code Enforcement Unit, Philadelphia, PA 19102;

e.  was served by first class U.S. Mail, postage prepaid and electronic mail on the City of Philadelphia, Law Department, 1515 Arch St., 14th Floor, Philadelphia, PA 19107, michelle.reinhart@phila.gov; *and*

f.  was transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on the Interested Parties and those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By:  */s/ Joseph A. Pack*

Joseph A. Pack
Email:  joe@packlaw.com

11