**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered With* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; and | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |

**LIMA ONE CAPITAL LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Lima One Capital, LLC ("Movant" or "Lima One"), by and through its undersigned counsel, hereby moves the Court for relief from the automatic stay or, in the alternative, for adequate protection.

**JURISDICTION**

This Court has jurisdiction over this Motion under 28 U.S.C. §§ 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409. Further, review is appropriate under 11 U.S.C. §§ 105(a), 362 and other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

**BACKGROUND**

1. On or about November 8, 2019, DDH Fund, LP (the "Debtor") executed and

1

delivered to Lima One a Mortgage upon the following real properties and as more fully described in the legal description attached as Exhibit A (the "Properties"), in the original principal amount of $594,275.00 (the "Mortgage"):

- 5332 Lena Street, Philadelphia, PA 19144

- 4124 Paul Street, Philadelphia, PA 19124

- 5743 North Beechwood Street, Philadelphia, PA 19138

- 335 North Redfield Street, Philadelphia, PA 19139

- 4182 Paul Street, Philadelphia, PA 19124

- 2737 West Eyre Street, Philadelphia, PA 19121

- 1835 Harrison St., Philadelphia, PA 19124

2. The Mortgage was recorded November 27, 2019, as Document ID 53597570, Recorder's Office, Philadelphia County, Pennsylvania. The Mortgage is attached hereto as Exhibit B.

3. On the same day, the Debtor executed and delivered a promissory note secured by the Mortgage (the "Promissory Note" and together with the Mortgage, the "Loan Documents") to Lima One. A copy of the Promissory Note is attached hereto as Exhibit C.

4. Also on November 8, 2019, Brandon D. Mendenhall executed a guaranty agreement (the "Guaranty") guaranteeing the full loan amount of $594,275.00 as further security. A copy of the Guaranty is attached hereto as Exhibit D.

5. On December 3, 2020, Lima One assigned the Loan Documents to U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Trustee of Homeward Opportunities Fund Trust 2020-2 ("US Bank"). The assignment is attached hereto as Exhibit E.

6. At all relevant times, Lima One has been the servicer for the Loan Documents.

7. On January 6, 2025, Lima One recorded a partial release for the property located at 1835 Harrison St., Philadelphia, PA 19124. The partial release was recorded in the Office of

2

the Recorder of Deeds for Philadelphia County as Document ID 54379539.  The partial release is attached hereto as Exhibit F.

8.      Beginning January 10, 2025, the Debtor defaulted on monthly loan payments pursuant to the Loan Documents.  The Debtor has not made any payments pursuant to the Loan Documents since January 2025.

9.      After the Debtor's default under the Loan Documents, Lima One acquired valuations of the Properties through Omnia Real Estate Services ("Omnia").  On July 7, 2025, Omnia provided Lima One with the following valuations of the Properties:

- 5332 Lena Street, Philadelphia, PA 19144 - $217,000

- 4124 Paul Street, Philadelphia, PA 19124 - $89,000

- 5743 North Beechwood Street, Philadelphia, PA 19138 - $179,000

- 335 North Redfield Street, Philadelphia, PA 19139 - $115,000

- 4182 Paul Street, Philadelphia, PA 19124 - $259,000

- 2737 West Eyre Street, Philadelphia, PA 19121 - $135,000

10.     On March 1, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11, chapter 11 of the Bankruptcy Code.

11.     As of the Petition Date, the payoff amount was $618,784.59 and the amount required to reinstate the loan was $105,731.55.  Accordingly, there is limited equity in the Properties—but the equity continues to decrease as the Debtor fails to pay the mortgage.

//

//

//

//

//

//

3

**BASIS FOR RELIEF**

**A. Legal Standard**

12.     "A decision to lift the [automatic] stay is discretionary with the bankruptcy judge, and may be reversed only upon a showing of abuse of discretion." *In re Khan*, No. 20-60032-CIV, 2021 WL 4865278, at *2 (S.D. Fla. Oct. 19, 2021) (quoting *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989)).  "Because the inquiry required to evaluate whether to lift a stay is 'very fact specific and involve[s] the weighing of numerous factors peculiar to the particular case[.]'" *In re Adelphia Commc'ns Corp.*, 298 B.R. 49, 52 (S.D.N.Y. 2003) (quoting *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1288(2d Cir.1990).

13.     A movant need only "make a prima facie showing that it is entitled to relief from stay." *In re Schuessler*, 386 B.R. 458, 479 (Bankr. S.D.N.Y. 2008).  "'Without quantifying the decline in value,' the movant 'can often establish its prima facie case by demonstrating that the debtor has completely failed, or substantially failed, to make post-petition payments.'" *In re Moche*, 677 B.R. 592, 612 (Bankr. S.D.N.Y. 2026) (quoting *In re Elmira Litho*, Inc., 174 B.R. 892, 903 (Bankr. S.D.N.Y. 1994). "Once the movant establishes a prima facie case, the burden shifts to the debtor—or the party opposing relief—to show that cause does not exist to lift the stay." *Id.*, (citing *Schuessler*, 386 B.R. at 480); *In re Eatman*, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995) ("While section 362(g) allocates the burden of ultimate persuasion, under either ground, the movant must still make a prima facie showing that it is entitled to the relief that it seeks.").

