# Exhibit D

DDH Fund, LP, a Delaware Limited Partnership
Seven (7) Property Portfolio - PA
Lima One Capital, LLC | November 8, 2019

Loan 963

## GUARANTY

THIS GUARANTY ("Guaranty") is made and entered in to by **Brandon D. Mendenhall** ("Guarantor") in favor of **Lima One Capital, LLC** ("Lender") as of **November 8, 2019.**

### WITNESSETH

WHEREAS, on this date, Lender is lending **$594,275.00** to **DDH Fund, LP, a Delaware Limited Partnership**("Borrower") to purchase certain real properties located at **5332 Lena Street, Philadelphia, PA 19144 and 1835 Harrison Street, Philadelphia, PA 19124 and 4124 Paul Street, Philadelphia, PA 19124 and 5743 North Beechwood Street, Philadelphia, PA 19138 and 335 North Redfield Street, Philadelphia, PA 19139 and 4182 Paul Street, Philadelphia, PA 19124 and 2737 West Eyre Street, Philadelphia, PA 19121** ; and

WHEREAS, on this date. Borrower is executing an **Adjustable Rate Note and Security Instrument** in the principal amount of **$594,275.00** in favor of Lender to set forth the terms of the loan from Lender to Borrower.

NOW, THEREFORE, in consideration of the benefits to be derived by Guarantor from said loan, and in order to induce Lender to lend Borrower said principal loan amount and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor, for the benefit of Lender, agrees as follows:

Guarantor represents and warrants that it has carefully read and analyzed the Note and fully understands all of its terms and conditions.

1.      Guarantor unconditionally guarantees to Lender the full and prompt payment of any and all principal, default interest, late charges, reasonable attorneys' fees, and all other sums payable by Borrower under the Note (collectively, the "Liabilities"), and further unconditionally guarantees the full and timely performance and observance of all of the terms, provisions, covenants and obligations of Borrower under the Note and all Loan Documents (as defined in the Note) (collectively, the "Obligations"). Guarantor agrees that if default or breach shall at any time be made by Borrower in the payment of the Liabilities or the performance of any of the Obligations, Guarantor shall pay the Liabilities and faithfully perform and fulfill all the Obligations.

2.      This Guaranty shall be enforceable by Lender in an action against Guarantor without the necessity of any suit, action, or proceeding by Lender of any kind or nature whatsoever against Borrower, without the necessity of any notice to Guarantor of Borrower's default or breach under the Note, and without the necessity of any other notice or demand to Guarantor to which Guarantor might otherwise be entitled, all of which notice Guarantor hereby expressly waives. Guarantor hereby agrees that the validity of this Guaranty and the obligations of Guarantor hereunder shall not be terminated, affected, diminished, or impaired by reason of the assertion or the failure to assert by Lender against Borrower any of the rights or remedies reserved to Lender pursuant to the provisions of the Note or any other remedy or right which Lender may have at law or in equity or otherwise.

3.      Guarantor covenants and agrees that this Guaranty is an absolute, unconditional and continuing guaranty. The liability of Guarantor hereunder shall in no way be affected, modified, or diminished by reasons of any assignment, renewal, modification or extension of the Note or any modification or waiver or change in any of the covenants and terms of the Note by agreement of Lender and Borrower, or by any unilateral action or either Lender or Borrower, or by an extension of time that may be granted by Lender to Borrower or any indulgence of any kind granted to Borrower, or any dealings or transactions occurring between Lender and Borrower, including, without limitation, any adjustment, compromise, settlement, accord and satisfaction, or release, or any bankruptcy, insolvency, reorganization, arrangement, assignment for the benefit of creditors, receivership, or trusteeship affecting Borrower. To the fullest extent permitted by law, Guarantor does hereby expressly waive any defense based on suretyship or impairment of collateral. Guarantor also expressly waives any and all defenses, claims, and discharges of Guarantor, Borrower, or any other obligor, pertaining to the indebtedness created by the Note, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, Guarantor will not assert, plead, or enforce against Note Holder any defense of waiver, release, statute of limitations, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality, or unenforceability which may be available to Guarantor or to any other person liable in respect to the indebtedness related to the Note, or any setoff available against Note Holder by Guarantor, Borrower, or any other person or entity, whether or not on account

DDH Fund, LP, a Delaware Limited Partnership
Seven (7) Property Portfolio - PA
Lima One Capital, LLC | November 8, 2019

Loan 963

of a related transaction. Guarantor expressly agrees that Guarantor shall be and remain liable, to the fullest extent permitted by applicable law, for any deficiency remaining after foreclosure of any mortgage, deed to secure debt, or security interest securing the Note, whether or not Guarantor's liability or that of any other obligor is discharged pursuant to statute or judicial decision. Note Holder shall not be required first to resort for payment of the indebtedness to Guarantor, Borrower, or other persons or entities or their properties, or first to enforce, realize upon, or exhaust any collateral security for the indebtedness under the Note.

