UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

RAD DIVERSIFIED REIT, INC.;                                     Case No. 8:26-bk-01636-CPM

                                                                *Jointly Administered with*

RAD Diversified OZ Fund, LP;                                    Case No. 8:26-bk-01637-CPM
DHI Fund, LLC;                                                  Case No. 8:26-bk-01638-CPM
DHI Holdings, LP; and                                           Case No. 8:26-bk-01639-CPM
DDH Fund, LLC                                                   Case No. 8:26-bk-01640-CPM

         Debtors.
_____/

## ORDER GRANTING MOTION FOR ADEQUATE PROTECTION PAYMENTS OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY

Upon the motion, dated July 15, 2026, (the "Motion"), of Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2024-INV1 (with any subsequent successor or assign, the "Movant"), for an order, pursuant to 11 U.S.C. §§ 361 and 362(d)(1); granting Movant, or its nominees and/or assigns, pre-confirmation, post-petition adequate protection payments, to enforce its mortgage on the Debtor`s premises located at 2077 Wilmot Street, Philadelphia, PA 19124; 5713 Chew Avenue, Philadelphia, PA 19138; 533 E. Maryland Steet, Philadelphia, PA 19144; 304 E. Bringhurst Street, Philadelphia, PA 19144; 5915 McMahon Street, Philadelphia, PA 19144; 2014 Wilmot Street, Philadelphia, PA 19124; 5964 Warrington

Avenue, Philadelphia, PA 19143; 5518 Malcolm Street, Philadelphia, PA 19143; 4290 Griscom Street, Philadelphia, PA 19124; and 6614 Chew Avenue, Philadelphia, PA 19119; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on _____ and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that the Debtor is directed to make adequate protection payments to Movant in the amount of $9,304.64 each month commencing with the July 1, 2026;[2] and it is further

**ORDERED** that the Debtor is directed to produce proof of paid hazard insurance listing Movant as loss payee within 14 days of the entry of this Order; and it is further

**ORDERED** that the above-referenced payment terms and the terms of the Loan Agreements shall be incorporated into Debtor's Plan and any order confirming the Plan; and it is further

**ORDERED,** in the event the Debtor does not make the required adequate protection payment or the full required monthly payments as otherwise described above, Movant may submit a ten (10) day Notice of Default to Debtor and Debtor's attorney. If the Debtor does not cure the default within the ten (10) days, including any fee for the Notice of Default, Movant may file an Affirmation of Non-Compliance and the automatic Stay will be terminated with a waiver of the fourteen (14) day stay under rule 4001(3).

*Attorney Laura Noyes is directed to serve this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the order.*

---

[2] Any unpaid post-petition adequate protection payments which became due prior to July 1, 2026, shall be an allowed administrative expense claim to be paid to Movant in full at Confirmation or sale of the Property, whichever is earlier.