UNITED STATES BANKRUPTCY
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Chapter 11

RAD DIVERSIFIED REIT, INC.;                               Case No. 8:26-bk-01636-CPM

                                                          *Jointly Administered with*

RAD Diversified OZ Fund, LP;                              Case No. 8:26-bk-01637-CPM
DHI Fund, LLC;                                            Case No. 8:26-bk-01638-CPM
DHI Holdings, LP; and                                     Case No. 8:26-bk-01639-CPM
DDH Fund, LLC                                             Case No. 8:26-bk-01640-CPM

            Debtors.
                                                     /

### U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF GREENE STREET FUNDING TRUST II'S MOTION FOR RELIEF FROM AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADEQUATE  PROTECTION PAYMENTS

Secured Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of Spartan Funding I Trust, by and through its undersigned counsel, respectfully moves this Court for relief from the automatic stay or, in the alternative, for adequate protection payments and in support of its Motion states as follows:

1.      U.S. Bank Trust National Association, not in its individual capacity but solely as trustee of Spartan Funding I Trust (together with any successor or assign, "Movant") hereby moves this Court, pursuant to 11 U.S.C. § 361(1); for an Order directing the Debtor to make adequate protection payments, or, in the alternative, to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 11927 Moss Branch

Road, Houston  Texas (the "Property").

2.        This Court has jurisdiction over this matter pursuant to 28 U.S.C. "1334(b) and 157(a) and 362(d) of Title 11, United States Code (hereinafter referred to as the "Code"). Furthermore, this is a core proceeding pursuant to 28 U.S.C. '157(b)(2)(G).

3.        Movant is a secured creditor of the Debtor pursuant to a Note executed by DHI Holdings, LP (the "Debtor") on May 27, 2021 whereby the Debtor promised to repay $175,500.00 plus interest to Movant's predecessor in interest (the "Note"). To secure the repayment of the Note, the Debtor executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of Movant's predecessor in interest, which was recorded on June 11, 2021, in the Harris County Official Records with Doc Id RP-2021-327271 (the "Mortgage") encumbering the Property. The Loan was ultimately assigned to Movant by an assignment of mortgage (the "Assignment of Mortgage"). Copies of the Note, Mortgage, and Assignments of Mortgage are attached hereto as **Exhibit A**.

4.        Prior to the Bankruptcy filing, the loan was subject of a Mortgage Foreclosure and a Notice of Sale was filed with a sale set for March 3, 2026.  A copy of the Notice of Sale is attached hereto as **Exhibit B.**

5.        A Petition under Chapter 11 of the United States Bankruptcy Code was filed with respect to the Debtor on March 1, 2026.

6.        The Debtor has failed to make current mortgage payments due under the terms of the Loan. As of the filing date of the Debtor's Petition, the loan remains contractually due for September 1, 2024, with total pre-petition debt in the approximate amount of $238,954.47 and approximate pre-petition arrears in the amount of $87,761.59

7.        Additionally, Debtor has failed to make post-petition payments beginning with

the April 1, 2026 payment..

8. Further, Movant has been paying the taxes and lender force placed insurance policy on the Property.

9. As of the filing date of this instant Bankruptcy Petition, the monthly post-petition payment is $2,603.46. Movant requests that Debtor be required to remain current with all post-petition payments during the pendency of this Bankruptcy case.

10. The estimated market value of the Property is $234,000.00. The basis for such valuation is the appraisal which is attached hereto as Exhibit "C".

11. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $1,350.00 in legal fees and $199.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

**Legal Argument**

12. Relief from the automatic stay is warranted under §362(d)(2) due to the lack of equity in the Property. 11 U.S.C. §362(d)(2)(A); In re Stewart, 11 B.R. 93, 94 (Bankr. N.D. Ga. 1981). However, the mere existence of an equity cushion does not constitute adequate protection per se. Generally, a 20% or greater equity cushion is deemed sufficient by the courts. See In re Senior Care Properties, Inc., 137 B.R. 527, 528-29 (Bankr. N.D. Fla. Feb. 25, 1992)(analyzing the sufficiency of various equity cushions). Conversely, an equity cushion of less than 20% has generally been held to be insufficient. In re Big Dog II, LLC, 602 B.R. 64, 70 (Bankr. N.D. Fla. 2019).

13.    Here, the value of the Property is $234,000.0 (See Exhibit C). Movant's lien, as of the petition date, totals $238,954.47. There is no equity in the Property to protect Movant's interests and relief is appropriate under §362(d)(2)(A).

14.    Moreover, relief from the automatic stay is warranted under §362(d)(2) as the Property is unnecessary for an effective reorganization. Once a movant under 11 U.S.C. § 362(d)(2)(A) establishes that a debtor or estate has no equity in property, it is the burden of the debtor or trustee to establish that the collateral at issue is necessary to an effective reorganization. 11 U.S.C. §362(g)(2); United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd., 484 U.S. 365, 375–76 (1988). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, the property will be needed for it; but also that the property is essential for an effective reorganization that is in prospect. This means that there must be a reasonable possibility of a successful reorganization within a reasonable amount of time. Timbers, 484 U.S. at 375.

15.    Debtor failed to submit any evidence to suggest the Property itself is necessary for an effective reorganization. The Property poses a burden to the estate as there is no equity in the Property and the Debtor lacks the income to cure the arrearage through a Plan. Thus, Debtor failed to meet its burden under 11 U.S.C. § 362(g)(2).

