## Exhibit A

**Settlement Agreement and General Release**

## <u>SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

Bahiyah Shamsud'din, her heirs, executors, administrators and assigns ("Plaintiff" or "Releasor"), for and in consideration of Thirty Two Thousand Five Hundred Dollars ($32,500.00), does hereby remise, release and forever discharge DDH Fund, LP a/k/a, t/a, d/b/a DDH Fund, LLC and RAD Diversified Reit, Inc. and their parent companies, subsidiaries, affiliates and associated companies, and their owners, employees, subsidiaries, affiliates, associated companies, insurers (including specifically: Lio Specialty Insurance Company), insurance administrators (including specifically: McLarens), re-insurers, assigns, predecessors, successors, heirs, executors and administrators and their agents, servants, employees and representatives (collectively "Releasees" or "Released Parties"), of and from all, and all manner of, liability, actions and causes of action, suits, costs, fees, debts, dues, accounts, bonds, covenants, contracts, DPW liens, CMS/Medicare/Medicaid liens, SSA liens, child welfare and/or support liens, medical payment insurance, insurance, agreements, judgments, claims, delay damages, compensatory damages, punitive damages, and demands whatsoever in law or equity, including any claim for any damage or injury, known or unknown, that were or could have been litigated in the lawsuit <u>Bahiyah Shamsud'din v. RAD Diversified Reit, Inc., et al.</u> Court of Common Pleas of Philadelphia County, June Term, 2025, at No. 250601596 (the "Lawsuit") and/or any other matter arising out of the alleged incident that occurred on or about August 26, 2024 at 2497 North Newkirk Street, Philadelphia, PA as alleged in the Complaint in the Lawsuit (the "Incident"), which Releasor ever had, now has or which she hereafter can, shall or may have against any and all persons, companies, or entities from the beginning of the world to the present, including but not limited to claims of negligence and Personal Injury as alleged in the Lawsuit.

The parties hereto further agree as follows:

1.     This Release contains the entire agreement between the parties hereto, and the terms of this Release are contractual and not a mere recital. In making this settlement and in giving this Release, Releasor acknowledges that she does not rely on any statements or representations of the Released Parties or any person acting on their behalf. The payment of the settlement funds to the Releasors and by the Released Parties constitutes an acknowledgment that all claims for indemnity or contribution in this matter are resolved.

2.     Releasor recognizes that the claims that she has asserted are disputed by the Released Parties and it is further understood that payment made on behalf of the Released Parties is not intended to be construed as an admission of any liability by Released Parties which liability is expressly denied by Released Parties. It is further understood, that the settlement amount and particulars are not to be published (orally, in print, or by social media/networking) by the parties and that such disclosure by the Plaintiffs and/or their attorneys, including but not limited to jury publications and reviews, or failure to abide by this portion of the Release can lead to such sanctions upon the violating party as the Court may impose. This limitation does not include those governmental entities which require reporting of receipt of funds, such as the IRS or a settlement structure professional, or lien holders in an attempt to negotiate any outstanding liens.

3.     It is further understood and agreed that if it is alleged in any suit, action or proceeding that the Released Parties are individually liable, jointly liable, and/or severally liable

43720546.2:12749-0006

with others for Releasor's injuries or damages, then Releasor as further consideration of the aforesaid payment, will defend, indemnify and hold harmless the Released Parties, and satisfy any judgment or award, to the extent of the Released Parties' liability for contribution. The said payment, therefore, is received by Releasor in full satisfaction of the pro rata or percentage share of responsibility of the Released Parties for the verdict or award.

4. It is further understood and agreed that Releasor is solely responsible for the payment of any and all liens and/or charges and/or claims and/or outstanding costs, against this settlement sum, including but not limited to liens asserted by any other individual, group, insurance company, workers' compensation carrier, employer, or lienholder, including but not limited to, medical bills/expenses, Medicare, Medicaid, Social Security, and/or similar plans, shall be paid and discharged from the settlement proceeds by the Releasor. Releasor represents and warrant that all liens which may have accrued as a result of medical care and treatment, workers' compensation or legal services provided to Releasor arising out of or related to the Litigation have been waived, released, or will be satisfied out of the proceeds of this settlement, including, but not limited to benefits subject to the mandatory reporting requirements of Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y, et seq. and any applicable amendments thereto. Releasor agrees to be solely responsible for any such claims or liens, to defend, indemnify, and hold Released Parties and their insurers, current and former officers, directors, agents, attorneys, law firms representing the Released Parties, employees, parents, subsidiaries, affiliates, predecessors, successors and assigns, and/or any other person or entity allied- in-interest who may be liable or who may be claimed to be liable, harmless from any claims, demands, costs, expenses, or causes of action, including, but not limited to, all liens, claims, charges, fees, costs, interest and other sums incurred by and/or asserted against Released Parties in conjunction with such claims, whether known or unknown, including, but not limited to attorney's fees and benefits subject to the mandatory reporting requirements of Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y, et seq. and any applicable amendments thereto, in connection with or arising as a result of any said liens. This is intended to become part of the consideration for settlement. It is further agreed that Releasors' obligation to indemnify or hold harmless the Released Parties pursuant to the Release is the limited by the consideration.

5. Releasor has received in the past and may receive in the future any Medicare, Medicaid or any other similar benefit offered or available through any local, state or federal government in connection with the accident, casualty and/or event that is the subject of this General Release, Releasor has the sole and exclusive responsibility to satisfy any payment, repayment or lien obligations in connection therewith; and further that Releasor expressly release the Released Parties from any such payment, repayment or lien obligations; and further still that Releasor shall defend, indemnify and hold harmless the Released Parties in connection therewith. The Released Parties assume no further liability to the Releasor or any third parties, including but not limited to amounts due to any and all health care providers or persons furnishing services to the Releasor of any nature whatsoever.

