UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov


In re:                                                    Chapter 11

RAD DIVERSIFIED REIT, INC.;                               Case No. 8:26-bk-01636-CPM

                                                          *Jointly Administered with*


RAD Diversified OZ Fund, LP;                              Case No. 8:26-bk-01637-CPM
DHI Fund, LLC;                                            Case No. 8:26-bk-01638-CPM
DHI Holdings, LP; and                                     Case No. 8:26-bk-01639-CPM
DDH Fund, LLC                                             Case No. 8:26-bk-01640-CPM


          Debtors.
_____/


**CREDITOR, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR LEGACY MORTGAGE ASSET TRUST 2024-INV1'S MOTION FOR ADEQUATE PROTECTION PAYMENTS OR, IN THE ALTERNATIVE, FOR RELIEF FROM AUTOMATIC STAY**


Secured Creditor, U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2024-INV1, by and through its undersigned counsel, respectfully moves this Court for adequate protection payments or, in the alternative, for relief from the automatic stay, and in support of its Motion states as follows:

1.      U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2024-INV1 (together with any successor or assign, "Movant") hereby moves this Court, pursuant to 11 U.S.C. § 361(1); for an Order directing the Debtor to make adequate protection payments, or, in the alternative, to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 3713 North Delhi Street, Philadelphia, PA 19140 (the "Property").

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. "1334(b) and 157(a) and 362(d) of Title 11, United States Code (hereinafter referred to as the "Code"). Furthermore, this is a core proceeding pursuant to 28 U.S.C. '157(b)(2)(G).

### FACTUAL HISTORY

3.      Movant is a secured creditor of the Debtor pursuant to a Note executed by DHI Fund, LP (the "Debtor") on May 25, 2021 whereby the Debtor promised to repay $78,750.00 plus interest to Civic Financial Services, LLC (the "Note"). To secure the repayment of the Note, the Debtor executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of Civic Financial Services, LLC which was recorded on July 30, 2021, in the Philadelphia County Recorder of Deeds under Doc ID: 53863763 (the "Mortgage") encumbering the Property. The Loan was ultimately assigned to Movant by an assignment of mortgage dated December 6, 2024 (the "Assignment of Mortgage"). Copies of the Note, Mortgage, and Assignments of Mortgage are attached hereto as **Exhibit A**. [1]

4.      A Petition under Chapter 11 of the United States Bankruptcy Code was filed with respect to the Debtor on March 1, 2026.

---

[1] Upon information and belief, Debtor and its affiliates are currently under investigation by the Federal Bureau of Investigation:  https://forms.fbi.gov/victims/rad-diversified-investigation-questionnaire/view

## LEGAL ARGUMENT

5. The Debtor has failed to make current mortgage payments due under the terms of the Loan. As of the filing date of the Debtor's Petition, the loan remains due for total pre-petition debt in the approximate amount of $118,083.20 and approximate pre-petition arrears in the amount of $37,277.24. *See* Proof of Claim 35-1.

6. Pursuant to a Broker's Price Opinion dated December 8, 2025, the Property has a value of $85,000.00. Accordingly, there is no equity remaining in the Property, and it is not necessary for effective reorganization of the Debtor. A true and correct copy of the December 8, 2025, Broker's Price Opinion is attached hereto as **Exhibit B.**

7. Additionally, Debtor has failed to make post-petition payments beginning with the April 1, 2026 payment; with a total post-petition delinquency in the amount of $1,513.95.

8. Further, Movant has been paying the taxes and lender force placed insurance policy on the Property. The Escrow Deficiency is in the amount of $4,070.71 as of the time of Bankruptcy filing.

9. As of the filing date of this instant Bankruptcy Petition, the monthly post-petition payment is $504.65. Movant requests that Debtor be required to remain current with all post-petition payments during the pendency of this Bankruptcy case.

10. Pursuant to 11 U.S.C. §361, Movant is entitled to receive full monthly payments for adequate protection payments. Debtor should also be required to produce immediate proof of paid hazard insurance listing Movant as loss payee.

11. Additionally, 11 U.S.C. §362(d)(1) of the Bankruptcy Code provides that a court shall, upon motion, grant relief from that automatic stay for cause, which includes the lack of adequate protection of an interest in property, of the moving party.

12. 11 U.S.C. § 363(e) provides, that, "at any time, on request of an entity that has an

interest in property used… the court, with or without a hearing, shall prohibit or condition such use… as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

13.     Accordingly, Movant is entitled to adequate protection because the Debtor is using the collateral of Movant, a secured creditor. *See In re Harold & Williams Development Co.,* 163 B.R. 77, 78 (Bankr. E.D. Va. 1994) ("Section 363(e) of the Bankruptcy Code authorizes the court to condition sale, use or lease of property as is necessary to provide adequate protection of an entity's interest."); *see also Ford Motor Credit Co. v. JKJ Chevrolet, Inc. (In re JKJ Chevrolet, Inc.),* 117 F.3d 1413 (4th Cir. 1997); *Travelers Life Insurance and Annuity Co. v. Ritz-Carlton of D.C., Inc. (In re Ritz-Carlton of D.C. Inc.),* 98 B.R. 170, 173 (S.D.N.Y. 1989); *In re 354 East 66th Street Realty Corp.,* 177 B.R. 776, 781 (Bankr. E.D.N.Y. 1995).

14.     When a creditor's interest is not adequately protected, an award of adequate protection is mandatory.  *See* 11 U.S.C. § 363(e) ("the court ... shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection") (emphasis added); *see also Metromedia Fiber Network SERVs. v. Lexent, Inc. (In re Metromedia Fiber Network, Inc.),* 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary -- it states that the court 'shall' grant the relief specified, at any time, on the request of a secured entity."); *In re Waste Conversion Techs., Inc.,* 205 B.R. 1004, 1007 (D. Conn. 1997) (adequate protection is "recognized as a fundamental right afforded secured creditors in bankruptcy proceedings.").

15.     Movant respectfully requests that Debtor be ordered to immediately make full monthly mortgage payments, effective with the first post-petition payment due July 1, 2026, to protect against further erosion of the value of the Property;  and for Debtor produce proof of paid hazard insurance listing Movant as loss payee within 14 days of the court's order.  Alternatively,

if the Debtor cannot adequately protect Secured Creditor's interest in the Property, relief from stay should be granted so that Secured Creditor can exercise its in rem rights in the Property.

16.     No previous application has been made for the relief requested herein.


**WHEREFORE**, Movant respectfully requests an Order of this Court granting adequate protection payment in the full monthly amount of contractual monthly payment;  for proof of paid hazard insurance;  and for such other, further and different relief as to this Court may deem just, proper, and equitable, including its fees and costs for bringing this motion.


Dated: Garden City, New York
July 24, 2026

By: /s/  Laura E. Noyes
Laura E. Noyes, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150