**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |
| DHI Holdings, LP, | Case No. 8:26-bk-01639-CPM |
| Applicable Debtor. | |

**DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING THE**
**DEBTOR TO SELL REAL PROPERTY FREE AND CLEAR OF**
**LIENS, CLAIMS, ENCUMBRANCES, AND  INTERESTS**
**PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING**
**SALE TERMS, BIDDING PROCEDURES, AND SURCHARGE**
**PURSUANT TO 11 U.S.C. § 506(c); AND (C) FOR OTHER RELIEF**
(Single Family Residence Located at 6661 Cornelius St., Philadelphia, PA 19138)

Debtor, DHI Holdings, LP (the "**Debtor**"), by and through its undersigned counsel, submits

this motion (this "**Motion**") for entry of an order, on an expedited basis, (a) authorizing the Debtor

to sell certain real property located at 6661 Cornelius St., Philadelphia, PA 19138 (the "**Property**")

free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and

(m); (b) approving sale and bidding procedures; and (c) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 2002 and 6004.

### Background

4.      On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5.      The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On April 1, 2026, the Bankruptcy Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7.      On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

2

8.      Debtor is the record title owner of the Property, which is more particularly described on **Exhibit A** hereto.  The Property consists of a single parcel of real property in Philadelphia, Pennsylvania which is improved with a single-family home.

9.      The tax assessed value of the Property is $185,300.00, as set forth on **Exhibit B**.

10.      The title report obtained by the Debtor dated November 18, 2025 (the "**Title Report**") reflects that there is no mortgage against the Property.

11.      The Title Report reflects certain judgments and other liens against the Property totaling $20,836.27 that may constitute a lien against the Property, as set forth on **Exhibit B**.

12.      The City of Philadelphia Department of Revenue may assert an interest in the Property for unpaid real property taxes for 2023 through 2025, as set forth on Exhibit B.

13.      To the best of the Debtor's knowledge, information, and belief, there are no tenants or parties in possession of the Property.

14.      To the best of the Debtor's knowledge, information, and belief, except for the parties identified on Exhibit B (collectively, the "**Interested Parties**"), no other person or entity asserts a lien, claim, or *in rem* interest in and to the Property.

15.      The Debtor, by and through its Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment, has determined that it is in the best interests of the Debtor and the estate to sell the Property at public auction on the terms set forth in this Motion.

**Relief Requested**

16.     The Debtor has previously been authorized to employ Soldnow, LLC d/b/a Tranzon Driggers as auctioneer ("**TD**" or the "**Auctioneer**") [Dkt. No. 418].  By this Motion, the Debtor requests the entry of an order (the "**Sale Order**"), pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests, by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.

17.      The Debtor proposes that, except as may otherwise be ordered by the Bankruptcy Court in the Sale Confirmation Order:

   a. all unpaid property taxes shall be paid by the purchaser at closing, and purchaser shall be responsible for payment of current year's taxes;

   b. the net proceeds of sale of the Property shall be disbursed at closing as follows:

      i. first, payment of all municipal liens against such Parcel; and

      ii. all remaining net proceeds, if any (the "**Net Proceeds**") from the sale of the Property shall be paid to the Debtor.   Any valid and duly perfected liens against the Property that are not paid at closing will attach to the Net Proceeds, with the same extent, validity, and priority as existed before the Petition Date.  The Net Proceeds shall be held by the Debtor and disbursed only pursuant to order of the Bankruptcy Court.

18.     The Debtor, in consultation with TD, proposes that the following terms of sale be approved by the Bankruptcy Court:

   a. **Free and Clear**:  The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale.

   b. **The Auction Date(s):** TD shall market the Property for public auction (the "**Auction**").  The auction date(s) shall be one or more dates selected by TD that is at least four (4) weeks but not more than eight (8) weeks after the Sale Order.  TD shall begin its marketing campaign within ten (10) days of the entry of the Sale Order.

   c. **Auction Terms:**  The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application.

4

d. **Sale Documents:** Promptly following the conclusion of the Auction, the winning bidder shall execute a sale agreement or other applicable sale documents (the "**Sale Documents**").

e. **The sale of the Property shall be "AS-IS, WHERE-IS, WITH ALL FAULTS," with no warranties of title whatsoever.**

f. **Sale Confirmation:** Within ten (10) business days following the Auction and prior to the closing of the sale of the Property, the Debtor will seek the entry of an order confirming the sale to the winning bidder (the "**Sale Confirmation Order**").

g. **Closing Date:**  Closing shall occur within thirty (30) days after the auction or within ten (10) business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

h. **Closing Documents**:  The Property shall be conveyed to the purchaser by Trustee's Deed.

### Authority for Requested Relief

**I.    The Proposed Notice of the Auction and Bid Procedures is Appropriate.**

19.    The Debtor seeks authority to sell the Property through an Auction and related sale process, subject to the Debtor's right to seek an alternative course of action to maximize the value of its estate.  TD will conduct an extensive and robust marketing process designed to maximize the number of auction participants, bidders, and purchase price.  In order to maximize participation in the auction, it is anticipated that the auction of the Property may include one or more other properties owned by Debtor or joint debtors.

20.    Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

21.    Bankruptcy Rule 6004 provides, in pertinent part:

(a) Notice.

