**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. | |

**DEBTOR'S EXPEDITED MOTION (A) TO CONFIRM**
**SALE OF REAL PROPERTY, (B) TO AUTHORIZE**
**DISTRIBUTIONS AT CLOSING, (C) TO ESTABLISH GOOD**
**FAITH OF PURCHASERS, AND (D) FOR RELATED RELIEF**
(1611 West Sales Yard Road, Emmett, Idaho)

Debtor, RAD Diversified REIT, Inc. (the "**Debtor**"), by and through its undersigned counsel, submits this motion (this "**Motion**") for entry of an order, as more specifically set forth herein, (a) confirming the sale of certain real property located at 1611 West Sales Yard Road, Emmett, Idaho (the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order (as defined herein); (b) authorizing the distribution of certain Proceeds (as defined herein) at the Closing (as defined

herein); (c) confirming the Purchaser (as defined herein) is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rules 2002 and 6004.

**Background**

4. On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5. The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.  On June 8, 2026, the Examiner submitted her report [Dkt. No. 575].

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

2

**Auction Results**

8.       On April 30, 2026, the Debtor filed *Debtor's Expedited Motion for Order (A) Authorizing the Debtor to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 USC § 363(b), (f), and (m); (B) Approving Bidding Procedure; and (C) for Other Relief (1611 West Sales Yard Road, Emmett, Idaho)* [Dkt. No. 390] (the "**Sale Motion**").  After a hearing on May 5, 2026, the Court entered an order [Dkt. No. 559] (the "**Sale Order**") [1] approving the Debtor's sale of the Property and certain bid procedures related thereto.

9.       As set forth in the Sale Motion and Sale Order, the Debtor is the record title owner of the Property, which is more particularly described on Exhibit A of the Sale Motion.  The Property consists of 11.89 acres, improved with a feed barn and certain other improvements as described on Exhibit B of the Sale Motion.

10.       In accordance with the terms of the Sale Motion and Sale order, Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") marketed the Property and solicited bids for the Property.  The online auction (the "**Auction**") of the Property concluded on June 23, 2026 at 3:00 p.m.

11.       At the conclusion of the Auction, Trenton G. Warner and Ciara N. Warner, husband and wife, and Bryce A. Palmer and Anne M. Palmer, husband and wife (collectively, the "**Purchaser**") submitted the highest bid for the Property in the amount of $705,000.00.[2]  In accordance with the Sale Order, Purchaser has executed a contract to purchase the Property and has paid a deposit in the amount of $77,550 (10% of the $705,000.00 high bid plus the $70,500.00 buyer's premium).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion and/or the Sale Order, as applicable.

[2] Pursuant to the Sale Motion and Sale Order, the Purchaser is obligated to pay the bid amount and a Buyer's Premium of 10% of the bid amount.

12. The Sale Order further provides that the Debtor "shall subsequently file a motion to approve the sale of the Property and determine disbursement of the proceeds from the auction of the Property."

### Relief Requested and Basis Therefor

13. By the Motion, Debtor is seeking the entry of an order: (a) confirming the sale of the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the net proceeds at the Closing to the Debtor, free and clear of all liens, claims, and encumbrances, as set forth in this Motion and attached Exhibit A; (c) confirming the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting related relief granting such other and further relief as may be just and equitable.

14. Attached to this Motion as **Exhibit A** is a *draft, preliminary* closing statement setting forth proposed distributions to be made from the sale proceeds at closing. Consistent with paragraph 18(b) of the Sale Motion, the Debtor respectfully requests the Court approve distribution of the proceeds of the sales (the "**Proceeds**") substantially as set forth on Exhibit A.[3]

15. The Sale Order provides that "[a]ll Encumbrances that are not paid at closing, if any, shall attach to the proceeds of the sale of the Property with the same extent, validity, and priority as existed on the Petition Date." Sale Order, ¶ 4.

16. The updated title report reflects that there are no Encumbrances against the Property except for property taxes, which are to be paid by the Purchaser at closing (Sale Order, ¶ 3). Joseph Hudson and The Joseph Patrick Hudson Living Trust (collectively, "**Hudson**") have executed a release of the lis pendens (Sale Motion, Ex. C) and do

---

[3] Pursuant to the terms of the Sale Order and Purchase Agreement, all closing costs, past due taxes, and Buyer's Premium are to be paid by the Purchaser. Sale Order, ¶ 3.

not assert an in rem interest in the Property.  A true copy of the Release of Notice of Lis Pendens filed on July 22, 2026 is attached to this Motion as **Exhibit B.**

17.    Insofar as taxes will be paid at closing and there are no liens against the Property, Debtor proposes that the net proceeds of the sale, after disbursement of the amounts set forth on Exhibit A, in the approximate amount of $697,290.00, be paid to the Debtor and deposited into the Debtor's debtor in possession bank account.

18.    The marketing and sale process for the Property occurred pursuant to the auction procedures authorized in the Sale Order, which utilized a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Debtor respectfully requests that the Court find that each Purchaser of the Property be entitled to the protections of section 363(m) of the Bankruptcy Code. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2nd Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641-BKC-AJC, 2007 Bankr. LEXIS 2668, 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) ) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) confirming the sale of certain the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the net proceeds at the Closing to the Debtor's debtor-in-possession bank account, free and clear of all liens, claims, and encumbrances, as set

forth in this Motion and Exhibit A; (c) confirming the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting such other and further relief as may be just and equitable.

Dated: July 30, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By:  *Joseph A. Pack*
Joseph A. Pack
Email:  joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email:  jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 30, 2026, the foregoing document:

a.  was filed the foregoing document with the Clerk of the Court using CM/ECF;

b.  was served by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case;

c.  was served by first class U.S. Mail, postage prepaid on Gem County, Idaho, 415 E. Main St., Emmett, ID 82617;

d.  was served by first class U.S. Mail, postage prepaid and electronic mail on Joseph Hudson, 1731 Perch Lane, Sanford, FL 32771, hudsonjp@bellsouth.net;

e.  was served by first class U.S. Mail, postage prepaid on 7 Rivers Auction House LLC, 1611 West Sales Yard Rd., Emmett, ID 83617-9419 and P.O. Box 398, Emmett, ID 83617-0398;

f.  was served by first class U.S. Mail, postage prepaid on 7 Rivers Livestock Commission, LLC, 1611 West Sales Yard Rd., Emmett, ID 83617-9419, P.O. Box 398, Emmett, ID 83617-0398, and c/o its Registered Agent, Dutch Mendenhall, 1611 West Sales Yard Rd., Emmett, ID 83617; *and*

g.  was transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on the Interested Parties and those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By:   */s/ Joseph A. Pack*
       Joseph A. Pack
       Email:  joe@packlaw.com

7

**<u>Exhibit A</u>**

**Draft Settlement Statement**

## Exhibit B

**Release of Notice of Lis Pendens**