**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-016-CPM |
| Debtors. | |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. | |

**DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING THE DEBTOR**
**TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,**
**ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F),**
**AND (M); (B) APPROVING BIDDING PROCEDURES; AND (C) FOR OTHER RELIEF**

(Single Family Residences located at 2627 N. 23rd St., Philadelphia, PA;
6408 Carlton St., Philadelphia, PA; 404 N. Wanamaker St., Philadelphia,
PA; 5334 Glenmore Ave., Philadelphia, PA; 5340 Glenmore Ave.,
Philadelphia, PA; 5310 Glenmore Ave., Philadelphia, PA; 311 9th St.,
Upland, PA; and 326 Valley Rd., Coatesville, PA)

Debtor, RAD Diversified REIT, Inc. (the "**Debtor**"), by and through its undersigned

counsel, submits this motion (this "**Motion**") for entry of an order (a) authorizing the Debtor to

sell certain real property located at 2627 N. 23rd St., Philadelphia, PA; 6408 Carlton St.,

Philadelphia, PA; 404 N. Wanamaker St., Philadelphia, PA; 5334 Glenmore Ave., Philadelphia, PA; 5340 Glenmore Ave., Philadelphia, PA; 5310 Glenmore Ave., Philadelphia, PA; 311 9th St., Upland, PA;[1] and 326 Valley Rd., Coatesville, PA (each, a "**Parcel**" and, collectively, the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m); (b) approving bidding procedures; and (c) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 2002 and 6004.

### Background

4.      On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5.      The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**")

---

[1] This parcel was sold at a tax deed auction to City of Dream 2025, LLC in breach of the automatic stay and Debtor will address imminently.

[Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7.      On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

8.      Debtor is the record title owner of the Property, which is more particularly described on **Exhibit A** hereto.  The Property consists of 8 separate parcels of real property, each of which is improved with a single family home, located in Pennsylvania.

9.      The legal description of each Parcel is set forth on **Exhibit A** attached hereto.

10.     The tax assessed value of each Parcel is set forth on **Exhibit B**.

11.     Based upon the title reports obtained by the Debtor dated November 13, 2025 (the "**Title Reports**") and Debtor's research of the real estate records, there are no mortgages against any of the Parcels.  All liens and encumbrances of record against each Parcel are set forth on **Exhibit B**.

12.     The unpaid past due ad valorem taxes and current ad valorem taxes due for each Parcel are set forth on **Exhibit B**.  The Title Reports also reflect certain municipal liens against the Property totaling $36,692.19 that may constitute a lien against the Property, as set forth on **Exhibit C**.

13.     **Exhibit B** also lists all tenants and other parties known to the Debtor who may assert a possessory interest in the Property (collectively, the "**Tenants**").

14.     To the best of the Debtor's knowledge, information, and belief, except for the parties identified in Exhibit B to this Motion (the "**Interested Parties**"), no other person or entity asserts a lien, claim, or *in rem* interest in and to the Property.

15.    The Debtor, by and through its Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment, has determined that it is in the best interests of the Debtor and the estate to sell the Property at public auction on the terms set forth in this Motion.

**Relief Requested**

16.    The Debtor has previously been authorized to employ Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") as auctioneer [Dkt. No. 418].  By this Motion, the Debtor requests the entry of an order (the "**Sale Order**"), pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests, by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.

17.    The Debtor proposes that, except as may otherwise be ordered by the Court in the Sale Confirmation Order:

a.  all unpaid property taxes for each Parcel shall be paid by the purchaser at closing, and purchaser shall be responsible for payment of current year's taxes without pro-ration;

b.  the net proceeds from the sale of each Parcel shall be disbursed at closing as follows:

i.  first, payment of all municipal liens against such Parcel; and

ii.  all remaining net proceeds, if any (the "**Net Proceeds**") from the sale of each Parcel of the Property shall be paid to the Debtor.  All valid and duly perfected liens against each Parcel that are not paid at closing will attach to the Net Proceeds of such Parcel, with the same extent, validity, and priority as existed before the Petition Date.  The Net Proceeds shall be held

by the Debtor and disbursed only pursuant to order of the Bankruptcy Court.

