**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

|  |  |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
|  | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-016-CPM |
| Debtors. |  |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. |  |

**DEBTOR'S MOTION FOR ORDER (A) AUTHORIZING THE DEBTOR TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING SALE PROCEDURES AND TERMS; AND (C) FOR OTHER RELIEF**

(Properties located at 1336 Argus Rd., Camden, NJ; 2067 Chelten Ave., Philadelphia, PA; 1353 Sellers St., Philadelphia, PA; 1336 E. Rittenhouse St., Philadelphia, PA; 2030 E. Lehigh Ave., Philadelphia, PA; 6439 N. Beechwood St., Philadelphia, PA; and 7307 Kinglet Pl., Philadelphia, PA)

Debtor, RAD Diversified REIT, Inc. (the "**Debtor**"), by and through its undersigned

counsel, submits this motion (this "**Motion**") for entry of an order, (a) authorizing the Debtor to

sell certain residential real property located at 1336 Argus Rd., Camden, NJ; 2067 Chelten Ave.,

Philadelphia, PA; 1353 Sellers St., Philadelphia, PA; 1336 E. Rittenhouse St., Philadelphia, PA;

2030 E. Lehigh Ave., Philadelphia, PA; 6439 N. Beechwood St., Philadelphia, PA; and 7307 Kinglet Pl., Philadelphia, PA (each, a "**Parcel**" and, collectively, the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m); (b) approving sale terms and procedures; (c) approving the surcharge amount pursuant to 11 U.S.C. § 506; and (d) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 2002 and 6004.

**Background**

4.      On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5.      The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No.

176], which was approved by the court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7.    On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

8.    Debtor is the record title owner of the Property, which is more particularly described on **Exhibit A** hereto.  The Property consists of seven (7) separate parcels of real property, each of which is improved with a single-family home, located in Philadelphia, Pennsylvania or Camden, New Jersey.

9.    The legal description of each Parcel is set forth on **Exhibit A** hereto.

10.    The tax assessed value of each Parcel is set forth on **Exhibit B** hereto.

11.    Based upon the title report obtained by the Debtor dated November 13, 2025 (the "**Title Report**") and motions for relief from stay and proofs of claim filed in this case, the holders of first mortgages on each Parcel (each, a "**Mortgagee**") and the amounts owed on those mortgages are set forth on **Exhibit B**.

12.    Based upon the Title Report, all liens and encumbrances of record other than the first mortgage against each Parcel are set forth on **Exhibit B**.

13.    The unpaid past due ad valorem taxes and current ad valorem taxes due for each Parcel are set forth on **Exhibit B**.  The Title Reports also reflect certain municipal liens against the Property totaling $36,692.19 that may constitute a lien against the Property, as set forth on **Exhibit C**.

14.    **Exhibit B** also lists all tenants and other parties known to the Debtor who may assert a possessory interest in the Property (collectively, the "**Tenants**").

15.    To the best of the Debtor's knowledge, information, and belief, except for the

3

parties identified in **Exhibit B** to this Motion (the "**Interested Parties**"), no other person or entity asserts a lien, claim, or *in rem* interest in and to the Property.

16.     The Debtor, by and through its Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment, has determined that it is in the best interests of the Debtor and the estate to sell the Property at public auction on the terms set forth in this Motion.

## Relief Requested

17.     The Debtor has previously been authorized to employ Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") as auctioneer [Dkt. No. 418].  By this Motion, the Debtor requests the entry of an order (the "**Sale Order**"), pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests, by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.

18.      The Debtor proposes that, except as may otherwise be ordered by the Court in the Sale Confirmation Order:

    a.  all unpaid property taxes for each Parcel shall be paid by the purchaser at closing, and purchaser shall be responsible for payment of current year's taxes;

    b.  the net proceeds of sale of each Parcel shall be disbursed at closing as follows:

        i.   first, to the Debtor in payment of the Surcharge Amount (as defined below);

        ii.  second, to pay any municipal liens and judgments with priority over the first mortgage on such Parcel;

        iii. third, to the Mortgagee on such Parcel to satisfy the unpaid balance due on the first mortgage;

        iv.  all remaining net proceeds, if any (the "**Net Proceeds**") from the sale of the Property shall be paid to the Debtor.  Any valid and duly perfected liens against the Property that are not paid at closing will attach to the Net Proceeds, with the same extent, validity, and priority

as existed before the Petition Date. The Net Proceeds shall be held by the Debtor and disbursed only pursuant to order of the Bankruptcy Court.

