UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD DIVERSIFIED REIT, INC.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; and | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC | Case No. 8:26-bk-01640-CPM |
| Debtors. | |

_______________________________________/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW, CV3 Financial Services as servicer for CV3 Bravo Trust (on behalf of itself and together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 5233 N 11th St, Philadelphia, PA 19141 ("Property"); and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. RAD Diversified REIT, Inc. (the "Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 1, 2026.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. 334, 11 U.S.C. 362 and all other applicable rules and statues affecting the jurisdiction of the Bankruptcy Courts generally.

3. Movant is the holder of a Note executed by RAD Diversified Oz Fund, LP dated

April 25, 2024, whereby RAD Diversified Oz Fund, LP promised to repay $170,090.00 plus interest to CV3 Financial Services, LLC (the "Original Lender"). To secure the repayment of the Note, RAD Diversified Oz Fund, LP executed a Mortgage in favor of CV3 Financial Services, LLC, encumbering the Property commonly known as 5233 N 11th St, Philadelphia, PA 19141, which Mortgage was Recorded in the Official records of Philadelphia County as Doc Id: 54296752 on May 6, 2024 (hereinafter "Mortgage"). Other than liens with statutory priority, Movant's mortgage is in first lien position. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. A copy of the Note , Mortgage and Assignments of Mortgage are attached hereto as **Exhibit A**.

4. Funds were advanced in connection with the aforementioned agreements as purchase money for the following real property (the "Subject Property"):

**REAL PROPERTY AT 5233 N 11th St, Philadelphia, PA 19141 AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**

EXHIBIT "A"
LEGAL PROPERTY DESCRIPTION

The Land is described as follows:

All the following described real estate, situated in the Philadelphia and the Pennsylvania known and described as follows, to wit:

All that certain lot or piece of ground with the buildings and improvements thereon erected.

Situate on the East side of 11th Street at the distance of 26 feet 3/8th inches Southwardly from the South side of Windrim Avenue in the 49th Ward of the City of Philadelphia.

Containing in front or breadth Southwardly on the said side of 11th Street 15 feet 6 inches and extending of that width in length or depth Eastwardly 83 feet 3/8th inches to a certain 3 feet 6 inch wide alley, extending Northwardly and communicating with a certain 3 feet 1-1/2 inches wide alley extending Westwardly into the said 11th Street.

Together with the free and common use, right, liberty and privilege of the said alleys at all times hereafter, forever.

Parcel ID: 492233200

Being all and the same lands and premises conveyed to RAD Diversified OZ Fund LP by Teresa Fulton in a Deed dated 03/31/2023 and recorded 04/12/2023 in Document Number 54168292, in the Land Records of Philadelphia County, PA.

5. The subject property is not the Debtor's primary residence according to the petition and schedules filed herein.

6. The properties which are subject of the motion and subject to Movant's interest is described as located at 5233 N 11th St, Philadelphia, PA 19141.

7. Prior to the Bankruptcy filing, the loan was subject of a Mortgage Foreclosure Action under Index No. 250503684 filed in the Court of Common Pleas of Philadelphia County, Pennsylvania that resulted in a In-Rem Judgment for Failure to Answer and Assessment of Damages (the "Judgment") on September 12, 2025. A copy of the Judgment is attached hereto as **Exhibit B.**

8. The property was subject of a foreclosure auction taking place on January 6, 2026, resulting in sale back to the Movant in the amount of $75,700.00. A copy of the PA Sheriff Sale results are attached hereto as **Exhibit C**.

9. Foreclosure of the Property is governed by Pennsylvania law, which is summarized in relevant portion below:

> a. ….. at any time at least one hour prior to the commencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three times in any calendar year, may cure his default and prevent sale or other disposition of the real estate and avoid acceleration.

