**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |
| DHI Holdings, LP, | Case No. 8:26-bk-01639-CPM |
| Applicable Debtor. | |

**DEBTOR'S EXPEDITED MOTION (A) TO CONFIRM SALE OF REAL PROPERTY, (B) TO AUTHORIZE DISTRIBUTIONS AT CLOSING, (C) TO ESTABLISH GOOD FAITH OF PURCHASER, AND (D) FOR RELATED RELIEF**

(238 N. 53rd Street, Philadelphia, Pennsylvania)

Debtor, DHI Holdings, LP (the "**Debtor**"), by and through its undersigned counsel, submits this motion (this "**Motion**") for entry of an order, as more specifically set forth herein, (a) confirming the sale of certain real property located at 238 N. 53rd Street, Philadelphia, Pennsylvania (the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order (as defined herein); (b) authorizing the distribution of certain Proceeds (as defined herein) at the Closing (as defined

herein); (c) confirming the Purchaser (as defined herein) is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002 and 6004.

## Background

4. On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5. The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner. On June 8, 2026, the Examiner submitted her report [Dkt. No. 575].

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

## Auction Results

8. On April 30, 2026, the Debtor filed *Debtor's Expedited Motion for Order (A) Authorizing the Debtor to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 363(b), (f), and (m); (B) Approving Bidding Procedures; and (C) for Other Relief (238 N. 53rd Street, Philadelphia, Pennsylvania)* [Dkt. No. 396] (the "**Sale Motion**"). After a hearing on May 18, 2026, the Court entered an order [Dkt. No. 471] (the "**Sale Order**")[1] approving the Debtor's sale of the Property and certain bid procedures related thereto.

9. As set forth in the Sale Motion and Sale Order, the Debtor is the record title owner of the Property, which is more particularly described on Exhibit A of the Sale Motion. The Property consists of a 10,034 square foot lot, improved with a 6,366 square foot structure.

10. In accordance with the terms of the Sale Motion and Sale Order, Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") marketed the Property and solicited bids for the Property. The online auction (the "**Auction**") of the Property concluded on July 8, 2026 at 1:00 p.m.

11. At the conclusion of the Auction, Joseph Spina (the "**Purchaser**") submitted the highest bid for the Property in the amount of $99,500.00.[2] In accordance with the Sale Order, Purchaser has executed a contract to purchase the Property and has paid a deposit in the amount of $10,945.00 (10% of the total purchase price, the $99,500.00 high bid plus the $9,950.00 buyer's premium).

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion and/or the Sale Order, as applicable.

[2] Pursuant to the Sale Motion and Sale Order, the Purchaser is obligated to pay the bid amount and a Buyer's Premium of 10% of the bid amount, for a total contract price of $109,450.00.

12. The Sale Order further provides that the Debtor "shall subsequently file a motion to approve the sale of the Property and determine disbursement of the proceeds from the auction of the Property."

**Relief Requested and Basis Therefor**

13. By the Motion, Debtor is seeking the entry of an order: (a) confirming the sale of the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the net proceeds at the Closing to the Debtor, free and clear of all liens, claims, and encumbrances, as set forth in this Motion and attached **Exhibit A**; (c) confirming the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting such other and further relief as may be just and equitable.

14. Attached to this Motion as **Exhibit A** is a *draft, preliminary* closing statement setting forth proposed distributions to be made from the sale proceeds at closing. Consistent with paragraph 16(f) of the Sale Motion, the Debtor respectfully requests that the Court approve distribution of the proceeds of the sale (the "**Proceeds**") substantially as set forth on **Exhibit A**.[3]

15. The Sale Order provides that "[a]ll Encumbrances other than municipal liens, if any, shall attach to the proceeds of the sale of the Property with the same extent, validity, and priority as existed on the Petition Date." Sale Order, ¶ 4.

16. The latest title work reflects that there are no Encumbrances against the Property except for property taxes, which are to be paid by the Purchaser at closing (Sale Motion, ¶ 28;

---

[3] Pursuant to the terms of the Sale Motion, Sale Order, and Purchase Agreement, all closing costs, past due taxes, and Buyer's Premium are to be paid by the Purchaser. Sale Motion, ¶ 29.

**Exhibit A**) and municipal liens/judgments, which are to be paid by the Debtor at closing (Sale Order, ¶ 3; **Exhibit A**).

17. Insofar as taxes and municipal liens/judgments will be paid at closing and there are no other liens against the Property, Debtor proposes that the net proceeds of the sale, after disbursement of the amounts set forth on **Exhibit A**, in the approximate amount of $85,305.00, be paid to the Debtor and deposited into the Debtor's debtor in possession operating bank account to be used, as free and clear property of the Debtor, consistent with the Orders of the Court and the requirements of the Bankruptcy Code.

18. The marketing and sale process for the Property occurred pursuant to the auction procedures authorized in the Sale Order, which utilized a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Debtor respectfully requests that the Court find that the Purchaser of the Property is entitled to the protections of section 363(m). *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641-BKC-AJC, 2007 Bankr. LEXIS 2668, 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) confirming the sale of the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the net proceeds at the Closing to the Debtor's debtor-in-possession operating bank account, free and clear of all liens, claims, and encumbrances, as set forth in this Motion and **Exhibit A**; (c) confirming that the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting such other and further relief as may be just and equitable.

