UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
In re:
RAD Diversified REIT, Inc., et al.
Case No. 8:26-bk-01636-CPM

FILED VIA MAIL

AUG 24 2026

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

INDIVIDUAL OBJECTION TO FIRST INTERIM APPLICATION OF PACK LAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (Docket No. 960)

To the Honorable Judge Catherine Peek McEwen:

My name is Dyanne Christensen, and I am a creditor and investor in these bankruptcy proceedings.

I respectfully submit this objection to Pack Law's First Interim Application seeking approval of approximately $643,382.87 in professional fees and expenses.
I understand that attorneys, financial professionals, and other court-approved professionals must be compensated for necessary work performed in these Chapter 11 proceedings. My objection is not to reasonable compensation. Rather, I respectfully ask the Court to carefully scrutinize the amount requested to ensure that every fee and expense is reasonable, necessary, adequately documented, and provided a measurable benefit to the bankruptcy estate as required under 11 U.S.C. § 330.

Unlike many investors, I pursued every legal avenue available before these bankruptcy cases were filed.
RAD Diversified REIT entered into a written refund agreement with me. When RAD failed to honor that agreement, I retained legal counsel and sent a formal demand letter. Despite having the opportunity to resolve the matter, no response was received.

As a result, I was forced to file suit in the Circuit Court for Hillsborough County, Florida, Case No. 24-CA-008063, Dyanne Christensen v. Brandon Mendenhall. Mr. Mendenhall failed to respond to the Complaint, and the Court entered a Default Judgment in my favor.
Despite obtaining a valid court judgment, I have not recovered the money owed to me.

I have already incurred the expense of hiring my own attorney and pursuing litigation simply to enforce a contract that should have been honored. Like other investors, I now find myself waiting to see whether any funds will ultimately be available for distribution.

The fees requested in Docket No. 960 exceed $643,000. Every dollar approved as an administrative expense reduces the assets potentially available for creditors and investors who have suffered substantial financial losses.

For that reason, I respectfully ask the Court to ensure that only those fees and expenses that are actual, necessary, reasonable, properly documented, and beneficial to the bankruptcy estate are approved. Any charges that are duplicative, administrative in nature, excessive, inadequately

documented, or otherwise not compensable under 11 U.S.C. § 330 should be reduced or disallowed.

As an investor who obtained a court judgment before these bankruptcy proceedings began, I respectfully ask the Court to preserve as much of the bankruptcy estate as possible for those who remain unpaid.

Thank you for your time and consideration.

Respectfully submitted,

Dyanne Christensen
Signature: Dyanne Christensen 8/17/26
Date: August 17th 2026
Address:75-6081 Alii Dr U103, Kailua-Kona, Hawaii 96740
Telephone: 808-557-6834
Email: dyannechristensen@gmail.com

Dyanne Christensen
75-6081 Alii Dr U103
Kailua-Kona, HI 96740

HONOLULU HI 967
18 AUG 2026PM 1 L




Clerk of Court
United States Bankruptcy Court
Middle District of Florida - Tampa Division
Att: Sam M Gibbons (Case # 8:26-bk-01636-CPM)
801 N Florida Ave St 555
Tampa, Florida 33602

3360283660 C038