**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |
| DDH Fund, LLC | Case No. 8:26-bk-01640-CPM |
| Applicable Debtor. | |

**DEBTOR'S EXPEDITED MOTION (A) TO CONFIRM SALE OF REAL PROPERTY, (B) TO AUTHORIZE DISTRIBUTIONS AT CLOSING, (C) TO ESTABLISH GOOD FAITH OF PURCHASERS, AND (D) FOR RELATED RELIEF**

(Single Family Residence Located at 11501 Minnieola Drive, New Port Richey, FL)

Debtor, DDH Fund, LLC (the "**Debtor**"), by and through its undersigned counsel, submits this motion (this "**Motion**") for entry of an order, as more specifically set forth herein, (a) confirming the sale of certain real property located at 11501 Minnieola Drive, New Port Richey, Florida (the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order (as defined herein); (b) authorizing the distribution of certain Proceeds (as defined herein) at the Closing (as defined herein); (c)

confirming the Purchaser (as defined herein) is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rules 2002 and 6004.

**Background**

4. On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5. The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner. On June 8, 2026, the Examiner submitted her report [Dkt. No. 575].

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

## Auction Results

8. On April 30, 2026, the Debtor filed *Debtor's Expedited Motion for Order (A) Authorizing the Debtor to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 USC § 363(b), (f), and (m); (B) Approving Bidding Procedures; and (C) for Other Relief (Single Family Residence Located at 11501 Minnieola Drive, New Port Richey, FL)* [Dkt. No. 514] (the "**Sale Motion**"). After a hearing on June 23, 2026, the Court entered an order [Dkt. No. 694] (the "**Sale Order**")[1] approving the Debtor's sale of the Property and certain bid procedures related thereto.

9. As set forth in the Sale Motion and Sale Order, the Debtor is the record title owner of the Property, which is more particularly described on Exhibit A of the Sale Motion. The Property consists of a residential lot improved with a 1,816 square foot single family residence.

10. In accordance with the terms of the Sale Motion and Sale Order, Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") marketed the Property and solicited bids for the Property. The online auction (the "**Auction**") of the Property concluded on August 5, 2026 at 11:39:31 a.m.

11. At the conclusion of the Auction, Michael Toczylowski and Marilyn M. Toczylowski (together, the "**Purchaser**") submitted the highest bid for the Property in the amount of $320,000.00.[2] In accordance with the Sale Order, Purchaser has executed a contract to purchase the Property and has paid a deposit in the amount of $35,200.00.

12. The Sale Order further provides that the Debtor "shall subsequently file a motion to approve the sale of the Property and determine disbursement of the proceeds from the auction of the Property."

## Relief Requested and Basis Therefor

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion and/or the Sale Order, as applicable.

[2] Pursuant to the Sale Motion and Sale Order, the Purchaser is obligated to pay the bid amount and a Buyer's Premium of 10% of the bid amount, for a total contract price of $352,000.00.

13. By the Motion, Debtor is seeking the entry of an order: (a) confirming the sale of the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the net proceeds at the Closing to the Debtor, free and clear of all liens, claims, and encumbrances, as set forth in this Motion and attached Exhibit A; (c) confirming the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting such other and further relief as may be just and equitable.

14. Attached to this Motion as **<u>Exhibit A</u>** is a *draft, preliminary* closing statement setting forth proposed distributions to be made from the sale proceeds at closing. Consistent with paragraph 16(f) of the Sale Motion, the Debtor respectfully requests the Court approve distribution of the proceeds of the sale (the "**<u>Proceeds</u>**") substantially as set forth on **<u>Exhibit A</u>**,[3] as follows:

a. first, to the Debtor in payment of the Surcharge Amount;

b. second, payment of closing costs and fees attributable to the Debtors;

c. third, to the Mortgagee (as defined in the Sale Motion) to satisfy the unpaid balance due on the Mortgage (as defined in the Sale Motion); and

d. because there are no "Net Proceeds" (as defined in the Sale Motion) beyond amounts owed to the Mortgagee to satisfy the unpaid balance due on the Mortgage, no further amounts will be distributed, and accordingly no liens will attach to the Proceeds.

15. As set forth above, while the Sale Order provides that "[a]ll Encumbrances other than municipal liens, if any, after payment of the Surcharge Amount, shall attach to the proceeds of the sale of the Property with the same extent, validity, and priority as existed on the Petition Date," Sale Order,¶ 4, with respect to the Property, there are no Net Proceeds in excess of the

[3] Pursuant to the terms of the Sale Motion, Sale Order, and Purchase Agreement, all closing costs, past due taxes, and Buyer's Premium are to be paid by the Purchaser. Sale Motion, ¶ 29.

amounts due to the Mortgagee and the only amounts to be paid to the Debtors in connection with the Closings will be the unencumbered Surcharge Amount.

