**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |

**DEBTOR'S RESPONSE IN OPPOSITION TO**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(290 Watson Ave., Coatesville, PA 19320)**

DDH Fund, LLC (the "**Debtor**"), by and through its undersigned counsel, files this response in opposition to the *Motion for Adequate Protection Payments or, in the Alternative, Relief from Automatic Stay* [Dkt. No. 812] (the "**Motion**") filed by Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2024-INV1 (the "**Movant**"), and says:

1. The Motion seeks relief from the stay to pursue *in rem* relief to enforce a mortgage encumbering residential real property located at 290 Watson Ave., Coatesville, PA 19320 (the "**Property**"). Debtor is the record title owner of the Property.

2. Movant alleges it has no protection against the erosion of its collateral position and no other form of adequate protection, claiming that if Movant is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage. (Motion, ¶¶ 11–15). Movant does not identify any specific irreparable injury, loss, or damage; rather, Movant generally makes reference to the payment of taxes and force-placed insurance and an “Escrow Deficiency” of $17,240.46.

3. The Motion, which is not verified nor supported by an affidavit or sworn declaration, asserts total outstanding indebtedness of $190,902.18 and the value of the Property is, in the aggregate $383,000.00 (Motion, ¶¶ 5, 6).

4. The stated basis for the valuation of the Property is a Broker’s Price Opinion, dated February 9, 2026. (*Id*.).

5. 11 U.S.C. Section 362(g)(1) provides that the party requesting stay relief has the burden of proof on the issue of the debtor’s equity in property.

6. The unverified Broker’s Price Opinion is not sufficient to satisfy Movant’s burden of proving lack of equity in the Property. Moreover, even accepted as true, the Motion alleges an equity cushion of no less than $192,097.82.

7. The Motion further does not allege any specific diminution in the value of Movant’s interest in the property that would justify payments of adequate protection.

8. On the application of the Debtors [Dkt. No. 243], Soldnow, LLC dba Tranzon Driggers was retained to conduct auctions of some or all of the parcels of real property owned by the Debtors [Dkt. No. 418]. At auction, Movant would have the right to credit bid the mortgage indebtedness, and the Debtor would have the opportunity to realize any equity in the Property for the benefit of investors and unsecured creditors.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order: (a) denying the Motion; and (b) granting such other and further relief in Debtor's favor it deems just and proper.

Dated: August 25, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *\/s/ Jessey J. Krehl*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 25, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case and was transmitted to Epiq Corporate Restructuring, LLC for service in accordance with the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: */s/ Jessey J. Krehl*
Jessey J. Krehl