FILED VIA MAIL

AUG 3 1 2026

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:
RAD DIVERSIFIED REIT, INC., et al.,
Debtors.
Case No. 8:26-bk-01636-CPM
Chapter 11
Jointly Administered

# CREDITOR'S OBJECTION TO FIRST INTERIM APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACK LAW (DKT. NO. 960) AND REQUEST FOR HEARING

Creditor Steve Scott Kostka, appearing pro se, respectfully objects to the First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Pack Law (Dkt. No. 960) (the "Application") and requests that the Court conduct a hearing and require further review and clarification before allowing or authorizing payment of the amounts requested.

Creditor does not contend that all services performed by Pack Law were unnecessary or that Pack Law is entitled to no compensation. Rather, Creditor requests meaningful scrutiny under 11 U.S.C. § 330 concerning whether all services and expenses for which compensation is sought were actual, necessary, reasonable, appropriately staffed, and reasonably likely to benefit the Debtors' estates or necessary to administration of these Chapter 11 cases.

Creditor further requests clarification concerning services involving former insiders whose individual interests may have become materially adverse to the interests of the Debtors, their estates, and creditors.

## 1. Creditor's Interest

Creditor is an investor and creditor of RAD Diversified REIT, Inc. whose potential recovery depends upon the preservation and maximization of estate assets for the benefit of creditors and investors.

Because professional compensation and expense reimbursements reduce assets otherwise available for administration and potential creditor recoveries, Creditor has a direct financial interest in ensuring that only properly compensable professional fees and expenses are allowed and paid from estate assets.

## 2. Amount Requested and Effect Upon Estate Funds

Pack Law seeks allowance of $600,000.00 in professional fees and $43,382.87 in expenses for services performed during the period identified in the Application.

The Application further seeks present payment of $480,000.00, representing 80% of the requested fees, together with $43,382.87 in expenses, for an immediate payment of approximately $523,382.87.

The Application reports approximately $965,000 in funds held by the Chapter 11 estates, subject

to the closing of an additional property sale.

Accordingly, the payment presently requested by this single professional firm represents more than one-half of the estate funds identified in the Application.

Creditor recognizes that the size of a professional fee request, standing alone, does not establish that the requested compensation is improper. However, given the amount of estate funds reported, the substantial losses suffered by investors and creditors, and the magnitude of the fee request, Creditor respectfully submits that careful review is warranted before allowance and payment.

## 3. Section 330 Requires Independent Review of Necessity, Benefit, and Reasonableness

Under 11 U.S.C. § 330, professional compensation is subject to review for actual and necessary services and actual and necessary expenses.

Section 330 directs the Court to consider, among other things, the time spent, rates charged, necessity and benefit of the services, and whether the services were performed within a reasonable amount of time considering the complexity, importance, and nature of the matter.

Section 330(a)(4)(A) further restricts compensation for unnecessary duplication of services and for services that were neither reasonably likely to benefit the estate nor necessary to administration of the case.

Creditor therefore respectfully requests review of the substantial categories of work included in the Application under those standards.

## 4. The Substantial "Case Administration" Category Warrants Particular Review

The Application attributes approximately 560.8 hours and $317,104.00 to a category identified as "Case Administration."

This category represents more than one-half of the total hours reflected in the Application.

The time records appear to include a broad range of activities within this category, including hearings, scheduling matters, creditor communications, examiner matters, property matters, preparation of schedules, review of testimony, communications with other professionals, and other case-related tasks.

Creditor does not contend that such activities were necessarily improper.

However, because of the breadth and magnitude of this category, Creditor respectfully requests that the Court determine whether:

1. all services included within the category were necessary and reasonably likely to benefit the estates or necessary to administration of the cases;
2. the services were adequately described to permit meaningful review;
3. tasks were assigned to professionals at appropriate billing levels;
4. unnecessary duplication of effort occurred; and
5. any block-billed or broadly described entries should be clarified or reduced.

## 5. Staffing, Document Review, and Electronic Discovery

The Application reflects substantial professional time devoted to document collection, organization, uploading, electronic discovery, Relativity database activity, metadata issues, production logistics, privilege review, redaction, and related activities.

Creditor respectfully requests that the Court review whether administrative or technical tasks such as file organization, document uploading, database management, production logistics, and similar activities were consistently performed by personnel at the lowest reasonably appropriate billing level.

Creditor further requests review of the substantial third-party electronic-discovery and

document-management expenses included in the requested $43,382.87 reimbursement and requests that Pack Law establish that such expenses were actual, necessary, adequately documented, and reasonable.

