**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637sssss-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Debtors. | |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. | |

**DEBTOR'S *EXPEDITED* AGREED MOTION FOR ORDER (A) AUTHORIZING THE DEBTOR TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING SALE PROCEDURES AND TERMS; AND (C) FOR OTHER RELIEF**

(Properties located at 249 E. Haines St., Philadelphia, PA 19144; 4994 W. Thompson St., Philadelphia, PA 19132; 2526 N. 19th St., Philadelphia, PA 19132; 5821 Chester Ave., Philadelphia, PA 19143)

**In light of the agreed nature of this Motion, the Debtors respectfully request the Court consider this motion on September 15, 2026 at 3:30 p.m. (ET) when other matters are scheduled to be heard in these cases.**

Debtor, RAD Diversified REIT, Inc. (the "**Debtor**"), by and through its undersigned counsel, submits this motion (this "**Motion**") for entry of an order, (a) authorizing the Debtor to

sell certain residential real property located at 249 E. Haines St., Philadelphia, PA 19144; 4994 W. Thompson St., Philadelphia, PA 19132; 2526 N. 19th St., Philadelphia, PA 19132; and 5821 Chester Ave., Philadelphia, PA19143 (each, a "**Parcel**" and, collectively, the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m); (b) approving sale terms and procedures; (c) approving the surcharge amount pursuant to 11 U.S.C. § 506(c); and (d) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") Rule 2002 and 6004.

## Background

4. On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5. The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee

[Dkt. No. 176], which was approved by the court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

8. Debtor is the record title owner of the Property, which is more particularly described on **Exhibit A** hereto. The Property consists of four (4) separate parcels of real property, each of which is improved with a single-family home, located in Philadelphia, Pennsylvania.

9. The legal description of each Parcel is set forth on **Exhibit A** hereto.

10. The tax assessed value of each Parcel is set forth on **Exhibit B** hereto.

11. Based upon the Motion for Relief from Automatic Stay [Dkt. No. 679] filed relative to the Property, Wilmington Savings Fund Society, FSB, as Owner of the Residential Credit Opportunities Trust XI-A (the "**Mortgagee**"), is the holder of the first mortgage on each Parcel and the amounts owed on the mortgage is set forth on **Exhibit B**.

12. Based upon the title reports obtained by the Debtor (the "**Title Reports**"), all liens and encumbrances of record other than the first mortgage against each Parcel are set forth on **Exhibit B**.

13. The unpaid past due ad valorem taxes and current ad valorem taxes due for each Parcel are set forth on **Exhibit B**. The Title Reports also reflect certain municipal liens against the Property totaling $36,692.19 that may constitute a lien against the Property, as set forth on **Exhibit C**.

14. **Exhibit B** also lists all tenants and other parties known to the Debtor who may assert a possessory interest in the Property (collectively, the "**Tenants**").

15. To the best of the Debtor's knowledge, information, and belief, except for the parties identified in **Exhibit B** to this Motion (the "**Interested Parties**"), no other person or entity asserts a lien, claim, or *in rem* interest in and to the Property.

16. The Debtor, by and through its Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment, has determined that it is in the best interests of the Debtor and the estate to sell the Property at public auction on the terms set forth in this Motion.

**Relief Requested**

17. The Debtor has previously been authorized to employ Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") as auctioneer [Dkt. No. 418]. By this Motion, the Debtor requests the entry of an order (the "**Sale Order**"), pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests, by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.

18. The Debtor proposes that, except as may otherwise be ordered by the Court in the Sale Confirmation Order:

a. all unpaid property taxes for each Parcel shall be paid by the purchaser at closing, and purchaser shall be responsible for payment of current year's taxes;

b. the net proceeds of sale of each Parcel shall be disbursed at closing as follows:

   i. first, to the Debtor in payment of the Surcharge Amount (as defined below);

   ii. second, to pay any municipal liens and judgments with priority over the first mortgage on such Parcel;

   iii. third, to the Mortgagee on such Parcel to satisfy the unpaid balance due on the first mortgage;

   iv. all remaining net proceeds, if any (the "**Net Proceeds**") from the sale of the Property shall be paid to the Debtor. Any valid and duly

> perfected liens against the Property that are not paid at closing will attach to the Net Proceeds, with the same extent, validity, and priority as existed before the Petition Date. The Net Proceeds shall be held by the Debtor and disbursed only pursuant to order of the Bankruptcy Court.

