**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

IN RE:

RAD DIVERSIFIED REIT, INC. (Lead Case)
RAD Diversified OZ Fund, LP;
DHI Fund, LLC;
DHI Holdings, LP; *and* /
DDH Fund, LLC,

Debtors.

CHAPTER 11, Jointly Administered

CASE NO. 8:26-bk-01636-CPM
CASE NO. 8:26-bk-01637-CPM
CASE NO. 8:26-bk-01638-CPM
CASE NO. 8:26-bk-01639-CPM
CASE NO. 8:26-bk-01640-CPM

## SUMMARY OF FIRST AND FINAL FEE APPLICATION OF CHAPTER 11 EXAMINER MARIA M. YIP

| | | | |
|---|---|---|---|
| 1. Name of Applicant: | Maria M. Yip | | |
| 2. Role of Applicant: | Chapter 11 Examiner | | |
| 3. Name of Certifying Professional: | Maria M. Yip | | |
| 4. Date case filed: | March 1, 2026 | | |
| 5. Date of Retention Order: | April 2, 2026 [Dkt. No. 176] | | |
| **IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:** | | | |
| 6. Period for this Application: | April 2, 2026 through August 31, 2026 | | |
| 7. Amount of Compensation Sought: | | $ | N/A |
| 8. Amount of Expense Reimbursement Sought: | | $ | N/A |
| **IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:** | | | |
| 9. Total Amount of Compensation Sought during case: | | $ | 51,847.00 |
| Hourly Rate this Application: | | $ | 695.00 |
| 9a. Voluntary Fee Reduction in this Period: | | $ | N/A |
| 10. Total Amount of Expense Reimbursement Sought during case: | | $ | 422.50 |
| 11. Amount of Original Retainer(s) Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received: | | $ | N/A[1] |
| 12. Current Balance of Retainer(s) remaining: | | $ | N/A |
| 13. Last monthly operating report filed (Month/Year and Dkt No.): | | | July 2026 - (Dkt. No. 984-988) |

[1] Pursuant to Dkt. No. 195, the Examiner received a $200,000 retainer. This retainer is reflected on the fee application of Yip Associates.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

IN RE:

CHAPTER 11, Jointly Administered

RAD DIVERSIFIED REIT, INC. (Lead Case)
RAD Diversified OZ Fund, LP;
DHI Fund, LLC;
DHI Holdings, LP; *and* /
DDH Fund, LLC,

Debtors.

CASE NO. 8:26-bk-01636-CPM
CASE NO. 8:26-bk-01637-CPM
CASE NO. 8:26-bk-01638-CPM
CASE NO. 8:26-bk-01639-CPM
CASE NO. 8:26-bk-01640-CPM

## FIRST AND FINAL FEE APPLICATION OF CHAPTER 11 EXAMINER MARIA M. YIP

**Maria M. Yip, Chapter 11 Examiner** (the "**Examiner**" and/or "**Applicant**"), applies for first and final compensation of fees for services rendered and costs incurred in this Chapter 11 proceeding during the period April 2, 2026 through August 31, 2026 (the "**Application Period**"). This application (the "**Application**") is filed pursuant to 11 U.S.C. §330 and Bankruptcy Rule 2016, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The exhibits attached to this Application, pursuant to the Guidelines, are:

**Exhibits "1"** – Fee Application Summary Chart.

**Exhibit "2-A" and "2-B"** – Summary of Professional and Paraprofessional Time.

**Exhibit "3"** – Summary of Requested Reimbursements of Expenses.

**Exhibit "4"** – Complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized to the tenth of an hour.

The Applicant requests an award of fees for services rendered, and the reimbursement of expenses incurred by the Applicant, as Examiner, in the amount of $52,269.50

comprised of: (a) $51,847.00 for 74.6 hours worked; and (b) $422.50 as reimbursement for the actual and necessary expenses incurred by the Applicant during the Application Period. The Applicant believes the requested fees are reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), as follows:

**RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD**

1. On March 1, 2026 (the "**Petition Date**"), the below captioned debtors filed voluntary petitions for relief under Chapter 11 of title 11, of the United State Bankruptcy Code with this Court:

a. RAD Diversified REIT, Inc. ("RAD REIT"), Case No. 8:26-bk-01636-CPM (Dkt. No. 1);

b. RAD Diversified OZ Fund, LP ("RAD Oz"), Case No. 8:26-01637-CPM (Dkt. No. 1);

c. DHI Fund, LLC ("DHI Fund"), Case No. 8:26-bk-01638-CPM (Dkt. No. 1);

d. DHI Holdings, LP ("DHI Holdings"), Case No. 8:26-bk-01639-CPM (Dkt. No. 1); and

e. DDH Fund, LLC ("DDH Fund"), Case No. 8:26-bk-01640-COM (Dkt. No. 1), (collectively, the "**Debtors**").

2. This Court has jurisdiction over this Chapter 11 case and this Application pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. § 1408. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. On March 1, 2026, the *Debtor's Motion for Joint Administration and Intra-District Transfer, as Applicable* was filed (Dkt. No. 2), which was granted by this Court on March 2, 2026 (Dkt. No. 7).

4. On March 26, 2026, the United States Trustee filed an *Unopposed Motion to Appoint a Chapter 11 Examiner* (Doc. No. 121) (the "**Examiner Motion**"), which was granted by this Court on April 1, 2026 (Dkt. No. 167) (the "**Examiner's Order**").

5. The Examiner's Order authorized the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) and directed the Office of the United States Trustee to appoint a Chapter 11 Examiner in the Debtor's case in accordance with the provisions of 11 U.S.C. § 1104(c)(1), (c)(2).

6. The United States Trustee filed its *Application for Order Approving Appointment of Examiner*, on April 2, 2026 (Dkt. No. 176), appointing Maria M. Yip as the Examiner in this case. The *Order Approving the Appointment of Examiner Maria M. Yip* was entered on April 2, 2026 (Dkt. No. 195) (the "**Examiner's Appointment Order**").

7. The Applicant, as directed in the Examiner's Order:

a. investigated cash flows and outflows by and among investors and/or lenders to the Debtors, including money raised by the Debtors but deposited or sent to non-Debtor entities and, to the extent ascertainable, whether such payments should be characterized as debt or equity;

b. investigated whether "rollover" investments should be valued, if so, at what valuation, and how they should be characterized, to the extent ascertainable;

c. investigated the utilization and transfers of the Debtors' assets and cash including money raised by the Debtors but deposited or sent to non-Debtor entities, for the four-year period prior to the Petition Date and an accounting

reconciliation for all such transactions including the connections and transfers among the Debtors and non-debtor entities, including but not limited to directors, officers, insiders, and affiliates; and

d. investigated the origination and receipt of investments in Inner Circle Memberships, REIT, joint ventures and hard money loans from investors and any repayment thereof.

8. The Applicant prepared and filed an Initial Report with this Court on June 8, 2026, (Dkt. No. 575) and a Second and Final Report was filed on August 5, 2026 (Dkt. No. 941).

9. The Applicant submits this Application, pursuant to Sections 328, 330, 331 and 503 (b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Guidelines.

## THE GENERAL NATURE OF THE SERVICES RENDERED AND RESULTS OBTAINED

10. The professional services rendered by the Applicant for which compensation is sought by way of this Application are summarized by category below in accordance with the mandatory guidelines, and the time detail is itemized by category in the attached exhibits.

### A. Preparation and Review of Reports Required by U.S. Trustee

11. The work done in this category includes performing the duties directed in the Examiner's Order including the preparation of the Examiner's Report, which was filed with this Court on June 8, 2026 ("Initial Report") (Dkt. No. 575) as well as the Examiner's Second and Final Report ("Final Report"), filed with this Court on August 5, 2026 (Dkt. No. 941). The Initial Report and Final Report detail my efforts, findings and observations related to the duties enumerated in the Examiner's Order.

