**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| | *Joint Administration Pending with* |
| The Seminar Solution, LLC, | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**DEBTORS' AGREED MOTION FOR JOINT ADMINISTRATION AND INTRA-DISTRICT TRANSFER, AS APPLICABLE**

***(Expedited Consideration Requested)***

The Seminar Solution, LLC (the "**TSS**") respectfully state as follows in support of this motion (this "**Motion**"):

**Relief Requested**

1. RAD Diversified REIT, Inc. ("**REIT**"), RAD Diversified OZ Fund, LP ("**OZ Fund**"), DHI Fund, LLC ("**DHI Fund**"), DHI Holdings, LP ("**DHI Holdings**"), DDH Fund, LLC ("**DDH Fund**"), and TSS (together, REIT, OZ Fund, DHI Fund, DHI Holdings, DDH Fund, and TSS will be referred to as the "**Debtors**") request, pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), entry of an order, on an expedited basis, (i)

granting joint administration of bankruptcy estates for Case Nos. 26-01636, 26-01637, 26-01638, 26-01639, 26-01640, and 26-08030; (ii) ordering that all future pleadings in each of these cases be filed with a joint caption in Case No. 26-01636; (iii) transferring TSS intra-district to the Honorable Catherine Peek McEwen, the judge presiding over *In re RAD Diversified REIT, Inc.*, Case No. 26-01636, to the extent not already assigned thereto; and (iv) granting the Debtors such other and further relief as the Court deems just and proper.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors confirm their consent, pursuant to Rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is Bankruptcy Rule 1015, and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "**Local Rules**").

**Background**

5. On March 1, 2026, REIT, OZ Fund, DHI Fund, DHI Holdings, DDH Fund filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") before the Bankruptcy Court, and also filed *Debtors' Motion for Joint Administration and Intra-District Transfer, as Applicable* [REIT Dkt. No. 2] (the "**Joint Administration Motion**").

6. The Joint Administration Motion was granted on March 2, 2026 [REIT Dkt. No. 7].

7. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. Additional details concerning the Debtors and their business, and the facts and circumstances supporting the Debtors' filing of the voluntary bankruptcy petitions are set forth in greater detail in the *Declaration of Katie S. Goodman, Chief Restructuring Officer, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [REIT Dkt. No. 3].

9. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [REIT Dkt. No. 167], and upon the application of the Office of the United States Trustee [REIT Dkt. No. 176], which was approved by the Court on April 8, 2026 [REIT Dkt. No. 195], Maria Yip was appointed as Examiner. On June 8, 2026, the Examiner submitted her report [REIT Dkt. No. 575].

10. On March 27, 2026, the Office of the United States Trustee (the "**UST**") appointed an official committee of unsecured creditors (the "**Committee**").

11. The UST and the Committee agree to the relief requested in this Motion and consent to the entry of the order attached as **Exhibit A**.

**Basis for Relief**

12. Rule 1015 of the Bankruptcy Rules provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1(b) of the Local Rules provides that. "a party seeking joint administration shall file a motion for joint administration," and "[a] motion for joint administration filed in a Chapter 11 case may be considered with or without a hearing at

the Court's discretion." Accordingly, the Debtors respectfully request that the Bankruptcy Court consider the Motion without a hearing.

13. When considering a request for joint administration, a bankruptcy court "shall give consideration to protecting creditors of different estates against potential conflicts of interest." Fed. R. Bank. P. 1015(b).

14. Each of the Debtor entities shares, ultimately, common ownership, and each of these entities is an "affiliate" of the other, as such term is defined in section 101(2) of the Bankruptcy Code.

15. The Debtors respectfully submit that the Debtors' bankruptcy cases are substantially related by virtue of their common ownership, common management, and common creditors.

16. Joint administration is in the best interest of each of the Debtors, their estates, their creditors, and all parties in interest. The Debtors anticipate that they will propose a joint plan of reorganization, which will allow each Debtor to right-size its balance sheet and maximize recovery to each of the Debtors' creditors. Moreover, joint administration will promote judicial efficacy and judicial economy.

17. To that end, the Debtors respectfully request that, to the extent a Debtor's case is not assigned to the Bankruptcy Judge presiding over the "lead" case, the Court transfer the case intra-district so all of the cases may be jointly administered.

**WHEREFORE**, TSS respectfully requests the entry of an order granting the relief requested herein and such other and further relief as the Bankruptcy Court deems appropriate under the circumstances.

Dated: September 5, 2026

Respectfully submitted,

**PACK LAW**
51 Northeast 24th Street, Suite 108
Miami, Florida 33137
Telephone: (305) 916-4500

By: */s/ Jessey J. Krehl*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*