**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| | *Joint Administration Pending with* |
| The Seminar Solution, LLC | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**_EXPEDITED_ MOTION TO (I) ESTABLISH NOTICE PROCEDURES IN CONNECTION WITH CHAPTER 11 CASE OF THE SEMINAR SOLUTION, LLC, AND (II) APPROVE FORM OF NOTICE**

**The Debtors respectfully request the Court consider this motion on September 15, 2026 at 3:30 p.m. (ET) when other matters are scheduled to be heard in these cases.**

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, submit this motion (this "**Motion**"), pursuant to sections 102, 105(a), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rules 2002, 9006, 9007, and 9036 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 2002-1 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "**Local Rules**"), for entry of an order

(i) establishing notice procedures in connection with the chapter 11 case of The Seminar Solution, LLC, and (ii) approving the form of notice, attached hereto as **Exhibit A** (the "**TSS Notice**"). In support of the Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Court**") has jurisdiction over the Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of the Chapter 11 Case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On March 1, 2026 (the "**Petition Date**"), the Debtors, other than The Seminar Solution, LLC, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases (the "**Chapter 11 Cases**") before the Bankruptcy Court.

3. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. Additional details concerning the Debtors and their business, and the facts and circumstances supporting the Debtors' filing of the voluntary bankruptcy petitions, are set forth in greater detail in the *Declaration of Katie S. Goodman, Chief Restructuring Officer, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 3].

5. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was

appointed as Examiner. On June 8, 2026, the Examiner submitted her report [Dkt. No. 575] (the "**Examiner Report**").

6. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

7. On September 4, 2026, Debtor The Seminar Solution, LLC ("**TSS**") filed its voluntary petition under chapter 11 of the Bankruptcy Code and the Debtors filed a motion seeking joint administration of TSS with the Chapter 11 Cases.

8. According to the Examiner Report, before the Petition Date, TSS sold investments in Debtors DDH Fund, LLC and RAD Diversified REIT, Inc. to investors, Examiner Report at ¶¶ 30–31, and the Examiner traced approximately $23.6 million from investors to TSS during the period of January 2018 through July 2025. Accordingly, the vast majority of interested parties in the TSS case are already interested parties in the Chapter 11 Cases.

9. More specifically, the interested parties list for TSS includes a total of 206 individual parties, of which 152 (i.e., 73.8%) are already receiving notices in these Chapter 11 Cases before the filing of TSS. TSS at all relevant times interacted with interested parties almost exclusively via electronic mail.

10. In these Chapter 11 Cases, electronic service measures have been very successful. Since the Court entered its order [Dkt. No. 72] (the "**Notice Procedures Order**") providing that "[t]he Debtors are authorized to serve any papers required to be served on the Investor Parties . . . by email only,"[1] the Debtors have seen significant engagement by such parties in the Chapter 11 Cases, including robust participation at the official meeting of creditors (spanning more than

[1] The Notice Procedures Order defines "**Investor Parties**" as the approximately 5,000 investors in the Debtors, with whom the Debtors communicated exclusively through email. The term is intended to include investors through any vehicle, including but not limited to Regulation A and Regulation D offerings, hard-money loans, joint ventures, and any other form of investment.

10 hours of creditor questioning) and the filing of approximately 3,281 claims on or before the expiration of the extended claims bar dates.

## **Relief Requested**

11. By this Motion, the Debtors seek entry of an order (i) establishing notice procedures in connection with the chapter 11 case of TSS, including providing for electronic notice for documents required to be served on interested parties (other than adversary proceedings or contested matters to which such interested party is a party); and (ii) approving the form of notice of the initiation of the chapter 11 case of TSS and the deadline to file proofs of claim.

## **Basis for Relief Requested**

12. The Bankruptcy Rules and Bankruptcy Code provide the Debtors with authority to establish notice and case management procedures. Specifically, Bankruptcy Rule 2002(a) provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtors' creditors, equity security holders, and other parties in interest. The Bankruptcy Rules further provide that "the court may designate the matters about which, the entity to whom, and the form and manner in which a notice must be sent." Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("[W]hen notice is to be given the court must designate: (1) the deadline for giving it; (2) the entities to whom it must be given; and (3) the form and manner of giving it.").

13. Moreover, section 105(a) of the Bankruptcy Code grants bankruptcy courts broad authority and discretion to enforce the provisions of the Bankruptcy Code. Specifically, section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or

> appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

14. Under section 102(1) of the Bankruptcy Code, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances . . . ." 11 U.S.C. § 102(1)(A). Finally, Bankruptcy Rule 1001 requires the Bankruptcy Rules to be "construed . . . to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

15. The Debtors' Chapter 11 Cases are already complex, involving thousands of claimants asserting millions in liabilities against an interconnected family of corporate entities. The costs and burdens associated with expansive and expensive notice of frequent and fragmented hearings will impose an extraordinary and expensive administrative and economic burden on the Debtors' estates, the Court, and the parties in interest. Indeed, mass mailings to parties that overwhelmingly already receive notice and are engaged in these Chapter 11 Cases will be extraordinarily costly to the Debtors' estates while providing minimal (if any) benefit to any party in interest or to the administration of the Debtors' estates. Additionally, hard copy mailing is not available for all parties in interest, as set forth above.0 Accordingly, the Debtors request authority to serve such parties, through the Debtors' existing noticing agent, via electronic mail to ensure service on such parties is reasonable.

