**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**RAD DIVERSIFIED REIT, INC.'S MOTION TO APPROVE PARTIAL SETTLEMENT WITH THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION PURSUANT TO BANKRUPTCY RULE 9019 AND FOR RELATED RELIEF**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Ste. 555, Tampa, Florida 33602 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

RAD Diversified REIT, Inc. ("**RAD**" or the "**Debtor**"), through its undersigned counsel, seeks entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A**, pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving a partial compromise and settlement between RAD and the United States Securities and Exchange Commission (the "**Commission**" or "**SEC**") embodied in (i) the *Consent of Defendant RAD Diversified REIT, Inc.* (the "**Consent**") and (ii) the proposed *Judgment as to Defendant RAD Diversified REIT, Inc.* (the "**Judgment**"), attached to the Order as Exhibit 1 and Exhibit 2, respectively (collectively, the "**Consent Judgment**"), and authorizing RAD to execute, deliver, perform, and take all actions necessary or appropriate to consummate the Consent Judgment. In support of this Motion (the "**Motion**"), RAD respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. RAD consents to the entry of a final order by this Court with respect to the relief requested herein to the fullest extent permitted by law.

2. Venue of these Chapter 11 Cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9019.

**Background**

4. On March 1, 2026 (the "**Petition Date**"), the Debtors, other than The Seminar Solution, LLC, and on September 4, 2026, The Seminar Solution, LLC, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases (the "**Chapter 11 Cases**") before the Bankruptcy Court.

5. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

7. The SEC has commenced a civil enforcement action styled *Securities and Exchange Commission v. RAD Diversified REIT, Inc., Brandon "Dutch" Mendenhall, Amy Vaughn, and The Seminar Solution, LLC*, Case No. 8:26-cv-2186-KKM-LSG, pending in the United States District Court for the Middle District of Florida, Tampa Division (the "**SEC Action**"). RAD is a defendant in the SEC Action; Brandon "Dutch" Mendenhall and Amy Vaughn are also named as defendants, and Debtor The Seminar Solution, LLC is named as a relief defendant.[1]

8. As reflected in the Consent and Judgment, the SEC Action asserts claims against RAD predicated on alleged violations of section 17(a) of the Securities Act of 1933 (the "**Securities Act**"), section 10(b) of the Securities Exchange Act of 1934 (the "**Exchange Act**") and Rule 10b-5 promulgated thereunder, and sections 5(a) and 5(c) of the Securities Act. The

[1] For the avoidance of doubt, nothing in this Motion, or otherwise in the Consent Judgment shall compromise or otherwise impact any defendant other than RAD except as specifically set forth herein or in the Consent Judgment, as applicable.

proposed resolution is expressly without RAD admitting the allegations of the complaint in the SEC Action, except that RAD admits personal and subject-matter jurisdiction.

9. Continued litigation over the claims against RAD would create substantial uncertainty and require the expenditure of estate resources, while the requested relief in the SEC Action includes permanent injunctive relief and a potential monetary remedy in the form of disgorgement and prejudgment interest. RAD and the SEC have agreed upon the framework embodied in the Consent and Judgment to resolve and materially narrow the disputes between them.

## **The Consent Judgment**

10. The Consent Judgment resolves the liability and injunctive-relief framework against RAD, establishes the consequences and procedures governing any later request for disgorgement and prejudgment interest, and preserves a later determination of whether disgorgement and prejudgment interest are appropriate and, if so, in what amounts. The Consent Judgment does not liquidate RAD's potential monetary exposure to the SEC. RAD respectfully submits that this narrowing of the SEC Action provides substantial value to the estate. For the avoidance of doubt, nothing in the Consent Judgment shall impact the treatment or allowance of any claim(s) of the Commission in these cases, and any such claim(s) shall be subject to the claims-allowance process and treated in accordance with the provisions of any confirmed chapter 11 plan and/or orders of the Bankruptcy Court.

11. The principal terms of the Consent Judgment are summarized below. This summary is qualified in its entirety by the Consent Judgment, which control in all respects:

a. *Consent to Judgment; No Admission*. RAD will enter a general appearance, admit the District Court's jurisdiction over RAD and the subject matter of the SEC Action, and consent to entry of the Judgment without admitting the allegations of the complaint, except as to jurisdiction. RAD also waives

findings of fact and conclusions of law, any right to a jury trial, and any right to appeal from entry of the Judgment.

b. _Permanent Injunctive Relief_. The Judgment will permanently restrain and enjoin RAD from violating section 10(b) of the Exchange Act and Rule 10b-5, section 17(a) of the Securities Act, and sections 5(a) and 5(c) of the Securities Act, on the terms stated in the Judgment.

