ORDERED.

**Dated: September 15, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

RAD Diversified REIT, Inc.,

Debtor.
__________________________/

Case No. 26-01636-CPM
Chapter 11

**AGREED ORDER RESERVING RULING ON WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST XI-A'S MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(as to property located: 249 E. Haines St., Philadelphia, PA 19144; 4994 W. Thompson St., Philadelphia, PA 19132; 2526 N. 19th St., Philadelphia, PA 19132; 5821 Chester Ave., Philadelphia, PA 19143)**

THIS CASE came on for consideration on the Motion for Relief from Automatic Stay filed on June 25, 2026, by WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST XI-A [Doc. No. 679] (the "Motion"), as to the real property located at 249 E. Haines St., Philadelphia, PA 19144; 4994 W. Thompson St., Philadelphia, PA 19132; 2526 N. 19th St., Philadelphia, PA 19132; and 5821 Chester Ave., Philadelphia, PA 19143 (collectively, the "Property"). Subsequent to the filing of the Motion, the Debtor filed its Expedited Agreed Motion for

Order (A) Authorizing the Debtor to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (B) Approving Sale Procedures and Terms; and (C) for Other Relief [Doc. No. 1056] (the "Sale Motion"), seeking authority to sell the Property at public auction, with the net proceeds of sale to be disbursed at closing to, among others, Movant in satisfaction of its first mortgage lien against the Property. The Debtor and Movant, by and through their respective undersigned counsel, having agreed to the terms of this Order, and the Court being otherwise fully advised in the premises, it is

**ORDERED:**

1. The hearing on the Motion currently scheduled for September 15, 2026, at 3:30 p.m., is cancelled.

2. Ruling on the Motion is reserved pending the outcome of the Sale Motion.

3. In the event the Sale Motion is granted and the sale of the Property is consummated in accordance with the terms of the order approving the Sale Motion, with Movant's secured claim against the Property paid or otherwise satisfied from the net proceeds of sale, the Motion shall be deemed moot, and no further hearing on the Motion shall be required.

4. In the event the Sale Motion is denied, or the sale of the Property otherwise fails to close, Movant may renew the Motion and set it for hearing on an expedited basis, and Movant reserves all rights to seek relief from the automatic stay as to the Property.

5. This Order is without prejudice to any party's rights, claims, or defenses with respect to the Motion or the Sale Motion, except as expressly set forth herein.

########

*Attorney Christian Savio, Esq., is directed to serve a copy of this Order on interested parties and file a Proof of Service within 3 days of entry of the Order.*