**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC, | Case No. 8:26-bk-08030-CPM |
| Debtors. | |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. | |

**DEBTOR'S EXPEDITED MOTION (A) TO CONFIRM SALE OF REAL PROPERTY, (B) TO AUTHORIZE DISTRIBUTIONS AT CLOSING, (C) TO ESTABLISH GOOD FAITH OF PURCHASER, AND (D) FOR RELATED RELIEF**

(Single Family Residences Located at 5538, 5540, and 5544 Linmore Avenue, Philadelphia, PA)

Debtor, RAD Diversified REIT, Inc. (the "**Debtor**"), by and through its undersigned counsel, submits this motion (this "**Motion**") for entry of an order, as more specifically set forth herein, (a) confirming the sale of certain real property located at 5538, 5540, and 5544 Linmore Avenue, Philadelphia, Pennsylvania (the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order (as

defined herein); (b) authorizing the distribution of certain Proceeds (as defined herein) at the Closing (as defined herein); (c) confirming the Purchaser (as defined herein) is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002 and 6004.

**Background**

4. On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Chapter 11 Case**") before the Bankruptcy Court.

5. The Debtor is operating its business and managing its property as debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner. On June 8, 2026, the Examiner submitted her report [Dkt. No. 575].

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

**Auction Results**

8. On April 30, 2026, the Debtor filed *Debtor's Expedited Motion for Order (A) Authorizing the Debtor to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. §§ 363(b), (f), and (m); (B) Approving Sale Terms, Bidding Procedures, and Surcharge Pursuant to 11 U.S.C. § 506(c); and (C) for Other Relief (Single Family Residences Located at 5538, 5540, and 5544 Linmore Avenue, Philadelphia, PA)* [Dkt. No. 577] (the "**Sale Motion**"). After a hearing on June 23, 2026, the Court entered an order approving the Debtor's sale of the Property and certain bid procedures related thereto [Dkt. No. 695] (the "**Sale Order**").[1]

9. As set forth in the Sale Motion and Sale Order, the Debtor is the record title owner of the Property, which is more particularly described on Exhibit A of the Sale Motion. The Property consists of three separate parcels of real property in Philadelphia, Pennsylvania, each of which is improved with a single-family home.

10. In accordance with the terms of the Sale Motion and Sale Order, Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") marketed the Property and solicited bids for the Property. The online auction of the Property was conducted in two stages, concluding on August 18, 2026.

11. At the conclusion of the first auction—of 5538 and 5540 Linmore Avenue, Philadelphia, PA—Yikonboss, LLC (the "**Purchaser**") submitted the highest bid in the amount of $101,000.00 (the "**5538 and 5540 Linmore Auction**").[2] In accordance with the Sale Order,

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Motion and/or the Sale Order, as applicable.
[2] Pursuant to the Sale Motion and Sale Order, the Purchaser is obligated to pay the bid amount and a Buyer's Premium of 10% of the bid amount, for a total contract price of $111,100.00.

Purchaser executed a contract to purchase 5538 and 5540 Linmore Avenue, Philadelphia, PA and paid a deposit in the amount of $11,110.00 (10% of the total purchase price, the $101,000.00 high bid plus the $10,100.00 buyer's premium).

12. At the conclusion of the second auction—of 5544 Linmore Avenue, Philadelphia, PA—the Purchaser submitted the highest bid in the amount of $50,500.00 (the "**5544 Linmore Auction**") (together, the 5538 and 5540 Linmore Auction and the 5544 Linmore Auction shall be referred to as the "**Auction**").[3] In accordance with the Sale Order, Purchaser executed a contract to purchase 5544 Linmore Avenue, Philadelphia, PA and paid a deposit in the amount of $5,555.00 (10% of the total purchase price, the $50,500.00 high bid plus the $5,050.00 buyer's premium).

13. The Sale Order further provides that the Debtor "shall subsequently file a motion to approve the sale of the Property and determine disbursement of the proceeds from the auction of the Property."

**Relief Requested and Basis Therefor**

14. By the Motion, Debtor is seeking the entry of an order: (a) confirming the sale of the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the net proceeds at the Closing to the Debtor, free and clear of all liens, claims, and encumbrances, as set forth in this Motion and attached **Exhibit A** and **Exhibit B**; (c) confirming the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting such other and further relief as may be just and equitable.

