FILED VIA MAIL

SEP 18 2026

Clerk, U.S. Bankruptcy Court
Middle District of Florida
Tampa Division

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

RAD DIVERSIFIED REIT, INC., et al.,

Debtors.

Case No. 8:26-bk-01636-CPM
Chapter 11
Jointly Administered

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF SUSAN INTORRE, NON-DEBTOR 50% CO-OWNER, REGARDING DEBTORS' EXPEDITED AGREED MOTION TO SELL REAL PROPERTY [DKT. NO. 1055]**

Susan Intorre ("Intorre"), appearing pro se and as the non-debtor 50% co-owner of the real property commonly known as 417 E. 20th St., Chester, Pennsylvania 19013 (the "Chester Property"), respectfully submits this Limited Objection and Reservation of Rights concerning the Debtors' Expedited Agreed Motion for Order (A) Authorizing the Debtors to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (B) Approving Bidding Procedures and Surcharge; and (C) for Other Relief [Dkt. No. 1055] (the "Sale Motion"), and states:

1. This is a limited objection. Intorre does not seek to prevent the Debtors from marketing their own interest or from pursuing a commercially reasonable transaction that maximizes value. She objects only to provisions that could adjudicate, transfer, diminish, surcharge, or distribute her non-debtor 50% ownership interest or the proceeds attributable to that interest without the protections requested below.

2. On September 2, 2026, RAD Diversified REIT, Inc. commenced Adversary Proceeding No. 8:26-ap-00338-CPM against Intorre concerning the Chester Property. In that Complaint, RAD alleges that RAD owns 50% and Intorre owns 50% of the Chester Property.

3. The Sale Motion identifies 417 E. 20th St. as Property No. 14-C, states that the property is owned as tenants in common by RAD and Intorre, and states that a separate § 363(h) adversary proceeding is being filed to address any sale of Intorre's co-ownership interest.

4. Any order entered on Dkt. No. 1055 should therefore expressly provide that approval of bidding procedures, marketing, an auction, or any other preliminary sale process does not itself adjudicate the § 363(h) claims or authorize the conveyance of Intorre's 50% interest. Any transfer of Intorre's interest should remain subject to her written consent or a further final order in Adversary Proceeding No. 8:26-ap-00338-CPM after notice and an opportunity to be heard.

5. Paragraph 14(b) of the Sale Motion proposes a closing waterfall under which sale proceeds are paid first to the Debtors for a Surcharge Amount, then to superior liens, then to the Mortgagee, with all remaining net proceeds paid to the Debtors and held pending further Court order. That provision should not be applied to the Chester Property in a manner that treats 100% of the residual proceeds as property of the Debtors' estates. Any proceeds attributable to Intorre's non-debtor ownership interest should be separately identified, preserved, and held subject to further Court order.

6. The Sale Motion defines the Surcharge Amount as 5% of the winning bid for each parcel, subject to stated caps, and states that the surcharge is intended, among other things, to compensate the Debtors for U.S. Trustee fees and attorneys' fees and to provide a fund for creditors. Intorre objects to calculating or deducting that surcharge against the portion of sale proceeds attributable to her non-debtor 50% interest unless the Court specifically determines, after notice and an opportunity to be heard, that such a charge is legally permissible and properly allocable to her interest.

7. Intorre likewise objects to charging her share with the Debtors' general administrative expenses, professional fees, litigation expenses, auction expenses, or other estate costs except to the extent specifically authorized by applicable law and further Court order. Intorre reserves all objections to the amount, reasonableness, necessity, priority, and allocation of every proposed deduction.

8. Exhibit B to the Sale Motion lists the Chester Property with an estimated value of $140,000 and a First Mortgagee claim of $80,776, while also identifying Intorre's tenant-in-common interest. The Debtors' separate adversary Complaint describes the F&G Trust mortgage as cross-collateralized across three parcels and states that

the agreed reduced secured claim for those parcels is $262,500. Before any finding that Intorre's interest has no or negligible value, Intorre requests a complete accounting reconciling those figures.

9. That accounting should separately show: (a) the gross winning bid for each of the three F&G Trust parcels; (b) the amount of the $262,500 reduced secured claim allocated to 417 E. 20th St.; (c) the contractual and factual basis for that allocation; (d) all principal, escrow advances, corporate advances, taxes, insurance, and any additional amounts included in the mortgage payoff; (e) all liens and closing charges attributed to the Chester Property; (f) the proposed Surcharge Amount and any other sale expenses; and (g) the resulting net proceeds proposed to be attributed to RAD and to Intorre.

10. The Sale Motion gives each Mortgagee the right to credit bid the full amount of the requisite First Mortgage. Any credit bid affecting the Chester Property should separately identify the amount of secured debt allocated to that parcel and should not use debt attributable to other collateral to extinguish or reduce Intorre's economic interest without further order of the Court.

11. The Sale Motion provides that, after the auction and before closing, the Debtors will seek a Sale Confirmation Order approving the sale and proposed disbursements. Intorre requests that she be served with the sale confirmation papers for the Chester Property, including the winning bid, proposed closing statement, mortgage allocation, Surcharge Amount, liens, expenses, and proposed distribution, with sufficient opportunity to object before confirmation or closing.

12. Intorre expressly reserves all rights available to a co-owner under 11 U.S.C. §§ 363(h), 363(i), and 363(j), including the right under § 363(i), if applicable, to purchase the property at the price at which the sale is to be consummated, and the right under § 363(j) to distribution of sale proceeds according to the respective interests of the estate and the co-owner, after only those costs and expenses properly chargeable under applicable law.

