**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**DEBTORS' *EXPEDITED* MOTION FOR ENTRY OF ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT AS PROVIDING ADEQUATE INFORMATION WITHIN THE MEANING OF SECTION 1125(A) OF THE BANKRUPTCY CODE; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES ON PLAN OF LIQUIDATION; (III) APPROVING THE FORM OF BALLOTS; (IV) SCHEDULING A HEARING ON CONFIRMATION OF THE PLAN; (V) APPROVING THE FORM, MANNER, AND SCOPE OF NOTICES; AND (VI) GRANTING RELATED RELIEF**

**Expedited Consideration Requested**
**The Debtors respectfully request this Court conduct a hearing to consider this Motion on September 29, 2026 at 3:30 p.m. (ET) when other matters are scheduled in these cases, including the scheduling of confirmation. *See* Dkt. No. 1135.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") submit this motion (this "**Motion**") pursuant to sections 105, 1107, 1108, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"), Rules 2002,

3016, 3017, 3018, 3020, 9006, 9007, and 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-1 and 9013-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida (the "**Local Rules**"), seeking entry of an order in substantially the form submitted herewith (the "**Solicitation Procedures Order**"):

i. conditionally approving the First Amended Disclosure Statement for Debtors' Joint First Amended Plan of Liquidation dated September 21, 2026 [Dkt. No. 1148] (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "**Disclosure Statement**") as providing adequate information within the meaning of section 1125(a) of the Bankruptcy Code;

ii. scheduling a combined hearing (the "**Combined Hearing**") to consider the adequacy of the Disclosure Statement and confirmation of Debtors' Joint First Amendment Plan of Liquidation dated September 21, 2026 [Dkt. No. 1149] (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "**Plan**");[1]

iii. approving the form, manner, and scope of notices of the Combined Hearing and the time fixed to (a) vote on the Plan and (b) file objections to confirmation of the Plan and final approval of the Disclosure Statement;

iv. establishing procedures (the "**Voting Procedures**") for solicitation and tabulation of votes on the Plan;

v. approving the forms of ballots (collectively, the "**Ballots**"); and

vi. granting related relief, all as set forth more fully herein.

## Introduction

1. On July 30, 2026, the Debtors filed the original Plan and the Disclosure Statement. On September 21, 2026, the Debtors filed amended versions of the Plan and Disclosure Statement, in connection with which they request the relief set forth in this Motion.

2. Generally, the Plan provides for the substantive consolidation of the Debtors' Estates for purposes of implementing the Plan and for the establishment of a post-confirmation Liquidating Trust. On the Effective Date, the Liquidating Trust will receive the Liquidating Trust

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in, as applicable, the Plan and/or the Disclosure Statement.

Assets, including Cash, remaining real property and other Assets, Causes of Action, Privilege, and rights under applicable Insurance Policies. The Liquidating Trustee will administer, monetize, and liquidate those assets; reconcile and resolve Disputed Claims; pursue or settle retained Causes of Action; and make Distributions to holders of Allowed Claims in accordance with the Plan and the Liquidating Trust Agreement.

3. For the convenience of the Court and other parties in interest, the following table highlights the proposed dates relevant to the Voting Procedures and the confirmation process, including the Combined Hearing, the Plan Objection Deadline, the Voting Deadline, and distribution of the Solicitation Packages. All dates remain subject to entry of the Solicitation Procedures Order.

**Proposed Timeline**

| **Event** | **Proposed Date or Deadline** |
| --- | --- |
| Voting Record Date | September 29, 2026 |
| Hearing on Entry of Solicitation Procedures Order | September 29, 2026, at 3:30 p.m. (ET) |
| Confirmation Hearing Notice Deadline | No later than four Business Days after entry of the Solicitation Procedures Order |
| Solicitation Deadline | No later than four Business Days after entry of the Solicitation Procedures Order |
| Plan Supplement Deadline | November 10, 2026, at 5:00 p.m. (ET) |
| Rule 3018(a) Motion Deadline | November 10, 2026, at 5:00 p.m. (ET) |
| Plan Objection Deadline | November 10, 2026, at 5:00 p.m. (ET) |
| Administrative Expense Claim Bar Date | November 10, 2026, at 5:00 p.m. (ET) |
| Voting Deadline | November 10, 2026, at 5:00 p.m. (ET) |
| Deadline to File Documents in Support of Confirmation | November 13, 2026 at 5:00 p.m. (ET) |
| Reply Deadline | November 13, 2026 at 5:00 p.m. (ET) |
| Voting Certification Deadline | November 13, 2026 at 5:00 p.m. (ET) |
| Combined Hearing | November 17, 2026, at 4:00 p.m. (ET) |

## Jurisdiction, Venue, Statutory Predicate

4. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105, 1107, 1108, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3018, 3020, 9006, 9007, and 9008, and Local Rules 2002-1 and 9013-1.

## Background

### A. General Background

6. On March 1, 2026 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. On March 2, 2026, the Court entered an order jointly administering the Chapter 11 Cases under Case No. 8:26-bk-01636-CPM [Dkt. Nos. 2 and 7]. The Debtors have remained in possession of their assets and have managed their affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On March 27, 2026, the United States Trustee appointed the Official Committee of Unsecured Creditors (the "**Committee**") [Dkt. No. 140].

7. On April 1, 2026, the Court authorized the appointment of an examiner [Dkt. No. 167], and on April 8, 2026, approved the appointment of Maria M. Yip as Examiner [Dkt. No. 195]. The Examiner filed her report on June 8, 2026 [Dkt. No. 575]. The Plan preserves the authority of the representative of the applicable Estates to review the Examiner's materials, continue appropriate investigations, pursue or resolve Causes of Action, and object to Claims, subject to the Plan and further orders of the Court.

8. Additional information regarding the Debtors, their businesses, capital and debt structures, the circumstances leading to the Chapter 11 Cases, and material events occurring during these cases is set forth in the Disclosure Statement and is incorporated herein by reference.

**B. The Plan**

9. The Plan is a joint plan of liquidation that is intended to complete the orderly administration of the Debtors' Estates following and continuing the sale of various Assets, and to maximize recoveries through the liquidation of remaining property, the prosecution or settlement of retained Causes of Action, the resolution of Claims, and the distribution of available proceeds. Among other things, if confirmed and effective, the Plan will provide, in all respects subject to the Plan and orders of the Court, as follows:

- **Substantive Consolidation and Establishment of the Liquidating Trust:** The Plan provides for substantive consolidation of the Debtors' Estates for purposes of implementing the Plan and for the creation of the Liquidating Trust on the Effective Date. The Liquidating Trustee, selected by the Committee in consultation with the CRO and identified in the Plan Supplement, will serve as the representative of the Estates and will have the powers and duties set forth in the Plan and Liquidating Trust Agreement.

- **Liquidation, Claims Administration, and Distributions:** The Liquidating Trust will receive and administer the Liquidating Trust Assets, including Cash, remaining Assets, Causes of Action, Privilege, and rights under Insurance Policies. The Liquidating Trustee will liquidate and monetize those Assets, resolve Disputed Claims, pursue or settle retained Causes of Action, establish appropriate reserves, and make Distributions to holders of Allowed Claims in accordance with the priority and treatment provisions of the Plan. The Debtors will be dissolved or otherwise wound down as provided in the Plan after the Effective Date.

- **Contributed Claims Election:** The Plan permits each Holder entitled to receive a Ballot to make a separate, voluntary election to contribute to the Liquidating Trust certain direct Causes of Action held by such Holder against non-Debtor third parties that are not released under the Plan. Any such election will become effective on the Effective Date, at which time the applicable Contributed Claims will be irrevocably transferred to the Liquidating Trust for prosecution, settlement, or other disposition by the Liquidating Trustee in its discretion for the benefit of Holders entitled to receive Distributions under the

Plan. The election is separate from the Holder's vote to accept or reject the Plan, and a Contributing Claimant will not retain any separate right to a recovery on account of a Contributed Claim beyond its entitlement, if any, to receive Distributions under the Plan.

- **Treatment of Claims and Interests:** The Plan provides for payment in full or lien-preserving treatment of Allowed Other Secured Claims and Priority Non-Tax Claims, while holders of Allowed General Unsecured Claims will receive Class A Beneficial Interests in the Liquidating Trust and share pro rata in Liquidating Trust Distributions. Allowed Subordinated Section 510(b) Claims and Government Agency and Regulatory Claims will receive Class B Beneficial Interests, which are subordinated to the Class A Beneficial Interests and will receive no Distribution unless and until Allowed General Unsecured Claims are paid in full. Intercompany Claims and Equity Interests will be cancelled and receive no recovery.

- **Treatment of Real Property Secured Claims:** The Plan establishes specific treatment for First Mortgage Secured Claims, Judgment Lien Claims, and Municipal Lien Claims associated with the Debtors' remaining real property. Depending on the applicable Class and circumstances, Collateral may be sold through an auction or other authorized sale process, with the Liquidating Trust retaining the applicable Surcharge Amount and distributing remaining proceeds according to lien priority, or may be surrendered subject to existing Liens and Claims; holders of certain secured Claims are afforded elections between these alternatives as provided in the Plan.

- **Preservation and Prosecution of Causes of Action:** Except for Claims and Causes of Action expressly released, waived, settled, or otherwise resolved under the Plan or a Final Order, the Plan preserves the Debtors' Causes of Action and Avoidance Actions and vests them in the Liquidating Trust. The Liquidating Trustee will have exclusive authority after the Effective Date to commence, prosecute, settle, compromise, or abandon such Causes of Action, including retained claims against Insiders, directors and officers, and other potential defendants, for the benefit of creditors.

## C. Classification of Claims and Voting

10. Pursuant to section 1126 of the Bankruptcy Code, holders of Claims in Classes that are Impaired under the Plan and that will receive or retain property under the Plan are entitled to vote to accept or reject the Plan. A Class of Claims or Interests is "Impaired" if the Plan alters the legal, equitable, or contractual rights of the holders of Claims or Interests in that Class.

