**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**DEBTORS' MOTION TO APPROVE COMPROMISE WITH WILMINGTON SAVINGS FUND SOCIETY, FSB PURSUANT TO BANKRUPTCY RULE 9019**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Ste. 555, Tampa, Florida 33602 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), through their undersigned counsel, seek entry of an order (the "**Order**") pursuant to section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), approving the compromise between the Debtors and Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee of SG Alternative Title Trust 2025-NPL2 (the "**Mortgagee**") concerning the real properties located at 907 Centerbrook Dr., Brandon, Florida 33511 and 1808 Fox Circle, Clearwater, Florida 33764 (collectively, the "**Properties**"), and granting related relief, all on the terms set forth in the Order. In support of this Motion (the "**Motion**"), the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Debtors consent to the entry of a final order by this Court with respect to the relief requested herein to the fullest extent permitted by law.

2. Venue of these Chapter 11 Cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 9019.

## Background

4. On March 1, 2026 (the "**Petition Date**"), the Debtors, other than The Seminar Solution, LLC, and on September 4, 2026, The Seminar Solution, LLC, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases (the "**Chapter 11 Cases**").

5. The Debtors are operating their businesses and managing their property as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

7. DDH Fund, LLC, one of the Debtors, owns or holds an interest in the Properties. The Mortgagee asserts mortgage liens against the Properties, and the parties dispute the value of the Properties and the extent, if any, of equity available to the Debtors after satisfaction of the Mortgagee's liens.

8. On April 14, 2026, the Mortgagee filed its *Amended Motion for Relief from the Automatic Stay* with respect to 1808 Fox Circle [Dkt. No. 241] (the "**Stay Relief Motion**"). In the Stay Relief Motion, the Mortgagee asserts, among other things, that 1808 Fox Circle has a value of $477,805.00 and that $591,495.25 was due to the Mortgagee as of March 12, 2026. The Debtors dispute the value and equity issues implicated by the Stay Relief Motion.

9. The Court has set the Stay Relief Motion for a final evidentiary hearing on September 29, 2026 at 10:00 a.m. [Dkt. No. 1021], and the Mortgagee is likely to imminently file another motion requesting relief from the automatic stay as to 907 Centerbrook Dr., Brandon, Florida 33511. Absent a compromise, the parties would be required to incur additional professional fees and expenses, including expenses associated with valuation evidence and expert testimony, to litigate the value and equity issues to conclusion.

**The Compromise**

10. To avoid the expense, delay, and uncertainty of continued litigation, the Debtors and the Mortgagee have agreed to resolve their disputes concerning the Properties on the following

terms (the "**Compromise**"), which will be embodied in and become effective pursuant to the Order:

a. *Cash Consideration*. The Mortgagee will pay the Debtors $5,000.00 with respect to each Property, for aggregate consideration of $10,000.00.

b. *Stay Relief*. Upon payment of the settlement consideration, the automatic stay will be terminated as to the Properties to permit the Mortgagee to exercise any and all *in rem* rights it may have in the Properties, provided that the Mortgagee shall not seek or obtain any *in personam* relief against the Debtors.

c. *Foreclosure Action*: Upon payment of the settlement consideration listed herein, and upon entry of the Relief Order, the Debtor consents to entry of a Final Judgment of foreclosure in Case No. 25-CA-010383 and Case No. 25-CA-006052 in which there will be only *in rem relief* against the Debtor pursuant to this agreement.

d. *Related Relief*. The Debtors may cancel property or liability insurance maintained with respect to the Properties as provided in the Order; the fourteen-day stay under Bankruptcy Rule 4001(a)(4) will be waived; and the Stay Relief Motion and the scheduled evidentiary hearing will be resolved in accordance with the Order.

11. The Compromise is limited to the disputes concerning the Properties and the relief expressly set forth in the Order. It does not constitute an admission by any party as to the value of either Property, the amount of any equity, or the allowance, amount, classification, priority, or treatment of any claim asserted by the Mortgagee in the Chapter 11 Cases.

