ORDERED.

**Dated: September 22, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**FURTHER ORDER GRANTING DEBTORS' MOTION TO USE CASH COLLATERAL**

THIS MATTER came before the Court for hearing on July 14, 2026 at 3:30 p.m. (the "**Hearing**") on the *Debtors' Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 361, and 363 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Use of Cash Collateral; (II) Granting Replacement Liens; (III) Granting Adequate Protection; and (IV) Scheduling Hearing* [Dkt. No.

50] (the "**Motion**"), *Debtors' First Supplement to the Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 361, and 363 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Use of Cash Collateral; (II) Granting Replacement Liens; (III) Granting Adequate Protection; and (IV) Scheduling Hearing* [Dkt. No. 81] (the "**First Supplement**"),[1] *Debtors' Second Supplement to the Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 361, and 363 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Use of Cash Collateral; (II) Granting Replacement Liens; (III) Granting Adequate Protection; and (IV) Scheduling Hearing* [Dkt. No. 250] (the "**Second Supplement**"), *Debtors' First Supplement to the Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 361, and 363 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Use of Cash Collateral; (II) Granting Replacement Liens; (III) Granting Adequate ProtecAtion; and (IV) Scheduling Hearing* [Dkt. No. 480] (the "**Third Supplement**"), and *Debtors' Fourth Supplement to the Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 361, and 363 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (I) Authorizing Use of Cash Collateral; (II) Granting Replacement Liens; (III) Granting Adequate ProtecAtion; and (IV) Scheduling Hearing* [Dkt. No. 768] (the "**Fourth Supplement**") (together, the First Supplement, Second Supplement, Third Supplement, and Fourth Supplement shall be referred to as the "**Supplements**") filed by the above-captioned jointly administered debtors and debtors-in-possession (collectively, the "**Debtors**"), and the objections (the "**Objections**") to the Motion filed by Fay Servicing, LLC, Selene Finance LP, and NewRez, LLC (collectively, the "**Objecting**

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such term in the Motion.

**<u>Lenders</u>**") [Dkt. Nos. 235, 236, and 239]. The Court, having reviewed the Motion, Supplements, and the *Declaration of Katie S. Goodman in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Dkt. No. 3], having heard argument of counsel for the Debtors and the Objecting Lenders, and for the reasons stated orally on the record at the Hearing that shall constitute the decision of the Court, it is,

**ORDERED**:

1. The Motion is **GRANTED**.

2. <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, and except as otherwise expressly set forth below with respect to cash collateral of the Objecting Lenders, the Debtors are authorized to use cash collateral to pay: (a) the current and necessary expenses set forth in the 5-Week Budget attached as Exhibit A to the Motion, plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by the Mortgagees (the "**<u>Secured Creditors</u>**"). This authorization will continue until further order of the Court. Except as authorized in this Order, the Debtors are prohibited from use of cash collateral. However, expenditures in excess of the line items in the budget or not on the budget will not be deemed to be unauthorized use of cash collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure. Expenditures in excess of the line items in the budget or not on the budget may, nonetheless, give rise to remedies in favor of the Secured Creditors.

3. Absent further order of the Court or written consent of the affected Objecting Lenders, the Debtors are prohibited from using cash collateral in the form of rents collected from any of the properties identified in the Objections (each a "**<u>Parcel</u>**" and collectively, the "**<u>Parcels</u>**") for any purpose other than paying ordinary and necessary post-petition expenses associated with

such Parcel. Within seven (7) days of the date of this Order, counsel for the Debtors and counsel for the Objecting Lenders shall meet and confer to discuss a consensual cash collateral budget. Within fourteen (14) days of the date of this Order, Debtors shall provide counsel for the Objecting Lenders with an accounting of all rents collected and expenses paid specifically relating to each of the Parcels from the Petition Date through the date of the Hearing.

4. Debtor Obligations. Debtors shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

5. Reporting. Debtors shall file with the Court a monthly report detailing all rents collected and all expenses paid on each property.

6. Replacement Lien. Each of the Mortgagees shall have a perfected post-petition lien replacement lien in rents from each of their respective properties to the same extent and with the same validity and priority as their respective prepetition lien (if any), without the need to file or execute any document as may otherwise be required under applicable non bankruptcy law.

7. Without Prejudice. This order is without prejudice to: (a) any subsequent request by a Mortgagee or other party in interest for modified adequate protection or restrictions on use of cash collateral; (b) any other right or remedy which may be available to the Mortgagees.

8. Creditors Committee. The provisions of this Order are without prejudice to the rights of the U.S. Trustee to appoint a committee or any rights of a duly appointed committee or the Debtors to challenge the validity, priority or extent of any lien(s) asserted against cash collateral.

9. Enforcement. The Court shall retain jurisdiction to enforce the terms of this Order.

10. Continued Hearing. A hearing on the Debtors' use of Cash Collateral will be held on **September 29, 2026 at 3:30 p.m. (ET)** at the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Courtroom 8B, Tampa, FL 33602. All parties may attend the hearing in person. Parties are directed to review Judge McEwen's Procedures Governing Court Appearances (available at https://www.flmb.uscourts.gov/judges/mcewen) for her policies and procedures for remote attendance at hearings by video or telephone via Zoom.

*Attorney Joseph A. Pack, Esq. is directed to serve a copy of this order on the Mortgagees and their counsel, where applicable, and interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order, subject to the Orders of the Court regarding notice.*