ORDERED.

**Dated: September 17, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637sssss-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC, | Case No. 8:26-bk-08030-CPM |
| Debtors. | |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. | |

**ORDER GRANTING DEBTOR'S EXPEDITED AGREED MOTION FOR ORDER (A) AUTHORIZING THE DEBTOR TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO**

**11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING BIDDING PROCEDURES AND SURCHARGE; AND (C) FOR OTHER RELIEF**

THIS CASE came before the Court for hearing on September 15, 2026 at 3:30 p.m. (the "**Hearing**") on the *Debtor's Expedited Agreed Motion for Order (A) Authorizing the Debtor to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (B) Approving Bidding Procedures and Surcharge; and (C) for Other Relief* [Dkt. No. 1056] (the "**Motion**") filed by RAD Diversified REIT, Inc. (the "**Debtor**"). The Court, having reviewed the Motion, having heard argument of counsel at the Hearing, and being otherwise duly advised in the premises, and for the reasons stated on the record at the Hearing, which shall constitute the findings of the Court,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**, on the terms set forth herein.

2. The Debtor, through SoldNow, LLC dba Tranzon Driggers, is authorized to sell the Property[1] pursuant to the procedures set forth in the Motion and on the terms and conditions set forth in the *Debtors' Application for Authorization to Employ SoldNow, LLC dba Tranzon Driggers as Auctioneer* [Dkt. No. 243] and the order approving same [Dkt. No. 418] (the "**Tranzon Driggers Retention Order**").

3. Pursuant to 11 U.S.C. § 363(e) and (f), and subject to the terms and conditions of the Motion, the sale of the Property shall be free and clear of any and all claims (including "claims" as defined in Section 101(5) of the Bankruptcy Code), mortgages, liens, security interests, interests, encumbrances, judgments or obligations of any character whatsoever and whenever arising (the "**Encumbrances**"); *provided, however,* any Encumbrances for municipal liens shall

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

be paid in full at the closing to such municipality as a condition to closing and, in the event the same are not paid in full, such municipal liens shall survive such closing.

4. All Encumbrances other than municipal liens, if any, after payment of the Surcharge Amount, shall attach to the proceeds of the sale of the Property with the same extent, validity, and priority as existed on the Petition Date.

5. Pursuant to section 363(k) of the Bankruptcy Code, the Mortgagee is authorized to credit bid, in whole or in part, the amount of its allowed secured claim in connection with any sale of the Property, subject to the bid and auction procedures set forth in the Motion and Tranzon Driggers Retention Order. As set forth in the Tranzon Driggers Retention Order, if Mortgagee is the successful bidder of the Property, an Alternative Buyer's premium of $1,000.00 will be added to the Winning Bid (as defined in the Tranzon Driggers Retention Order).

6. The Debtor shall file a report of the auction results within five (5) business days after the date the auction of the Property is concluded and shall subsequently file a motion to approve the sale of the Property and determine disbursement of the proceeds from the auction of the Property.

7. This Order is without prejudice to the rights of any party to object to any sale motion that may be filed.

8. This Order shall be immediately enforceable and any stay imposed by the Bankruptcy Code or Bankruptcy Rules is hereby waived. The Debtor and its professionals are authorized to take actions consistent with this Order to effectuate the sale of the Property, as set forth in the Motion and herein.

9. The Court retains jurisdiction to determine: (a) disbursement of the proceeds from the auction of the Property; (b) all matters arising from or related to the interpretation or enforcement of this Order.

*Attorney Joseph A. Pack, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, consistent with the other Orders of this Court, and file a proof of service within three days of entry of this Order.*