**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:26-bk-01636-CPM |
| RAD DIVERSIFIED REIT, INC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| ___________________________________/ | |

**U.S. BANK TRUST, NATIONAL ASSOCIATION,**
**AS TRUSTEE FOR LB-DWELLING SERIES VI TRUST'S**
**OBJECTION TO DEBTORS' JOINT FIRST AMENDED PLAN OF LIQUIDATION**

U.S. Bank Trust, National Association, as trustee for LB-Dwelling Series VI Trust (the “Creditor”), by and through its servicing agent NewRez LLC d/b/a Shellpoint Mortgage Servicing, files this Objection to the Debtors’ Joint First Amended Plan of Liquidation [Doc. No. 1149] (the “Plan”), and states:

1. Creditor holds a first-priority mortgage lien against the real property commonly known as 5056 Summer Street, Philadelphia, Pennsylvania 19139 (the “Property”). The obligation arises from a promissory note dated July 21, 2023 executed by DDH Fund, LLC and the related mortgage and loan documents.

2. The amounts due, the extent of the lien, and Creditor’s rights are further reflected in its filed proof of claim and supporting documents, all of which are incorporated herein by reference.

3. The Plan classifies first-mortgage claims in Class 1 on a loan-by-loan basis. For an Allowed First Mortgage Secured Claim whose collateral value does not exceed the Allowed Claim, the Plan provides that the holder will receive, pursuant to a “single election,” either (i) a “Surcharged Sale of Collateral,” under which the Liquidating Trust first retains the Plan-defined Surcharge Amount and distributes the remaining net proceeds according to lien priority, or (ii) a

surrender/transfer of the collateral to the secured creditor or its designee. If the aggregate collateral value exceeds the Allowed First Mortgage Secured Claim, the Plan mandates the sale treatment and eliminates the surrender alternative.

4. The Plan does not provide sufficiently definite treatment for this particular loan. Although it refers to a "single election," it does not identify who makes that election, when or how the election must be made, what notice must be given to Creditor, or when the elected treatment must be consummated.

5. Indeed, the Plan expressly provides that a Class 1 creditor's vote to accept or reject the Plan is not the election between sale and surrender. The Plan likewise does not establish a procedure, valuation date, evidentiary standard, or hearing process for determining whether the aggregate value of the collateral exceeds the Allowed First Mortgage Secured Claim, even though that determination controls whether surrender is available. Any valuation affecting Creditor's treatment must occur only after notice and an opportunity to be heard.

6. To the extent confirmation is sought over Creditor's rejection and the Plan provides for a sale of the Property free and clear of Creditor's lien, the treatment must comply with 11 U.S.C. §§ 1129(b)(2)(A)(ii) and 363(k). Section 1129(b)(2)(A)(ii) requires that such a sale be subject to § 363(k), absent a court finding of cause, and that the secured creditor receive the protections required by the statute.

7. The Plan and Confirmation Order should expressly preserve Creditor's right to credit bid the amount permitted by § 363(k), subject only to a separate order entered for cause after notice and a hearing, and preserve the validity, priority, and enforceability of Creditor's lien in any sale proceeds. The Surcharge Amount may not be used to diminish or condition those rights absent Creditor's consent or an adjudicated entitlement under § 506(c).

8. The surrender alternative also requires clarification. The Plan provides for transfer of the collateral to the first mortgagee subject to all Liens, Claims, encumbrances, and other interests, with those interests retaining their existing priority. Creditor objects to any forced transfer that would compel it to accept title subject to junior liens or other interests in a manner that impairs its first-priority lien, state-law foreclosure rights, merger rights, remedies against junior interests, or other contractual and nonbankruptcy rights. Any surrender must constitute the indubitable equivalent of Creditor's secured claim under 11 U.S.C. § 1129(b)(2)(A)(iii) and must not impose additional liabilities or extinguish rights without Creditor's consent.

9. Accordingly, the Plan should not be confirmed over Creditor's objection unless the Plan and any Confirmation Order are modified to: (a) identify the party entitled to make the Class 1 treatment election and establish a definite election and implementation procedure; (b) require notice and an opportunity to be heard before any valuation affecting Creditor's treatment; (c) preserve Creditor's adequate-protection, lien, insurance, tax, rents, proceeds, and default remedies pending disposition; (d) eliminate any nonconsensual surcharge except to the extent established under § 506(c); (e) expressly preserve Creditor's rights under §§ 363(k) and 1129(b)(2)(A); (f) ensure that any surrender does not impair Creditor's lien or state-law remedies; and (g) preserve all rights and amounts allowed under Creditor's proof of claim and loan documents.

10. Creditor reserves the right to amend or supplement this Objection in response to any further amended plan, disclosure statement, Liquidating Trust Agreement, proposed Confirmation Order, sale procedures, valuation request, claim objection, or other filing affecting the Property or Creditor's claim.

**WHEREFORE**, U.S. Bank Trust, National Association, as trustee for LB-Dwelling Series VI Trust respectfully requests that the Court sustain this Objection, deny confirmation of the Plan unless the foregoing defects are cured, preserve all of Creditor's rights and remedies, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
P: (727) 565-2653
F: (727) 213-9022
E:bk@stewartlegalgroup.com
Counsel for Creditor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all parties who are registered CM/ECF users in this case.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire