UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

RAD Diversified REIT, Inc.,

Debtor.
_______________________________________ /

Case No.: 8:26-bk-01636-CPM
Chapter: 11

**OBJECTION TO CONFIRMATION OF**
**CHAPTER 11 PLAN**

J.P. Morgan Mortgage Trust 2023-DSC2 c/o Citibank, N.A. as Delaware Trustee ("Secured Creditor"), by and through undersigned counsel, hereby objects to confirmation of the Debtor's Chapter 11 Plan (the "Plan") (Doc. No. 904) and in support thereof states:

1. This case was commenced by the filing of a voluntary Chapter 13 petition on March 1, 2026 (the "Petition Date") by Dhi Holdings, Lp, (the "Debtor").

2. Secured Creditor holds a mortgage lien against the Debtor's real properties located at 12635 Laccy Crest Dr, Houston, TX 77070 and 19603 Jackson Brook Way, Cypress, TX 77429 (the "Properties").

3. Secured Creditor timely filed Proof of Claim # 304. The arrearages are $43,630.96 on a total secured claim of $292,918.96.

4. The Debtor's proposed treatment of Secured Creditor is as follows: "Except to the extent that a Holder of an Allowed First Mortgage Secured Claim agrees to less favorable treatment, and provided the value of the Collateral does not exceed the Allowed First Mortgage Secured Claim, each Holder of an Allowed First Mortgage Secured Claim shall receive, at the option of such Holder, one of the following treatments with respect to the Collateral securing such Allowed First Mortgage Secured Claim: 1. Surcharged Sale of

Collateral. The Collateral securing such Allowed First Mortgage Secured Claim shall be sold by the Liquidating Trust at auction or other sale process approved by the Bankruptcy Court or otherwise authorized under the Plan. From the proceeds of such sale, the Liquidating Trust shall first receive and retain the Surcharge Amount. The remaining net proceeds shall thereafter be distributed first to Holders of Liens against such Collateral that are senior to such Allowed First Mortgage Secured Claim, if any, in the order of their respective priority under applicable non-bankruptcy law, then to the Holder of such Allowed First Mortgage Secured Claim until such Allowed First Mortgage Secured Claim is paid in full or such net proceeds are exhausted, and thereafter to Holders of any junior Liens against such Collateral in the order of their respective priority under applicable nonbankruptcy law, subject in all respects to the rights, claims, defenses, and objections of the Debtors, the Estates, the Liquidating Trust, or any other party in interest; or 2. Surrender of Collateral. The Collateral securing such Allowed First Mortgage Secured Claim shall be transferred to the Holder of such Allowed First Mortgage Secured Claim, or its designee, subject to all Liens, Claims, encumbrances, and other interests against such Collateral, with such Liens, Claims, encumbrances, and other interests retaining the same extent, validity, perfection, enforceability, and priority as existed on the Petition Date, subject in all respects to any rights, claims, defenses, and objections of the Debtors, the Estates, the Liquidating Trust, or any other party in interest. Notwithstanding the foregoing, if the value of the Collateral exceeds the amount of the Allowed First Mortgage Secured Claim, the Collateral shall be sold pursuant to subparagraph (b)(1) supra, and the Holder of the Allowed First Mortgage Secured Claim shall not have the right to elect surrender of the Collateral. For the avoidance of doubt, the treatment provided in this section shall apply separately with respect to each parcel or item of Collateral securing an Allowed First Mortgage Secured Claim, and

nothing herein shall be deemed to consolidate, cross-collateralize, alter, enhance, prime, subordinate, or otherwise modify any Lien, Claim, encumbrance, or other interest in or against any Collateral except as expressly provided in the Plan or the Confirmation Order.

5. Secured Creditor does not consent to the treatment of its claim as proposed by the Debtor's Plan. The Debtor offers alternative treatments, all of which are based upon the value of various properties. However, there has been no determination by this Court as to the value of any properties, nor is there currently an agreement between the parties regarding valuations. Therefore, the treatment available to Secured Creditor is subject to different interpretations. In addition, the Debtor appears to propose the sale of various properties without the requirement that Secured Creditor’s loan be paid in full from the sale proceeds including any post-petition advances and expenses. There is no time frame provided for any sale to occur, and no provision requiring the maintenance of mortgage payments pending any sale. Further, the Plan fails to include reasonable default provisions or remedies addressing any failure to timely sell any properties.

6. Secured Creditor has incurred additional fees and costs as a result of having to file this objection.

7. Secured Creditor reserves the right to supplement and/or amend this Objection to Confirmation.

WHEREFORE, the Secured Creditor requests that the Court enter an order denying confirmation of the Debtor's Chapter 11 Plan, unless such Plan is amended to overcome the objections of Secured Creditor as stated herein, and for such other and further relief as the Court deems just and proper.

McCalla Raymer Leibert Pierce, LLP

By: */s/Toni Townsend*

Toni Townsend
Florida Bar No. 1022285
Attorney for Creditor
110 S.E. 6th Street, Suite 2300
Ft. Lauderdale, FL 33301
Phone: (312) 346-9088 X5174
Email: Toni.Townsend@mccalla.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on 10/05/2026 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference), and via U.S. Mail, First Class to RAD Diversified REIT, Inc., 11418 US-19 N, Port Richey, FL 34668.

By: *[/s/Toni Townsend]*
Toni Townsend

- Joseph A Pack Joe@packlaw.com
- United States Trustee – ORL7/13 USTP.Region21.OR.ECF@usdoj.gov