**B. Relief from the Automatic Stay is proper pursuant to 11 U.S.C. § 362(d)(1)**

14.     Relief from the automatic stay is warranted under 11 U.S.C. §362(d)(1) due to the Debtor's complete failure to make payments under the Loan Documents.  Section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall

4

grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." "The delay in paying a creditor for an inordinate length of time has been recognized as a cause for relief." *Southerland v. Troy & Nichols, Inc.*, 173 B.R. 432, 433 (M.D. Fla. 1994) (quoting *In re Senior Care Properties, Inc.,* 137 B.R. 527, 529 (N.D.Fla.1992)); *In re Harris*, No. 25-01987-TOM-11, 2025 WL 2682214, at *5 (Bankr. N.D. Ala. Sept. 18, 2025) ("The Debtor's failure to make the regular mortgage payments each month may be 'cause.'"); *E.F. Hutton Mortg. Corp. v. Williams (In re Williams)*, 68 B.R. 442 (Bankr. M.D. Ga. 1987) (failure to make post-confirmation payments can constitute cause for lifting the stay); *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y. 1993) ("A debtor's failure to make regular mortgage payments as they become due constitutes sufficient "cause" to lift the automatic stay.")

15.    The court in *Harris* noted that generally, *"*missed payments alone may not be cause to lift the stay where there is an equity cushion." 2025 WL 2682214, at *5.  However, the court ultimately lifted the stay—despite there being equity in the subject property—in part due to the debtor's lack of intent to resume payments and because "the debtor has missed almost a years' worth of payments, and with each additional missed payments the equity cushion continues to shrink." *Id*.

16.    Here, similar to the facts in *Harris*, Lima is not adequately protected as the Debtor has failed to make payments owed pursuant to the Loan Documents for an exorbitant amount of time.  Specifically, the Debtor has not made a payment pursuant to the Loan Documents in a year and a half (since January 2025). As of May 7, 2026, the contractual payment default totaled $613,239.81, which continues to increase with each missed payment. To the extent there may be any equity in the Properties, the equity cushion shrinks each month as the Debtor continues to fail to pay its monthly mortgage obligations pursuant to the Loan Documents.  According to the Debtor's operating reports, the equity across all properties owned by Debtor remained the same

from March 31 to May 31, 2026 at $-8,318,778—which makes no sense. The Debtor has not made any payments toward the loan since January 2025, and the Debtor certainly has not made any payments since the Petition Date.   Because the Debtor has completely failed to make payments on the Properties, the Debtor continues to lose significant equity in the Properties. Stay relief is therefore appropriate. *See Moche*, 677 B.R. at 612.

17.       The automatic stay is intended to provide debtors with a breathing spell from creditors—not as a mechanism to make a secured creditor an unwilling passenger to a debtor's multi-year free ride. Because the Debtor has completely failed to pay on the Loan Documents for an extended period of time—a year and a half—the Debtor presumably will continue not paying on the Loan Documents. The Debtor's future intent can be derived from its previous and present actions.  The Debtor continues to lose equity in the Properties—a fact the Debtor's monthly operating reports explicitly ignore—further indicating the Debtor has no intent to continue making mortgage payments or otherwise bring the loan current. As a result, relief from the automatic stay is warranted under section 362(d)(1) and the Debtor's extended failure to make payments and likely intent to not resume payments in the future is cause alone to lift the automatic stay. Alternatively, Lima requests the Court grant adequate protection and require the Debtor to make full monthly mortgage payments on the Properties—which the Debtor continues to use— to protect against further erosion of the shrinking equity in the Properties. *See* 11 U.S.C. § 363(e).

### CONCLUSION

Lima requests that the automatic stay be lifted so that it can protect its security interest in the Properties. Lima respectfully requests that the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure so that Lima can pursue its *in rem* remedies without further delay. Alternatively, Lima requests the Court grant adequate protections to further protect Lima's interest in the Properties.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2026, a true and correct copy of the foregoing Motion has  been served through the CM/ECF system to all registered CM/ECF recipients, including the U.S. Trustee's office, the Debtors' attorneys, and Counsel for the Committee, all of whom are registered and have consented to receive electronic notices in this case. I further certify that a true and correct copy of the foregoing has been served by United States first class mail postage prepaid to: Debtor, RAD Diversified REIT, Inc., 11418 US-19N., Port Richey, FL 34688; and all parties listed on the Local Rule 1007-2 Parties-in-Interest list, a copy of which is attached hereto and incorporated by reference.

ATLAS | SOLOMON, LLP
*Counsel for Creditor*

By:      /s/ Troy A. Lawrence
Troy A. Lawrence, Esq.
Florida Bar No. 1061000

7