4.      All of Lender's rights and remedies under the Note or under this Guaranty are intended to be distinct, separate, and cumulative and no such right and remedy therein or herein is intended to be the exclusion of or a waiver of any other.

5.      Guarantor hereby waives presentment, demand for performance, notice of nonperformance, protest, notice of protest, notice of dishonor, and notice of acceptance. Guarantor further waives any right to require that an action be brought against Borrower or any other person or to require that resort be had by Lender to any security held by Lender.

6.      This Guaranty shall be governed by and construed in accordance with the laws of the State of Georgia.

7.      This Guaranty shall be binding upon Guarantor and the heirs, executors and administrators of Guarantor, and shall inure to the benefit of Lender and its heirs, executors and administrators.

8.      Time is of the essence.

9.      Guarantor hereby consents and agrees that at any time(s) without notice to or further approval of Guarantor, and without in any way affecting the obligations of Guarantor hereunder, Lender may, with or without consideration, (i) release, compromise, or agree not to sue in whole or in part Borrower, Guarantor, or any other obligor, guarantor, endorser, or surety upon any of the Liabilities and Obligations; (ii) waive, rescind, renew, extend, modify, increase, decrease, delete, terminate, amend, or accelerate in accordance with its terms, either in whole or in part, any of the Liabilities or Obligations, any of the terms thereof, or any agreement, covenant, condition, or obligation of or with Borrower, Guarantor, or any other obligor, guarantor, endorser, or surety upon any of the Liabilities or Obligations; and (iii) apply any payment received from Borrower, Guarantor or any other obligor, guarantor, endorser, or surety upon any of the Liabilities or Obligations which Lender may choose. Guarantor submits (and waives all rights to object) to non-exclusive personal jurisdiction and venue of any state or federal court sitting in the State of Georgia, for the enforcement of any and all obligations under this Guaranty.

**[Signatures Commence on Next Page]**

DDH Fund, LP, a Delaware Limited Partnership
Seven (7) Property Portfolio - PA
Lima One Capital, LLC | November 8, 2019

Loan ███963

**In Witness Whereof,** the undersigned have executed this Guaranty as of **November 8, 2019.**

Guarantor: Brandon D. Mendenhall

By: Brandon D. Mendenhall

Signed, sealed, and/or delivered in the presence of:

_____
Unofficial Witness

By:_____

_____
Unofficial Witness

By:_____

State of _Calif_

County of _San Bernardino_

On this **8th day of November 2019**, before me, the undersigned official, personally appeared **Brandon D. Mendenhall**, known to me or satisfactorily proven to be said person upon presentation of valid photographic identification, who executed this document in my presence for the purposes herein contained.

In witness whereof, I hereunto set my hand and official seal.

[SEAL]

CAROLINE H. GUTIERREZ-JACKSON
Commission # 2136562
Notary Public - California
Los Angeles County
My Comm. Expires Dec 12, 2019

_____
Notary Public

_Caroline H. Gutierrez Jackson_
Print Name

_12-12-19_
Commission Expiration

See - attached
"Calif all-purpose Acknowledgment"

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

CIVIL CODE § 1189

State of California

County of _San Bernardino_ }

On _11-8-19_ before me, _Caroline H Gutierrez Jackson_,
Date          Here Insert Name and Title of the Officer

personally appeared _Brandon D Mendenhall_
Name(s) of Signer(s)

_____,

> CAROLINE H. GUTIERREZ-JACKSON
> Commission # 2136562
> Notary Public - California
> Los Angeles County
> My Comm. Expires Dec 12, 2019

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ Notary public
Place Notary Seal Above       Signature of Notary Public

—————————— OPTIONAL ——————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _Guaranty_

Document Date: _____ Number of Pages: _3_

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☑ Other: _Managing Member_
Signer Is Representing: _____
_DDH FUND LP_

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____

☐ Corporate Officer — Title(s): _____
☐ Individual
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)     Item #5907