16.    Further, relief from the automatic stay is warranted under §362(d)(1) due to the lack of adequate protection. 11 U.S.C. §362(d)(1). Whether cause exists to grant the requested relief is determined by the court "on a case-by-case basis" and further "may be reversed only upon a showing of abuse of discretion." See In re Bryan Road, LLC, 382 B.R. 844 (Bankr. S.D. Fla. 2008) (citing, In re Dixie Broad., Inc. 871 F.2d 1023, 1026 (11th Cir. 1989); See also, e.g., In re Jefferson County, Alabama, 484 B.R. 427 (Bankr. N.D. Ala. 2012).

17.    A debtor's failure to make contractual payments constitutes cause for relief under §362(d)(1). The court maintains the right to grant relief from stay for cause when a debtor has not been diligent in carrying out his or her duties in the bankruptcy case, has not made required payments, or is using bankruptcy as a means to delay payment or foreclosure. In re Harlan, 783 F.2d 839 (9th Cir. 1986); In re Ellis, 60 B.R. 432 (B.A.P.)

18.    Here, Movant is not adequately protected as Debtor failed to make payments owed on the Note. As a result, Debtor has not been diligent in carrying out his or her duties in the bankruptcy case and has not made required payments. In re Harlan, 783 F.2d 839 (9th Cir. 1986).

19.    Further, by failing to pay the Note and/or taxes and insurance, Debtor is allowing the estate's interest in the Property to decline as Movant's Claim increases. The Bankruptcy Code was intended to afford financially troubled debtors a breathing spell from their creditors, but it was not Congress' intent to allow debtors to maintain their property while failing to pay their mortgages for extended periods of time; such an abuse of the protections afforded constitutes cause pursuant to § 362(d)(1). In re Three Tuns, Inc., 35 B.R. 110, 111 (Bankr. E.D. Pa. 1983). As a result, relief from the automatic stay is warranted under 362(d)(1).

20.    Pursuant to 11 U.S.C. §361, Movant is entitled to receive full monthly payments for adequate protection payments.  Debtor should also be required to produce immediate proof of paid hazard insurance listing Movant as loss payee.

21.    Additionally, 11 U.S.C. §362(d)(1) of the Bankruptcy Code provides that a court shall, upon motion, grant relief from that automatic stay for cause, which includes the lack of adequate protection of an interest in property, of the moving party.

22.    11 U.S.C. § 363(e) provides, that, "at any time, on request of an entity that has an interest in property used… the court, with or without a hearing, shall prohibit or condition such use… as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

23.    Accordingly, Movant is entitled to adequate protection because the Debtor is using the collateral of Movant, a secured creditor. *See In re Harold & Williams Development Co.,* 163 B.R. 77, 78 (Bankr. E.D. Va. 1994) ("Section 363(e) of the Bankruptcy Code authorizes the court to condition sale, use or lease of property as is necessary to provide adequate protection ofan entity's interest."); *see also Ford Motor Credit Co. v. JKJ Chevrolet, Inc. (In re JKJ Chevrolet, Inc.),* 117 F.3d 1413 (4th Cir. 1997); *Travelers Life Insurance and Annuity Co. v. Ritz-Carlton of D.C., Inc. (In re Ritz-Carlton of D.C. Inc.),* 98 B.R. 170, 173 (S.D.N.Y. 1989); *In re 354 East 66th Street Realty Corp.,* 177 B.R. 776, 781 (Bankr. E.D.N.Y. 1995).

24.    When a creditor's interest is not adequately protected, an award of adequate protection is mandatory. *See* 11 U.S.C. § 363(e) ("the court ... shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection") (emphasis added); *see also Metromedia Fiber Network SERVs. v. Lexent, Inc. (In re Metromedia Fiber Network, Inc.),* 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary -- it states that the court 'shall' grant the relief specified, at any time, on the request of a secured entity."); *In re Waste Conversion Techs., Inc.,* 205 B.R. 1004, 1007 (D. Conn. 1997) (adequate protection is "recognized as a fundamental right afforded secured creditors in bankruptcy proceedings.").

25.    Movant respectfully requests that Debtor be ordered to immediately make full monthly mortgage payments, effective with the first post-petition payment due April 1, 2026, to protect against further erosion of the value of the Property; and for Debtor produce proof of paid

hazard insurance listing Movant as loss payee within 14 days of the court's order.  Alternatively, if the Debtor cannot adequately protect Secured Creditor's interest in the Property, relief from stay should be granted so that Secured Creditor can exercise its in rem rights in the Property.

26.    Movant respectfully requests that the Court waive the fourteen (14) day stay of the Order Granting Relief pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, so that Movant can pursue its in rem remedies without further delay.

**WHEREFORE**, Movant respectfully requests an Order granting relief from the automatic stay or in the alternative granting adequate protection payment in the full monthly amount of contractual monthly payment;  for proof of paid hazard insurance;  and for such other, further and different relief as to this Court may deem just, proper, and equitable, including its fees and costs for bringing this motion.

Rubin Lublin, LLC
Attorney for Movant
2313 W. Violet St.
Tampa, Florida 33603
Bankruptcy@rlselaw.com
Telephone No.: (813) 656-8801

/s/ Amy M. Kiser
Amy M. Kiser, Esq.
Florida Bar# 46196