6. It is the Parties' intention and purpose to provide for the full protection and indemnification of the Released Parties, including their past, present and future officers, directors, shareholders, attorneys, trustees, agents, servants, representatives, employees, subsidiaries,

affiliates, partners, insurers, predecessors and successors in interest and assigns, from and against any claims, actions, causes of action, enforcement proceedings, penalties, fines, liabilities and other sanctions under the requirements, regulations and provisions of the FMCRA and MSP and accompanying regulations. In the event that any of the above information provided by Releasors are false or in any way incorrect, Releasor shall be solely liable for any and all actions, causes of actions, penalties, claims, costs, services, compensation or the like resulting from these inaccuracies. Releasor acknowledges that Medicare may require them to exhaust the entire settlement proceeds on Medicare covered expenses, and Releasors understand that no additional payments will be made by Released Parties beyond the payment made under this Release. Releasor agrees to waive any and all claims for damages, including a private cause of action provided in the FMCRA and/or MSP, 42 U.S.C. § 1395y(b)(3)(A), should Medicare deny coverage for any reason, including the failure to establish a set aside allocation to protect Medicare's interest. Releasor agrees and covenant that in the event they submit any medical expenditures related to this Incident to Medicare for reimbursement, they will be solely liable for any penalties, causes of action, etc., that Medicare may assert.

7. Releasor waives any and all rights of any nature, including, but not limited to, a private cause of action, against the Releasees under the Medicare Second Payor Act, or any other applicable federal law. It is the parties' intentions that this Release shall be construed against Releasor in every instance so that Releasees never have to pay any additional monies for any reason under any circumstances.

8. Releasor warrants, represents and acknowledges that she has not assigned or transferred her rights, claims or causes of action arising from the aforesaid accident and/or damages to any other person or entity, and that they have the sole and exclusive authority to enter into this general release. It is agreed that this is a compromise settlement of claims which are in dispute, and neither this Release nor the payment of the consideration given for this Release and settlement agreement is to be construed as a concession or admission concerning the liability of any party.

9. Releasor understands and acknowledges the payment above extinguishes any and all liability of Released Parties for damages sustained to Releasor due to losses incurred as a consequence of this accident. Releasor agrees and understands that this release extends to all such past, present and future losses, damages and claims whether they be known or unknown, expected or unexpected. There are no representations by Released Parties not expressly set forth in this Release which the Releasor is relying upon in entering into this Release. It is further agreed and acknowledged that this document represents the complete Release Agreement between the Parties and that that this Release supersedes any and all previous written and verbal agreements and understandings concerning any settlement agreement between the Parties hereto and there are no other documents, agreements, promises or understandings relating to this settlement or the obligations of the Parties to it, other than what is set forth in this Release.

10. It is understood between the parties that the Releasor and/or Releasor's attorney did not rely upon any representations, express or implied, made by Releasees or any of their representatives, as to the tax or Medicare or Medicaid/Medical Assistance consequences of this

Release and that Releasor releases Releasees from any and all liability in connection with any such tax or Medicare consequences.

11.     Releasor agrees that the settlement or any of the terms and conditions of the Agreement or any of the amounts, numbers or terms and conditions of any sums payable to Releasor, as memorialized in the Release, shall not be revealed to any person, firm or corporation. Notwithstanding the above, Releasor may disclose specific settlement terms to her attorneys, accountants and financial advisors who also otherwise are bound by this confidentiality provision. Further, Releasor hereby agrees to decline to comment should any person, firm or organization seek confirmation of this settlement or any term or payment provided for in the Release.

12. It is further understood from the date of full execution of the Release and moving forward, Releasor shall not engage in any communications, including, but not limited to postings on social media and/or the internet, which consist of or contain their opinion which tends to disparage any Party's reputation or portray any of the Releasees or their agents, employees, officers, directors, owners, members, attorneys, licensees, independent contractors, subsidiaries, affiliates, assigns, insurers, third party administrators, successors, heirs, predecessors, and any other person, firm, corporation, association or partnership in a negative light with respect to this matter.

13.     The provisions of this Release are severable, and if any part of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable.

14.     Each party shall bear all attorneys' fees and costs arising from the actions of their own counsel in connection with this Release and the matters and documents referred to herein, the filing of a dismissal, and all related matters.

15.     Releasees agree that the remittance of the settlement amount be made within thirty (30) calendar days after its receipt of: (a) a fully-executed copy of this Agreement; and (b) a completed Form W-9 from Plaintiff's Counsel; and (c) approval from the Bankruptcy Court.

16.     Releasor and her attorneys shall take whatever actions are necessary to ensure that the Lawsuit will be dismissed in its entirety, with prejudice, and without costs or fees, within five (5) days after Releasor's receipt of the settlement amount provided for in this Release. Releasees and their attorneys will cooperate in securing the dismissal of the Lawsuit, as appropriate.

I HAVE READ THIS GENERAL RELEASE CAREFULLY BEFORE SIGNING IT AND I UNDERSTAND IT AND HAVE HAD ITS EFFECT EXPLAINED TO ME BY ATTORNEYS OF MY CHOOSING. THIS RELEASE IS BEING EXECUTED IN PENNSYLVANIA AND IS TO BE CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA.

_____
Bahiyah Shamsud'din


Sworn to and subscribed
before me this _____ day of
_____2026.


_____
Notary Public

43720546.2:12749-0006