(1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:

(A) under Rule 2002(a)(2), (c)(1), (i), and (k); and

(B) in accordance with §363(b)(2), if applicable.

* * *

(c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:

(1) the date of the hearing on the motion; and

(2) the time to file and serve an objection on the debtor in possession or trustee.

Bankr. R. 6004.

22. The Debtor has served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid on the Interested Parties, and has transmitted this Motion to Epiq Corporate Restructuring, LLC for service on and those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Bankruptcy Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006. In light of the existence of a Committee, the estate should not be required to incur the expense of service by mail on all creditors. As a practical matter, given the unique nature of the Property, it is unlikely that creditors of the Debtor will be bidders.

23. The Debtor respectfully requests the Bankruptcy Court to hold an expedited hearing on this Motion so that the marketing process can begin and the auction process concluded promptly.

**II.     The Auction and Sale of the Property Should be Approved.**

24.     Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  A sale of the debtor's assets should be authorized pursuant to § 363 if a sound business purpose exists for the proposed transaction.  *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated business justification'. . . ."); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

25.     Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale, (ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith.  *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991).  A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders.  *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

26.     The Debtor has a sound business justification for selling the Property.  The Property is not subject to a mortgage and is generating minimal income.  The value of the Property will be tested through the Auction conducted pursuant to and according to the bid procedures set forth in the Auction Motion.  Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtor in the exercise of its reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the bankruptcy estate.  *See, e.g., In re Trans World*

*Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction"). Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process—the best means for establishing whether a fair and reasonable price is being paid.

### III.   The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.

27.      Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

28.      Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtor's sale of the Property free and clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

29.     The only liens against the Property are the liens and encumbrances identified on Exhibit B, which will either be paid at closing or will attach to the Net Proceeds of sale.

30.     Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to *ad valorem* taxes, with past due *ad valorem* taxes paid by the buyer at closing.[1]

## IV.     The Sale Will Be Undertaken by the Buyers in Good Faith.

31.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased even if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

32.     The sale of the Property should be found to be in good faith if the Debtor can demonstrate the transaction occurred at arm's-length and without fraud or collusion.  *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2nd Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

33.     The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Debtor respectfully requests that the Bankruptcy Court find that any purchaser of the Property be entitled to the protections of section 363(m) of the Bankruptcy Code.

---

[1] The buyer will also be responsible for paying all taxes for the current year, without pro-ration.

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to section 363 of the Bankruptcy Code; (b) approving the sale procedures and terms set forth herein; and (c) granting such other and further relief as may be just and equitable.

Dated: July 27, 2026                    Respectfully submitted,

                                        **PACK LAW**
                                        4649 Ponce de Leon Blvd., Suite 405
                                        Coral Gables, Florida 33146
                                        Telephone: (305) 916-4500

                                        By:   */s/ Joseph A. Pack*
                                              Joseph A. Pack
                                              Email:  joe@packlaw.com
                                              Florida Bar No. 117882
                                              Jessey J. Krehl
                                              Email:  jessey@packlaw.com
                                              Florida Bar No. 1025848

                                        *Counsel to the Debtors and Debtors-in-Possession*

**Remainder of Page Left Intentionally Blank**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 27, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on July 27, 2026, the following Interested Parties were served by the methods indicated below:

**By CM/ECF**:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

**I FURTHER CERTIFY** that on July 27, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By:  */s/ Joseph A. Pack*
　　　　　Joseph A. Pack

`

11

**Exhibit A**

**Property Description**

| 6661 Cornelius St.<br>Philadelphia, PA 19138 | Legal Description |
|---|---|
| | **Assessed Legal Description:**   428'4""N HOMER ST   16'X82'6""<br><br>**Abbreviated Legal Description:**   16' X 82' 6"<br><br>**Actual Legal Description:**                                                          BRT/OPA #:    102382000<br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected,<br><br>SITUATE on the Northeast side of Cornelius Street at the distance of 84 feet Southeastwardly from the Southeast side of Walnut Lane.<br><br>CONTAINING in front or breadth on Cornelius Street 16 feet and extending of that width in length or depth Northeastward between parallel lines at right angles with Cornelius Street 82 feet 6 inches to a certain 15 feet wide driveway leading Southeastward from Walnut Lane to Homer Street.<br><br>BEING the same premises which Secretary of Housing and Urban Development by Deed dated 06/11/1984 and recorded 05/21/1984 at Philadelphia in Deed Book ALO 104 - 464 granted and conveyed unto Steve Frempong in fee. |

**Exhibit B**

**Property Information**

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| 6661 Cornelius St. Philadelphia, PA 19138 | $185,300.00 | $6,266.84 | City of Philadelphia, Department of Revenue (Code Enforcement) - 240900157 - $5,100.00<br><br>City of Philadelphia, Department of Revenue (Tax Lien) - 2501R24039938 - $2,854.28<br><br>City of Philadelphia, Department of Revenue (Tax Lien) - 2501R24012744 - $10,131.49<br><br>City of Philadelphia, Department of Revenue (Tax Lien) - 2501R24049185 - $1,612.84<br><br>City of Philadelphia, Water Revenue Bureau (Municipal Lien) - 2601W25008655 - $1,137.66 | None |