18.     The Debtor, in consultation with TD, proposes that the following terms of sale be approved by the Court:

    a.  **Free and Clear**:  The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale to the extent such liens, claims, encumbrances, and interests are not paid at closing.

    b.  **The Auction Dates:**  TD shall market the Property for public auction (the "**Auction**").  The auction date shall be a date selected by TD that is at least 4 weeks but not more than 8 weeks after the Sale Order.  TD shall begin its marketing campaign within 10 days of the entry of the Sale Order.

    c.  **Auction Terms:**  The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application.

    d.  **Sale Documents:**  Promptly following the closing of the Auction, the winning bidder shall execute a sale agreement or other applicable sale documents (the "**Sale Documents**").

    e.  **The sale of the Property shall be "AS-IS, WHERE-IS, WITH ALL FAULTS," with no warranties of title whatsoever.**

    f.  **Sale Confirmation:** Within 10 business days following the Auction and prior to the closing of the sale of the Property, the Debtor will seek the entry of an order confirming the sale to the high bidder (the "**Sale Confirmation Order**").

    g.  **Closing Date:**  Closing shall occur within 30 days after the auction or within 10 business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

    h.  **Closing Documents**:  The Property shall be conveyed to the purchaser by Trustee's Deed.

### Authority for Requested Relief

**I.     The Proposed Notice of the Auction and Bid Procedures is Appropriate.**

19.     The Debtor seeks authority to sell the Property through an Auction and related sale process, subject to the Debtor's right to seek an alternative course of action to maximize the value of its estate.  TD will conduct an extensive and robust marketing process designed to

maximize the number of auction participants, bidders, and purchase price. In order to maximize participation in the auction, it is anticipated that the auction of the Property may include one or more other properties owned by Debtor or joint debtors.

20. Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

21. Bankruptcy Rule 6004 provides, in pertinent part:

(a) Notice.

(1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:

　　(A) under Rule 2002(a)(2), (c)(1), (i), and (k); and

　　(B) in accordance with §363(b)(2), if applicable.

* * *

(c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:

　　(1) the date of the hearing on the motion; and

　　(2) the time to file and serve an objection on the debtor in possession or trustee.

Bankr. Rule 6004.

22. The Debtor has served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid on the Interested Parties and has transmitted the Motion to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the*

6

*Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006.  In light of the existence of a Committee, the estate should not be required to incur the expense of service by mail on all creditors.  As a practical matter, given the unique nature of the Property, it is unlikely that creditors of the Debtor will be bidders.

## II.  The Auction and Sale of the Property Should be Approved.

23.    Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  A sale of the debtor's assets should be authorized pursuant to § 363 if a sound business purpose exists for the proposed transaction.  *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated business justification' . . . .");  *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

24.    Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale, (ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith.  *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991).  A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders.  *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

25.     The Debtor has a sound business justification for selling the Property.   The Property is not subject to a mortgage.   The value of the Property will be tested through the Auction conducted pursuant to and according to the bid procedures set forth in the Auction Motion.   Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtor in the exercise of its reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the bankruptcy estate.   *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction").   Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process.

**III.    The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.**

26.     Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.   *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

27.     Section 363(f) is drafted in the disjunctive.   Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtors' sale of the Assets free and

clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

28.     The first priority lien against each Parcel is ad valorem property taxes, which will be paid by the purchaser at closing.  To the extent of available net proceeds, any municipal liens will be paid next from the net proceeds of sale of each Parcel. Any remaining liens against each parcel of the Property will attach to any remaining net proceeds from the sale of that parcel.

29.     The judgment lien of Debra Autrey, which encumbers each of the Parcels, is in dispute.  Specifically, the judgment became a lien against the Property within 90 days of the Petition Date and is subject to avoidance as a preference.[2]

30.     The title reports also reflect a judgment lien in favor of Philadelphia Community Development Coalition, Inc., but Debtor's understanding is that this judgment is a foreclosure judgment and Philadelphia Community Development Coalition, Inc. does not assert a judgment lien against any of the Parcels.