19. The term "Surcharge Amount" means 10% of the winning bid for the sale of each Parcel, up to a maximum $20,000.00; provided, however, that in the event the winning bid is not sufficient to pay the Mortgagee in full as set forth herein or the Mortgagee acquires the Parcel by credit bid, the maximum amount is $10,000.00. The Surcharge Amount is necessary, reasonable, and reflects the benefit to the Mortgagee and other Interested Parties from liquidating the Property through an auction process with robust marketing and advertising. Further, the timing of the auction sale will result in a substantial time savings to the Mortgagee as compared to a foreclosure. The Surcharge Amount also compensates the Debtor for U.S. Trustee's fees and attorneys' fees incurred in connection with the sale of the Property, and provides a fund for payment of unsecured creditors of the Debtor. As such, the Surcharge Amount is justified pursuant to Section 506(c). *In re Dalton Crane, L.C.,* 641 B.R. 850 (Bankr. S.D. Tex. 2022) (approving surcharge in connection with auction).

20. The Debtor, in consultation with TD, proposes that the following terms of sale be approved by the Court:

    a. **Free and Clear**: The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale to the extent such liens, claims, encumbrances, and interests are not paid at closing.

    b. **The Auction Dates:** TD shall market the Property for public auction (the "**Auction**"). The auction date shall be a date selected by TD that is at least four (4) weeks but not more than eight (8) weeks after the Sale Order. TD shall begin its marketing campaign within ten (10) days of the entry of the Sale Order.

    c. **Auction Terms:** The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application.

    d. **Sale Documents:** Promptly following the closing of the Auction, the winning

bidder shall execute a sale agreement or other applicable sale documents (the "**Sale Documents**").

e. **The sale of the Property shall be "AS-IS, WHERE IS, WITH ALL FAULTS," with no warranties of title whatsoever.**

f. **Sale Confirmation:** Within ten (10) business days following the Auction and prior to the closing of the sale of the Property, the Debtor will seek the entry of an order confirming the sale to the winning bidder (the "**Sale Confirmation Order**").

g. **Closing Date:**  Closing shall occur within thirty (30) days after the auction or within ten (10) business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

h. **Closing Documents**:  The Property shall be conveyed to the purchaser by Trustee's Deed.

## Authority for Requested Relief

**A.     The Proposed Notice of the Auction and Bid Procedures is Appropriate.**

21.     The Debtor seeks authority to sell the Property through an Auction and related sale process, subject to the Debtor's right to seek an alternative course of action to maximize the value of its estate.  TD will conduct an extensive and robust marketing process designed to maximize the number of auction participants, bidders, and purchase price.  To maximize participation in the auction, it is anticipated that the auction of the Property may include one or more other properties owned by Debtor or joint debtors.

22.     Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

23.     Bankruptcy Rule 6004 provides, in pertinent part:

(a) Notice.

(1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:

6

(A) under Rule 2002(a)(2), (c)(1), (i), and (k); and

(B) in accordance with §363(b)(2), if applicable.

* * *

(c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:

(1) the date of the hearing on the motion; and

(2) the time to file and serve an objection on the debtor in possession or trustee.

Bankr. Rule 6004.

24.     The Debtor has served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid on the Interested Parties and has transmitted the Motion to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006.  In light of the existence of a Committee, the estate should not be required to incur the expense of service by mail on all creditors.  As a practical matter, given the unique nature of the Property, it is unlikely that creditors of the Debtor will be bidders.

**B.      The Auction and Sale of the Property Should be Approved.**

25.      Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A sale of the debtor's assets should be authorized pursuant to § 363 if a sound business purpose exists for the proposed transaction. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated business justification' . . . ."); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

26.      Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale, (ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith. *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders. *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

27.      The Debtor has a sound business justification for selling the Property. Each Parcel is subject to a first mortgage. The value of the Property will be tested through the Auction conducted pursuant to and according to the bid procedures set forth in the Auction Motion. Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtor in the exercise of its reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the bankruptcy estate. *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326,

8

at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction"). Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process.

**C.** **The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.**

28.  Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

29.  Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtors' sale of the Assets free and clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

30.     The first priority lien against each Parcel is ad valorem property taxes, which will be paid by the purchaser at closing.  To the extent of available net proceeds, any municipal liens with priority over the first mortgage will be paid next from the net proceeds of sale of each Parcel, with any remaining net proceeds paid to the Mortgagee. Any unpaid liens against each parcel of the Property will attach to any remaining net proceeds from the sale of that parcel.