41 P.S. § 404 (a).

> b. Under Pennsylvania law, a mortgagor has the right to redeem mortgaged property until the fall of the hammer at an originally scheduled sheriff's sale.[internal citation omitted] *In re Evergreen Memorial Park Association,* 308 F.2d 65, 67 (3d Cir.1962); *Peoples Bank v. Dorsey,* 453 Pa.Super. 94, 105, 683 A.2d 291, 296 (1996). Once the hammer has fallen at the sheriff's sale, the mortgagor has no right to redeem. *Bundy v. Donovan (In re Bundy),* 183 B.R. 700, 701 (Bankr.W.D.Pa.1995). The purchaser at the sheriff's sale obtains equitable ownership of the property and upon settling with the Sheriff, the right to compel delivery of the deed. *In re Brown,* 75 B.R. 1009, 1012 (Bankr.E.D.Pa.1987). At the time of the sale, the purchaser assumes an obligation to comply with the terms of the sale. *The Chase Manhattan Bank v. Pulcini (In re Pulcini),* 261 B.R. 836, 841 (Bankr.W.D.Pa.2001); *Pennsylvania Co. For Insurances on Lives and Granting Annuities v. Broad Street Hospital,* 354 Pa. 123, 128, 47 A.2d 281, 283 (1946). No court confirmation or approval of the sale is required. *See* Pa.R.C.P. 3135(a) ("Confirmation of the sale by the court shall not be required."). Thus, at the fall of the hammer, the mortgagor loses rights and the purchaser acquires rights and obligations.

*In re Townsville*, 268 B.R. 95, 118–19 (Bankr. E.D. Pa. 2001).

> c. If bankruptcy serves no legitimate purpose in retaining the debtor's possession, then the property owner should be granted relief from the stay to exercise its non-bankruptcy law rights to recover possession from the debtor. *See, e.g. In re Moore,* 267 B.R. 111, 117–18 (Bankr.E.D.Pa.2001). Thus, if a foreclosure sale takes place prepetition, a chapter 13 debtor has no right to cure or reinstate her mortgage under Pennsylvania law. *See In re Brown,* 75 B.R. 1009 (Bankr.E.D.Pa.1987); *In re Rouse,* 48 B.R. 236 (Bankr.E.D.Pa.1985). Nor, after such a sale, does she have any right to cure a prepetition mortgage default in a chapter 13 proceeding under federal bankruptcy law. 11 U.S.C. § 1322(c)(1). In such circumstances, *i.e.,* where a pre-bankruptcy sale has already occurred, courts have routinely held that relief from the bankruptcy stay generally is appropriate so the buyer may eject the debtor. *See, e.g., In re Moore,* 267 B.R. at 117–18; *In re Belmonte,* 240 B.R. 843, 854 (Bankr.E.D.Pa.1999) (when debtor's ownership interests in realty were terminated prepetition and the chapter 13 case cannot restore those rights, cause exists to terminate the bankruptcy stay), *rev'd in part,* 279 B.R. 812 (E.D.Pa.2001); *In re Yorke,* 1996 WL 509614, at *2 (Bankr.E.D.Pa.1996) ("Since the Debtor lacks title to her Home ... she cannot propose a viable plan to cure arrears on, or liquidate, that mortgage. Since she cannot confirm a plan achieving these ends, the Bank is entitled to relief, pursuant to 11 U.S.C. § 362(d)(1), on its Stay Motion"); *In re Brown,* 75 B.R. at 1009 (stay lifted when bankruptcy filed after foreclosure sale).

*In re Dunlop*, 378 B.R. 85, 92 (Bankr. E.D. Pa. 2007).

10. Debtor filed the instant Bankruptcy after the Sheriff's Sale was held in Philadelphia County, Pennsylvania. Accordingly, Debtor has no right to redeem the Properties through the instant Bankruptcy and thus cannot file a viable Plan that addresses arrears due to Movant.

11. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause in accordance with 11 U.S.C. § 362(d)(1) to permit Movant to pursue its rights under the Mortgage and applicable law, including, without limitation, the recoding of a

Sheriff's Deed and/or eviction proceeding Movant respectfully requests reasonable attorney fees in the amount of $1,350.00 and costs in the amount of $199.00.

12. In addition, Movant requests an Order allowing Movant to offer and provide Debtors with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with the Debtors without further order of the court.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay and for such other, further and additional relief as to this Court may deem just, proper and equitable.

Dated: August 18 2026

By: /s/ Laura Noyes
Laura Noyes, Esq.
**FRIEDMAN VARTOLO LLP**
Attorneys for CV3 Financial Services as servicer for CV3 Bravo Trust
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com