Dated: August 18, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *\/s/ Joseph A. Pack*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 18, 2026, the foregoing document:

a. was filed with the Clerk of the Court using CM/ECF;

b. was served by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case;

c. was served by first class U.S. Mail, postage prepaid on the City of Philadelphia, Department of Revenue, Municipal Services Building Concourse, 1401 John F. Kennedy Blvd., Philadelphia, PA 19102;

d. was served by first class U.S. Mail, postage prepaid on the City of Philadelphia, Department of Licenses and Inspections, 1401 John F. Kennedy Blvd., 11th Floor, Code Enforcement Unit, Philadelphia, PA 19102;

e. was served by first class U.S. Mail, postage prepaid and electronic mail on the City of Philadelphia, Law Department, 1515 Arch St., 14th Floor, Philadelphia, PA 19107, michelle.reinhart@phila.gov; and

f. was transmitted to Epiq Corporate Restructuring, LLC for service on the Interested Parties and those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: *_/s/ Joseph A. Pack_*
Joseph A. Pack
Email: joe@packlaw.com

# **Exhibit A**

## **Draft Settlement Statement**

Evans Abstract, LLC
ALTA Universal ID:
672 Main Street
Harleysville, PA 19438
(215) 513-1770

ALTA Combined Settlement Statement

| | | | | | |
|---|---|---|---|---|---|
| **File #:** | 71432 | **Property** | 238 North 53rd Street<br>Philadelphia, PA 19139 | **Settlement Date** | 08/31/2026 |
| **Print Date & Time:** | 08/14/2026 at 03:11 PM EDT | | | **Disbursement Date** | 08/31/2026 |
| | | **Buyer** | Joseph Spina | | |
| **Escrow Officer:** | Kelly Colon | **Seller** | RAD Diversified REIT, Inc. | | |
| **Settlement Location:** | 672 Main Street<br>Harleysville, PA, 19438 | **Lender** | JDM Capital, LLC, a Pennsylvania limited liability company,<br>2614 Amber Street<br>Philadelphia, PA 19125 | | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | **Financial** | | |
| | $99,500.00 | Sale Price of Property | $99,500.00 | |
| | | Deposit | | $10,945.00 |
| $500.00 | | Final Water & PGW Escrow | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees | $278.75 | |
| | | ---Deed: $278.75 | | |
| | | Local Transfer Tax (Deed) to Philadelphia County Recorder of Deeds | $3,560.11 | |
| | | State Retail Transfer Tax (Deed) to Philadelphia County Recorder of Deeds | $995.00 | |
| | | | | |
| | | **Commission** | | |
| | | Listing Agent Commission to Tranzon Driggers | $6,965.00 | |
| | | Selling Agent Commission to Fifth Realty | $1,990.00 | |
| | | | | |
| | | **Title Charges & Escrow / Settlement Charges** | | |
| | | Title - Doc Prep Fee to Evans Abstract, LLC | $50.00 | |
| | | Title - Fraud Prevention/Closing Lock to Evans Abstract, LLC | $22.50 | |
| | | Title - Wire Fee to Evans Abstract, LLC | $26.00 | |
| | | Title- Deed Prep Fee to Evans Abstract, LLC | $50.00 | |
| | | Title- Notary Fee to Notary | $35.00 | |
| | | Title- Overnight Fee to Evans Abstract, LLC | $22.00 | |
| | | Title - Owner's Title Policy to Commonwealth Land Title Insurance Company | $1,025.00 | |
| | | | | |
| | | **Miscellaneous** | | |
| $7,650.00 | | (Est) Judgment No. 240900157 to City of Philadelphia | | |
| $975.00 | | (Est) Judgment No. CE-23-10-32-0066 to City of Philadelphia | | |
| $70.00 | | County Search to Pack Law | | |
| | | Est Delinquent 2024-2026 Taxes to Philadelphia Dept. of Revenue | $50,000.00 | |
| $5,000.00 | | Est Municipal (Water Liens) to Philadelphia Water | | |
| | | Marketing Fee to Tranzon Driggers | $995.00 | |

| Seller | | | Buyer | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| **$14,195.00** | **$99,500.00** | **Subtotals** | **$165,514.36** | **$10,945.00** |
| | | Due from Buyer | | $154,569.36 |
| $85,305.00 | | Due to Seller | | |
| **$99,500.00** | **$99,500.00** | **Totals** | **$165,514.36** | **$165,514.36** |

**See signature addendum**

# Signature Addendum

**Acknowledgement**

We/I have carefully reviewed the Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the Settlement Statement.
We/I authorize Evans Abstract, LLC to cause the funds to be disbursed in accordance with this statement.

Joseph Spina Date

RAD Diversified REIT, Inc., a Corporation

By:

Katie S. Goodman, Authorized Signor Date

Settlement Agent Date