16. Section 506(c) of the Bankruptcy Code provides that a debtor in possession "may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." In discussing this power, courts have described surcharge as "an exception to the general rule that administrative claims are payable from unencumbered estate property and not from a secured creditor's collateral." *Andrus v. JPMorgan Chase Bank, N.A. (In re Conqueror Marine Logistics, LLC)*, 518 B.R. 368, 371 (Bankr. W.D. La. 2014). Because a section 506(c) surcharge "is not an administrative claim, but an assessment against a secured party's collateral," and "the surcharge does not come from the debtor's estate, but directly from the secured party's recovery," *In re Wrightwood Guest Ranch, LLC*, 585 B.R. 600, 603 (C.D. Cal. 2018), it is axiomatic that the Surcharge Amount should be remitted to the Debtors' debtor in possession operating account, free and clear of any Encumbrances and available to the Debtors for the general administration of the Debtors' estates.

17. Finally, the marketing and sale process for the Property occurred pursuant to the auction procedures authorized in the Sale Order, which utilized a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Debtor respectfully requests that the Court find that the Purchaser of the Property be entitled to the protections of section 363(m) of the Bankruptcy Code. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke*

*Associates, Inc.*, No. 07-12641-BKC-AJC, 2007 Bankr. LEXIS 2668, 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) confirming the sale of the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the proceeds at the Closing as set forth herein, including the Surcharge Amount to the Debtor's debtor-in-possession operating bank account, free and clear of all liens, claims, and encumbrances, as set forth in this Motion and **Exhibit A**; (c) confirming the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting such other and further relief as may be just and equitable.

Dated: August 24, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: */s/ Joseph A. Pack*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on August 24, 2026, the following interested parties were served by the methods indicated below:

**By CM/ECF**:

Ida A. Moghimi-Kian, Esq., Counsel to Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of SG Alternative Title Trust 2025-NPL2

Anthony M. Salzano, Esq., Senior Assistant County Attorney, Pasco County, Florida

**By First Class U.S. Mail, Postage Prepaid, and Electronic Mail:**

Precious Rogers
11501 Minnieola Dr.
New Port Richey, FL 34654
sadiddylady@gmail.com

**I FURTHER CERTIFY** that on August 24, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: *\/s/ Joseph A. Pack*
Joseph A. Pack

# Exhibit A

## Draft Settlement Statement

# A. Settlement Statement

**U.S. Department of Housing and Urban Development**

OMB Approval No. 2502-0265

**B. Type of Loan**

| | | | |
|---|---|---|---|
| 1.☐ FHA 2.☐ RHS 3.☐ Conv. Unins. 4.☐ VA 5.☐ Conv. Ins. | 6. File Number<br>DG26033B | 7. Loan Number | 8. Mortgage Insurance Case Number |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| | | |
|---|---|---|
| D. Name and Address of Borrower<br>MICHAEL TOCZYLOWSKI<br>MARILYN M. TOCZYLOWSKI<br>9038 Irondale Lane<br>Hudson, Florida 34667 | E. Name and Address of Seller<br>DDH FUND, LLC., a Delaware limited liability company<br>256 Eagleview Boulevard<br>Exton, Pennsylvania 19341 | F. Name and Address of Lender |

| | | |
|---|---|---|
| G. Property Location<br>11501 Minnieola Drive<br>New Port Richey, Florida 34654<br>Lot 42, Unit 1<br>Osceola Heights<br>PASCO | H. Settlement Agent<br>GULLETT TITLE, INC.<br>401 St. Johns Avenue - Palatka, FL 32177<br><br>Place of Settlement<br>401 Saint Johns Avenue<br>Palatka, Florida 32177-4724 | I. Settlement Date<br>09/04/2026 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. **GROSS AMOUNT DUE FROM BORROWER** | | 400. **GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 352,000.00 | 401. Contract sales price | 352,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 6,773.75 | 403. | |
| 104. Taxes (thru 08/31/2026) | 7,031.09 | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes to | | 407. County taxes to | |
| 108. Assessments to | | 408. Assessments to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. **GROSS AMOUNT DUE FROM BORROWER** | 365,804.84 | 420. **GROSS AMOUNT DUE TO SELLER** | 352,000.00 |
| 200. **AMOUNTS PAID BY OR IN BEHALF OF BORROWER** | | 500. **REDUCTIONS IN AMOUNT TO SELLER** | |
| 201. Deposit or earnest money | 35,200.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 32,444.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loans taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | 309,556.00 |
| | | Wilmington Saving Fund Society FSB as Trustee | |
| 205. | | 505. Payoff of second mortgage loan | |
| | | | |
| 206. | | 506. Surcharge Amont to Debtor | 10,000.00 |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessments to | | 512. Assessments to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. **TOTAL PAID BY / FOR BORROWER** | 35,200.00 | 520. **TOTAL REDUCTION AMOUNT DUE SELLER** | 352,000.00 |
| 300. **CASH AT SETTLEMENT FROM OR TO BORROWER** | | 600. **CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 365,804.84 | 601. Gross amount due to seller (line 420) | 352,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 35,200.00 | 602. Less reduction amount due to seller (line 520) | 352,000.00 |
| 303. **CASH** FROM **BORROWER** | 330,604.84 | 603. **CASH** TO **SELLER** | 0.00 |