## 6. Pack Law Was Retained as Counsel to the Debtors and Debtors-in-Possession

Pack Law was retained under 11 U.S.C. § 327 as counsel to the Debtors and Debtors-in-Possession.

In connection with its retention, Pack Law represented that it did not hold or represent an interest adverse to the Debtors in the matters for which it was retained and that its attorneys were disinterested persons.

Pack Law further represented in its retention materials that it would continue to evaluate whether conflicts or other disqualifying circumstances arose during these Chapter 11 cases and would supplement its disclosures if material new facts or relationships required additional disclosure.

Accordingly, compensation from estate assets should be limited to services properly performed on behalf of the Debtors and their estates and should not include services rendered for the separate personal benefit or defense of officers, founders, insiders, or other non-debtor individuals.

## 7. Services Involving Brandon "Dutch" Mendenhall and Other Insiders Require Clarification

The Application contains time entries reflecting communications with, review of testimony concerning, investigation involving, or other work relating to former founder and officer Brandon "Dutch" Mendenhall and other members of former management.

Creditor does not contend on the present record that those entries establish that Pack Law acted as Mendenhall's personal counsel.

Creditor does, however, respectfully request confirmation that all compensation sought for services involving Mendenhall or other insiders was incurred solely in furtherance of the interests of the Debtors and their estates.

That distinction is important because developments during the bankruptcy proceedings indicate the potential for substantial adversity between Mendenhall's personal interests and the interests of the Debtors, their estates, and creditors.

In June 2026, federal prosecutors publicly announced that Mendenhall had been indicted on a mail-fraud charge relating to information allegedly provided in connection with financing the purchase of a personal residence. The allegations include assertions concerning his treatment or characterization of business or investment-fund operating accounts in connection with the mortgage application. Creditor acknowledges that an indictment constitutes an accusation and that Mendenhall is presumed innocent unless and until proven guilty.

In July 2026, the Securities and Exchange Commission filed a civil enforcement action naming RAD Diversified REIT, Inc., Mendenhall, Amy Vaughn, and another entity and alleging, among other things, fraud and misappropriation of investor funds. Those civil allegations likewise remain subject to adjudication.

Creditor cites these proceedings not to request that this Court determine Mendenhall's criminal or civil liability through this fee proceeding, but because they demonstrate the potential for the interests of an individual former insider to diverge materially from those of the bankruptcy estates.

## 8. Estate Causes of Action and Insider-Related Work

The Application describes investigation of transfers, affiliated entities, bank records, sources and uses of funds, investor information, and potential causes of action belonging to the estates.

The Application also contemplates the transfer of remaining causes of action to a liquidating trust for the benefit of creditors.

If the estates possess or potentially possess claims against former officers, founders, affiliates, or insiders, those persons may have interests adverse to the estates with respect to such claims.

Creditor therefore respectfully requests that the Court determine that no portion of the compensation sought in the Application was incurred to defend, protect, advise, or advance the personal interests of a non-debtor insider against claims belonging to the Debtors or their estates.

To the extent any such services were rendered, Creditor objects to payment of those services from estate assets unless Pack Law establishes a proper legal and factual basis for their compensability.

## 9. Continuing Conflict and Disclosure Issues Should Be Clarified

Pack Law's retention materials represented that the firm would continue to monitor for conflicts or disqualifying circumstances and would supplement its disclosures if material new facts or relationships arose requiring further disclosure.

Based upon Creditor's review of the publicly available docket and searches for filings concerning supplemental Pack Law declarations, Rule 2014 disclosures, Pack Law declarations, and disinterestedness, Creditor has not identified a post-retention supplemental declaration by Pack Law addressing its own continuing disinterestedness, connections, or potential conflicts.

Creditor does not represent that no such filing exists and does not presently allege that Pack Law violated Bankruptcy Rule 2014.

Rather, Creditor respectfully requests that Pack Law clarify:

1. whether it filed any supplemental disclosure concerning its continuing disinterestedness or connections following material developments involving former management;
2. if no supplemental disclosure was filed, whether Pack Law affirmatively determined that no additional disclosure was required; and
3. whether Pack Law at all times maintained a clear distinction between representation of the Debtors and estates and the individual interests of former officers, founders, or insiders.

## 10. Creditor's Personal Interest as an Investor

Creditor personally invested funds with RAD Diversified REIT, Inc. and contends that material representations made to Creditor in connection with that investment were fraudulent.