19. The term "Surcharge Amount" means 10% of the winning bid for the sale of each Parcel, up to a maximum $20,000.00; provided, however, that in the event the winning bid is not sufficient to pay the Mortgagee in full as set forth herein or the Mortgagee acquires the Parcel by credit bid, the maximum amount is $10,000.00. The Surcharge Amount is necessary, reasonable, and reflects the benefit to the Mortgagee and other Interested Parties from liquidating the Property through an auction process with robust marketing and advertising. Further, the timing of the auction sale will result in a substantial time savings to the Mortgagee as compared to a foreclosure. The Surcharge Amount also compensates the Debtor for U.S. Trustee's fees and attorneys' fees incurred in connection with the sale of the Property, and provides a fund for payment of unsecured creditors of the Debtor. As such, the Surcharge Amount is justified pursuant to Section 506(c). *In re Dalton Crane, L.C.,* 641 B.R. 850 (Bankr. S.D. Tex. 2022) (approving surcharge in connection with auction).

20. Nothing herein prevents or forbids the Mortgagee from credit bidding the amount of indebtedness owed on the date the Auction.

21. In the event the Auction garners no bids for a Parcel other than the Mortgagee's credit bid, then, with respect to such Parcel: (a) the sale shall be deemed to have failed and no sale of such Parcel shall be consummated absent the Mortgagee's election under subsection (c) below; (b) notwithstanding the Auction Application or any other agreement, TD shall not be entitled to any commission, buyer's premium, fee, expense reimbursement, or other compensation in connection with such Parcel; and (c) at the Mortgagee's sole option, the

Mortgagee shall be entitled to (i) be deemed the winning bidder for such Parcel in the amount of its credit bid, (ii) relief from the automatic stay as to such Parcel, or (iii) both.

22. The Debtor, in consultation with TD, proposes that the following terms of sale be approved by the Court:

a. **Free and Clear**: The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale to the extent such liens, claims, encumbrances, and interests are not paid at closing.

b. **The Auction Dates:** TD shall market the Property for public auction (the "**Auction**"). The auction date shall be a date selected by TD that is at least four (4) weeks but not more than eight (8) weeks after the Sale Order. TD shall begin its marketing campaign within ten (10) days of the entry of the Sale Order.

c. **Auction Terms:** The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application. Notwithstanding anything to the contrary in the Auction Application, the Debtor may require a bid deposit in the form of a $2,000.00 credit card hold from potential purchasers of the Property in lieu of a cash bid deposit.

d. **Sale Documents:** Promptly following the closing of the Auction, the winning bidder shall execute a sale agreement or other applicable sale documents (the "**Sale Documents**").

e. **The sale of the Property shall be "AS-IS, WHERE IS, WITH ALL FAULTS," with no warranties of title whatsoever.**

f. **Sale Confirmation:** Within ten (10) business days following the Auction and prior to the closing of the sale of the Property, the Debtor will seek the entry of an order confirming the sale to the winning bidder (the "**Sale Confirmation Order**").

g. **Closing Date:** Closing shall occur within thirty (30) days after the auction or within ten (10) business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

h. **Closing Documents**: The Property shall be conveyed to the purchaser by Trustee's Deed.

## **Authority for Requested Relief**

**A. The Proposed Notice of the Auction and Bid Procedures is Appropriate.**

23. The Debtor seeks authority to sell the Property through an Auction and related sale process, subject to the Debtor's right to seek an alternative course of action to maximize the value of its estate. TD will conduct an extensive and robust marketing process designed to maximize the number of auction participants, bidders, and purchase price. To maximize participation in the auction, it is anticipated that the auction of the Property may include one or more other properties owned by Debtor or joint debtors.

24. Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

25. Bankruptcy Rule 6004 provides, in pertinent part:

> (a) Notice.
>
> (1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:
>
> > (A) under Rule 2002(a)(2), (c)(1), (i), and (k); and
> >
> > (B) in accordance with §363(b)(2), if applicable.
>
> * * *
>
> (c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:
>
> > (1) the date of the hearing on the motion; and
> >
> > (2) the time to file and serve an objection on the debtor in possession or trustee.

Bankr. Rule 6004.

26. The Debtor has served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid on the Interested Parties and has transmitted the Motion to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006. In light of the existence of a Committee, the estate should not be required to incur the expense of service by mail on all creditors. As a practical matter, given the unique nature of the Property, it is unlikely that creditors of the Debtor will be bidders.