12. After the Applicant's appointment, she retained BakerHostetler as counsel ("Examiner's Counsel") (Dkt. No 420) and Yip Associates as forensic accountants ("Examiner's Forensic Accountants") (Dkt. No. 422).

13. The Applicant held meetings, coordinated the investigation and developed a work plan with the following parties:

a. Debtors' attorneys, Joseph Pack, Jessey Krehl, and Lynn Sherman;

b. Chief Restructuring Officer of the Debtor, Katie Goodman, and Adam Cohen;

c. Nicole Peair, Office of the United States Trustee;

d. Jason Berkowitz, Russell Koonin, and David Baddley, Securities and Exchange Commission ("SEC");

e. Ellen Lyons, Office of the Florida Attorney General;

f. John Elrod, attorney for the Unsecured Creditors Committee; and

g. Sandra Small, Office of the Maryland Attorney General.

14. On May 1, 2026, a copy of the work plan was filed with this Court (Dkt. No. 399).

15. The Applicant attended the continued Meeting of the Creditors held on May 20, 2026.

16. The Applicant conducted 10 interviews with employees and former employees of the Debtors as well as meetings with several investors.

17. The Applicant also worked closely with Examiner's Counsel and Examiner's Forensic Accountants to identify and obtain records through subpoenas. These records included payroll records, bank records, credit cards records, and cryptocurrency exchange records.

18. As part of the financial investigation into the Debtors and Non-Debtor Affiliates, the Applicant reviewed multiple analyses, schedules, and tables prepared Examiner's Forensic Accountants, based on various documents including the following:

a. 28 bank accounts held in the name of the Debtors;

b. 55 bank accounts held in the name of Non-Debtor Affiliates;

c. tax returns of the Debtors;

d. general ledgers for Debtors and Non-Debtor Affiliates;

e. audit reports for the Debtors;

f. property records for real property and vacant lots held by the Debtors in Florida, Pennsylvania, Texas, New Jersey, California, Idaho, Tennessee, and Arkansas;

g. SEC filings for the Debtors;

h. investor documents, including subscription agreements, joint venture agreements, hard money loans, and promissory notes;

i. internal worksheets provided by the Debtors;

j. other documents filed in the bankruptcy, including the schedules filed by the Debtors on April 22, 2026; April 27, 2026; and May 5, 2026; and

k. payroll records of the Debtors and Non-Debtor Affiliates.

19. Ultimately, the Applicant worked with Examiner's Forensic Accountants and Examiner's Counsel and prepared both the Initial Report and Final Report which were filed with the Court on June 8, 2026 and August 5, 2026, respectively.

20. The Applicant spent a total of 71.6 hours and incurred a total of $49,762.00 in professional fees for work performed in the category of Preparation and Review of Reports

Required by U.S. Trustee, during the Application Period.

**B. Fee/Employment Applications**

21. The work done in this category includes the preparation of this fee application for compensation in accordance with Local Guidelines.

22. The Applicant spent a total of 3.0 hours and incurred a total of $2,085.00 in professional fees for work performed in the category of Fee and Employment Application, during the Application period.

**THE TIME AND LABOR REQUIRED:**

23. The transcribed time records annexed hereto as Exhibit "4" shows the Applicant has devoted no less than 74.6 hours of time providing services to the United States Trustee during the period from April 2, 2026 through August 31, 2026.

**THE NOVELTY AND DIFFICULTY OF THE SERVICES RENDERED:**

24. The matters arising in providing accounting services to the United States Trustee to date were neither novel nor difficult.

**THE SKILL REQUISITE TO PERFORM THE SERVICES PROPERLY:**

25. In order to perform the services enumerated herein properly, substantive knowledge and skill of accounting techniques, tax preparation, and its application in a bankruptcy context was required.