16. Moreover, and consistent with the Notice Procedures Order in paragraphs 4 and 5, the Debtors equally propose, with respect to the TSS parties in interest, as follows:

a. The Debtors shall serve any papers required to be served on the Investor Parties by email only. Any Investor Parties that wish to receive service by U.S. Mail may make a written request by email to Epiq (RADDinfo@epiqglobal.com) to receive service by U.S. Mail.

b. Notwithstanding anything to the contrary, all adversary proceedings and contested matters that are required to be served on any Investor Party who has a particularized interest in such adversary proceeding or contested matter shall be served on such Investor Party by both email and U.S. Mail.

c. If an Investor Party's email address is returned as undeliverable, invalid, or unknown, Epiq shall send notice to such Investor Party by U.S. Mail. Epiq is required to prepare and file a list of undeliverable emails and physical addresses with the Court.

17. In light of the unique procedural posture of these Chapter 11 Cases, the Debtors' (and specifically TSS's) interested party constituency, and the complex and interrelated nature of the Chapter 11 Cases, the Debtors propose that all parties in interest receive, by electronic mail, the TSS Notice, attached hereto as **Exhibit A**. The TSS Notice is designed to be consumer-friendly and to apprise parties in interest of the key dates and deadlines with respect to TSS while equally advising parties in interest that their existing claims and actions taken in connection with the other Debtors are not impacted by the filing of TSS. The Debtors request that the Court approve the form of the TSS Notice.

18. Limited or alternative notice and matrix maintenance procedures are routinely established by bankruptcy courts in this district in large chapter 11 cases to reduce the expense of the administration of the estate. *See, e.g., In re Red Lobster Management LLC*, No. 6:24-bk-02486-GER (Bankr. M.D. Fla. May 24, 2024) [Dkt. No. 193]; *In re SBG Burger Opco, LLC*, No. 6:23-bk-04797-TPG (Bankr. M.D. Fla. Nov. 27, 2023) [Dkt. No. 56]; *In re Orlando International Resort Club Condominium Association, Inc.*, No. 6:25-bk-06813-GER (Bankr. M.D. Fla. Nov. 4, 2025) [Dkt. No. 51]; *In re Star Island Vacation Ownership Association, Inc.*, No. 6:25-bk-07207-GER (Bankr. M.D. Fla. Nov. 20, 2025) [Dkt. No. 42].

19. For the reasons discussed herein, the Debtors believe that the notice procedures and TSS Notice set forth in this Motion are appropriate and should be approved and

implemented. The Debtors believe the relief requested in this Motion will promote the efficient and orderly addition of TSS to the Chapter 11 Cases.

Dated: September 8, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *\/s/ Jessey J. Krehl*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 8, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on September 8, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: */s/ Jessey J. Krehl*
Jessey J. Krehl
Florida Bar No. 1025848

**Exhibit A**

**The TSS Notice**

**CHAPTER 11 FILING OF THE SEMINAR SOLUTION, LLC**

This notice is being sent to provide you with information related to **The Seminar Solution, LLC ("TSS")**, which filed a petition for chapter 11 bankruptcy on September 4, 2026 and has requested joint administration with the bankruptcy cases of RAD Diversified REIT, Inc. ("**RAD REIT**"); RAD Diversified OZ Fund, LP; DHI Fund, LLC; DHI Holdings, LP; and DDH Fund, LLC (collectively, the "**Debtors**"). **Please read this notice in its entirety, because it includes important information that may impact you.**

| Important Dates and Deadlines Related to TSS | |
|---|---|
| Petition Date | [__] |
| Deadline to File Proofs of Claim | [__] |
| Telephonic Meeting of Creditors | [__] |

***Why am I receiving this notice?***

You are receiving this notice because you are included as an interested party (a creditor, investor, or other impacted party) in the bankruptcy cases of one or more of the Debtors, including TSS.

***How do I attend the telephonic meeting of creditors?***

The Section 341(a) Creditors Meeting will take place on [__________] [__], 2026, at [__]:[__] [_].m. EDT. The U.S. Trustee will hold the meeting telephonically. The call in number is [___]-[___]-[____], access code [___].

***I already filed my claim against RAD REIT or another Debtor. Do I need to do anything?***

If you already filed a timely claim against RAD REIT or another Debtor, that claim remains in place (subject to any rights of the Debtors or any other party) and you do not need to take any further action with respect to RAD REIT or such other Debtor. If you have a claim against TSS in addition to another Debtor, you must file a separate proof of claim for your claims against TSS. **Do not re-file your claim against RAD REIT or any Debtor other than TSS.**

***I do have a claim against The Seminar Solution, LLC. What do I do now?***

For more information on how to file your claim against TSS, see the instructions available at the website for the Debtors' cases, https://dm.epiq11.com/case/radd/info. To submit your claim against TSS, please follow the instructions below.

To file a proof of claim online, go to:
https://www.epiqworkflow.com/account/login?returnUrl=%2Fcases%2FRDX

To file a proof of claim by First-Class Mail, submit to:
RAD Diversified REIT, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

To file a claim by Hand Delivery or Overnight Mail, submit to:
RAD Diversified REIT, Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005