c. _Reserved Disgorgement Determination_. The Consent Judgment does not fix a disgorgement amount or predetermine that disgorgement is appropriate. Upon motion of the SEC, the District Court will determine whether disgorgement of any ill-gotten gains (with prejudgment interest) should be ordered against RAD and, if so, the amounts. For purposes of any such motion, RAD will be precluded from arguing that it did not violate federal securities laws, and the allegations of the complaint against RAD will be deemed true; *provided, however,* that any deemed truth or non-contest by RAD shall not be deemed an admission by, or a finding of fact against, RAD for any purpose other than the District Court's setting of disgorgement. The ultimate allowance, treatment, and payment of any disgorgement and prejudgment interest ordered against RAD will remain subject to applicable bankruptcy law and any confirmed chapter 11 plan and/or orders of the Bankruptcy Court.

d. _Fees and Further Notice_. RAD waives specified rights to seek reimbursement from the United States for attorneys' fees, expenses, or costs incurred in defending the SEC Action, and agrees that the SEC may present the Judgment to the District Court for signature and entry without further notice to RAD.

e. _Retention of Jurisdiction and Entry of Judgment_. The Judgment provides that the District Court will retain jurisdiction to enforce its terms, incorporates the Consent, and directs entry of the Judgment under Federal Rule of Civil Procedure 54(b).

**Basis for Relief**

12. Bankruptcy Rule 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement. *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005); Fed. R. Bankr. P. 9019(a). There is a strong policy favoring settlement of disputes in bankruptcy cases. *In re Biocoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).

13. Approval of a settlement is committed to the Court's discretion. *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988). A proposed settlement should be approved so long

as it does not fall below the lowest point in the range of reasonableness. *In re Biocoastal Corp.*, 164 B.R. at 1016.

14. The governing standard in the Eleventh Circuit is set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied, 498 U.S. 959 (1990). Under *Justice Oaks*, the Court considers: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interests of creditors and proper deference to their reasonable views.

15. The Consent Judgment satisfies the *Justice Oaks* factors and falls well within the range of reasonableness.

a. *Probability of Success in Litigation*. The SEC Action concerns serious alleged violations of the federal securities laws. Absent the settlement, RAD would face continued litigation concerning liability and the scope of any resulting relief, with the uncertainty inherent in contested litigation. The Consent Judgment removes that merits litigation from these Chapter 11 Cases without requiring RAD to admit the complaint's allegations, while reserving any later dispute over disgorgement and prejudgment interest. The certainty obtained as to the liability and injunctive framework, together with the elimination of the risks attendant to continued merits litigation, supports approval.

b. *Difficulties in Collection*. The Consent Judgment compromises claims and potential remedies asserted against RAD rather than claims held by RAD or its estate. Accordingly, the collection factor is not meaningfully invoked and is neutral in connection with the Consent Judgment.

c. *Complexity, Expense, Inconvenience, and Delay*. Because the SEC Action falls within the police powers exception to the automatic stay contained in Section 362(b)(4) of the Bankruptcy Code, absent the Consent Judgment, RAD would be required to continue defending a federal governmental securities enforcement action, with the attendant discovery, motion practice, hearing and trial preparation, and related professional expense and distraction. The Consent Judgment materially narrows the dispute. Although subsequent disputes may arise (in connection with disgorgement and prejudgment interest), any such disputes would benefit from a defined procedure that permits focused discovery. Avoiding litigation over the broader liability and injunctive issues will conserve estate resources and reduce delay and uncertainty in these Chapter 11 Cases.

d. _Paramount Interests of Creditors_. The settlement promotes the interests of creditors by allowing RAD to avoid the cost and uncertainty of continuing to litigate the broader SEC claims while obtaining clarity concerning the non-monetary relief to which RAD will be subject. At the same time, the settlement does not stipulate to or otherwise govern any treatment of any claim of the Commission; RAD retains the ability to litigate whether disgorgement and prejudgment interest are appropriate and, if so, the amounts, and may conduct discovery in connection with that determination. In light of the significance of the SEC Action, narrowing the dispute in this manner allows estate resources and attention to be directed toward the administration of these Chapter 11 Cases while preserving a process to contest the remaining monetary remedy, if asserted.

16. Considering the Consent Judgment as a whole, including the permanent injunctive relief, RAD's procedural waivers and acknowledgments, and the reserved disgorgement and prejudgment interest issues, RAD submits that the compromise is fair, equitable, and well within the range of reasonableness required by Bankruptcy Rule 9019 and *Justice Oaks*. Accordingly, good and sufficient cause exists to approve the Consent Judgment and authorize RAD to consummate it.

**WHEREFORE**, RAD Diversified REIT, Inc. respectfully requests that the Court enter the Order approving the Consent Judgment pursuant to Bankruptcy Rule 9019, authorizing RAD to execute and perform the Consent and to consent to entry of the Judgment, granting the related relief requested herein, and granting such other and further relief as the Court deems just and proper.

***Remainder of Page Left Intentionally Blank***

Dated: September 15, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: */s/ Joseph A. Pack*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on September 15, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: */s/ Joseph A. Pack*
Joseph A. Pack
Florida Bar No. 117882