[3] Pursuant to the Sale Motion and Sale Order, the Purchaser is obligated to pay the bid amount and a Buyer's Premium of 10% of the bid amount, for a total contract price of $55,550.00.

15. Attached to this Motion as **Exhibit A** is a *draft, preliminary* closing statement setting forth proposed distributions to be made from proceeds of the 5538 and 5540 Linmore Auction closing.

16. Attached to this Motion as **Exhibit B** is a *draft, preliminary* closing statement setting forth proposed distributions to be made from proceeds of the 5544 Linmore Auction closing.

17. Consistent with paragraph 20(f) of the Sale Motion, the Debtor respectfully requests that the Court approve distribution of the proceeds of the Auctions (the "**Proceeds**") substantially as set forth on **Exhibit A** and **Exhibit B**.[4]

18. The Sale Order provides that "[a]ll Encumbrances other than municipal liens, if any, shall attach to the proceeds of the sale of the Property with the same extent, validity, and priority as existed on the Petition Date." Sale Order, ¶ 4.

19. The latest title work reflects that there are no Encumbrances against the Property except for property taxes, which are to be paid by the Purchaser at closing (Sale Motion, ¶¶ 31-33; **Exhibit A** and **Exhibit B**) and municipal liens/judgments, which are to be paid by the Debtor at closing (Sale Order, ¶ 3; **Exhibit A** and **Exhibit B**).

20. Insofar as taxes and municipal liens/judgments will be paid at closing and there are no other liens against the Property, Debtor proposes that the net proceeds of the 5538 and 5540 Linmore Auction, after disbursement of the amounts set forth on **Exhibit A**, in the approximate amount of $100,763.99, be paid to the Debtor and deposited into the Debtor's debtor in possession operating bank account to be used, as free and clear property of the Debtor, consistent with the Orders of the Court and the requirements of the Bankruptcy Code.

---

[4] Pursuant to the terms of the Sale Motion, Sale Order, and Purchase Agreement, all closing costs, past due taxes, and Buyer's Premium are to be paid by the Purchaser. Sale Motion, ¶ 29.

21. Insofar as taxes and municipal liens/judgments will be paid at closing and there are no other liens against the Property, Debtor proposes that the net proceeds of the 5544 Linmore Auction, after disbursement of the amounts set forth on **Exhibit B**, in the approximate amount of $49,365.22, be paid to the Debtor and deposited into the Debtor's debtor in possession operating bank account to be used, as free and clear property of the Debtor, consistent with the Orders of the Court and the requirements of the Bankruptcy Code.

22. The marketing and sale process for the Property occurred pursuant to the auction procedures authorized in the Sale Order, which utilized a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Debtor respectfully requests that the Court find that the Purchaser of the Property is entitled to the protections of section 363(m). *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641-BKC-AJC, 2007 Bankr. LEXIS 2668, 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) confirming the sale of the Property to the Purchaser, free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m), consistent with the Sale Order; (b) authorizing the distribution of the net proceeds at the Closing to the Debtor's debtor-in-possession operating bank account, free and clear of all liens, claims, and encumbrances, as set

forth in this Motion and **Exhibit A** and **Exhibit B**; (c) confirming that the Purchaser is a good faith buyer entitled to the protections of 11 U.S.C. § 363(m); and (d) granting such other and further relief as may be just and equitable.

Dated: September 15, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *s/ Jessey J. Krehl*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 15, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on September 15, 2026, the following interested parties were served by the methods indicated below:

**By CM/ECF**:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

Elena Ketchum, Esq., Philadelphia Community Development Coalition, Inc.