13. The Sale Motion also seeks a finding that a purchaser will be entitled to the protections of 11 U.S.C. § 363(m). No finding concerning good faith, finality, waiver, consent, notice, or § 363(m) should be construed to impair Intorre's ownership rights, defenses, appellate rights, or other rights before the Court has authorized a sale of her interest in the § 363(h) adversary proceeding or she has expressly consented.

14. As to 417 E. 20th St., any order on Dkt. No. 1055 should expressly state that Intorre's 50% co-ownership interest is not extinguished, transferred, or converted merely by approval of bidding procedures and remains subject to the separate § 363(h) adjudication.

15. Intorre further requests that no distribution of proceeds attributable to the Chester Property occur in a manner that determines or impairs her economic interest without further notice and an opportunity to be heard. This is consistent with the Debtors' adversary Complaint, which states that Intorre's interest will attach to sale proceeds, if any, and that no distribution will be made without order of the Court.

16. Prior auction-procedure orders entered in these Chapter 11 cases, including Dkt. Nos. 1070 and 1071, have required the Debtors, after the auction, to report the auction results and return to the Court for approval of the sale and determination of the disbursement of proceeds, while preserving parties' rights to object to the later sale motion. Intorre respectfully requests no less protection as to the Chester Property, together with the additional protections required because she owns a non-debtor 50% interest.

17. To the extent an order on Dkt. No. 1055 contains an immediate-enforceability provision, waives any stay under Bankruptcy Rule 6004(h), or otherwise authorizes the Debtors and their professionals to proceed immediately with marketing or auction activities, Intorre requests that the order expressly state that such relief does not authorize the conveyance, transfer, extinguishment, surcharge, or distribution of her non-debtor 50% interest. Those matters must remain subject to her written consent or further final order in Adversary Proceeding No. 8:26-ap-00338-CPM after notice and an opportunity to be heard.

18. Nothing in this Limited Objection constitutes consent to a sale of Intorre's interest, an admission that the requirements of § 363(h) have been satisfied, a waiver of any defense in Adversary Proceeding No. 8:26-ap-00338-CPM, or a waiver of any objection concerning valuation, lien priority, mortgage allocation, cross-collateralization, surcharge, costs, proceeds, or distribution.

## REQUEST FOR RELIEF

WHEREFORE, Susan Intorre respectfully requests that any order entered on Dkt. No. 1055 as to 417 E. 20th St., Chester, Pennsylvania 19013 expressly provide that:

1. Approval of bidding procedures or an auction does not adjudicate the validity, extent, percentage, value, or disposition of Intorre's 50% ownership interest and does not adjudicate any claim or defense in Adversary Proceeding No. 8:26-ap-00338-CPM;

2. No sale, conveyance, or transfer of Intorre's interest is authorized absent her written consent or a further final order in the § 363(h) adversary proceeding after notice and an opportunity to be heard;

3. The Surcharge Amount and other estate expenses are not charged against proceeds attributable to Intorre's non-debtor interest absent a specific further determination that the charge is legally permissible and properly allocable;
4. The Debtors provide a separate accounting and allocation of the F&G Trust debt and all sale proceeds and expenses attributable to the Chester Property;
5. Any credit bid affecting the Chester Property separately identifies the secured debt allocated to that parcel and does not use debt attributable to other collateral to impair Intorre's interest without further order;
6. Proceeds attributable to Intorre's interest are separately identified, preserved, and not treated as distributable estate property pending further order;
7. Intorre receives notice of the proposed Sale Confirmation Order, winning bid, closing statement, mortgage allocation, surcharge, expenses, and proposed distribution, with an opportunity to object before confirmation or closing;
8. Intorre's rights under 11 U.S.C. §§ 363(h), 363(i), and 363(j) are expressly preserved;
9. No § 363(m), good-faith, waiver, consent, or notice finding impairs Intorre's ownership, appellate, or other rights before authorization of a sale of her interest;
10. Any auction-results report and subsequent sale-confirmation motion preserve Intorre's right to object, consistent with the procedural protections reflected in Dkt. Nos. 1070 and 1071;
11. Any immediate-enforceability provision or waiver of Bankruptcy Rule 6004(h) does not authorize transfer, extinguishment, surcharge, or distribution of Intorre's non-debtor 50% interest before her written consent or further final order in the § 363(h) adversary proceeding; and
12. All of Intorre's rights, defenses, and objections are otherwise preserved.

Dated: September 8, 2026.

Respectfully submitted,

[signature]

Susan Intorre, Pro Se
Mailing Address: 1568 VIZCAYA lane
NAPLES FLORIDA 34113
Telephone: 516-680-9126
Email: susan.intorre@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on September 11, 2026, 2026, I served a true and correct copy of the foregoing Limited Objection and Reservation of Rights upon counsel for the Debtors by U.S. Mail and electronic mail as follows:

Joseph A. Pack, Esq.
Jessey J. Krehl, Esq.
PACK LAW
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
joe@packlaw.com
jessey@packlaw.com

I further certify that I served any additional parties required by the applicable Federal Rules of Bankruptcy Procedure, Local Rules, and orders of this Court.

[signature]

Susan Intorre

9589 0710 5270 3917 8413 74

Retail

UNITED STATES POSTAL SERVICE

RDC 9

FROM:

SUSAN Intorre
1568 VIZCAYA Lane
Naples Florida
34113

TO:

US Bankruptcy Court
Middle District of Florida
TAMPA Division
801 N. Florida Ave
Suite 555
TAMPA Florida 33602

8:26-bk-01636-CPM