11. The Plan separately addresses Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, and United States Trustee Statutory Fees. Those Claims are not classified for voting purposes and their holders are not entitled to vote on the Plan.

12. The Plan creates ten Classes of Claims and Interests: Class 1 (First Mortgage Secured Claims), Class 2 (Judgment Lien Claims), Class 3 (Municipal Lien Claims), Class 4 (Other Secured Claims), Class 5 (Priority Non-Tax Claims), Class 6 (General Unsecured Claims), Class 7 (Subordinated Section 510(b) Claims), Class 8 (Intercompany Claims), Class 9 (Government Agency and Regulatory Claims), and Class 10 (Equity Interests).

13. Classes 1, 2, 3, 6, 7, and 9 are Impaired and entitled to vote on the Plan. Classes 4 and 5 are Unimpaired and deemed to accept the Plan. Classes 8 and 10 are Impaired, will receive no Distribution or retain no property under the Plan, and are deemed to reject the Plan. Under section 1126(c) of the Bankruptcy Code, a voting Class accepts the Plan if holders of at least two-thirds in amount and more than one-half in number of the Allowed Claims in that Class that actually vote accept the Plan.

## Relief Requested

14. By this Motion, the Debtors request that the Court enter the Solicitation Procedures Order granting the following relief:

i. conditionally approving the Disclosure Statement on an interim basis as providing adequate information within the meaning of section 1125(a) of the Bankruptcy Code;

ii. scheduling the Combined Hearing to consider final approval of the Disclosure Statement and confirmation of the Plan;

iii. approving the form, manner, and scope of notices of the Combined Hearing and the time fixed to (a) vote on the Plan and (b) file objections to confirmation of the Plan and final approval of the Disclosure Statement;

iv. establishing procedures for solicitation and tabulation of votes on the Plan;

v. approving the forms of Ballots; and

vi. granting related relief, all as set forth more fully herein.

**Basis for Relief**

**A. The Proposed Disclosure Statement Contains Adequate Information and Should Be Approved on a Conditional Basis for Purposes of Solicitation and Final Approval at the Combined Hearing.**

15. Numerous courts, including this Court, have conditionally approved disclosure statements as part of proceeding expeditiously toward confirmation. Final approval of the disclosure statement would then be obtained at the Combined Hearing, which includes confirmation of the plan. *See, e.g., Landmark Holdings of Florida, LLC, et al.*, Case No. 2:25-bk-00397 (Bankr. M.D. Fla. Aug. 12, 2025); *Bird Global, Inc., et al.*, Case No. 23-20514 (CLC) (Bankr. S.D. Fla. April 29, 2024); *In re Genesis Care Pty Limited, et al.*, Case No. 23-90614 (DRJ) (Bankr. S.D. Tex. October 2, 2023); *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. April 29, 2024).

16. The Debtors submit that the Disclosure Statement contains "adequate information" regarding the Plan within the meaning of section 1125 of the Bankruptcy Code for purposes of conditional approval and final approval at the Combined Hearing.

17. Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must provide holders of impaired Claims with "adequate information" regarding the proposed plan. In that regard, section 1125(a)(1) of the Bankruptcy Code provides:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).

18. The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision on whether to vote for the plan. *See, e.g.*, *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 271 (5th Cir. 2015) ("The proponent of a reorganization plan . . . must provide a court-approved disclosure statement that contains 'adequate information' about the assets, liabilities, and financial affairs of the debtor sufficient to enable creditors to make an 'informed judgment' about the plan.") (internal citations omitted); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan" (internal quotations omitted)); *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan."). Congress intended that such informed judgments would be needed both to negotiate the terms of, and to vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

19. "Adequate information" is a flexible standard, based on the facts and circumstances of each case. 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . "). In examining the adequacy of the information contained in a disclosure statement, a bankruptcy court has broad discretion. *See, e.g.*, *Mabey v. SW Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.)*, 150 F.3d 503, 518 (5th Cir. 1998) ("The legislative history of § 1125 indicates that, in determining what constitutes 'adequate

information' with respect to a particular disclosure statement, 'both the kind and form of information are left essentially to the judicial discretion of the court' and that 'the information required will necessarily be governed by the circumstances of the case.'" (internal citations omitted)), *cert. denied*, 526 U.S. 1144 (1999); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case-by-case basis. This determination is largely within the discretion of the bankruptcy court."). This grant of discretion was intended to facilitate effective reorganization of a debtor in the broad range of businesses in which a chapter 11 debtor engages, and the broad range of circumstances that accompany chapter 11 cases. *See* H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365 ("In reorganization cases, there is frequently great uncertainty. Therefore, the need for flexibility is greatest.").

20. In that regard, courts generally examine whether the disclosure statement contains, if applicable, the following types of information: (a) the circumstances that gave rise to the filing of the bankruptcy petition; (b) a complete description of the available assets and their value; (c) information regarding claims against the estate; (d) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan; (e) the anticipated future of the debtor; (f) the sources of the information provided in the disclosure statement; (g) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement; (h) the condition and performance of the debtor while in chapter 11; (i) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7; (j) the accounting and valuation methods used to produce the financial information in the disclosure statement; (k) information regarding the future management of the debtor, including the

amount of compensation to be paid to any insiders, directors and/or officers of the debtor; (l) a summary of the plan of reorganization; (m) the collectability of any accounts receivable; (n) information relevant to the risks being taken by the creditors and interest holders; (o) the existence, likelihood and possible success of non-bankruptcy litigation; (p) the tax consequences of the plan; and (q) the relationship of the debtor with and to its affiliates. *See In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988). This list of factors is not meant to be exhaustive, nor must a disclosure statement provide all the information on the list; rather, the court must decide what information is appropriate in each case.

21. Because the primary goal of the "adequate information" requirement is to ensure sufficient information is provided to enable parties entitled to vote to vote in an informed way, the Debtors contend that such standard is met by the Disclosure Statement. Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including, without limitation:

| **Information** | **Description** | **Location in Disclosure Statement** |
|---|---|---|
| Debtors' Corporate History, Structure, and Business Overview | An overview of the Debtors' corporate history, business operations, organizational structure, and capital structure. | Article III.A – III.B |
| Key Events During and Before the Chapter 11 Cases | A description of the events that precipitated the filing of the Chapter 11 Cases and the key events that have occurred during the Chapter 11 Cases | Article III.C – III.D |
| Risk Factors | Certain risks associated with the Debtors' business, as well as certain risks associated with forward-looking statements, and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement. | Article XIV |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for confirmation and consummation of the Plan. | Article IV |

| | | |
|---|---|---|
| Summary of the Plan | An overview of the key provisions set forth in the Plan, including the treatment of Claims and Interests, provisions governing the Liquidating Trust and Liquidating Trustee, the means for implementation of the Plan, the treatment of Executory Contracts and Unexpired Leases, and related provisions. | Articles V – XIII |
| Certain United States Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | Sections XIV.C.3 – XIV.C.6 |

22. Additionally, the Disclosure Statement provides conspicuous notice of the releases, exculpation provisions, and injunctions contained in Article IX of the Plan and described in Article XI of the Disclosure Statement. Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction. The Plan and Disclosure Statement satisfy that requirement.

23. Given the facts and circumstances of these Chapter 11 Cases, the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code and satisfies Bankruptcy Rule 3016(c). Accordingly, the Court should authorize the Debtors to use the Disclosure Statement during the solicitation period and consider final approval of the Disclosure Statement at the Combined Hearing.

**B. Scheduling of the Combined Hearing**

24. Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and provides that parties in interest may object to confirmation. 11 U.S.C. § 1128. Bankruptcy Rule 3017(a) also requires that the court "hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider the disclosure statement and any objections or modifications thereto." Fed. R. Bankr. P. 3017(a). Additionally, Bankruptcy Rule 3017(c) provides that, on or before

approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan. Fed. R. Bankr. P. 3017(c). Furthermore, Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, the trustee, all creditors and indenture trustees [of] not less than 28 days . . . by mail of the time fixed . . . for filing objections and the hearing to consider approval of a disclosure statement or, under § 1125(f), to make a final determination whether the plan provides adequate information so that a separate disclosure statement is not necessary." Fed. R. Bankr. P. 2002(b). Section 105(d)(2)(B)(vi) of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."). Pursuant to sections 1128(a) and 105(d)(2)(B)(vi) of the Bankruptcy Code, the Debtors request that the Court set the Combined Hearing to consider confirmation of the Plan and final approval of the Disclosure Statement.

25. Accordingly, the Debtors respectfully request that the Court conduct the Combined Hearing to consider (a) final approval of the Disclosure Statement and (b) confirmation of the Plan on November 17, 2026, at 4:00 p.m. (prevailing Eastern Time) (the "**Combined Hearing Date**"). The Debtors further request that any adjournment or continuance of the Combined Hearing be effective upon announcement in open court and/or the filing of a notice with the Court and service on parties entitled to notice under Bankruptcy Rule 2002 or otherwise.

**C. The Proposed Procedures and Deadlines for Briefing Are Reasonable and Appropriate Under the Circumstances.**

26. The Debtors respectfully request that the Court establish the following deadlines and procedures relating to confirmation of the Plan and final approval of the Disclosure Statement:

a. Objections and responses, if any, to confirmation of the Plan or final approval of the Disclosure Statement must (i) be in writing; (ii) set forth the name and address of the objecting party, the nature and amount of any Claim or Interest asserted by the objector, the grounds for the objection, and any evidence in support thereof; (iii) conform to the Bankruptcy Rules and Local Rules; (iv) be filed with the Court; and (v) be served in the manner stated in the Combined Hearing Notice so as to be actually received on or before November 10, 2026, at 5:00 p.m. (prevailing Eastern Time) (the "**Plan Objection Deadline**"). Any objection not properly and timely filed and served may be deemed waived.

b. The Balloting Agent shall file a certification (the "**Voting Certification**") setting forth the amount and number of Claims in each voting Class accepting or rejecting the Plan on or before November 13, 2026, at 5:00 p.m. (prevailing Eastern Time), which shall be at least two days before the Combined Hearing as required by Local Rule 3018-1(d). The Voting Certification shall be served on the parties on the Official Service List and on any other party that timely filed an objection to the Plan.

c. The deadline for the Debtors and any other parties in interest to file papers in support of final approval of the Disclosure Statement and confirmation of the Plan, and the deadline to file replies to objections, shall be November 13, 2026, at 5:00 p.m. (prevailing Eastern Time), or such other date and time established in the Solicitation Procedures Order. Such papers shall be served electronically on the parties on the Official Service List and on any party that timely filed an objection.