**Basis for Relief**

12. Bankruptcy Rule 9019(a) authorizes the Court, after notice and a hearing, to approve a compromise or settlement. *GMGRSST, Ltd. v. Menotte (In re Air Safety Int'l, L.C.)*, 336 B.R. 843, 852 (S.D. Fla. 2005); Fed. R. Bankr. P. 9019(a). There is a strong policy favoring settlement of disputes in bankruptcy cases. *In re Biocoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).

13. The governing standard in the Eleventh Circuit is set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied, 498 U.S. 959 (1990). Under

*Justice Oaks*, the Court considers: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interests of creditors and proper deference to their reasonable views.

14. The Compromise satisfies the Justice Oaks factors and falls well within the range of reasonableness.

a. *Probability of Success in Litigation*. The dispute turns principally on contested questions of value and equity as to each of the Properties. Those issues are inherently fact-dependent and would require the Court to weigh competing valuation evidence. The Compromise eliminates the risk that continued litigation could result in a determination that the Properties have less or no realizable equity for the Debtors while securing a fixed recovery for the estates.

b. *Difficulties in Collection*. The Compromise provides for a fixed cash payment by the Mortgagee as the consideration for stay relief. Because the settlement consideration is fixed and the stay relief is conditioned on payment, this factor supports approval or, at minimum, is neutral.

c. *Complexity, Expense, Inconvenience, and Delay*. Litigating the value and equity issues would require additional preparation, valuation evidence, and potentially expert testimony, with the attendant professional fees and uncertainty. The Stay Relief Motion is already set for a final evidentiary hearing. The Compromise avoids those costs and resolves the dispute without further trial.

d. *Paramount Interests of Creditors*. The Compromise provides the Debtors with a guaranteed $10,000.00 recovery in exchange for stay relief as to the Properties, while avoiding further litigation expense and the risk that the cost of establishing value or equity could materially diminish or exceed any incremental recovery. Conserving estate resources while obtaining a certain recovery serves the interests of creditors.

15. Considering the Compromise as a whole, the Debtors submit that it is fair and equitable, is well within the range of reasonableness, and provides a sensible resolution of disputed valuation issues that avoids further expense and risk. Accordingly, good and sufficient cause exists to approve the Compromise.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order approving the Compromise pursuant to Bankruptcy Rule 9019, granting the stay relief and related relief set forth therein, resolving the Stay Relief Motion in accordance with the Order, and granting such other and further relief as the Court deems just and proper.

Dated: September 21, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *\/s/ Jessey J. Krehl*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

I FURTHER CERTIFY that on September 14, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: */s/ Jessey J. Krehl*
Jessey J. Krehl
Florida Bar No. 1025848

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**ORDER (I) GRANTING DEBTORS' MOTION TO APPROVE COMPROMISE WITH WILMINGTON SAVINGS FUND SOCIETY, FSB PURSUANT TO BANKRUPTCY RULE 9019, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY, AND (III) CANCELLING EVIDENTIARY HEARING**

THIS MATTER came before the Court [without a hearing] upon the *Debtors' Motion to Approve Compromise with Wilmington Savings Fund Society, FSB, Solely as Owner Trustee of SG Alternative Title Trust 2025-NPL2 Pursuant to Bankruptcy Rule 9019* [Dkt. No. [____]]

(the "**Motion**");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and the Court having determined that the Motion was served upon all interested parties with the negative notice legend required by Local Rule 2002-4, informing parties in interest of their opportunity to file a response within 21 days from the date of service, plus any additional time applicable under the Rule; [and no party in interest having filed a response within the time permitted; and the Court therefore considering the Motion and the relief requested therein to be unopposed]; and the Court having reviewed the Motion; and the Court having determined that the compromise described in the Motion and embodied in this Order (the "**Compromise**") is fair and equitable, satisfies the factors set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), and falls within the range of reasonableness; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, and the Compromise is **APPROVED** pursuant to Bankruptcy Rule 9019.