31.     The Debtor proposes to sell the Property free and clear of all claims or interests of the tenants identified on **Exhibit B**.

---

[2] Debtor will be filing an adversary proceeding objecting to the claim of Debra Autrey [Claim No. 279] and seeking to avoid the lien of the judgment, pursuant to 11 U.S.C. §547, forthwith.

32.      Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to *ad valorem* taxes, with past due *ad valorem* taxes paid by the buyer at closing.[3]

**IV.      The Sale Will Be Undertaken by the Buyers in Good Faith.**

33.      Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased notwithstanding if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

34.      The sale of the Property should be found to be in good faith if the Debtor can demonstrate the transaction occurred at arm's-length and without fraud or collusion.  *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2nd Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

35.      The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Debtor respectfully requests that the Court find that any purchaser of a Parcel be entitled to the protections of section 363(m) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to

---

[3] The buyer will also be responsible for paying all taxes for the current year, without pro-ration.

section 363 of the Bankruptcy Code; (b) approving the sale procedures and terms as set forth herein; and (c) granting such other and further relief as may be just and equitable.

Dated: August 5, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By:   /s/ Joseph A. Pack
    Joseph A. Pack
    Email:  joe@packlaw.com
    Florida Bar No. 117882
    Jessey J. Krehl
    Email:  jessey@packlaw.com
    Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on August 5, 2026, the following interested parties were served by the methods indicated below:

**By CM/ECF**:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

**By First Class U.S. Mail, Postage Prepaid and Electronic Mail**:

Debra Autrey
526 E. Walnut Ln.
Philadelphia, PA 19144
debautrey456@gmail.com

Leah Bishop
2627 N. 23rd St.
Philadelphia, PA 19132
23LovenLife@gmail.com

11

Felica Jeffers
2627 N. 23rd St.
Philadelphia, PA 19132
feliciajeffress0@gmail.com

Malia Bright
5334 Glenmore Ave.
Philadelphia, PA 19143
mbright95@hotmail.com

Yasmine Bouie
5340 Glenmore Ave.
Philadelphia, PA 19143
yasminebouie67@gmail.com

Lourdes Motta
311 9th St.
Upland, PA 19015
lourdesmotta212@gmail.com

Wayne Bailey
326 Valley Rd.
Coatesville, PA 19320
waynebailey7289@gmail.com

**By First Class U.S. Mail, Postage Prepaid**:

City of Dream 2025, LLC
1010 Mulberry St.
Brookhaven, PA 19015

Pennsylvania Department of Revenue
Bureau of Compliance, Lien Section
P.O. Box 280948
Harrisburg, PA 17128-0948

**I FURTHER CERTIFY** that on August 5, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By:   */s/ Joseph A. Pack*
      Joseph A. Pack

12

## Exhibit A

### Legal Descriptions

| Address | |
|---|---|
| 2627 N. 23rd St. Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected<br><br>SITUATE on the East side of 23rd Street at the distance of 45 feet 4 inches Northward from the North side of Harold Street in the 16th Ward of the City of Philadelphia<br><br>CONTAINING in front or breadth on the said 23rd Street 14 feet 8 inches and extending in length or depth Eastward of that width between parallel lines at right angles to the said 23rd Street 64 feet wide alley which extends Northward into Oakdale Street and Southward into Harold Street<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for a passageway and watercourse at all times hereafter forever<br><br>BEING No. 2627 North 23rd Street<br><br>BEING THE SAME PREMISES WHICH Booker T. Nichols by Deed dated 11/9/2012 and recorded 11/13/2012 in Document ID #52559191 conveyed unto Calvin Crawley, Sr. in fee<br><br>CITY REGISTRY   33 N 18   181<br><br>162227100 |