31.     The judgment lien of Debra Autrey, which encumbers each of the Parcels, is in dispute.  Specifically, the judgment became a lien against the Property within 90 days of the Petition Date and is subject to avoidance as a preference.[1]

32.     The title reports also reflect a judgment lien in favor of Philadelphia Community Development Coalition, Inc., but Debtor's understanding is that this judgment is a foreclosure judgment and Philadelphia Community Development Coalition, Inc. does not assert a judgment lien against any of the Parcels.

33.     The Debtor proposes to sell the Property free and clear of all claims or interests of the Tenants identified on **Exhibit B**.

34.     Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to *ad valorem* taxes, with past due *ad valorem* taxes paid by the buyer at closing.[2]

**D.     The Sale Will Be Undertaken by the Buyers in Good Faith.**

35.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased notwithstanding if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

---

[1] Debtor will be filing an adversary proceeding objecting to the claim of Debra Autrey [Claim No. 279] and seeking to avoid the lien of the judgment, pursuant to 11 U.S.C. §547, forthwith.
[2] The buyer will also be responsible for paying all taxes for the current year, without pro-ration.

36.     The sale of the Property should be found to be in good faith if the Debtor can demonstrate the transaction occurred at arm's-length and without fraud or collusion.  *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2nd Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

37.     The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Debtor respectfully requests that the Court find that any purchaser of a Parcel be entitled to the protections of section 363(m) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to section 363 of the Bankruptcy Code; (b) approving the sale procedures and terms as set forth herein; (c) approving the surcharge amount pursuant to section 506 of the Bankruptcy Code; and (d) granting such other and further relief as may be just and equitable.

*Remainder of Page Left Intentionally Blank*

Dated: August 5, 2026                    Respectfully submitted,

                                         **PACK LAW**
                                         4649 Ponce de Leon Blvd., Suite 405
                                         Coral Gables, Florida 33146
                                         Telephone: (305) 916-4500

                                         By:   /s/ Joseph A. Pack
                                               Joseph A. Pack
                                               Email:  joe@packlaw.com
                                               Florida Bar No. 117882
                                               Jessey J. Krehl
                                               Email:  jessey@packlaw.com
                                               Florida Bar No. 1025848

                                         *Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on August 5, 2026, the following interested parties were served by the methods indicated below:

**By CM/ECF**:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

Elena Ketchum, Esq., counsel to Philadelphia Community Development Coalition, Inc.

Tricia A. Morra, Esq., counsel to NWL Company, LLC and Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but Solely as Trustee for IBIS Holdings A Trust

Seth J. Greenhill, Esq., counsel to Kiavi Funding, Inc.

**By First Class U.S. Mail, Postage Prepaid and Electronic Mail**:

Tarnisha Y. Watts
1336 Argus Rd.
Camden, NJ 08104
Tarnisha_Watts@yahoo.com

Tamya Taylor
2067 Chelten Ave.
Philadelphia, PA 19138
tee.taylor@yahoo.com

Shardae Fleming
1353 Sellers St.
Philadelphia, PA 19124
shardaeblessed1989@gmail.com

Arnold E. Brunson
7307 Kinglet Pl.
Philadelphia, PA 19153
adairpop@gmail.com

Debra Autrey
526 E. Walnut Ln.
Philadelphia, PA 19144
debautrey456@gmail.com

**By First Class U.S. Mail, Postage Prepaid**

East Region Tax Auction, LLC
10 Sterling Blvd., Ste. 302
Englewood, NJ 07631-4835

East Region Tax Auction, LLC
c/o Pluese, Becker, Saltzman & Thomas, LLC
20000 Horizon Way, Suite 900
Mount Laurel, NJ 08054

Pennsylvania Department of Revenue
Bureau of Compliance, Lien Section
P.O. Box 280948
Harrisburg, PA 17128-0948