| | **L. SETTLEMENT CHARGES:** File Number: DG26033B | **PAID FROM BORROWER'S FUNDS AT SETTLEMENT** | **PAID FROM SELLER'S FUNDS AT SETTLEMENT** |
|---|---|---|---|
| 700. | **TOTAL SALES/BROKER'S COMMISSION based on price $** 352,000.00 @ .00 = 28,800.00 | | |
| | Division of commission (line 700) as follows: | | |
| 701. | $ 28,800.00 to Tranzon Driggers | | |
| 702. | $ to | | |
| 703. | Commission paid at Settlement | | 28,800.00 |
| 704. | Marketing fee Tranzon Driggers | | 3,200.00 |
| 800. | **ITEMS PAYABLE IN CONNECTION WITH LOAN** **P.O.C.** | | |
| 801. | Loan Origination Fee % | | |
| 802. | Loan Discount % | | |
| 803. | Appraisal Fee to | | |
| 804. | Credit Report to | | |
| 805. | Lender's Inspection Fee to | | |
| 806. | Underwriting Fee to | | |
| 807. | Mortgage Broker's Fee to | | |
| 808. | | | |
| 809. | | | |
| 810. | | | |
| 811. | | | |
| 812. | | | |
| 813. | | | |
| 814. | | | |
| 815. | | | |
| 900. | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. | Interest from to @$ /day | | |
| 902. | Mortgage Insurance Premium to | | |
| 903. | Hazard Insurance Premium yrs. to | | |
| 904. | | | |
| 905. | | | |
| 1000. | **RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. | Hazard Insurance mo. @$ / mo. | | |
| 1002. | Mortgage Insurance mo. @$ / mo. | | |
| 1003. | City property taxes mo. @$ / mo. | | |
| 1004. | County property taxes mo. @$ / mo. | | |
| 1005. | Annual Assessments mo. @$ / mo. | | |
| 1006. | mo. @$ / mo. | | |
| 1007. | mo. @$ / mo. | | |
| 1008. | Aggregate Reserve for Hazard/Flood Ins, City/Count | | |
| 1100. | **TITLE CHARGES** | | |
| 1101. | Settlement or closing fee to Gullett Title, Inc. | 1,250.00 | |
| 1102. | Abstract or title search to GTI for STEWART | 500.00 | |
| 1103. | Title examination to | | |
| 1104. | Title insurance binder to | | |
| 1105. | Document preparation to | | |
| 1106. | Notary fees to Notarize Inc dba Proof | 150.00 | |
| 1107. | Attorney's fees to Bankruptcy Update/Review | | 350.00 |
| | (includes above item No: ) | | |
| 1108. | Title insurance to Stewart Title Guaranty Company (STG) | 1,835.00 | |
| | (includes above item No: ) | | |
| 1109. | Lender's coverage | | |
| 1110. | Owner's coverage 352,000.00 --- 1,835.00 | | |
| 1111. | | | |
| 1112. | Express Mail/Wire Fees Gullett Title, Inc. | 135.00 | |
| 1113. | | | |
| 1200. | **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. | Recording fees Deed $ 31.75 ; Mortgage $ ; Releases $ | 31.75 | |
| 1202. | City/county/stamps Deed $ ; Mortgage $ | | |
| 1203. | State tax/stamps Deed $ 2,464.00 ; Mortgage $ | 2,464.00 | |
| 1204. | Intangible Tax Deed $ ; Mortgage $ | | |
| 1205. | Obtain/Record Bankruptcy Documents | 150.00 | |
| 1300. | **ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. | Survey to | | |
| 1302. | Pest inspection to | | |
| 1303. | Reimbursement for ADDF & CS Pack Law | | 94.00 |
| 1304. | | | |
| 1305. | | | |
| 1306. | Storage/Access Fee GTI for Forensis | 85.00 | |
| 1307. | Municipial Lien Search Real Res | 123.00 | |
| 1308. | Technology Access Fee Accu-Title.com/Landtech | 50.00 | |
| 1400. | **TOTAL SETTLEMENT CHARGES** (enter on lines 103 and 502, Sections J and K) | 6,773.75 | 32,444.00 |