Creditor has not obtained a judgment adjudicating that personal contention and does not request that this Court determine Creditor's individual fraud allegations through this fee objection.

Creditor includes this information only to explain Creditor's direct financial interest and concern that estate assets and potential causes of action against persons potentially responsible for investor losses be preserved for the benefit of creditors rather than used for the personal protection of any non-debtor individual.

## 11. Request for Hearing and Relief

WHEREFORE, Creditor respectfully requests that the Court:

1. Conduct a hearing on Pack Law's First Interim Application and this objection;
2. Decline to approve or authorize payment of the Application in full until the Court has completed its review under 11 U.S.C. § 330;
3. Require Pack Law to clarify whether any services included in the Application were rendered for the personal benefit, defense, or protection of Brandon "Dutch" Mendenhall, Amy Vaughn, or any other non-debtor insider;
4. Require Pack Law, where appropriate, to identify services involving insiders whose interests may have been adverse to the estates and demonstrate why those services were necessary to

administration of the cases or reasonably likely to benefit the estates;

5. Require Pack Law to clarify whether any supplemental disclosure under Bankruptcy Rule 2014 was filed following material developments involving former management and, if no such disclosure was filed, whether Pack Law determined that supplementation was unnecessary;
6. Review the approximately $317,104.00 attributed to Case Administration, including the necessity of services, adequacy of descriptions, staffing, duplication, and block billing;
7. Review professional charges involving electronic discovery, document organization, database management, production logistics, and related administrative tasks to determine whether such work was performed at appropriate billing levels;
8. Require adequate documentation and review of the $43,382.87 in requested expenses, including substantial electronic-discovery and document-management expenses;
9. Reduce, defer, condition, or deny compensation or reimbursement to the extent the Court determines that particular services or expenses were unnecessary, duplicative, unreasonable, inadequately documented, outside the proper scope of estate representation, or not reasonably likely to benefit the estates or necessary to administration of these cases; and
10. Grant such other and further relief as the Court determines just and appropriate.

Respectfully submitted,

S. Kostka

Steven Scott Kostka
Creditor, Pro Se
2617 Mission Inn Ave.
Riverside, CA 92507
Telephone: (626) 310-7644
Email: sskostka1@me.com
Dated: August 28, 2026

## PROOF OF SERVICE

I declare under penalty of perjury that on August 28, 2026, I served a true and correct copy of the foregoing Creditor's Objection to First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses of Pack Law (Dkt. No. 960) and Request for Hearing by United States First-Class Mail, postage prepaid, upon the following:

Joseph A. Pack, Jessey J. Krehl
Pack Law
4649 Ponce de Leon Boulevard, Suite 405
Coral Gables, Florida 33146
Counsel to the Debtors and Debtors-in-Possession

Office of the United States Trustee
Attn: Nicole Peair
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, Florida 33602

John D. Elrod
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Counsel to the Official Committee of Unsecured Creditors

Danielle S. Kemp
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Boulevard, Suite 1900
Tampa, Florida 33602
Local Counsel to the Official Committee of Unsecured Creditors

I am the creditor appearing pro se on whose behalf the foregoing objection is filed.
Executed on: August 28, 2026

S Kostka

Steven Scott Kostka
Creditor, Pro Se
2617 Mission Inn Ave.
Riverside, CA 92507
Telephone: (626) 310-7644
Email: sskostka1@me.com

PRESS FIRMLY TO SEAL

FLAT RATE ENVELOPE
POSTAGE REQUIRED

PAPER POUCH cycle.info

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID

$12.90

Origin: 92501
08/28/26
0565530501-51

PRIORITY MAIL®

0 Lb 1.50 Oz

RDC 03

EXPECTED DELIVERY DAY: 08/31/26

C038

SHIP
TO:
STE 555
801 N FLORIDA AVE
TAMPA FL 33602-3860

USPS TRACKING® #

9505 5143 1156 6240 6678 40

PRIORITY MAIL®

apply).*

ernational destinations.

quired.

ns see the

ations of coverage.

e free Package P
n the QR code.

.COM/PICKUP



Mr Scott Kostka
2617 Mission Inn Ave
Riverside CA 92507-4263

TO:

U.S. Bankruptcy Court
Middle District of Florida — Tampa Division
801 North Florida Avenue, Suite 555
Tampa, FL 33602

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F-250 © U.S. Postal Service; May 2026; All rights reserved.