**B. The Auction and Sale of the Property Should be Approved.**

27. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A sale of the debtor's assets should be authorized pursuant to § 363 if a sound business purpose exists for the proposed transaction. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated business justification' . . . ."); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

28. Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale, (ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith. *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.

Del. 1991). A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders. *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

29. The Debtor has a sound business justification for selling the Property. Each Parcel is subject to a first mortgage. The value of the Property will be tested through the Auction conducted pursuant to and according to the bid procedures set forth in the Auction Application. Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtor in the exercise of its reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the bankruptcy estate. *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction"). Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process.

**C. The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.**

30. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable

proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

31. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtor's sale of the Property free and clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

32. The first priority lien against each Parcel is ad valorem property taxes, which will be paid by the purchaser at closing. To the extent of available net proceeds, any municipal liens with priority over the first mortgage will be paid next from the net proceeds of sale of each Parcel, with any remaining net proceeds paid to the Mortgagee. Any unpaid liens against each parcel of the Property will attach to any remaining net proceeds from the sale of that parcel.

33. The judgment lien of Debra Autry, which encumbers each of the Parcels, is in dispute. Specifically, the judgment became a lien against the Property within 90 days of the Petition Date and is subject to avoidance as a preference.[1]

34. The title reports also reflect a judgment lien in favor of Philadelphia Community Development Coalition, Inc., but Debtor's understanding is that this judgment is a foreclosure

[1] Debtor will be filing an adversary proceeding objecting to the claim of Debra Autry [Claim No. 279] and seeking to avoid the lien of the judgment, pursuant to 11 U.S.C. §547, forthwith.

judgment and Philadelphia Community Development Coalition, Inc. does not assert a judgment lien against any of the Parcels.

35. The Debtor proposes to sell the Property free and clear of all claims or interests of the Tenants identified on **Exhibit B**.

36. Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to *ad valorem* taxes, with past due *ad valorem* taxes paid by the buyer at closing.[2]

**D. The Sale Will Be Undertaken by the Buyers in Good Faith.**

37. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased notwithstanding if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

38. The sale of the Property should be found to be in good faith if the Debtor can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

39. The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or

[2] The buyer will also be responsible for paying all taxes for the current year, without pro-ration.

collusion. Accordingly, the Debtor respectfully requests that the Court find that any purchaser of a Parcel be entitled to the protections of section 363(m) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to section 363 of the Bankruptcy Code; (b) approving the sale procedures and terms as set forth herein; (c) approving the surcharge amount pursuant to section 506(c) of the Bankruptcy Code; and (d) granting such other and further relief as may be just and equitable.

Dated: September 2, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *_/s/ Jessey J. Krehl_*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on September 2, 2026, the following interested parties were served by the methods indicated below:

**By CM/ECF**:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

Elena Ketchum, Esq., counsel to Philadelphia Community Development Coalition, Inc.

Christian Savio, Esq., counsel to Wilmington Savings Fund Society, FSB, as Owner of the Residential Credit Opportunities Trust XI-A

**By First Class U.S. Mail, Postage Prepaid and Electronic Mail**:

Vyneeka Hopkins
249 E. Haines St.
Philadelphia, PA 19144
michellehopkins43@yahoo.com

Philadelphia Housing Authority
2013 Ridge Ave.
Philadelphia, PA 19121
info@pha.phila.gov

Debra Autrey
526 E. Walnut Ln.
Philadelphia, PA 19144
debautrey456@gmail.com

**By First Class U.S. Mail, Postage Prepaid**

Any and All Unknown Occupants
249 E. Haines St.
Philadelphia, PA 19144

Any and All Unknown Occupants
4994 W. Thompson St.
Philadelphia, PA 19132

Any and All Unknown Occupants
2526 N. 19th St.
Philadelphia, PA 19132

Any and All Unknown Occupants
5821 Chester Ave.
Philadelphia, PA 19143

Pennsylvania Department of Revenue
Bureau of Compliance, Lien Section
P.O. Box 280948
Harrisburg, PA 17128-0948

**I FURTHER CERTIFY** that on September 2, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: */s/ Jessey J. Krehl*
Jessey J. Krehl
Bar No. 1025848