**THE PRECLUSION OF OTHER EMPLOYMENT BY THE PROFESSIONAL DUE TO THE ACCEPTANCE OF THE CASE:**

26. The Applicant is aware of no other specific employment that was precluded due to

acceptance of this case. However, the efforts of the Applicant were devoted to this case and the Applicant was unable to devote that time to other matters, therein preventing the Applicant from billing and collecting fees in other cases.

## THE CUSTOMARY FEE:

27. The rates charged by the Applicant as set forth in Exhibit "4" are customary for examiners within the Southern and Middle District of Florida of similar skill and reputation.

28. For services of the type rendered herein where those services were performed for a private client, the Applicant would charge a reasonable fee for services rendered, on an hourly rate or fixed fee basis. The fee requested by the Applicant is comparable to those fees which would be charged to a private client for similar services rendered by the Applicant. The fees requested are entirely reasonable.

## WHETHER THE FEE IS FIXED OR CONTINGENT:

29. The rates charged by the participating examiner were hourly rates, and the rates are well within the range charged by examiners in the Southern and Middle District of Florida of similar skill and reputation in the role of Chapter 11 Examiner.

## TIME LIMITATIONS IMPOSED BY THE CLIENT OR OTHER CIRCUMSTANCES:

30. No specific time limitations were imposed by the United States Trustee; however, the Applicant made all efforts to act quickly in conducting carrying the investigations for the United States Trustee.

**THE EXPERIENCE, REPUTATION AND ABILITY OF THE PROFESSIONAL:**

31. I have more than thirty (30) years of accounting experience and I am a Certified Public Accountant ("CPA") in the State of Florida, a Certified Fraud Examiner (CFE), a Certified Insolvency and Restructuring Advisor (CIRA), and a Certified in Financial Forensics (CFF).

32. I am a United States Bankruptcy Panel Trustee in the Southern District of Florida. I also serve as an expert witness in Federal and State court, international litigation and arbitration matters. I regularly serve as a court-appointed receiver, examiner, custodian and assignee for the benefit of the creditors. I have significant experience marshaling assets and identifying potential causes of action to provide recoveries for creditors and investors. I have also served as accountant and financial advisor to receivers appointed in numerous SEC, CFTC and FTC matters.

**THE UNDESIRABILITY OF THE CASE:**

33. The Applicant did not and does not find it undesirable to represent the United States Trustee.

**THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP OF THE CLIENT:**

34. The Applicant has not previously worked for the Debtor.

**AWARDS IN SIMILAR CASES:**

35. The amount requested by the Applicant is not unreasonable in terms of awards in cases of like magnitude and complexity. The fees required by the Applicant comport with the mandate of the Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community. The Applicant respectfully prays that this Court

take notice that the Applicant occupies professional offices, maintains sophisticated office equipment, and a staff of professional and administrative personnel. Consequently, a substantial portion of such hourly fee as may be awarded to the Applicant will merely defray the overhead and expenses already incurred and paid in cash during the pendency of this proceeding.

**WHEREFORE**, the Applicant seeks a final award for fees in the amount of $51,847.00 plus cost of $422.50, for a total of $52,269.50, and granting such other relief as the Court may deem just and proper.

Date: September 3, 2026

By: ______________________________

**Maria M. Yip, Chapter 11 Examiner**
9200 S Dadeland Blvd.
Suite 316
Miami, Florida 33156
T: (305) 787-3750
myip@yipcpa.com

# CERTIFICATION

1. I, Maria M. Yip, CPA, CFE, CIRA, CFF (the "**Applicant**") have been designated as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "**Guidelines**").

2. I have read the Applicant's application for compensation and reimbursement of expenses (the "**Application**"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement for the expenditures described on Exhibit 3, the Applicant is seeking reimbursement only for the actual expenditure and has not marked-up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. There are no variances with the provisions of the Guidelines.