**By First Class U.S. Mail, Postage Prepaid**:

Pennsylvania Department of Revenue
Bureau of Compliance, Lien Section
P.O. Box 280948
Harrisburg, PA 17128-0948

Debra Autry
526 E. Walnut Lane
Philadelphia, PA 19103

**By First Class U.S. Mail, Postage Prepaid and Electronic Mail**:

William Starks
5544 Linmore Ave.
Philadelphia, PA 19143
wstarks61@icloud.com

**I FURTHER CERTIFY** that on September 15, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: */s/ Jessey J. Krehl*
Jessey J. Krehl

# <u>Exhibit A</u>

## Draft Settlement Statement for 5538 and 5540 Linmore Avenue, Philadelphia, PA

# A. Settlement Statement

**U.S. Department of Housing and Urban Development**

OMB No. 2502-0265

## B. Type of Loan

| | | | |
|---|---|---|---|
| 1. ☐ FHA 2. ☐ FmHA 3. ☐ Conv Unins<br>4. ☐ VA 5. ☐ Conv Ins. 6. ☐ Seller Finance<br>7. ☒ Cash Sale. | 6. File Number<br>**203187PN-02** | 7. Loan Number | 8. Mortgage Ins Case Number |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| | | |
|---|---|---|
| D. Name & Address of Borrower<br>**Yikonbass, LLC**<br>, | E. Name & Address of Seller<br>**RAD Diversified Reit Inc**<br>**256 Eagleview Blvd**<br>**Exton, PA 19341** | F. Name & Address of Lender<br>, |

| | | |
|---|---|---|
| G. Property Location<br>**Parcel/BRT 514286200, City of Philadelphia, in Philadelphia County, PA**<br>**5538 Linmore Avenue**<br>**Philadelphia, PA 19143**<br>**See Addendum** | H. Settlement Agent Name<br>**Surety Abstract Services, LLC**<br>**107 South 2nd Street, Suite 200**<br>**Philadelphia, PA 19106 Tax ID: 22-3154895**<br>**Underwritten By: Fidelity National** | |
| | Place of Settlement<br>**Surety Abstract Services, LLC**<br>**107 South 2nd Street, Suite 200**<br>**Philadelphia, PA 19106** | I. Settlement Date<br><br>Fund: |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract Sales Price | **$101,000.00** | 401. Contract Sales Price | **$101,000.00** |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower | **$24,710.64** | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. Water | | 407. Water | |
| 108. Sewer | | 408. Sewer | |
| 109. MUA | | 409. MUA | |
| 110. Association | | 410. Association | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower** | **$125,710.64** | **420. Gross Amount Due to Seller** | **$101,000.00** |
| **200. Amounts Paid By Or in Behalf Of Borrower** | | **500. Reductions in Amount Due to Seller** | |
| 201. Deposit or earnest money | **$11,110.00** | 501. Excess Deposit | |
| 202. Principal amount of new loan(s) | | 502. Settlement Charges to Seller (line 1400) | **$236.01** |
| 203. Existing loan(s) taken subject to | | 503. Existing Loan(s) Taken Subject to | |
| 204. Loan Amount 2nd Lien | | 504. Payoff of first mortgage loan to | |
| 205. | | 505. Payoff of second mortgage loan to | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. Water | | 511. Water | |
| 212. Sewer | | 512. Sewer | |
| 213. MUA | | 513. MUA | |
| 214. Association | | 514. Association | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | **$11,110.00** | **520. Total Reduction Amount Due Seller** | **$236.01** |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | **$125,710.64** | 601. Gross Amount due to seller (line 420) | **$101,000.00** |
| 302. Less amounts paid by/for borrower (line 220) | **$11,110.00** | 602. Less reductions in amt. due seller (line 520) | **$236.01** |
| **303. Cash From Borrower** | **$114,600.64** | **603. Cash To Seller** | **$100,763.99** |

Preliminary

Preliminary

Preliminary

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services;
• Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.
The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.
This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.
The information requested does not lend itself to confidentiality.