27. The Debtors submit that the proposed deadlines and procedures for objecting to confirmation of the Plan and final approval of the Disclosure Statement, filing the Voting Certification, filing supporting papers and replies, and conducting the Combined Hearing are reasonable, appropriate under the circumstances, and consistent with the Bankruptcy Rules and Local Rules.

**D. Approval of the Form and Manner of Notice of the Combined Hearing**

28. Bankruptcy Rule 3017(a) provides that, before a proposed disclosure statement is approved, it must be served on the United States Trustee, any statutorily appointed committee, the Securities and Exchange Commission (the "**SEC**"), and any party in interest that makes a written request for a copy of the disclosure statement or plan. *See* Fed. R. Bankr. P. 3017(a). In accordance with Bankruptcy Rule 3017(a), the Debtors have served or will serve the Disclosure Statement and Plan on the Notice Parties (defined below) and will provide copies to any party that requests them.

29. Although Bankruptcy Rule 3017(a) only requires that the proposed disclosure statement be served upon the parties set forth above, all creditors, equity security holders, and other parties in interest must be provided with not less than 28 days' notice by mail of the time fixed for filing objections to and the hearing to consider approval of a proposed disclosure statement. *See id.*; Fed. R. Bankr. P. 2002(b), (d), and 3017(d). In addition, pursuant to Bankruptcy Rules 2002(b) and (d) and 3017(d), all creditors and equity security holders must receive at least 28 days' notice of the deadline for filing objections to and the hearing to consider confirmation of a chapter 11 plan. *See* Fed. R. Bankr. P. 2002(b), (d), and 3017(d).

30. Accordingly, with the assistance of the Balloting Agent, no later than three Business Days after entry of the Solicitation Procedures Order, or as soon as reasonably practicable thereafter, the Debtors propose to email, for all parties for whom the Debtors have email addresses, and mail, for all parties for whom the Debtors do not have email addresses, or cause to be emailed or mailed, as applicable, notice of the Combined Hearing, substantially in the form attached to the proposed Solicitation Procedures Order (the "**Combined Hearing Notice**"): (a) the United States Trustee; (b) counsel to the Committee; (c) the Examiner and her counsel; (d) the SEC; (e) all known holders of Claims and Equity Interests; (f) relevant Governmental Units and taxing

authorities; (g) all parties that filed a notice of appearance or request for notice; and (h) all other parties entitled to notice under Bankruptcy Rule 2002.

31. The Combined Hearing Notice, among other things, identifies: (a) the date, time, and place of the Combined Hearing to consider final approval of the adequacy of the Disclosure Statement and confirmation of the Plan; (b) the manner in which a copy of the Plan and Disclosure Statement may be obtained; (c) the deadline and procedures for asserting objections to approval of the Disclosure Statement on a final basis and confirmation of the Plan; and (d) a Quick Response ("**QR**") code directing parties to the Chapter 11 Cases' website maintained by the Balloting Agent and containing all of the foregoing information, together with additional information from these Chapter 11 Cases. The service of the Combined Hearing Notice as set forth herein will provide parties in interest with no fewer than 28 days' notice of the time fixed for filing objections to approval of the Disclosure Statement on a final basis or confirmation of the Plan and of the Combined Hearing in compliance with Bankruptcy Rules 2002(b), (d) and 3017(d).

32. The Debtors submit that the proposed notice program will afford due process to known holders of Claims and Interests through direct notice at the email addresses and/or addresses reflected in the Debtors' books and records, the Schedules, the Claims Register, and filed notices of transfer.

33. Through the proposed solicitation procedures, the Debtors will provide adequate notice of the time fixed to vote on the Plan, object to confirmation of the Plan and final approval of the Disclosure Statement, and appear at the Combined Hearing. The Debtors request that the Court approve the form, manner, and scope of notice as appropriate and in compliance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules. *See* Fed. R. Bankr. P. 9007; Fed. R. Bankr. P. 9008.

34. Accordingly, the Debtors submit that the proposed notice will provide adequate notice of the Combined Hearing to parties in interest and request approval of the Combined Hearing Notice and the proposed manner of service.

**E. The Proposed Procedures for Solicitation, Balloting, and Tabulation of Votes With Respect to the Plan Are Reasonable and Appropriate.**

***i. Distribution of the Solicitation Package, Including by Electronic Mail, Where Available, is Appropriate in Connection with these Chapter 11 Cases and Under Section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), and in the***

35. Section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d) require a plan proponent to transmit copies of the plan, the disclosure statement, and notice of the deadline for voting on the plan to creditors and equity security holders, except as otherwise ordered by the Court with respect to one or more Unimpaired Classes. 11 U.S.C. § 1126; Fed. R. Bankr. P. 3017(d).

36. The Debtors respectfully request that the Court establish September 29, 2026, as the Voting Record Date for purposes of determining (a) which holders of Claims in Classes entitled to vote may vote to accept or reject the Plan and (b) which holders of Claims and Interests in non-voting Classes are entitled to receive a notice of non-voting status.

37. Consistent with section 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), and as set forth in greater detail in the Voting Procedures attached to the proposed Solicitation Procedures Order, the Debtors, through Epiq Corporate Restructuring, LLC, as Claims and Balloting Agent (the "**Balloting Agent**"), propose to solicit acceptance of the Plan by distributing a solicitation package (the "**Solicitation Package**") by the date that is four Business Days after the entry of the Solicitations Procedures Order, or as soon as reasonably practicable after entry of the Solicitation Procedures Order. The Solicitation Package may include a QR code or electronic link providing access to:

a. the Disclosure Statement, with the Plan attached as an exhibit; and

b. the Solicitation Procedures Order, including the Voting Procedures.

The Solicitation Package also will include the following materials in paper or electronic form, as applicable:

a. a cover letter describing the contents of the Solicitation Package and instructions for obtaining, free of charge, paper or electronic copies of the Solicitation Package components;

b. the Combined Hearing Notice;

c. the applicable Ballot and voting instructions for holders of Claims in Classes entitled to vote on the Plan;

d. the applicable notice of non-voting status for holders of Claims or Interests that are not entitled to vote on the Plan and holders of unclassified Claims, as appropriate;

e. a pre-addressed return envelope for any holder receiving a paper Ballot; and

f. any other materials ordered by the Court to be distributed.

38. The Debtors request authority to distribute the Solicitation Packages, including Ballots, by email or first-class mail in paper or electronic format, including through an electronic link or QR code, as appropriate and in the Debtors' discretion, consistent with the provisions set forth in this Motion.

39. As set forth above, section 1125 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 govern the dissemination of disclosure statements, solicitation materials, and notice of confirmation proceedings, and afford the Court authority to approve procedures reasonably calculated to provide parties in interest with adequate notice and an opportunity to vote. *See* 11 U.S.C. § 1125; Fed. R. Bankr. P. 2002(b), 3017(d); *see also* Fed. R. Bankr. P. 9036 (authorizing electronic notice and service in circumstances prescribed therein). Furthermore, section 105(a) authorizes the Court to issue any order, process, or judgment necessary or appropriate to carry out the provisions of the Bankruptcy Code. Taken together, these authorities permit the Court to approve reasonable solicitation and noticing procedures, including electronic transmission of

solicitation materials where valid email addresses are available and alternative service by mail where electronic transmission is unavailable.

40. Moreover, in these Chapter 11 Cases, the Debtors solicited quotes from the Balloting Agent as to the cost of service in connection with the Plan and the Combined Hearing with and without the proposed electronic service. Based on a preliminary review, the Balloting Agent advised that solicitation without the proposed electronic service would cost the Debtors' Estates in excess of $125,000, while implementation of the electronic service set forth herein will provide savings to the Debtors' estates of $60,000 or more. Because these costs would likely be entitled to administrative expense priority above any general unsecured creditor recovery, these cost savings inure directly to the benefit of the Debtors' General Unsecured Creditors.

41. Consistent with these authorities and the substantial cost savings attendant to electronic solicitation, bankruptcy courts routinely exercise their discretion to authorize solicitation materials to be transmitted by email where a valid email address is available, with physical mail reserved for recipients for whom electronic delivery is unavailable. *See, e.g.*, *In re Tupperware Brands Corp.*, Case No. 24-12156 (BLS), Dkt. No. 572 ¶¶ 9–11, 16 (Bankr. D. Del. Mar. 7, 2025) (authorizing distribution of solicitation packages by email where available and otherwise by first-class mail, and authorizing service of combined hearing notice solely by email on parties with active email addresses); *In re Claire's Holdings LLC*, Case No. 25-11454 (BLS), Dkt. No. 416 ¶¶ 10–12 (Bankr. D. Del. Sept. 9, 2025) (authorizing distribution of solicitation packages by email where available and otherwise by first-class mail and finding such service sufficient under the Bankruptcy Code and Bankruptcy Rules); *In re Mountain Sports LLC*, Case No. 24-11385 (MFW), Dkt. No. 907 ¶¶ 8–11 (Bankr. D. Del. Jan. 14, 2026) (approving interim combined disclosure statement and plan and authorizing service of solicitation packages and

combined hearing notices by first-class mail or email where available); *see also In re Red Lobster Mgmt. LLC*, Case No. 6:24-bk-02486-GER, Dkt. No. 736 ¶¶ 20–27, 29–34 (Bankr. M.D. Fla. July 29, 2024) (approving combined disclosure-statement and confirmation procedures, electronic distribution of substantial solicitation materials, and electronic balloting).