2. As consideration for the relief granted herein, the Mortgagee shall pay the Debtors $5,000.00 with respect to each of the following properties, for an aggregate payment of $10,000.00 (the "**Settlement Payment**"): (a) 907 Centerbrook Dr., Brandon, Florida 33511; and (b) 1808 Fox Circle, Clearwater, Florida 33764 (collectively, the "**Properties**"), more particularly described as follows:

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

907 Centerbrook Dr., Brandon, Florida 33511:

THE LAND IS DESCRIBED AS FOLLOWS:

LOT 5, BLOCK 1, BLOOMINGDALE SECTION "F" - UNIT 2, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 53, PAGE(S) 8, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

PARCEL ID: 074819-1506

BEING ALL AND THE SAME LANDS AND PREMISES CONVEYED TO RAD DIVERSIFIED REIT, INC., A MARYLAND CORPORATION BY KURT H. SCHALLER AND DENISE M. SCHALLER, HUSBAND AND WIFE IN A DEED DATED 08/03/2022 AND RECORDED 08/08/2022 IN INSTRUMENT NO. 2022388425, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF HILLSBOROUGH COUNTY, FL.

1808 Fox Circle, Clearwater, Florida 33764:

The Land is described as follows:

Lot 42, Douglas Manor Estates 1st Addition, according to the Map or Plat thereof, as recorded in Plat Book 43, Page(s) 61, of the Public Records of Pinellas County, Florida.

Parcel Id: 24-29-15-22212-000-0420

Being all and the same lands and premises conveyed to Rad Diversified Reit, Inc, a Maryland Corporation by Joseph Korsak, a single man in a Deed dated 08/09/2022 and recorded 08/15/2022 in Book 22168 Page 2019 Instrument No 2022248965 in the Clerk's Office of the Circuit Court of Pinellas, Florida. For Further Reference: Being all and the same lands and premises conveyed to Joseph Korsak, a single man by Kim Sollows, a married woman in a Deed dated 07/08/2021 and recorded 07/16/2021 Book 21628 Page 1005 and Instrument No. 2021232951, in the Clerk's Office of the Circuit Court of Pinellas, Florida.

3. The stay relief granted in paragraphs 4 through 8 of this Order shall become effective only upon the Debtors' receipt of the Settlement Payment, without further action, notice, or order of this Court.

4. Upon the Debtors' receipt of the Settlement Payment, the automatic stay arising under section 362 of the Bankruptcy Code shall be terminated as to the Properties.

5. The automatic stay shall be terminated for the purpose of allowing the Mortgagee to take any and all steps necessary to exercise any and all *in rem* rights it may have in the Properties, including without limitation foreclosure, sale, obtaining title or possession, and such other and further *in rem* relief as may be available under applicable law; *provided*, *however*, that the Mortgagee shall not seek or obtain any *in personam* relief against any Debtor.

6. The Debtors may immediately cancel any property or liability insurance maintained with respect to the Properties retroactive to the Petition Date. The Mortgagee may complete

property preservation on the Properties without further notice to Debtors, provided the actions are required to protect the Mortgagee's interest in the Properties, and said actions are permitted by the terms of the loan documents and applicable law

7. The fourteen-day stay otherwise applicable under Bankruptcy Rule 4001(a)(4) is **WAIVED**.

8. The Mortgagee shall notify Pack Law at joe@packlaw.com, jessey@packlaw.com, and tanya@packlaw.com when each of the Properties is sold and/or transferred at foreclosure or such other proceeding in accordance with the stay relief granted herein.

9. Upon the effectiveness of the stay relief provided herein, the Mortgagee's *Amended Motion for Relief from the Automatic Stay* with respect to 1808 Fox Circle [Dkt. No. 241] shall be deemed resolved in accordance with this Order, and the evidentiary hearing presently scheduled for September 29, 2026 at 10:00 a.m. [Dkt. No. 1021], as may be continued from time to time, shall be **CANCELLED**. Except as expressly set forth herein, no additional relief is granted on account of the Stay Relief Motion.

10. Nothing in this Order constitutes a finding or admission as to the value of either of the Properties, the existence or amount of any equity, or the allowance, amount, classification, priority, or treatment of any claim asserted by the Mortgagee. Except as expressly set forth herein, all rights of the Debtors, the Mortgagee, the Committee, and other parties in interest with respect to any such claim are reserved.

11. This Court retains exclusive jurisdiction to implement, interpret, and enforce this Order and the Compromise.

###

*Attorney Joseph A. Pack, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, consistent with the other Orders of this Court, and file a proof of service within three days of entry of this Order.*