| 6408 Carlton St.<br>Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected hereditaments and appurtenances Situate in the 34th Ward of the City of Philadelphia Commonwealth of Pennsylvania<br><br>SITUATE on the South side of Carlton Street at the distance of 60 feet Westward from the West side of 64th Street<br><br>CONTAINING in front or breadth on the said Carlton Street 15 feet and extending of that width in length or depth Southward between parallel lines at right angles to the said Carlton Street 67 feet to a certain 3 feet wide alley which extends Eastward and Westward from 64th Street and half (of Simpson) to 64th Street<br><br>BEING No 6408 Carlton Street<br><br>TOGETHER with the free and common use right liberty and privilege of the said alley as and for a passageway and watercourse at all times hereafter forever<br><br>BEING THE SAME PREMISES WHICH Ukrainian Selfreliance FCU by Deed dated 6/16/2015 and recorded 6/22/2015 in Document ID #52930575 conveyed unto Wave Realty LLC in fee<br><br>CITY REGISTRY 63 N 21 135 |
| --- | --- |
| 404 N. Wanamaker St.<br>Philadelphia, PA | Street Address: 404 N Wanamaker Street, Philadelphia, PA 19131<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected,<br><br>SITUATE on the West side of Wanamaker Street at the distance of thirty-one feet and one and one-half inches Northward from the North side of Callowhill Street in the Thirty-fourth Ward of the City of Philadelphia; thence extending Northward seventy-eight degrees three minutes twenty seconds West thirty-four feet to a point; thence extending Northward seventy-nine degrees fifty-seven minutes ten seconds West thirty-two feet six inches to a point in the middle of a certain three feet wide alley; thence extending Northward fifteen feet nine and three-quarter inches to a point; thence extending Eastward sixty-six feet six inches to the West side of Wanamaker Street and thence extending Southward along same fifteen feet nine and three-quarter inches to the first mentioned point and place of beginning. |

2

| | |
|---|---|
| | BEING the house number 404 North Wanamaker Street<br><br>OPA #042226700<br><br>BEING the same premises which Jewell Williams Sheriff by Deed dated June 24, 2019, and recorded July 23, 2019, in Philadelphia County as Instrument No. 53541354, granted and conveyed unto Tower Equity, LLC, in fee.<br><br>BEING the same premises which Tower Equity, LLC entered into a consent order whereby Kelly Crawford was appointed Receiver for Tower Equity, LLC. |
| 5334 Glenmore Ave.<br>Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Southeast side of Glenmore Avenue at the distance of One hundred ninety-seven feet Northeastward from the Northeast side of 54th Street in the 51st Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Glenmore Avenue Fourteen feet and extending of that width in length or depth Southeastward between parallel lines at right angles to the said Glenmore Avenue forty-seven feet to a certain Three feet wide alley which extends Northeastward and Southwestward from the said 54th Street to 53rd Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said alley as and for a passageway and watercourse at all times hereafter, forever.<br><br>BEING known as No. 5334 Glenmore Avenue.<br>Being inter alia the same premises which Donald G. Funk by Deed dated 9/30/2016 and recorded 11/16/2016 in Philadelphia County as Document No. 53137889 conveyed unto Cohen Boys, LLC, in fee. |

3

| | |
|---|---|
| 5340 Glenmore Ave. Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Southeasterly side of Glenmore Avenue at the distance of 155 feet Northeastwardly from the Northeasterly side of 54th Street in the 51st Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Glenmore Avenue 14 feet and extending of that width in length or depth Southeastwardly between parallel lines at right angles to said Glenmore Avenue 47 feet to the 3 feet wide alley which leads Northeastwardly and Southwestwardly from said 54th Street to said 53rd Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said alley as and for a passageway and watercourse at all times hereafter, forever.<br><br>BEING known as No. 5340 Glenmore Avenue.<br>Being the same premises which John Mullen, sole heir of Mary Mullen, deceased by Deed dated 12/11/2008 and recorded 12/15/2008 in Philadelphia County as Document No. 52002942 conveyed unto Donald G. Funk, Sr., in fee.<br>Being inter alia the same premises which Donald G. Funk by Deed dated 09/30/2016 and recorded 11/16/2016 in Philadelphia County as Document No. 53137889 conveyed unto Cohen Boys, LLC, in fee. |
| 5310 Glenmore Ave. Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATED on the Southeast side of Glenmore Avenue at the distance of Three Hundred sixty-five feet Northeastward from the Northeast side of 54th Street in the 51st Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Glenmore Avenue Fourteen feet and extending of that width in length or depth Southeastward between parallel lines at right angles to the said Glenmore Avenue Forty-seven feet to a certain Three feet wide alley which extending Northeastward and Southwestward from the said 54th Street to 53rd Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley, as and for a passageway and watercourse at all times hereafter, forever.<br><br>BEING known as No. 5310 Glenmore Avenue.<br><br>Being part of the same premises which Donald G. Funk by Deed dated 09/30/2016 and recorded 11/16/2016 in Philadelphia County as Document No. 53137889 conveyed unto Cohen Boys, LLC, in fee. |