　　**I FURTHER CERTIFY** that on August 5, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

　　　　　　　　　　　　　　By:　 */s/ Joseph A. Pack*　　　　　　　
　　　　　　　　　　　　　　　　　Joseph A. Pack

`

13

**Exhibit A**

**Legal Descriptions**

| Address | Legal Description |
|---|---|
| 1336 Argus Rd.<br>Camden, NJ | ALL that (those) certain lot(s), tract(s) or parcel(s) of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Camden City, County of Camden, and State of New Jersey and is bounded and described as follows:<br>BEING known and designated as Lot 10 in Block 696 as set forth on the current tax map of the City of Camden City. |
| 2067 Chelten Ave.<br>Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected.<br><br>SITUATE on the Northerly side of Chelten Avenue at the distance of Three hundred forty-two feet three and three-quarter inches Westward from the Westerly side of 28th Street in the Seventeenth (Formerly part of Ward Fifty) Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Chelten Avenue Twenty feet Four and one-half inches and extending of that width in length or depth Northward between parallel lines at right angles to the said Chelten Avenue Ninety-five feet.<br><br>BEING known as and numbered 2067 East Chelten Avenue.<br><br>BEING City Registry No.: 130 N 4-19<br><br>Being the same premises which Ronald Hinton by Deed dated 3/23/2016 and recorded 4/13/2016 in Philadelphia County as Document No. 53046407 conveyed unto Cohen Boys, LLC, in fee. |

| Address | Legal Description |
|---|---|
| 1353 Sellers St. Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the brick messuage or tenement thereon erected.<br><br>SITUATE on the Northeasterly side of Sellers Street in Frankford, in the 23rd Ward of the City of Philadelphia, at the distance of 150 feet Northwestwardly from the Northwesterly side of Leiper Street.<br><br>CONTAINING in front or breadth on the said sellers Street 25 feet and extending of that width in length or depth between parallel lines at right angles with the said sells street 100 feet.<br><br>BEING known as No. 1353 Sellers Street.<br>Being the same premises which Wells Fargo Bank, N.A., as Trustee for the Certificate Holders of Asset-Backed Pass-Through Certificates, Series 2005-WCW2, by and through its Attorney-in-Fact, Select Portfolio Servicing, Inc., by Power of Attorney by Deed dated 10/28/2015 and recorded 11/3/2015 in Philadelphia County as Document No. 52984313 conveyed unto Cohen Boys, LLC, a Limited Liability Company, in fee. |

| Address | Legal Description |
|---|---|
| 1336 E Rittenhouse St.<br>Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Southeast side of Rittenhouse Street at the distance of 273 feet 5/8 inches Northeastward from the Northeast side of Crittenden Street in the 22nd Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Rittenhouse Street 15 feet and extending of that width in length or depth Southeastwardly between parallel lines at right angles to the said Rittenhouse Street 74 feet to a certain 4 feet wide alley which extends Southwestward from Wister Street (formerly known as Stenton Avenue) and connects at the Southwestern end thereof with a certain other 4 feet wide alley leading from Price Street to the said Rittenhouse Street,<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said alleys as and for passageways and watercourses at all times hereafter, forever.<br><br>BEING Known as No. 1336 East Rittenhouse Street.<br><br>BEING the same premises which James G. Searles and Mary C. Searles, husband and wife, by Deed dated August 15, 1986 and recorded September 2, 1986 in the Recorder's Office of the County of Philadelphia, Commonwealth of Pennsylvania in Deed Book FHS 562, Page 374, granted and conveyed unto Donna J. Cargill, in fee. |

4

| Address | Legal Description |
|---|---|
| 2030 E. Lehigh Ave. Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, described according to a Survey and Plan thereof made the Fourteenth day of October, A.D. 1945, by Munro L. Abbot, Surveyor and Regulator of the Sixth District, as follows:<br><br>SITUATE on the Southwesterly side of Lehigh Avenue at the distance of Forty-seven feet, Seven inches Southeastwardly from the Southeasterly side of Braddock Street, in the Thirty-First Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Lehigh Avenue, Fourteen feet, Eleven inches, and extending Southwestwardly between lines parallel with Braddock Street, on the Northwesterly line thereof Seventy feet, Eleven and one-half inches, and on the Southeasterly line thereof Seventy-three fest, and one-eighth of an inch, and containing on the rear end thereof Fourteen feet, Ten and one- quarter inches, INCLUDING part of the soil of a Two feet, Six inches wide alley leading Northwestwardly into Braddock Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said alley.<br><br>BEING known as No. 2030 East Lehigh Avenue.<br>BEING the same premises which Colleen O'Connor Skylakon by Deed dated 11/3/1995 and recorded 1/20/1996 in Philadelphia County in Deed Book VCS 1850 page 439 conveyed unto Marcella C. Thompson, in fee.<br><br>And the said Marcella C. Thompson departed this life on 3/30/2021, leaving a Will probated and registered at Philadelphia County as Will No. 3952 of 2021, wherein she specifically devised the said premises known as 2030 East Lehigh Street, Philadelphia, PA, to Martin L. Thompson, her son, wherein she appointed Martin L. Thompson, Executor to whom Letters Testamentary were granted on 8/30/2021. |