`

# Exhibit A

## Legal Descriptions

| Address | Legal Description |
| --- | --- |
| 249 E. Haines St.<br>Philadelphia, PA 19144 | The Land referred to herein below is situated in the **County of Philadelphia, Commonwealth of Pennsylvania**, and is described as follows:<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected described according to a Survey and Plan thereof made by H.M. Fuller, Esq., Surveyor and Regulator of the 9th Survey District on the 19th day of October, A.D. 1920, as follows, to wit:<br><br>SITUATE on the Northwesterly side of Haines Street at the distance of 517 feet 5/8 of an inch Southwestwardly from the Southwesterly side of Morton Street in the 59th (formerly 22nd) Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Haines Street 14 feet and extending of that width in length or depth between parallel lines running North 47 degrees 58 minutes 45 seconds West on the Northeasterly line thereof 121 feet 7-1/4 inches and on the Southwesterly line thereof 121 feet 7-1/2 inches the rear line thereof being 14 feet.<br><br>BEING Known 249 East Haines Street.<br><br>OPA NO. 592003400<br><br>BEING the same premises which Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, by Deed dated 02/23/2018 and recorded 03/08/2018 in the Office of the Recorder of Deeds in and for the County of Philadelphia in Document No. 53336171, granted and conveyed unto U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust.<br><br>AND ALSO BEING the same premises which Alex Shevchenko and Bronislav Leydexer a/k/a Bronislav Leydiker, by Deed dated 10/30/2018 and recorded 03/25/2019 in the Office of the Recorder of Deeds in and for the County of Philadelphia in Document No. 53491470, granted and conveyed unto Christiana Trust, a Division of Wilminton Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3.<br><br>AND ALSO BEING the same premises which U.S. Bank National Association as Legal Title Trustee for Truman 2016 Sc6 Title Trust By Truman Capital Advisors, LP, its Attorney in Fact, by Deed dated 08/24/2018 and recorded 09/04/2018 in the Office of the Recorder of Deeds in and for the County of Philadelphia in Document No. 53412148, granted and conveyed unto RT Real Estate Ventures, LLC. |

| Address | Legal Description |
|---|---|
| 4994 W. Thompson St.<br>Philadelphia, PA 19132 | ALL THAT CERTAIN lot or piece of ground.<br><br>SITUATE on the South side of Thompson Street at the distance of thirty (30') feet eight (8") inches Eastward from the East side of 50th Street in the 44th Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Thompson Street fourteen (14') feet eight (8") inches and extending of that width in length or depth Southward between parallel lines at right angles to the said Thompson Street seventy (70') feet to a certain four (4') feet wide alley leading from the said 50th Street to St. Bernard Street, formerly called Ackley Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for a passageway and watercourse at all times hereafter, forever.<br><br>BEING known as No. 4994 West Thompson Street.<br>Being the same premises which Citimortgage, Inc. By National Default REO Services, A Delaware Limited Liability Company, D/B/A First American Asset Closing Services, A California Corporation Its True And Lawful Attorney-In-Fact By Power Of Attorney by Deed dated 09/10/2012 and recorded 10/17/2012 in Philadelphia County as Document No. 52548661 conveyed unto Brownstone Real Estate Partners II, LP, in fee. |

| Address | Legal Description |
|---|---|
| 2526 N. 19th St.<br>Philadelphia, PA 19132 | ALL THAT CERTAIN lot or piece of ground known with the buildings and improvements thereon erected.<br><br>SITUATE on the West side if Nineteenth, at the distance of Two Hundred two feet Northward from the North side of Cumberland Street in the Twenty-Eighth Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Nineteenth Street, Fifteen feet, six inches and extending of that width in length or depth, Westward, between parallel lines on right angles to the said Nineteenth Street, Sixty-seven feet, ten inches to the middle of a certain Four feet wide alley leading from the said Cumberland Street to Glenwood Avenue.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said four feet wide alley as and for a passage way and water course at all times forever.<br><br>UNDER AND SUBJECT to: Easement of 1/2 of 4 feet wide alley on rear.<br><br>BEING No. 2526 North 19th Street.<br>Being the same premises which Sarah Hunter, Acting herein by her Attorney in Fact Elizabeth Bishop, duly constituted and appointed by Letter of Attorney dated 9/6/1986 and intending to be forthwith recorded by Deed dated 1/23/1987 and recorded 2/10/1987 in Philadelphia County in Deed Book FHS 704 Page 166 conveyed unto James T. Thompson and Evelyn R. Thompson, his wife, as tenants by the entirety, in fee.<br>And the said James T. Thompson died on 01/17/1999 leaving title to said premises to his wife Evelyn R. Thompson as surviving tenant by the entirety.<br>AND the said James T. Thompson is also known as James Lawrence Thompson.<br>And the said Evelyn R. Thompson also known as Evelyn Rocellia Thompson died on 05/08/2017.<br>Being the same premises which Joseph H. Thompson, Administrator of the Estate of Evelyn Rocellia Thompson by Deed dated 3/29/2021 and recorded 4/29/2021 in Philadelphia County as Document No. 53824070 conveyed unto Nakia Thompson, in fee.<br>Being the same premises which Nakia L. Thompson by Deed dated 11/15/2021 and recorded 1/20/2022 in Philadelphia County as Document No. 53950842 conveyed unto DDH Fund, LP, in fee. |