Date: September 3, 2026

By: ______________________

**Maria M. Yip, Chapter 11 Examiner**
9200 S Dadeland Blvd.
Suite 316
Miami, Florida 33156
T: (305) 787-3750 F: 1(888) 632-2672
myip@yipcpa.com

**EXHIBIT"1"**

Fee Application Summary Chart

| **REQUEST** | | | | | **APPROVAL** | | | | **PAID** | | **HOLDBACK** | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |
| Date Filed | ECF # | Period Covered | Fees Requested | Expenses Requested | Date order Entered | ECF # | Fees Approved | Expenses Approved | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| | | | | | | | | | | | | |
| *TBD* | *TBD* | 04/02/26 - 08/31/26 | $ 51,847.00 | $ 422.50 | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **TOTALS** | | | **$51,847.00** | **$ 422.50** | | | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** | **$ -** |

**EXHIBIT "2-A"**

Summary of Professional and Paraprofessional Time Total per Individual for this Period Only
for this Period Only

| Professional | Position | Year Licensed | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Maria M. Yip, CPA, CFE, CIRA, CFF | Partner | 1994 | 74.6 | $695 | $ 51,847.00 |
| **Blended Average Hourly Rate** | | | | **$ 695.00** | |
| **Total Fees:** | | | **74.6** | | **$ 51,847.00** |

**EXHIBIT "2-B"**

Summary of Professional and Paraprofessional Time By Activity Code
for this Time Period Only

| Professional | Position | Year Licensed | Rate | Hours | Fees |
|---|---|---|---|---|---|
| **Activity Code: Preparation and Review of Reports Required by UST** | | | | | |
| Maria M. Yip, CPA, CFE, CIRA, CFF | Partner | 1994 | $695 | 71.6 | $ 49,762.00 |
| **Preparation and Review of Reports Required by UST Subtotal:** | | | | **71.6** | **$ 49,762.00** |
| **Activity Code: Fee/Employment Applications** | | | | | |
| Maria M. Yip, CPA, CFE, CIRA, CFF | Partner | 1994 | $695 | 3.0 | $ 2,085.00 |
| **Fee/Employment Applications Subtotal:** | | | | **3.0** | **$ 2,085.00** |
| **Grand Total:** | | | | **74.6** | **$ 51,847.00** |

**EXHIBIT "3"**

Summary of Requested Reimbursement of Expenses
for this Time Period Only

| | | | |
|---|---|---|---|
| 1 | **Filing Fees** | | $ - |
| 2 | **Process Service Fees** | | $ - |
| 3 | **Witness Fees** | | $ - |
| 4 | **Court Reporter Fees and Transcripts** | | $ - |
| 5 | **Lien and Title Searches** | | $ - |
| 6 | **Photocopies** | | |
| | **(a) In-house copies** | ( pages at 15¢/page ) | $ - |
| | **(b) Outside copies Services** | ( ) | $ - |
| 7 | **Postage** | | $ - |
| 8 | **Overnight Delivery Charges** | | $ - |
| 9 | **Outside Courier/Messenger Service** | | $ - |
| 10 | **Long Distance Telephone Charges** | | $ - |
| 11 | **Long Distance Fax Transmissions** | ( at 1$/page ) | $ - |
| 12 | **Computerized Research** | | $ - |
| | PACER | ($ - ) | |
| | Electronic Tax Processing Fee | ($ - ) | |
| 13 | **Out-of Southern-District-of-Florida Travel** | | $ - |
| | (a) Transportation | ($ - ) | |
| | (b) Lodging | ($ - ) | |
| | (c) Meals | ($ - ) | |
| 14 | **Other Permissible Expenses (must specify and justify)** | | $ **422.50** |
| | (a) Out-of-town travel | ($ - ) | |
| | (b) Bank charges for records | ($ 422.50 ) | |
| **TOTAL EXPENSE REIMBURSEMENT REQUESTED** | | | $ **422.50** |