**L. Settlement Charges**

| | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|
| **700. Total Sales/Broker's Commission based on price $101,000.00 @ % = $9,090.00** | | |
| Division of Commission (line 700) as follows: | | |
| 701. **$2,020.00** to **Springer Realty Group** | | |
| 702. **$7,070.00** to **Tranzon Driggers** | | |
| 703. Commission Paid at Settlement | **$9,090.00** | **$0.00** |
| **800. Items Payable in Connection with Loan** | | |
| 801. Loan Origination Fee **%** to | | |
| 802. Loan Discount **%** to | | |
| 803. Appraisal Fee to | | |
| 804. Credit Report to | | |
| 805. Lender's Inspection Fee to | | |
| 806. Yield Spread Premium to | | |
| 807. Mortgage Broker Fee to | | |
| 808. Flood Certification to | | |
| 809. Tax Service Fee to | | |
| 810. Commitment Fee to | | |
| 811. Application Fee to | | |
| **900. Items Required by Lender To Be Paid in Advance** | | |
| 901. Interest from to @ **$0**/day | | |
| 902. Mortgage Insurance Premium for months to | | |
| 903. Hazard Insurance Premium for years to | | |
| 904. Flood Insurance Premium to | | |
| **1000. Reserves Deposited With Lender** | | |
| 1001. Hazard insurance months @ per month | | |
| 1002. Mortgage Insurance months @ per month | | |
| 1003. City/Town Taxes months @ per month | | |
| 1004. Water months @ per month | | |
| 1005. Sewer months @ per month | | |
| 1006. MUA months @ per month | | |
| 1007. Association months @ per month | | |
| 1008. months @ per month | | |
| 1011. Aggregate Adjustment | | |
| **1100. Title Charges** | | |
| 1101. Settlement or Closing Fee to **Surety Title Company, LLC - Trust** | | |
| 1102. Abstract or title search to | | |
| 1103. Title examination to | | |
| 1104. Title insurance binder to | | |
| 1105. Document preparation to | | |
| 1106. Notary Fees to | **$25.00** | |
| 1107. Attorney's fees to | | |
| (includes above items numbers: ) | | |
| 1108. Title insurance to **Surety Title Company, LLC - Trust** | **$2,490.04** | |
| (includes above items numbers: ) | | |
| 1109. Lender's coverage **$0.00/$173.00** . | | |
| 1110. Owner's coverage **$101,000.00/$2,317.04** | | |
| 1111. Other Fees to | | |
| 1112. Other Fees to | | |
| 1113. Outgoing Wire Fee (Seller) to | | |
| 1114. Overnight Delivery (Seller) to | | |
| **1200. Government Recording and Transfer Charges** | | |
| 1201. Recording Fees Deed **$278.75** ; Mortgage ; Rel to **County Clerk** | **$278.75** | |
| 1202. Realty Transfer Fee Deed **$4,623.78** ; Mortgage to **County Clerk** | **$4,623.78** | |
| 1203. State Tax/Stamps Deed ; Mortgage to **County Clerk** | | |
| 1204. to | | |
| **1300. Additional Settlement Charges** | | |
| 1301. Acct 514286200 - Taxes due 2024-2026 to **City of Phila-Dept of Revenue** | **$3,475.28** | |
| 1302. Acct 014-51000-05538-001 to **Water Revenue Bureau** | | **$21.01** |
| 1303. Deed Prep to **Surety Title Company, LLC - Trust** | | **$75.00** |
| 1304. Marketing Fee to **Tranzon Driggers** | **$1,010.00** | |
| 1305. Search Reimbursement to **PACK Law** | | **$140.00** |
| 1306. Tax Due 5540 Linmore 514286300 to **City of Phila-Dept of Revenue** | **$3,717.79** | |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | **$24,710.64** | **$236.01** |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a completed copy of pages 1, 2 and 3 of this HUD-1 Settlement Statement.

Preliminary Preliminary Preliminary

| Yikonbass, LLC | RAD Diversified Reit Inc |
| --- | --- |
| ______________________ By | ______________________ By |

SETTLEMENT AGENT CERTIFICATION

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

______________________________ ________________
Settlement Agent Date

**Warning:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

| Addendum to HUD Settlement Statement |
| --- |
| **Section G – Additional Tracts of Land** |
| 5540 Linmore Avenue, Philadelphia, PA,19143 Block {}<br>5540 Linmore Avenue<br>Philadelphia, PA 19143 |

# **Exhibit B**

**Draft Settlement Statement for 5544 Linmore Avenue, Philadelphia, PA**

# A. Settlement Statement

**U.S. Department of Housing and Urban Development**

OMB No. 2502-0265

## B. Type of Loan

| | | | |
|---|---|---|---|
| 1. ☐ FHA 2. ☐ FmHA 3. ☐ Conv Unins<br>4. ☐ VA 5. ☐ Conv Ins. 6. ☐ Seller Finance<br>7. ☒ Cash Sale. | 6. File Number<br>**203191PN-02** | 7. Loan Number | 8. Mortgage Ins Case Number |