42. Accordingly, the Debtors, through the Balloting Agent, propose to serve the Solicitation Packages and applicable non-voting notices, via email where available and otherwise by first-class mail, on the following entities (collectively, the "**Notice Parties**"): (i) the United States Trustee; (ii) counsel to the Committee; (iii) the Examiner and her counsel; (iv) the SEC; (v) each person that filed a notice of appearance or request for notice; (vi) each holder of a Claim in a Class entitled to vote, as reflected in the Debtors' books and records, the Schedules, the Claims Register, and any timely filed transfer of Claim; (vii) holders of Claims and Interests in non-voting Classes; (viii) relevant Governmental Units and taxing authorities; and (ix) all other parties entitled to notice under Bankruptcy Rule 2002. The Debtors may distribute Solicitation Packages or notices to additional parties in their discretion.

43. The Debtors submit that the proposed notice and service procedures will provide adequate notice to parties in interest while appropriately balancing the need for due process with the costs and burdens of solicitation.

***ii. The Proposed Voting Deadline is Appropriate Under the Circumstances.***

44. Bankruptcy Rule 3017(c) provides that, on or before approval of the disclosure statement, the Court shall fix a time within which holders of Claims and Interests may accept or reject the Plan. Fed. R. Bankr. P. 3017(c). The Debtors request that the Court establish November 10, 2026, at 5:00 p.m. (prevailing Eastern Time) (the "**Voting Deadline**"), as the deadline by which the Balloting Agent must actually receive completed Ballots from holders of

Claims entitled to vote on the Plan. The proposed Voting Deadline will provide holders sufficient time to review the Solicitation Package and cast their Ballots.

***iii. The Proposed Procedures for Balloting and Tabulation of Votes are Appropriate Under the Circumstances.***

45. The Debtors respectfully request that the Court approve and authorize the Debtors and the Balloting Agent to employ the balloting and vote-tabulation procedures set forth in the Voting Procedures. The Debtors submit that the proposed Voting Procedures, together with the forms of Ballots and the proposed notice procedures, afford holders of Claims eligible to vote a full and fair opportunity to accept or reject the Plan.

***iv. Methods for Submitting Ballots.***

46. The Voting Procedures provide that, to be counted, completed Ballots must be returned to and actually received by the Balloting Agent on or before the Voting Deadline by one of the authorized methods stated in the applicable Ballot, which may include first-class mail, overnight delivery, hand delivery, or electronic submission through the Balloting Agent's online portal (the "**E-Balloting Portal**").

47. Instructions for submitting an electronic Ballot through the E-Balloting Portal will be available on the Balloting Agent's website and included as part of the Ballot. The unique ballot data and audit trail created by electronic submission will become part of the record of the Ballot, and the holder's electronic signature will be deemed an original signature. Ballots submitted by email, facsimile, or any electronic means other than the E-Balloting Portal will not be counted unless otherwise authorized by the Debtors or ordered by the Court.

**F. The Proposed Forms of Ballots are Appropriate Under Bankruptcy Rule 3017(d).**

48. Bankruptcy Rule 3017(d) requires that "a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote

on the plan." Fed. R. Bankr. P. 3017(d); *see* Fed. R. Bankr. P. 3018(c) ("An acceptance or rejection shall . . . conform to the appropriate Official Form.").

49. As part of the Solicitation Package and as more fully set forth in the Voting Procedures, the Debtors propose to distribute class-specific Ballots to holders of Claims in Classes that are entitled to vote on the Plan.

50. The proposed Ballots conform in all material respects to Official Bankruptcy Form B 314, with modifications appropriate to the Plan, the applicable voting Class, the identity and amount of the holder's Claim, and the proposed Voting Procedures. The Ballots provide holders with clear instructions for voting to accept or reject the Plan and for timely returning the Ballot to the Balloting Agent.

51. Accordingly, the Debtors submit that the proposed forms of Ballots comply with Bankruptcy Rules 3017(d) and 3018(c) and should be approved.

**G. Non-Substantive Changes to the Plan and Disclosure Statement**

52. The Debtors request authority to make non-substantive changes to the Disclosure Statement, Plan, Solicitation Procedures Order, Ballots, notices, and related documents without further order of the Court. Such changes may include corrections of typographical or grammatical errors, completion of dates and docket references, and conforming changes among the Plan Documents and solicitation materials. This authority will avoid the time and expense of seeking additional Court approval for immaterial changes. Any material modification will be presented to the Court as required by the Bankruptcy Code and Bankruptcy Rules.

## Notice

53. Notice of this Motion has been given to (i) the United States Trustee; (ii) counsel to the Committee; (iii) the Examiner and her counsel; (iv) the SEC; (v) all parties that filed a notice of appearance or request for notice; and (vi) all other parties entitled to notice under Bankruptcy Rule 2002, in each case consistent with and in accordance with the orders of this Court. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter the Solicitation Procedures Order granting the Motion and such other and further relief as is just and proper.

Dated: September 21, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *\/s/Joseph A. Pack*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

# **Exhibit A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF ORDER (I) CONDITIONALLY APPROVING DISCLOSURE STATEMENT AS PROVIDING ADEQUATE INFORMATION WITHIN THE MEANING OF SECTION 1125(A) OF THE BANKRUPTCY CODE; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES ON PLAN OF LIQUIDATION; (III) APPROVING THE FORM OF BALLOTS; (IV) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND**

**CONFIRMATION OF THE PLAN; (V) APPROVING THE FORM, MANNER, AND SCOPE OF NOTICES; AND (VI) GRANTING RELATED RELIEF**

THIS MATTER came before the Court for hearing on September 29, 2026 at 3:30 p.m. (ET) (the "**Hearing**") upon the *Debtors' Motion for Entry of Order (I) Conditionally Approving Disclosure Statement as Providing Adequate Information Within the Meaning of Section 1125(a) of the Bankruptcy Code; (II) Establishing Procedures for Solicitation and Tabulation of Votes on Plan of Liquidation; (III) Approving the Form of Ballots; (IV) Scheduling a Hearing on Confirmation of the Plan; (V) Approving the Form, Manner, and Scope of Notices; and (VI) Granting Related Relief* [Dkt. No. ___] (the "**Motion**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order granting the relief described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED** as set forth herein.

2. The *First Amended Disclosure Statement for Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "**Disclosure Statement**"), is conditionally **APPROVED** as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code for purposes of solicitation, subject to final approval at the Combined Hearing.

3. The Debtors' request for a combined hearing to consider final approval of the Disclosure Statement and confirmation of the *Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (including all exhibits thereto and as may be amended, supplemented, or modified from time to time, the "**Plan**"), is **GRANTED**. The following schedule is **APPROVED**:

| Event | Date or Deadline |
|---|---|
| Voting Record Date | [__________], 2026 |
| Combined Hearing Notice Deadline | No later than four Business Days after entry of the Solicitation Procedures Order |
| Solicitation Deadline | No later than four Business Days after entry of the Solicitation Procedures Order |
| Plan Supplement Deadline | [__________], 2026 |
| Rule 3018(a) Motion Deadline | [__________], 2026, at [__________] (prevailing Eastern Time) |
| Plan Objection Deadline | [__________], 2026, at [__________] (prevailing Eastern Time) |
| Administrative Expense Claim Bar Date | [__________], 2026, at [__________] (prevailing Eastern Time) |
| Voting Deadline | [__________], 2026, at 5:00 p.m. (prevailing Eastern Time) |
| Deadline to File Documents in Support of Confirmation | [__________], 2026, at [__________] (prevailing Eastern Time) |
| Reply Deadline | [__________], 2026, at [__________] (prevailing Eastern Time) |
| Voting Certification Deadline | [__________], 2026, at [__________] (prevailing Eastern Time) |
| Combined Hearing | [__________], 2026, at [__________] (prevailing Eastern Time) |

4. The notice of the Combined Hearing, substantially in the form attached hereto as **Exhibit 1** (the "**Combined Hearing Notice**"), complies with Bankruptcy Rules 2002(b), 2002(d),

3017(a), and 3017(d), is reasonably calculated to provide due and sufficient notice under the circumstances, and is **APPROVED**. The Combined Hearing Notice shall be filed and served no later than three Business Days after entry of this Order. Service of the Combined Hearing Notice by email where a valid email address is available and otherwise by first-class mail is **APPROVED** and shall constitute adequate and sufficient notice.

5. The Voting Record Date is established as [__________], 2026, for purposes of determining (a) which holders of Claims in Classes entitled to vote may vote to accept or reject the Plan and (b) which holders of Claims and Interests in non-voting Classes are entitled to receive a notice of non-voting status, subject to the Solicitation Procedures.

6. The deadline to object to confirmation of the Plan and/or final approval of the Disclosure Statement is [__________], 2026, at [__________] (prevailing Eastern Time) (the "**Plan Objection Deadline**"). Any objection must (a) be in writing; (b) set forth the name and address of the objecting party, the nature and amount of any Claim or Interest asserted by the objector, the grounds for the objection, and any evidence in support thereof; (c) conform to the Bankruptcy Rules and Local Rules; (d) be filed with the Court; and (e) be served in the manner stated in the Combined Hearing Notice so as to be actually received on or before the Plan Objection Deadline. Any objection not properly and timely filed and served may be deemed waived.