4

| | |
|---|---|
| 311 9th St.<br>Upland, PA | **ALL THAT CERTAIN** parcel of land with the improvements thereon, hereditaments and appurtenances, situated in the Borough of Upland, County of Delaware and State of Pennsylvania, being bounded and described according to a plan of property for Oliver Armitage, Realtor made by Catania Engineering Associates, Inc. dated 8/25/1977 as follows, to wit:<br><br>**BEGINNING** at a point on the Southwesterly side of Ninth Street (40 feet wide) at the distance of 184.45 feet measured along said side of Ninth Street North 57 degrees 13 minutes West from its intersection with the Northwesterly side of Church Street (40 feet wide); thence along said side of Ninth Street, North 57 degrees 13 minutes West the distance of 20.98 feet to a point; thence leaving said side of Ninth Street, South 32 degrees 47 minutes West the distance of 107.50 feet to a point on the Northerly side of a certain 15 feet wide alley; thence along said side of said alley, South 57 degrees 13 minutes East the distance of 20.98 feet to a point; thence leaving said side of said alley the following 5 courses and distances (said lines passing through the walls dividing these premises from those on the easterly side thereof): (1) North 32 degrees 47 minutes East the distance of 45 feet to point; (2) thence North 57 degrees 13 minutes West the distance of 2 feet to a point; (3) thence North 32 degrees 47 minutes East the distance of 13.10 feet to a point; (4) thence South 57 degrees 13 minutes East the distance of 2 feet to a point; (5) thence North 32 degrees 47 minutes East the distance<br><br>of 49.40 feet to a point on the Southwesterly side of Ninth Street, being the first mentioned point and place of beginning.<br><br>**TOGETHER** with the right and use of said alley in common with the owners or occupiers of other land abutting thereon.<br><br>**BEING** known as 311 9th Street.<br><br>**BEING** Folio No. 47-00-00917-00.<br><br>**BEING** the same premises which Michael Heck by Deed dated November 8, 2005 and recorded November 21, 2005 in the Office of the Recorder of Deeds of Delaware County, PA, in Deed Book 3659 page 1898, granted and conveyed unto Michael G. Barbarick, as sole owner, in fee. |

| | |
|---|---|
| 326 Valley Rd.<br>Coatesville, PA | ALL THAT CERTAIN messuage and tract of land with the hereditaments and appurtenances thereon erected, together with the brick dwelling house erected thereon in the City of Coatesville, County of Chester and Commonwealth of Pennsylvania more particularly bounded and described.<br><br>BEGINNING at a point on the South curb line of Valley Road, 184.19 feet West of the West curb line of Strode Avenue, a corner of other land of the Grantor herein, South 13 degrees 2 minutes East and passing through the center of the middle dividing partition wall separating the premises herein being conveyed from the premises known as No. 324 Valley adjoining on the East 150 feet to the North line of Summer Street; thence by the same South 76 degrees 58 minutes West, 14.17 feet to a corner of land recently conveyed to George Ricchiute thence by the same North 13 degrees 2 minutes West and passing through the center of the middle dividing partition wall dividing the premises herein being conveyed from the South curb No. Valley Road, adjoining on the West, 150 feet to the South curb line of Valley Road; thence by the same North 76 degrees 58 minutes East, 14.17 feet to the place of beginning.<br>Being the same premises which Wayne Dahl by Deed dated 4/3/15 and recorded 4/9/15 in Chester County in Record Book 9085 Page 1772 conveyed unto Trevor Lewis and Kristen Lewis, in fee. |