| Address | Legal Description |
|---|---|
| 6439 N. Beechwood St. Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements located thereon, if any.<br><br>SITUATE on the Easterly side of Beechwood Street at the distance of 287 feet 6 inches Northwardly from the Northerly side of Chelten Avenue in the 17th (Formerly part of the 42nd) Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Beechwood Street 15 feet and extending of that width in length or depth Eastwardly between parallel lines at right angles to the said Beechwood Street 73 feet to a certain 4 feet wide alley running Northwardly and Southwardly and connecting at each end thereof with another certain 3 feet wide alley leading from the aforesaid Beechwood Street to Norwood Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alleys as and for passageways and watercourses at all times hereafter, forever.<br><br>**BEING known as No. 6439 North Beechwood Street.**<br><br>Being the same premises which Matthew Thomas, Jr. and Beverly A. Thomas, husband and wife by Deed dated 10/5/1999 and recorded 10/12/1999 in Philadelphia County in Deed Book JTD 1188 Page 604 conveyed unto Dudley A. Gray and Barbara I. Gray, husband and wife, as tenants by entireties, in fee.<br><br>Being the same premises which Dudley A. Gray and Barbara I. Gray by Deed dated 5/7/2001 and recorded 4/3/2003 in Philadelphia County as Document No. 50643567 conveyed unto Dudley A. Gray, in fee. ($1.00 Consideration)<br><br>And the said Dudley A. Gray also known as Dudley Gray departed this life on 9/1/2015, intestate. And Letters of Administration were granted on 10/11/2022 unto Howard Soloman in Philadelphia County under Administration number A5125-2022.<br><br>**BRT #172509100** |

6

| Address | Legal Description |
|---|---|
| 7307 Kinglet Pl. Philadelphia, PA | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected. <br><br> SITUATE in the 40th Ward of the City of Philadelphia, described according to a Survey and Plan of Properties made for Korman Development Company, Incorporated, by Maurice H. Goldich, Surveyor and Regulator of the 10th District, dated the 21st day of March A.D., 1968, to wit: <br><br> BEGINNING at a point on the Northwesterly side of Kinglet Place (50 feet wide) which point is measured South 49 degrees 27 minutes 30 seconds West along the said Northwesterly side if Kinglet Place the distance of 90 feet from the Southwesterly side of 73rd Street (70 feet wide). <br><br> CONTAINING in front or breadth South 49 degrees 27 minutes 30 seconds West along the said Northwesterly side of Kinglet Place 31.150 feet and extending of that width in length or depth Northwestwardly between parallel lines at right angles to said Kinglet Place 90 feet. <br><br> THE Southwesterly line passing through the average center of party wall between the said premises and the premises adjoining on the Southwest. |

| Address | Legal Description |
|---|---|
| | TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway and passageway and watercourse at all times hereafter, forever.<br><br>SUBJECT, however, to the proportionate part of the expense of keeping same in good order and repair.<br><br>BEING known as No. 7307 Kinglet Place.<br><br>Being the same premises which Matthew Everly and Kellyann Everly by Deed dated 9/26/2005 and recorded 10/15/2005 in Philadelphia County as Document No. 51290839 conveyed unto Christine N. Lindsey and Nicholas C. Steptoe, Sr., in fee.<br><br>Being the same premises which Christine N. Lindsey, now known as Christine Lindsey Steptoe and Nicholas C. Steptoe, Sr., wife and husband by Deed dated 9/26/2005 and recorded 10/15/2005 in Philadelphia County as Document No. 51290841 conveyed unto Nicholas C. Steptoe, Sr. and Christine Lindsey Steptoe, husband and wife, in fee. ($1.00 Consideration)<br><br>Being the same premises which Nicholas C. Steptoe. Sr., and Christine Lindsey Steptoe by Deed dated 3/7/2018 and recorded 4/24/2018 in Philadelphia County as Document No. 53355146 conveyed unto Christine Lindsey Steptoe, in fee. ($1.00 Consideration)<br><br>UNDER AND SUBJECT to Terms, Conditions, Agreements, Restrictions, Covenants, and Agreements as of record.<br><br>Together with all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of her, the said grantor, as well at law as in equity, of, in and to the same. |