| Address | Legal Description |
|---|---|
| 5821 Chester Ave.<br>Philadelphia, PA 19143 | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Northwest side of Chester Avenue at the distance of 199 feet 8 inches Southwestward from the Southwest side of 58th Street in the 40th Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Chester Avenue 19 feet 6 inches and extending of that width in length or depth Northwestwardly between parallel lines at right angles to the said Chester Avenue 96 feet to a certain 3 feet wide alley which extends Northeastwardly and Southwestwardly from 58th Street to 59th Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for a passageway and watercourse at all times hereafter, forever.<br><br>BEING known as No. 5821 Chester Avenue.<br>Being the same premises which Jewell Williams, Sheriff of the County of Philadelphia by Deed Poll dated 10/17/2017 and recorded 12/20/2017 in Philadelphia County as Document No. 53305928 conveyed unto DHI Fund, LP , in fee. |

## Exhibit B

### Property Information

| Address | Total Due on Mortgage | Assessed Value | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|
| 249 E. Haines St. Philadelphia, PA 19144 | $272,128.48 [Claim 289] | $265,500.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: | None. | Vyneeka Hopkins – lease expires 5/31/2027. Rent is $1,650.00 per month and is current. |

| Address | Total Due on Mortgage | Assessed Value | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|
| | | | Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | | |
| 4994 W. Thompson St. Philadelphia, PA 19132 | $182,802.40 [Dkt. No. 679] | $99,000.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien | None. | None. |

| Address | Total Due on Mortgage | Assessed Value | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|
| | | | (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2507W25010423** – $1,294.74 – Water Lien | | |
| 2526 N. 19th St. Philadelphia, PA 19132 | $155,710.57 [Dkt. No. 679] | $117,500.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 – Pennsylvania | None. | None. |

| Address | Total Due on Mortgage | Assessed Value | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|
| | | | Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | | |
| 5821 Chester Ave. Philadelphia, PA19143 | $129,213.22 [Dkt. No. 679] | $155,900.00 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community | $32.73 | None. |

| Address | Total Due on Mortgage | Assessed Value | Judgments and Liens | Unpaid Taxes 2023-25 | Tenants |
|---|---|---|---|---|---|
| | | | Development Coalition, Inc.<br><br>**Case No. 250400515**– $811.86 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $926.14 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | | |

# Exhibit C

## Municipal Liens and Judgments

| Lienholder | Case No. | Amount |
|---|---|---|
| City of Philadelphia, Department of Licenses and Inspections (Code Enforcement Lien) | CE-25-03-32-0112 | $345.00 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23023924 | $298.15 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23024705 | $277.23 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R23027859 | $315.57 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24002824 | $1,252.54 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004988 | $299.17 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004990 | $3,720.73 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24006202 | $1,149.30 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24008929 | $321.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24009946 | $1,903.79 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24011325 | $1,751.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24015183 | $385.94 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24021455 | $2,469.31 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023109 | $2,641.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023827 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24024454 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24027679 | $1,752.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028480 | $375.70 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028529 | $1,117.11 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24029357 | $294.01 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24030930 | $1,505.43 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033104 | $335.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033338 | $2,506.52 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24034597 | $1,363.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24035759 | $411.48 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24036043 | $1,462.86 |

| | | |
|---|---|---|
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24038287 | $1,223.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24039421 | $371.44 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24040280 | $1,045.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24046201 | $410.21 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24048641 | $1,471.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24049462 | $416.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24050108 | $1,549.64 |
| **Total** | | **$36,692.19** |