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | | Fees |
|---|---|---|---|---|---|---|
| **Preparation and Review of Reports Required by UST** | | | | | | |
| 04/03/26 | MMY | Meeting with A. Layden and HAL re: action plan for coming week including meetings. | 1.0 | $695 | $ | 695.00 |
| 04/06/26 | MMY | Meeting with L. Green, A. Layden, D. Merola and HAL re: examiner order and meetings with the agencies. | 1.0 | $695 | $ | 695.00 |
| 04/07/26 | MMY | Meeting with A. Layden, L. Green, D. Merola, HAL J. Kroehl, L. Sherman, J. Pack and HAL re: introduction, documentation and transfer of records. | 0.7 | $695 | $ | 486.50 |
| 04/08/26 | MMY | Communications with UST and Debtor re: Order on transfer of retainer (.1); meeting with A. Layden, D. Merola, HAL and N. Peair re: introductory meeting and background information (.9); meeting with A. Layden, D. Merola, HAL and United States Attorney re: introductory meeting and background information (.6); meeting with HAL re: engagement letter and retention pleadings, communications with A. Layden re: same (.6). | 2.2 | $695 | $ | 1,529.00 |
| 04/09/26 | MMY | Meeting with D. Merola, HAL, D. Baddley, J. Berkowitz and R. Koonin re: background, source documents and investigation under the order. | 1.2 | $695 | $ | 834.00 |
| 04/22/26 | MMY | Discussion with UST's office re: retention pleading for Baker Hostetler as counsel to the Examiner. | 0.2 | $695 | $ | 139.00 |
| 04/23/26 | MMY | Telephone conversation with A. Layden re: the proposed changes to the examiner's order (.5); review of the workplan and comments to counsel re: same (.3). | 0.8 | $695 | $ | 556.00 |
| 05/01/26 | MMY | Final review of work plan for filing and communications with UCC's counsel. | 0.2 | $695 | $ | 139.00 |

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| 05/04/26 | MMY | Meeting with J. Thomas, J. Elrod, HAL, and A. Layden re: background on company and investments (1.1); attended scheduled meeting with B. Mendenhall but he did not appear at meeting (.1); meeting with J. Berkowitz and HAL re: document production (.7). | 1.9 | $695 | $ 1,320.50 |
| 05/05/26 | MMY | Attended scheduled meeting with A. Nonis but he did not appear (.1); meeting with HAL re: status of analyses and drafting of examiner's report (.3). | 0.4 | $695 | $ 278.00 |
| 05/14/26 | MMY | Preparation of examiner report (2.9); meeting with investor K. Stack and HAL re: background on the Debtors (1.0). | 3.9 | $695 | $ 2,710.50 |
| 05/20/26 | MMY | Attendance at the continued 341 meeting. | 3.9 | $695 | $ 2,710.50 |
| 05/21/26 | MMY | Meeting with D. Ortiz and HAL re: background. | 1.0 | $695 | $ 695.00 |
| 05/26/26 | MMY | Preparation of examiner report (4.5); meeting with B. Mendenhall re: background (1.0). | 5.5 | $695 | $ 3,822.50 |
| 05/27/26 | MMY | Meeting D. Mangini and HAL (1.0); continued preparation of examiner report (5.0). | 6.0 | $695 | $ 4,170.00 |
| 05/28/26 | MMY | Continued preparation of report. | 3.1 | $695 | $ 2,154.50 |
| 06/01/26 | MMY | Preparation of examiner report (4.1); meeting with D. Merola and HAL re: update on subpoena requests, report and deadline and request from Debtor for documents (.4); communications with D. Merola re: request for records and filing of report (.1). | 4.6 | $695 | $ 3,197.00 |
| 06/03/26 | MMY | Review of examiner report exhibits with HAL (1.0); continued to prepare examiner report (.9). | 1.9 | $695 | $ 1,320.50 |
| 06/04/26 | MMY | Discussion with HAL re: examiner report (.8); continued preparation of examiner report (1.1). | 1.9 | $695 | $ 1,320.50 |