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| | | |
|---|---|---|
| D. Name & Address of Borrower<br>**Yikonbass, LLC**<br><br>, | E. Name & Address of Seller<br>**RAD Diversified Reit Inc**<br>**256 Eagleview Blvd**<br>**Exton, PA 19341** | F. Name & Address of Lender<br><br>, |

| | | |
|---|---|---|
| G. Property Location<br><br>**Parcel/BRT 514286500, City of Philadelphia, in Philadelphia County, PA**<br>**5544 Linmore Avenue**<br>**Philadelphia, PA 19143** | H. Settlement Agent Name<br>**Surety Abstract Services, LLC**<br>**107 South 2nd Street, Suite 200**<br>**Philadelphia, PA 19106 Tax ID: 22-3154895**<br>**Underwritten By: Fidelity National** | |
| | Place of Settlement<br>**Surety Abstract Services, LLC**<br>**107 South 2nd Street, Suite 200**<br>**Philadelphia, PA 19106** | I. Settlement Date<br><br>Fund: |

Preliminary

| **J. Summary of Borrower's Transaction** | | **K. Summary of Seller's Transaction** | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract Sales Price | **$50,500.00** | 401. Contract Sales Price | **$50,500.00** |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower | **$12,462.45** | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City/Town Taxes | | 406. City/Town Taxes | |
| 107. Water | | 407. Water | |
| 108. Sewer | | 408. Sewer | |
| 109. MUA | | 409. MUA | |
| 110. Association | | 410. Association | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower** | **$62,962.45** | **420. Gross Amount Due to Seller** | **$50,500.00** |
| **200. Amounts Paid By Or in Behalf Of Borrower** | | **500. Reductions in Amount Due to Seller** | |
| 201. Deposit or earnest money | **$5,500.00** | 501. Excess Deposit | |
| 202. Principal amount of new loan(s) | | 502. Settlement Charges to Seller (line 1400) | **$1,134.78** |
| 203. Existing loan(s) taken subject to | | 503. Existing Loan(s) Taken Subject to | |
| 204. Loan Amount 2nd Lien | | 504. Payoff of first mortgage loan to | |
| 205. | | 505. Payoff of second mortgage loan to | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/Town Taxes | | 510. City/Town Taxes | |
| 211. Water | | 511. Water | |
| 212. Sewer | | 512. Sewer | |
| 213. MUA | | 513. MUA | |
| 214. Association | | 514. Association | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | **$5,500.00** | **520. Total Reduction Amount Due Seller** | **$1,134.78** |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | **$62,962.45** | 601. Gross Amount due to seller (line 420) | **$50,500.00** |
| 302. Less amounts paid by/for borrower (line 220) | **$5,500.00** | 602. Less reductions in amt. due seller (line 520) | **$1,134.78** |
| **303. Cash From Borrower** | **$57,462.45** | **603. Cash To Seller** | **$49,365.22** |

Preliminary

Preliminary

Section 5 of the Real Estate Settlement Procedures Act (RESPA) requires the following: • HUD must develop a Special Information Booklet to help persons borrowing money to finance the purchase of residential real estate to better understand the nature and costs of real estate settlement services;
• Each lender must provide the booklet to all applicants from whom it receives or for whom it prepares a written application to borrow money to finance the purchase of residential real estate; • Lenders must prepare and distribute with the Booklet a Good Faith Estimate of the settlement costs that the borrower is likely to incur in connection with the settlement. These disclosures are mandatory.