7. All creditors and other parties-in-interest who wish to seek the allowance and/or payment of an administrative expense claim in these Chapter 11 Cases under section 503(b) of the Bankruptcy Code, other than Professional Fee Claims (each an "**Administrative Expense Claim**"), which Administrative Expense Claim may be entitled to priority under section 507(a) of the Bankruptcy Code (with the exception of professionals whose employment or engagement were approved by the Court pursuant to sections 327, 363 and/or 1103 of the Bankruptcy Code and

United States Trustee's fees), shall file an appropriate motion or application with the Court requesting such relief on or before [___________], 2026 (the "**Administrative Expense Claim Bar Date**"). Any such motion or application shall include an estimate of such Administrative Expense Claim from the date of the motion/application through the date of the Combined Hearing. Any holder of an Administrative Expense Claim who fails to comply with the terms of this Order shall be and is hereby barred from pursuing such Administrative Expense Claim in these Chapter 11 Cases or otherwise. In addition, any such Administrative Expense Claim not subject of an appropriate motion or application by the Administrative Expense Claim Bar Date shall be and is hereby denied with prejudice

8. The Solicitation Procedures, substantially in the form attached hereto as **Exhibit 2**, are **APPROVED** in their entirety.

9. The procedures for distributing the Solicitation Packages described in the Motion and the Solicitation Procedures satisfy the requirements of the Bankruptcy Code and Bankruptcy Rules and are **APPROVED**. The Debtors, through Epiq Corporate Restructuring, LLC, as Claims and Balloting Agent (the "**Balloting Agent**"), shall distribute or cause to be distributed Solicitation Packages to all holders of Claims entitled to vote to accept or reject the Plan by [__________], 2026, or as soon as reasonably practicable thereafter (the "**Solicitation Deadline**").

10. The Debtors and the Balloting Agent are authorized to distribute the Combined Hearing Notice, Solicitation Packages, Ballots, and applicable non-voting notices by email where a valid email address is available and otherwise by first-class mail. The Debtors and the Balloting Agent may provide the Plan, Disclosure Statement, this Order, the Solicitation Procedures, and other Solicitation Package materials through an electronic link or QR code. Any recipient may

request paper copies of materials made available electronically, free of charge, from the Balloting Agent.

11. If an electronic transmission is returned as undeliverable and a physical mailing address for the recipient is available in the Debtors' books and records, the Schedules, the Claims Register, or a filed notice of transfer or address change, the Debtors and the Balloting Agent are authorized to serve the applicable materials by first-class mail as soon as reasonably practicable. The Debtors and the Balloting Agent are not required to conduct additional research for updated contact information beyond the procedures set forth herein and in the Motion.

12. The Debtors are authorized, but not directed or required, to distribute the Combined Hearing Notice separately from the remaining documents included in a Solicitation Package. If the Combined Hearing Notice is distributed separately, the Debtors are not required to include an additional copy in the Solicitation Package.

13. The form of Ballot, including the voting instructions and provisions regarding Contributed Claims, substantially in the form attached hereto as **Exhibit 3**, is **APPROVED** for use with respect to each voting Class and subclasses, with the Balloting Agent authorized to populate the applicable Class designation, Claim description, holder information, Claim amount, and unique E-Ballot identification information for each recipient.

14. The Balloting Agent is authorized to accept Ballots through the E-Balloting Portal identified in the Ballot. The Balloting Agent shall retain the electronic ballot data created by such submission, which shall become part of the record of the Ballot, and a holder's electronic signature submitted through the E-Balloting Portal shall be deemed an original signature for purposes of voting on the Plan. Ballots submitted by facsimile, email, or any electronic means other than the

E-Balloting Portal shall not be counted unless otherwise authorized by the Debtors or ordered by the Court.

15. The notices of non-voting status, substantially in the forms attached hereto as **Exhibits 4-A**, **4-B**, and **4-C**, are **APPROVED**. Holders of Claims in Classes 4 and 5 shall receive the applicable deemed-to-accept notice and shall not receive a Ballot. Holders of Claims or Interests in Classes 8 and 10 shall receive the applicable deemed-to-reject notice and shall not receive a Ballot. Holders of unclassified Claims that are not entitled to vote shall receive the applicable unclassified-claims notice and shall not receive a Ballot.

16. The deadline for filing a motion pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of a Claim for voting purposes is [__________], 2026, at [__________] (prevailing Eastern Time) (the "**Rule 3018(a) Motion Deadline**"). Any such motion must be filed and served in accordance with the Bankruptcy Rules, Local Rules, this Order, and the Solicitation Procedures.

17. The Debtors' rights pursuant to section 1126(e) of the Bankruptcy Code to request that the Court designate any Ballot or Ballots as not having been cast in good faith are expressly preserved.

18. For purposes of serving the Solicitation Packages and notices, the Debtors and the Balloting Agent are authorized to rely on the email and physical address information reflected in the Debtors' books and records, the Schedules, the Claims Register, filed notices of transfer or address change, and other reasonably available records as of the Voting Record Date. The Debtors and the Balloting Agent are excused from re-serving by mail any Solicitation Package or notice returned by the United States Postal Service or other carrier as undeliverable unless they receive, on or before the Voting Deadline, written notice of a corrected address.

19. The Debtors are authorized to make non-material changes to the Disclosure Statement, the Plan, the Solicitation Procedures, the Ballots, the Combined Hearing Notice, the non-voting notices, and related documents without further order of the Court, including changes to correct typographical or grammatical errors, complete dates and references, and make conforming changes among the Plan Documents and solicitation materials, provided that any material modification shall be presented to the Court as required by the Bankruptcy Code and Bankruptcy Rules.

20. The Balloting Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages and notices, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan, (c) responding to inquiries from holders of Claims or other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and related documents and procedures, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors and interest holders regarding the Plan. The Balloting Agent shall be entitled to the protections and provisions provided in and by the *Order Granting Debtors' Application for Entry of an Order Authorizing Debtors to Employ and Retain Epiq Corporate Restructuring, LLC as Notice, Claims and Solicitation Agent Effective as of the Petition Date* [Docket No. 71], to the extent applicable to services rendered in connection with this Order.

21. The Debtors and the Balloting Agent are authorized to take any and all actions reasonably necessary or appropriate to implement the terms of this Order and the Solicitation Procedures.

22. The Debtors' rights to modify, amend, or withdraw the Plan to the extent permitted under the Bankruptcy Code and Bankruptcy Rules are expressly preserved.

23. This Order shall be immediately effective and enforceable upon its entry.

24. The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

*Attorney Joseph A. Pack, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, consistent with the other Orders of this Court, and file a proof of service within three days of entry of this Order.*

# **<u>Exhibit 1 to Order</u>**

## **Combined Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**NOTICE OF (A) DEADLINE TO CAST VOTES TO ACCEPT OR REJECT THE PLAN, (B) COMBINED HEARING TO CONSIDER FINAL APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN, (C) DEADLINE TO OBJECT TO CONFIRMATION AND FINAL APPROVAL OF THE DISCLOSURE STATEMENT, AND (D) RELATED MATTERS AND PROCEDURES**

On [__________], 2026, the United States Bankruptcy Court for the Middle District of Florida (the "Court") entered an order (the "**Solicitation Procedures Order**") conditionally approving the *First Amended Disclosure Statement for Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (as may be amended, supplemented, or modified from time to time, the "**Disclosure Statement**") as containing adequate information within the meaning of section 1125(a) of title 11 of the United States Code (the "**Bankruptcy Code**") for purposes of solicitation and authorizing the Debtors to solicit votes regarding acceptance or rejection of the *Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (as may be amended, supplemented, or modified from time to time, the "**Plan**").

**Voting Record Date:** The Voting Record Date for purposes of determining which holders of Claims are entitled to vote on the Plan, subject to the Solicitation Procedures, is [__________], 2026.

**Voting Deadline:** If you held a Claim as of the Voting Record Date in a Class entitled to vote on the Plan, you will receive a Ballot and voting instructions appropriate for your Claim. For your vote to be counted in connection with confirmation of the Plan, you must follow the voting instructions and

complete, sign, and submit the Ballot so that it is actually received by Epiq Corporate Restructuring, LLC ("Epiq"), as Claims and Balloting Agent, no later than [__________], 2026, at 5:00 p.m. (prevailing Eastern Time) (the "**Voting Deadline**"). Any failure to follow the voting instructions may disqualify your Ballot and your vote on the Plan.

**Objections to Confirmation and Final Approval of the Disclosure Statement:** The Court has established [__________], 2026, at [__________] (prevailing Eastern Time) (the "**Plan Objection Deadline**"), as the deadline for filing and serving objections to confirmation of the Plan and final approval of the Disclosure Statement. Any objection must (a) be in writing; (b) set forth the name and address of the objecting party, the nature and amount of any Claim or Interest asserted by the objector, the grounds for the objection, and any evidence in support thereof; (c) conform to the Bankruptcy Rules and Local Rules; (d) be filed with the Court; and (e) be served so as to be actually received by the Plan Objection Deadline upon: Pack Law, 4649 Ponce de Leon Blvd., Suite 405, Coral Gables, Florida 33146, Attn: Joseph A. Pack and Jessey J. Krehl (joe@packlaw.com; jessey@packlaw.com), counsel to the Debtors; and such other parties as may be identified in the Solicitation Procedures Order. Any objection not properly and timely filed and served may be deemed waived.

**Combined Hearing:** The Combined Hearing to consider (a) final approval of the Disclosure Statement and (b) confirmation of the Plan will commence on [__________], 2026, at [__________] (prevailing Eastern Time), before the Honorable Catherine Peek McEwen, United States Bankruptcy Judge, in Courtroom 8B, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602. The Combined Hearing may be adjourned or continued from time to time by announcement in open court and/or the filing of a notice with the Court and service on parties entitled to notice under Bankruptcy Rule 2002 or otherwise, without further mailed notice.

**Plan Supplement:** The Debtors may file the Plan Supplement on or before [__________], 2026. The Plan Supplement will be available on the Debtors' case website maintained by Epiq at https://dm.epiq11.com/radd and through the Court's CM/ECF system (PACER account required).