**Exhibit B**

**Property Information**

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| 2627 N. 23rd St. Philadelphia, PA | $122,800.00 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – | Leah Bishop and Felica Jeffers – lease expires 9/30/2026. $930.00 per month rent. Last payment received was $600.00 on 6/16/2026. Rent is delinquent in the amount of $7,596.24 and tenants have been paying extra each month towards the delinquency. |

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| | | | $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2601W25011320** – $1,337.51 – Water Lien<br><br>**Case No. 2504W24010646** – $1,402.71 – Water Lien | |
| 6408 Carlton St. Philadelphia, PA | $113,700.00 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: | Vacant |

2

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| | | | Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2601W25009280** – $1,000.28 – Water Lien | |
| 404 N. Wanamaker St. Philadelphia, PA | $102,600.00 | $1,944.83 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515** – $811.86 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757** – $926.14 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: | Vacant |

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| | | | Department of Licenses and Inspections Judgment

**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry

**Case No. 2510W25010776** – $1,034.17 – Water Lien | |
| 5334 Glenmore Ave. Philadelphia, PA | $78,800.00 | $1,518.70 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.

**Case No. 250400515**– $811.86 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)

**Case No. 251102757**– $926.14 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)

**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: | Malia Bright – lease expired 10/31/2025. $1,025.00 per month rent. Last payment received was $170.96 on 6/8/2026. Rent is current. |

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| | | | Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2510W25010481** – $1,109.49 – Water Lien | |
| 5340 Glenmore Ave. Philadelphia, PA | $78,800.00 | $1,518.70 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: | Yasmine Bouie – lease expired 10/31/2025. $1,050.00 per month rent. Last payment received was $1,060.50 on 5/3/2026. Rent is one month delinquent. |

5

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| | | | Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2510W25010364** – $676.37 – Water Lien | |
| 5310 Glenmore Ave. Philadelphia, PA | $78,800.00 | $1,518.70 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: | Vacant |

6

| Address | Assessed Value | Unpaid Taxes 2023-25 | Liens | Tenants |
|---|---|---|---|---|
| | | | Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | |
| 311 9th St. Upland, PA | $92,440.00 | None. | None. | Lourdes Motta – lease expired 4/30/2025. $1,350.00 per month rent. Last payment received was $934.00 on 6/25/2026. Rent is one month delinquent. |
| 326 Valley Rd. Coatesville, PA | $34,920.00 | None. | **Case No. CV-2025-067837**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax) | Wayne Bailey – lease expires 10/31/2026. $1,500.00 per month rent. Last payment received was $1,500.00 on 6/5/2026. Rent is current. |

**Exhibit C**

**Municipal Liens and Judgments**

| Lienholder | Case No. | Amount |
| --- | --- | --- |
| City of Philadelphia, Department of Licenses and Inspections (Code Enforcement Lien) | CE-25-03-32-0112 | $345.00 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23023924 | $298.15 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23024705 | $277.23 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R23027859 | $315.57 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24002824 | $1,252.54 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004988 | $299.17 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004990 | $3,720.73 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24006202 | $1,149.30 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24008929 | $321.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24009946 | $1,903.79 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24011325 | $1,751.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24015183 | $385.94 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24021455 | $2,469.31 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023109 | $2,641.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023827 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24024454 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24027679 | $1,752.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028480 | $375.70 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028529 | $1,117.11 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24029357 | $294.01 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24030930 | $1,505.43 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033104 | $335.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033338 | $2,506.52 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24034597 | $1,363.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24035759 | $411.48 |

| | | |
|---|---|---|
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24036043 | $1,462.86 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24038287 | $1,223.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24039421 | $371.44 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24040280 | $1,045.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24046201 | $410.21 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24048641 | $1,471.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24049462 | $416.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24050108 | $1,549.64 |
| **Total** | | **$36,692.19** |