8

**Exhibit B**

**Property Information**

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| 1336 Argus Rd., Camden, NJ | NWL Company, LLC [Dkt. No. 351] | $181,574.90 | $198,000.00 | None. | **Certification No. 26-00816** – $1,010.39 – Tax Lien | Tarnisha Y. Watts – lease expired 9/30/2024. $1,400.00 per month rent. Last payment received was $1,400.00 on 2/2/2025. Rent is delinquent in the amount of $22,400.00. |
| 2067 Chelten Ave., Philadelphia, PA | Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but Solely as Trustee For IBIS Holdings A Trust [Dkt. No. 221] | $170,547.63 | $208,300.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc. **Case No. 250400515**– | None. | Tamya Taylor – lease expired 2/28/2025. $1,435.00 per month rent. Last payment received was $1,470.00 on 8/13/2024. Rent is delinquent in |

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – | | the amount of $33,813.50. |

2

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | $216,168.00 – Judgment in favor of Debra Autry **Case No. 2601W25011611** – $1,230.60 – Water Lien | | |
| 1353 Sellers St., Philadelphia, PA | Wilmington Savings Fund Society, FSB, not in its Individual Capacity, but Solely as Trustee For IBIS Holdings A Trust [Dkt. No. 222] | $155,710.57 | $150,300.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc. **Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax) **Case No. 251102757**– | None. | Shardae Fleming – lease expired 10/31/2024. $1,400.00 per month rent. Last payment received was $1,400.00 on 5/30/2025. Rent is delinquent in the amount of $7,969.43. |

3

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | | |
| 1336 E. Rittenhouse St., Philadelphia, PA | Kiavi Funding, Inc. [Dkt. No. 127] | $129,213.22 | $151,800.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community | $2,345.93 | None. |

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment | | |

5

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | **Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | | |
| 2030 E. Lehigh Ave., Philadelphia, PA | Kiavi Funding, Inc. [Dkt. No. 126] | $174,128.18 | $244,200.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania | $3,562.69 | None. |

6

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | | |
| 6439 N. Beechwood St., Philadelphia, PA | Kiavi Funding, Inc. [Dkt. No. 125] | $83,420.74 | $126,000.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc. | $2,181.47 | None. |

7

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | **Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – | | |

8

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2501W24011878** – $1,537.21 – Water Lien<br><br>**Case No. 2601W25011805** – $1,517.32 – Water Lien<br><br>**Case No. 2507W25010877** – $1,513.35 – Water Lien | | |
| 7307 Kinglet Pl., Philadelphia, PA | Kiavi Funding, Inc. [Dkt. No. 165] | $207,576.58 | $243,800.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community | None. | Arnold E. Brunson – lease expires 12/31/2026. $1,550.00 per month rent. Rent is current; |

9

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment | | last payment received was $1,550.00 on 7/31/2026. |

10

| Address | Mortgagee | Total Due on Mortgage Per Stay Relief Motion | Value Per Stay Relief Motion | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|---|
| | | | | **Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | | |

**Exhibit C**

**Municipal Liens and Judgments**

| Lienholder | Case No. | Amount |
|---|---|---|
| City of Philadelphia, Department of Licenses and Inspections (Code Enforcement Lien) | CE-25-03-32-0112 | $345.00 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23023924 | $298.15 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23024705 | $277.23 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R23027859 | $315.57 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24002824 | $1,252.54 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004988 | $299.17 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004990 | $3,720.73 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24006202 | $1,149.30 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24008929 | $321.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24009946 | $1,903.79 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24011325 | $1,751.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24015183 | $385.94 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24021455 | $2,469.31 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023109 | $2,641.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023827 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24024454 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24027679 | $1,752.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028480 | $375.70 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028529 | $1,117.11 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24029357 | $294.01 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24030930 | $1,505.43 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033104 | $335.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033338 | $2,506.52 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24034597 | $1,363.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24035759 | $411.48 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24036043 | $1,462.86 |

| | | |
|---|---|---|
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24038287 | $1,223.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24039421 | $371.44 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24040280 | $1,045.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24046201 | $410.21 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24048641 | $1,471.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24049462 | $416.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24050108 | $1,549.64 |
| **Total** | | **$36,692.19** |