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | | Fees |
|---|---|---|---|---|---|---|
| 06/05/26 | MMY | Discussion with HAL re: examiner report (.3); communications with D. Merola re: examiner report (.1). | 0.4 | $695 | $ | 278.00 |
| 06/06/26 | MMY | Preparation of examiner report. | 0.2 | $695 | $ | 139.00 |
| 06/08/26 | MMY | Preparation of examiner report, including multiple discussions with HAL and RDB regarding exhibits to the examiner report. | 8.4 | $695 | $ | 5,838.00 |
| 06/09/26 | MMY | Interview of K. Plancarte. | 1.1 | $695 | $ | 764.50 |
| 06/11/26 | MMY | Telephone conversation with D. Mangini. | 0.1 | $695 | $ | 69.50 |
| 06/16/26 | MMY | Meeting with A. Layden, J. Hutton and A. Newman re: examiner report and next steps. | 1.0 | $695 | $ | 695.00 |
| 06/18/26 | MMY | Communications with E. Lyons re: report. | 0.1 | $695 | $ | 69.50 |
| 06/24/26 | MMY | Meeting with E. Lyons and HAL re: report. | 1.0 | $695 | $ | 695.00 |
| 07/06/26 | MMY | Interview of former employee. | 1.2 | $695 | $ | 834.00 |
| 07/15/26 | MMY | Meeting with Debtors' counsel, A. Layden and HAL re: case update. | 0.6 | $695 | $ | 417.00 |
| 07/17/26 | MMY | Communications with Debtors' counsel re: RADD Foothills. | 0.2 | $695 | $ | 139.00 |
| 07/24/26 | MMY | Communications with A. Layden re: meeting with UCC and sharing of documents (.1); meeting with D. Warren and HAL re: farm properties (1.0); meeting with K. Goodman, L. Sherman, J. Krehl, A. Layden and HAL re: RADD Foothills (.6). | 1.7 | $695 | $ | 1,181.50 |
| 07/29/26 | MMY | Meeting with HAL, D. Merola, and UCC attorneys re: status of second and final examiner report. | 0.7 | $695 | $ | 486.50 |
| 07/30/26 | MMY | Preparation of second and final examiner report. | 2.3 | $695 | $ | 1,598.50 |
| 07/31/26 | MMY | Preparation of second and final examiner report. | 2.4 | $695 | $ | 1,668.00 |

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| 08/03/26 | MMY | Continued preparation of second and final examiner report. | 2.8 | $695 | $ 1,946.00 |
| 08/04/26 | MMY | Meeting with A. Layden, D. Merola, and HAL re: review of second and final report. (1.0); continued preparation of second and final examiner report (2.6). | 3.6 | $695 | $ 2,502.00 |
| 08/05/26 | MMY | Meeting with A. Layden and D. Merola re: finalized second and final examiner report. | 1.1 | $695 | $ 764.50 |
| 08/12/26 | MMY | Meeting with IRS-CI, D. Merola, and HAL re: subpoena for documents. | 0.8 | $695 | $ 556.00 |
| 08/13/26 | MMY | Communications regarding IRS-CI subpoena request (.1); meeting with D. Merola re: IRS-CI subpoena request and wrap-up of case (.4). | 0.5 | $695 | $ 347.50 |
| | | **Preparation and Review of Reports Required by UST Subtotal:** | **71.6** | | **$ 49,762.00** |
| **Activity Code: Fee/Employment Applications** | | | | | |
| 08/18/26 | MMY | Prepared first and final fee application. | 1.0 | $695 | $ 695.00 |
| 08/22/26 | MMY | Prepared first and final fee application. | 0.9 | $695 | $ 625.50 |
| 08/28/26 | MMY | Finalized first and final fee application. | 1.1 | $695 | $ 764.50 |
| | | **Fee/Employment Applications Subtotal:** | **3.0** | | **$ 2,085.00** |
| | | **Grand Total:** | **74.6** | | **$ 51,847.00** |