Section 4(a) of RESPA mandates that HUD develop and prescribe this standard form to be used at the time of loan settlement to provide full disclosure of all charges imposed upon the borrower and seller. These are third party disclosures that are designed to provide the borrower with pertinent information during the settlement process in order to be a better shopper.
The Public Reporting Burden for this collection of information is estimated to average one hour per response, including the time for reviewing instructions searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.
This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number.
The information requested does not lend itself to confidentiality.

| L. Settlement Charges | | | |
|---|---|---|---|
| **700. Total Sales/Broker's Commission based on price $50,500.00 @ % = $4,545.00** | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
| Division of Commission (line 700) as follows: | | | |
| 701. **$1,010.00** | to **Springer Realty Group** | | |
| 702. **$3,535.00** | to **Tranzon Driggers** | | |
| 703. Commission Paid at Settlement | | **$4,545.00** | **$0.00** |
| 704. Marketing Fee | to **Tranzon Driggers** | **$505.00** | |
| **800. Items Payable in Connection with Loan** | | | |
| 801. Loan Origination Fee **%** | to | | |
| 802. Loan Discount **%** | to | | |
| 803. Appraisal Fee | to | | |
| 804. Credit Report | to | | |
| 805. Lender's Inspection Fee | to | | |
| 806. Yield Spread Premium | to | | |
| 807. Mortgage Broker Fee | to | | |
| 808. Flood Certification | to | | |
| 809. Tax Service Fee | to | | |
| 810. Commitment Fee | to | | |
| 811. Application Fee | to | | |
| **900. Items Required by Lender To Be Paid in Advance** | | | |
| 901. Interest from to @ **$0**/day | | | |
| 902. Mortgage Insurance Premium for months | to | | |
| 903. Hazard Insurance Premium for years | to | | |
| 904. Flood Insurance Premium | to | | |
| **1000. Reserves Deposited With Lender** | | | |
| 1001. Hazard insurance | months @ per month | | |
| 1002. Mortgage Insurance | months @ per month | | |
| 1003. City/Town Taxes | months @ per month | | |
| 1004. Water | months @ per month | | |
| 1005. Sewer | months @ per month | | |
| 1006. MUA | months @ per month | | |
| 1007. Association | months @ per month | | |
| 1008. | months @ per month | | |
| 1011. Aggregate Adjustment | | | |
| **1100. Title Charges** | | | |
| 1101. Settlement or Closing Fee | to **Surety Title Company, LLC - Trust** | **$200.00** | |
| 1102. Abstract or title search | to | | |
| 1103. Title examination | to | | |
| 1104. Title insurance binder | to | | |
| 1105. Document preparation | to | | |
| 1106. Notary Fees | to **CLERK** | **$35.00** | |
| 1107. Attorney's fees | to | | |
| (includes above items numbers: | ) | | |
| 1108. Title insurance | to **Surety Title Company, LLC - Trust** | **$717.77** | |
| (includes above items numbers: | ) | | |
| 1109. Lender's coverage | **$0.00/$0.00** . | | |
| 1110. Owner's coverage | **$50,500.00/$717.77** | | |
| 1111. Other Fees | to | | |
| 1112. Other Fees | to | | |
| 1113. | to **Surety Title Company, LLC - Trust** | | |
| 1114. Tax Search | to **Surety Title Company, LLC - Trust** | **$45.00** | |
| **1200. Government Recording and Transfer Charges** | | | |
| 1201. Recording Fees Deed **$278.75** ; Mortgage ; Rel | to **County Clerk** | **$278.75** | |
| 1202. Realty Transfer Fee Deed **$2,311.89** ; Mortgage | to **County Clerk** | **$2,311.89** | |
| 1203. State Tax/Stamps Deed ; Mortgage | to **County Clerk** | | |
| 1204. | to | | |
| **1300. Additional Settlement Charges** | | | |
| 1301. Water Acct 014-51000-05544-001 | to **Water Revenue Bureau** | | **$564.78** |
| 1302. PGW ESTIMATE | to | | **$500.00** |
| 1303. Deed Prep | to **Surety Title Company, LLC - Trust** | **$75.00** | |
| 1304. 2024/26 Tax Due 514286500 | to **City of Philadelphia** | **$3,749.04** | |
| 1305. PAK LAW SEARCH | to | | **$70.00** |
| **1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K)** | | **$12,462.45** | **$1,134.78** |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a completed copy of pages 1, 2 and 3 of this HUD-1 Settlement Statement.

Preliminary
Preliminary
Preliminary

| | |
|---|---|
| Yikonbass, LLC | RAD Diversified Reit Inc |
| ______________________ | ______________________ |
| By | By |

SETTLEMENT AGENT CERTIFICATION

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

______________________________ ________________

Settlement Agent Date

**Warning:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.