**Inquiries and Copies of Solicitation Materials:** Copies of the Plan, Disclosure Statement, Solicitation Procedures Order, Ballots, and other solicitation materials may be obtained free of charge by accessing the Debtors' case website maintained by Epiq at https://dm.epiq11.com/radd. Documents filed with the Court also may be obtained through PACER at https://ecf.flmb.uscourts.gov/ (fees may apply). Requests for paper copies may be directed in writing to RAD Diversified REIT, c/o Epiq Corporate Restructuring, LLC, P.O. Box 4422, Beaverton, OR 97076-4422.

**Case Website: https://dm.epiq11.com/radd**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN AND DISCLOSURE STATEMENT IN THEIR ENTIRETY, AS YOUR RIGHTS MAY BE AFFECTED.**

**ARTICLE IX OF THE PLAN CONTAINS RELEASES BY THE DEBTORS AND THEIR ESTATES, EXCULPATION PROVISIONS, INJUNCTIONS, AND RELATED PROVISIONS. HOLDERS OF CLAIMS AND INTERESTS SHOULD CAREFULLY REVIEW ARTICLE IX OF THE PLAN AND THE RELATED DISCLOSURES IN THE DISCLOSURE STATEMENT BEFORE VOTING OR DECIDING WHETHER TO OBJECT.**

# Exhibit 2 to Order

## Solicitation Procedures

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**SOLICITATION PROCEDURES**

On [__________], 2026, the United States Bankruptcy Court for the Middle District of Florida (the "**Court**") entered the Solicitation Procedures Order conditionally approving the *First Amended Disclosure Statement for Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (as may be amended, supplemented, or modified from time to time, the "**Disclosure Statement**") and authorizing the Debtors to solicit votes regarding acceptance or rejection of the *Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (as may be amended, supplemented, or modified from time to time, the "**Plan**"). Capitalized terms not otherwise defined herein have the meanings given to them in the Solicitation Procedures Order, the Plan, or the Disclosure Statement, as applicable.

**The Voting Record Date:** The Court has established [__________], 2026, as the voting record date (the "**Voting Record Date**") for purposes of determining (a) which holders of Claims in Classes entitled to vote may vote to accept or reject the Plan and (b) which holders of Claims and Interests in non-voting Classes are entitled to receive a notice of non-voting status.

**The Voting Deadline:** The Court has established [__________], 2026, at 5:00 p.m. (prevailing Eastern Time), as the deadline for Epiq to actually receive Ballots voting to accept or reject the Plan (the "**Voting Deadline**"). The Debtors may extend the Voting Deadline in their discretion, subject to any further order of the Court. To be counted, a Ballot must be properly completed,

signed, and submitted in accordance with the instructions accompanying the Ballot so that it is actually received by Epiq no later than the Voting Deadline. Ballots submitted by facsimile, email, or any means of electronic transmission other than Epiq's E-Balloting Portal will not be counted unless otherwise authorized by the Debtors or ordered by the Court.

**Form, Content, and Manner of Notices:** A Solicitation Package may include a QR code or electronic link providing access to the Disclosure Statement, with the Plan attached as an exhibit, and the Solicitation Procedures Order, including these Solicitation Procedures. The Solicitation Package also shall include the following materials in paper or electronic form, as applicable:

a. the Combined Hearing Notice;
b. the applicable Ballot and voting instructions for holders of Claims in Classes entitled to vote on the Plan;
c. the applicable notice of non-voting status for holders of Claims or Interests that are not entitled to vote on the Plan and holders of unclassified Claims, as appropriate;
d. a pre-addressed return envelope for any holder receiving a paper Ballot; and
e. any other materials ordered by the Court to be distributed.

**Distribution of Solicitation Packages:**

The Debtors, through Epiq, shall distribute Solicitation Packages and applicable notices by email where a valid email address is available and otherwise by first-class mail. The Plan, Disclosure Statement, Solicitation Procedures Order, these Solicitation Procedures, and other materials may be provided through an electronic link or QR code. Any recipient may request paper copies of materials made available electronically, free of charge, through Epiq. If electronic service is returned as undeliverable and a physical address is available, Epiq may serve the applicable materials by first-class mail as soon as reasonably practicable.

On or before the Solicitation Deadline, Epiq shall serve, or cause to be served, (a) the Solicitation Package on holders of Claims in voting Classes; (b) the applicable non-voting status notice and Combined Hearing Notice on holders of Claims or Interests in non-voting Classes and holders of unclassified Claims; and (c) the Combined Hearing Notice on all other parties entitled to notice under Bankruptcy Rule 2002. To avoid duplication and reduce expenses, the Debtors and Epiq may use commercially reasonable efforts to ensure that a holder of duplicative Claims classified in the same Class receives no more than one Solicitation Package and one Ballot with respect to such Claims, subject to the Debtors' right to provide additional materials as appropriate.

**Non-Voting Status Notices:** Classes 4 and 5 are Unimpaired and are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code. Classes 8 and 10 are Impaired, will receive no Distribution or retain no property under the Plan, and are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code. Administrative Expense Claims, Professional Fee Claims, Priority Tax Claims, and United States Trustee Statutory Fees are not classified for voting purposes. Holders in these non-voting categories shall receive the applicable non-voting status notice and the Combined Hearing Notice and shall not receive a Ballot.

## Voting and General Tabulation Procedures

**Holders of Claims Entitled to Vote:** Only holders of Claims in Classes 1, 2, 3, 6, 7, and 9 (including each applicable subclass) that are entitled to vote under these Solicitation

Procedures shall be entitled to submit Ballots. Subject to the provisions below, a holder may vote a Claim if, as of the Voting Record Date:

a. the holder timely filed a Proof of Claim by the applicable Bar Date, and the Claim has not been expunged, disallowed, withdrawn, superseded, or otherwise resolved and is not subject to an objection that precludes voting under these Solicitation Procedures;
b. the holder's Claim is listed in the Debtors' Schedules in a fixed, liquidated, non-contingent, and undisputed amount and has not been superseded by a timely filed Proof of Claim;
c. the Claim has been Allowed or otherwise fixed for voting purposes pursuant to an agreement or settlement with the Debtors, an order of the Court, or a document executed by the Debtors pursuant to authority granted by the Court;
d. the Claim has been temporarily allowed for voting purposes pursuant to Bankruptcy Rule 3018(a) or other order of the Court; or
e. the holder is the assignee of a Claim described above and the transfer has been fully effectuated under Bankruptcy Rule 3001(e) and reflected on the Claims Register as of the Voting Record Date.

**Resolution of Disputed Claims for Voting Purposes:** For voting purposes only, Disputed Claims shall be treated as follows:

a. Absent further order of the Court, if an objection seeks to reduce and allow a Claim in a specified amount, the holder shall be entitled to vote the Claim in the amount asserted by the Debtors in the objection.
b. If a Claim in a voting Class is subject to an objection that seeks disallowance, reclassification into a non-voting Class, or other relief that would eliminate the holder's right to vote, the holder shall not be entitled to vote on account of such Claim unless the objection is resolved, the Claim is temporarily allowed for voting purposes, or the Court orders otherwise.
c. A holder seeking temporary allowance of a Claim for voting purposes pursuant to Bankruptcy Rule 3018(a) must file and serve its motion no later than [__________], 2026, at [__________] (prevailing Eastern Time) (the "**Rule 3018(a) Motion Deadline**").
d. If, before the Voting Deadline, a Claim becomes entitled to vote through an order, stipulation, withdrawal of an objection, or other resolution, Epiq shall provide the holder with a Ballot or access to an electronic Ballot as soon as reasonably practicable, to the extent the holder has not already received one.

**Establishing Claim Amounts:** The Claim amount established under these procedures controls for voting purposes only and does not constitute allowance of a Claim for purposes of distribution or any other purpose under the Plan. In tabulating Ballots, the following hierarchy shall be used to determine the amount of a Claim for voting purposes:

a. the amount of the Claim fixed or agreed by the Debtors and the holder pursuant to a settlement, stipulation, or other agreement, or the amount set forth in an order of the Court;
b. the amount temporarily or otherwise Allowed for voting purposes under an order of the Court or under the disputed-claim procedures above;
c. the liquidated, non-contingent amount set forth in a timely filed Proof of Claim, excluding postpetition interest or other amounts not allowable under applicable law; provided that a Proof of Claim timely filed for unknown or undetermined amounts, or is wholly unliquidated, or contingent (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Debtors of the balloting Agent) and such

Claim has not been allowed, such Claims shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

d. if no timely Proof of Claim was filed and the holder was not required to file one, the liquidated, non-contingent, and undisputed amount listed in the Schedules; and

e. in the absence of the foregoing, the Claim shall not be entitled to vote unless otherwise ordered by the Court.

**General Ballot Tabulation:** The following procedures and assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive a requirement that is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, or an order of the Court:

a. Unless otherwise provided in these Solicitation Procedures, a Ballot must be actually received by Epiq on or before the Voting Deadline to be counted; the Debtors may, in their discretion, accept a late Ballot to the extent permitted by applicable law.

b. The Balloting Agent shall file the Voting Certification on or before [__________], 2026, at [__________] (prevailing Eastern Time), which shall be at least two days before the Combined Hearing as required by Local Rule 3018-1(d). The Voting Certification may identify Ballots containing material irregularities and the proposed treatment of such Ballots.

c. The method of delivery of a Ballot is at the election and risk of the holder. A Ballot is deemed delivered only when actually received by Epiq through an authorized method.

d. Completed Ballots may be submitted through Epiq's E-Balloting Portal at https://dm.epiq11.com/radd. Epiq's E-Balloting Portal is the sole manner in which Ballots will be accepted through electronic or online transmission.

e. Ballots submitted by email, facsimile, or any electronic means other than the E-Balloting Portal will not be counted unless otherwise authorized by the Debtors or ordered by the Court.

f. Ballots should not be sent to the Debtors, the Debtors' professionals, or any agent other than Epiq; Ballots sent to such persons will not be counted unless forwarded to and actually received by Epiq before the Voting Deadline or otherwise accepted by the Debtors.

g. If multiple Ballots are received from the same holder with respect to the same Claim(s) before the Voting Deadline, the last timely received, properly completed Ballot will be counted and prior Ballots will be disregarded.

h. A holder must vote all Claims within a particular Class consistently and may not split votes within the same Class. A Ballot that both accepts and rejects the Plan with respect to the same Claim will not be counted.

i. A person signing a Ballot in a fiduciary or representative capacity must indicate such capacity.

j. The Debtors may waive defects or irregularities in a Ballot to the extent permitted by applicable law, and any material waiver shall be reflected in the Voting Certification.

k. Neither the Debtors nor Epiq is required to notify a holder of defects or irregularities in a Ballot, and neither shall incur liability for failure to provide such notice.

l. Unless waived or otherwise ordered by the Court, defects or irregularities in a Ballot must be cured before the Voting Deadline or the Ballot may be rejected.

m. If designation of a vote under section 1126(e) of the Bankruptcy Code is requested, the Court shall determine whether such vote will be counted.

n. Subject to further order of the Court, the Debtors reserve the right to reject any Ballot not in proper form or not in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, this Order, or these Solicitation Procedures.
o. A Claim estimated or temporarily Allowed for voting purposes shall be counted only in the amount so estimated or Allowed and only for voting purposes.
p. The following Ballots shall not be counted: (i) a Ballot that is illegible or contains insufficient information to identify the holder or Claim; (ii) a Ballot cast by a person that does not hold a Claim in a voting Class; (iii) an unsigned Ballot, except a Ballot validly submitted through the E-Balloting Portal; (iv) a Ballot that is not marked to accept or reject the Plan or is marked both to accept and reject the Plan; and (v) a Ballot submitted by a holder not entitled to vote under these Solicitation Procedures.
q. After the Voting Deadline, no Ballot may be withdrawn or modified except with the Debtors' consent or by order of the Court, subject to Bankruptcy Rule 3018(a).
r. The Debtors may enter into stipulations with holders of Claims regarding the amount of a Claim for voting purposes.
s. For purposes of the numerosity requirements of section 1126(c), separate Claims held by the same creditor within a Class may be aggregated and treated as one Claim, while Claims held by separate affiliated entities shall be counted separately unless otherwise ordered by the Court.
t. Each Class 1 and 9 subclass shall be tabulated separately for purposes of determining acceptance or rejection of the Plan. To the extent Classes 2 or 3 are divided into subclasses under the Plan, the applicable subclass shall be tabulated as required by the Plan and applicable law.
u. Holders of duplicate claims within the same class will be sent one ballot in the amount of one claim regardless of whether the Debtors have objected to the duplicate claims. In addition, amending claims that are filed after the Voting Record Date will be disregarded for solicitation purposes.

**Amendments to the Plan and Solicitation Materials:** The Debtors may make non-substantive changes to the Disclosure Statement, Plan, Plan Supplement, Solicitation Procedures Order, these Solicitation Procedures, Ballots, Combined Hearing Notice, non-voting notices, and related documents without further order of the Court, including changes to correct typographical or grammatical errors, complete dates and references, and make conforming changes among the Plan Documents and solicitation materials. Any material modification will be presented to the Court as required by the Bankruptcy Code and Bankruptcy Rules.

# Exhibit 3 to Ballot

## Form of Ballot for Voting Classes

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE DEBTORS' JOINT FIRST AMENDED PLAN OF LIQUIDATION FOR HOLDERS OF CLASS [1 / 2 / 3 / 6 / 7 / 9] [FIRST MORTGAGE SECURED / JUDGMENT LIEN / MUNICIPAL LIEN / GENERAL UNSECURED / SUBORDINATED SECTION 510(B) / GOVERNMENT AGENCY AND REGULATORY] CLAIMS**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**VOTING DEADLINE: [__________], 2026, AT 5:00 P.M. (EASTERN TIME) (THE "VOTING DEADLINE").**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is actually received by Epiq Corporate Restructuring, LLC ("**Epiq**"), by no later than [__________], 2026, at 5:00 p.m. (Eastern Time), unless such time is extended in writing by the Debtors. Please submit a Ballot with your vote by ***one*** of the methods described below.

On [__________], 2026, the United States Bankruptcy Court for the Middle District of Florida (the "**Court**") entered the Solicitation Procedures Order conditionally approving the *First Amended Disclosure Statement for Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (as may be amended, supplemented, or modified from time to time, the "**Disclosure Statement**") and

authorizing the Debtors to solicit votes regarding acceptance or rejection of the *Debtors' Joint First Amended Plan of Liquidation*, dated September 21, 2026 (as may be amended, supplemented, or modified from time to time, the "**Plan**"). Capitalized terms not otherwise defined herein have the meanings given to them in the Solicitation Procedures Order, the Plan, or the Disclosure Statement, as applicable.

You are receiving this Ballot because you are a holder, as of [__________], 2026 (the "**Voting Record Date**"), of a Class [1 / 2 / 3 / 6 / 7 / 9-[__]] [First Mortgage Secured / Judgment Lien / Municipal Lien / General Unsecured / Subordinated Section 510(b) / Government Agency and Regulatory] Claim (your "**Claim**"). Accordingly, subject to the Solicitation Procedures, you are entitled to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement and Plan. If you received solicitation materials electronically and desire paper copies, or if you need additional copies, you may obtain them at no charge by accessing https://dm.epiq11.com/radd or by submitting a written request to Epiq at the addresses listed below. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making the certifications set forth herein. If you believe you received this Ballot in error or received the wrong Ballot, please contact Epiq promptly through the case website.

**If Submitting Your Vote through the E-Balloting Portal**

Epiq will accept Ballots if properly completed through the E-Balloting Portal. To submit your Ballot via the E-Balloting Portal, visit https://dm.epiq11.com/radd, click on the "E-Ballot" link under the Case Actions section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE: YOU WILL NEED THE FOLLOWING INFORMATION TO RETRIEVE AND SUBMIT YOUR CUSTOMIZED ELECTRONIC BALLOT:**

Unique E-Ballot ID#: ________________________________________________

**Epiq's E-Balloting Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Each E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Epiq on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors, your vote will not be counted unless otherwise accepted by the Debtors to the extent permitted by the Solicitation Procedures or ordered by the Court.

**If Submitting a Hard Copy of Your Ballot**

If you prefer to return a hard copy of your Ballot, you may return it in the enclosed pre-addressed, postage prepaid envelope or by one of the following methods:

| By First-Class Mail | By Overnight Courier or Hand Delivery |
|---|---|
| RAD Diversified REIT<br>c/o Epiq Ballot Processing<br>P.O. Box 4422<br>Beaverton, OR 97076-4422 | RAD Diversified REIT<br>c/o Epiq Ballot Processing<br>10300 SW Allen Boulevard<br>Beaverton, OR 97005 |

**Item 1. Amount of Claim**

The undersigned certifies that, as of the Voting Record Date, the undersigned was the holder or authorized signatory for the Claim(s) identified below. The voting amount shown or populated by Epiq is used solely for voting purposes and does not constitute allowance of the Claim for distribution or any other purpose.

| Voting Amount |
| --- |
| $ [_________________________] |

**Item 2. Vote on the Plan**

The holder of the Claim(s) identified in Item 1 votes to (check only one):

| | |
| --- | --- |
| **[ ] ACCEPT (vote FOR) the Plan** | **[ ] REJECT (vote AGAINST) the Plan** |

**Item 3. Contributed Claims**

If the Plan is confirmed and becomes effective, all causes of action that the Debtors are entitled to bring against third parties not released under the Plan and other Retained Causes of Action will be transferred to the Liquidating Trust on the Effective Date. In addition to these causes of action that can only be commenced by the Liquidating Trustee, certain creditors may have direct causes of action against third parties associated with the Debtors and their Affiliates that are not released under the Plan. However, it may be difficult and expensive for individual creditors to sue third parties for losses relating to the Debtors and their Affiliates. Accordingly, Holders of Claims and Interests can elect to contribute direct causes of action to the Liquidating Trust. By opting in to contribute causes of action to the Liquidating Trust, you are giving the Liquidating Trustee the right to pursue those direct causes of action on your behalf together with other creditors. As a result, the Liquidating Trustee will be able to use their resources to sue on account of those direct causes of action, or otherwise compromise or settle those direct causes of action, and all recoveries will inure to the benefit of all creditors entitled to receive a distribution from the Liquidating Trust and not just those that agreed to contribute their claims. In other words, if the Liquidating Trustee prevails on or compromises any Contributed Claim that you contribute, those recoveries will be distributed among all creditors entitled to receive such recoveries and will not be distributed solely to you. For the avoidance of doubt, the decision to "opt in" to contribute claims is entirely voluntary, and the failure to "opt in" does not prejudice any electing creditors' rights.

By electing such option, you agree that, subject to the occurrence of the Effective Date, you will be deemed, without further action, (i) to have irrevocably contributed your Contributed Claims to the Liquidating Trust, and (ii) to have agreed to execute any documents reasonably requested by the Debtors or the Liquidating Trust to memorialize and effectuate such contribution.

**The Committee strongly encourages you to elect to contribute your Contributed Claims to the Liquidating Trust, which will allow the Liquidating Trustee to potentially seek greater recoveries for the benefit of Holders of Allowed Claims.**

**☐ By checking this box, you elect to contribute your Contributed Claims to the Liquidating Trust.**

**Definitions Related to Contributed Claims:**

"Contributed Claim" means any direct Cause of Action that any Contributing Claimant has against any Person (other than a Debtor) that had a direct relationship with the Debtors, their predecessors, or respective Affiliates and that harmed such Contributing Claimant in the claimant's capacity as a creditor of the Debtors, including (a) any Cause of Action based on, arising out of, or related to the marketing, sale, and issuance of securities or investments that were offered by the Debtors or their Affiliates, or any Person acting on behalf of the Debtors or their Affiliates; (b) any Cause of Action based on, arising out of, or related to any alleged misrepresentation in connection with any of the Debtors' (or their Affiliates') financial information, business operations, or related internal controls; and (c) any Cause of Action based on, arising out of, or related to any alleged failure to disclose, or actual or attempted cover up or obfuscation of, any of the Debtors' (or their Affiliates') conduct prior to the Petition Date; *provided, however*, that Contributed Claims do not include (i) any derivative claims of the Debtors, (ii) any direct claims against the Released Parties, or (iii) any claims that cannot be assigned under applicable law.

"Contributing Claimant" means any Holder of a Claim or Interest that elects through its Ballot, in accordance with the procedures set forth in Article VI.C of the Disclosure Statement, to contribute its Contributed Claims to the Liquidating Trust in order for the Liquidating Trustee to pursue such Contributed Claims for the benefit of Holders of Allowed Claims entitled to receive a distribution under the Plan.

**Item 4. Certifications**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

a. as of the Voting Record Date, the undersigned is either (i) the holder of the Claim(s) being voted or (ii) an authorized signatory for an Entity that is the holder of the Claim(s) being voted;
b. the undersigned, or the holder on whose behalf the undersigned is acting, has received or obtained access to the Solicitation Package and acknowledges that solicitation is being made pursuant to the terms and conditions set forth therein;
c. the undersigned has cast the same vote with respect to all Claims held by the same holder within the applicable Class; and
d. no other Ballot with respect to the Claim(s) identified in Item 1 has been cast or, if an earlier Ballot has been cast with respect to such Claim(s), the earlier Ballot is hereby revoked to the extent permitted by the Solicitation Procedures.

**Name of Holder:** ____________________

**Signature:** ____________________

**Name of Signatory:** ____________________

**Title:** ____________________

**Address:** ____________________

**Telephone Number:** ____________________

**Email:** ____________________

**Date Completed:** ____________________

**PLEASE SUBMIT YOUR BALLOT PROMPTLY.**

**IF EPIQ DOES NOT ACTUALLY RECEIVE THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, AND IF THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE MAY NOT BE COUNTED EXCEPT AS PERMITTED BY THE SOLICITATION PROCEDURES OR ORDERED BY THE COURT.**

**Instructions for Completing This Ballot**

1. The Debtors are soliciting the votes of holders of Claims in voting Classes with respect to the Plan. **PLEASE READ THE PLAN AND DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT**.
2. The Plan may be confirmed by the Court and made binding on you if the requirements of section 1129 of the Bankruptcy Code are satisfied. The Debtors may seek confirmation under section 1129(b) with respect to any rejecting Class. Please review the Disclosure Statement for additional information.
3. To ensure that your Ballot is counted, complete and submit the Ballot as instructed herein. Ballots will not be accepted by email or facsimile. Electronic Ballots may be submitted ***only*** through Epiq's E-Balloting Portal.
4. Use of Ballot. To ensure that your Ballot is counted, (a) complete the Ballot in accordance with these instructions; (b) clearly indicate your decision either to accept or reject the Plan in Item 2; and (c) sign and submit the Ballot using an authorized method.
5. Your Ballot must be actually received by Epiq on or before [__________], 2026, at 5:00 p.m. (prevailing Eastern Time), unless the Voting Deadline is extended.
6. The following Ballots will not be counted unless otherwise permitted by the Solicitation Procedures or ordered by the Court: (a) a Ballot that both accepts and rejects the Plan with respect to the same Claim; (b) a Ballot sent to the Debtors or their professionals instead of Epiq; (c) a Ballot submitted by email or facsimile; (d) a Ballot that is illegible or contains insufficient information to identify the holder or Claim; (e) a Ballot cast by a party that does not hold a Claim entitled to vote; (f) an unsigned Ballot, except a Ballot validly submitted through the E-Balloting Portal; or (g) a Ballot not marked to accept or reject the Plan.
7. The method of delivery of a Ballot is at the election and risk of the holder. Delivery is effective only upon Epiq's actual receipt of the Ballot through an authorized method. Holders submitting paper Ballots should allow sufficient time for delivery.
8. If multiple Ballots are received from the same holder with respect to the same Claim(s) before the Voting Deadline, the latest timely received and properly completed Ballot will supersede any earlier Ballot, subject to the Solicitation Procedures.
9. A holder must vote all Claims within the same Class consistently and may not split its vote within that Class.
10. This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim, (b) an assertion or admission of a Claim, or (c) an allowance of any Claim for purposes other than voting.
11. If signing in a trustee, executor, administrator, guardian, attorney-in-fact, officer, or other fiduciary or representative capacity, indicate that capacity and, if requested, provide evidence of authority to act for the holder.
12. If you hold Claims in more than one voting Class or subclass, you may receive more than one Ballot. Each Ballot votes only the Claim(s) identified on that Ballot. Please complete and submit each Ballot you receive, as applicable.

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT, THESE VOTING INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE VISIT THE DEBTORS' CASE WEBSITE AT HTTPS://DM.EPIQ11.COM/RADD, OR EMAIL EPIQ AT BALLOTING@EPIQGLOBAL.COM AND REFERENCE "RAD DIVERSIFIED REIT" IN THE SUBJECT LINE.**

# <u>Exhibit 4-A to Order</u>

## Non-Voting Status Notice
## (Deemed to Accept)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**NON-VOTING STATUS NOTICE WITH RESPECT TO CLASSES DEEMED TO ACCEPT (CLASSES 4 AND 5)**

**PLEASE TAKE NOTICE THAT o**n [__________], 2026, the Court entered the Solicitation Procedures Order conditionally approving the Disclosure Statement and authorizing solicitation with respect to the Plan. Capitalized terms not otherwise defined herein have the meanings given to them in the Solicitation Procedures Order, the Plan, or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, Plan, Solicitation Procedures Order, and other solicitation materials may be obtained free of charge by accessing Epiq's case website at https://dm.epiq11.com/radd. Documents filed with the Court also may be obtained through PACER at https://ecf.flmb.uscourts.gov/ (fees may apply).

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are a holder of a Class 4 Other Secured and/or Class 5 Priority Non-Tax Claim. Under the Plan, Classes 4 and 5 are Unimpaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Accordingly, you are not entitled to vote to accept or reject the Plan and will not receive a Ballot.

This notice and the Combined Hearing Notice are being sent to you for informational purposes only. You retain the right to object to confirmation of the Plan and final approval of the Disclosure Statement in accordance with the Combined Hearing Notice and the Solicitation Procedures Order.

**PLEASE CAREFULLY REVIEW THE PLAN, DISCLOSURE STATEMENT, COMBINED HEARING NOTICE, AND SOLICITATION PROCEDURES ORDER, AS YOUR RIGHTS MAY BE AFFECTED.**

# Exhibit 4-B to Order

## Non-Voting Status Notice
## (Deemed to Reject)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**NON-VOTING STATUS NOTICE WITH RESPECT TO CLASSES DEEMED TO REJECT (CLASSES 8 AND 10)**

**PLEASE TAKE NOTICE THAT** on [__________], 2026, the Court entered the Solicitation Procedures Order conditionally approving the Disclosure Statement and authorizing solicitation with respect to the Plan. Capitalized terms not otherwise defined herein have the meanings given to them in the Solicitation Procedures Order, the Plan, or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, Plan, Solicitation Procedures Order, and other solicitation materials may be obtained free of charge by accessing Epiq's case website at https://dm.epiq11.com/radd. Documents filed with the Court also may be obtained through PACER at https://ecf.flmb.uscourts.gov/ (fees may apply).

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are a holder of a Class 8 Intercompany Claim and/or Class 10 Equity Interest. Under the Plan, Classes 8 and 10 are Impaired and holders in such Classes will receive no Distribution or retain no property on account of such Claim or Interest. Pursuant to section 1126(g) of the Bankruptcy Code, Classes 8 and 10 are deemed to have rejected the Plan. Accordingly, you are not entitled to vote to accept or reject the Plan and will not receive a Ballot.

This notice and the Combined Hearing Notice are being sent to you for informational purposes only. You retain the right to object to confirmation of the Plan and final approval of the Disclosure Statement in accordance with the Combined Hearing Notice and the Solicitation Procedures Order.

**PLEASE CAREFULLY REVIEW THE PLAN, DISCLOSURE STATEMENT, COMBINED HEARING NOTICE, AND SOLICITATION PROCEDURES ORDER, AS YOUR RIGHTS MAY BE AFFECTED.**

**Exhibit 4-C to Order**

**Non-Voting Status Notice**
**(Unclassified Claims)**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**NON-VOTING STATUS NOTICE WITH RESPECT TO UNCLASSIFIED CLAIMS**

**PLEASE TAKE NOTICE THAT** on [__________], 2026, the Court entered the Solicitation Procedures Order conditionally approving the Disclosure Statement and authorizing solicitation with respect to the Plan. Capitalized terms not otherwise defined herein have the meanings given to them in the Solicitation Procedures Order, the Plan, or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, Plan, Solicitation Procedures Order, and other solicitation materials may be obtained free of charge by accessing Epiq's case website at https://dm.epiq11.com/radd. Documents filed with the Court also may be obtained through PACER at https://ecf.flmb.uscourts.gov/ (fees may apply).

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are a holder of an Administrative Expense Claim, Professional Fee Claim, Priority Tax Claim, or United States Trustee Statutory Fee Claim. Such Claims are not classified for voting purposes under the Plan. Accordingly, you are not entitled to vote to accept or reject the Plan and will not receive a Ballot.

This notice and the Combined Hearing Notice are being sent to you for informational purposes only. You retain any rights provided under the Plan, Bankruptcy Code, and applicable orders of the Court, including the right to object to confirmation of the Plan and final approval of the Disclosure Statement in accordance with the Combined Hearing Notice and the Solicitation Procedures Order.

**PLEASE CAREFULLY REVIEW THE PLAN, DISCLOSURE STATEMENT, COMBINED HEARING NOTICE, AND SOLICITATION PROCEDURES ORDER, AS YOUR RIGHTS MAY BE AFFECTED.**