**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

RAD Diversified REIT, Inc.

Case No.: 8:26-bk-01636-CPM
Chapter 11

Debtor. /

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Civic Financial Services, LLC, by and through its servicer and attorney-in-fact Servis One, Inc. d/b/a BSI Financial Services (collectively, "Movant"), moves for relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2) with respect to the real property commonly known as 1943 Ashley Rd, Philadelphia, Pennsylvania 19138 (the "Property"), or, alternatively, for adequate protection. In support, Movant states:

1. On March 1, 2026, RAD Diversified REIT, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing this case.

2. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Relief from the automatic stay is governed by 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001(a).

3. On October 28, 2022, the Debtor executed a Promissory Note in favor of Civic Financial Services, LLC in the original principal amount of $172,000.00 in connection with the Property. A copy of the Note and related allonge is attached as Exhibit A.

4. To secure the obligations under the Note, the Debtor executed a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing encumbering the Property. The Mortgage was recorded on November 8, 2022, as Document No. 54118350 in the Philadelphia real property records. A copy is attached as Exhibit B.

5. The loan file reflects a prior transfer of the loan to MAV 1 and a corresponding assignment of the Mortgage to Citibank, N.A., as trustee on behalf of MAV 1, recorded on March 17, 2023, as Document No. 54160021. The Mortgage was subsequently assigned back to Civic Financial Services, LLC by Corporate Assignment of Mortgage recorded on April 14, 2025, as Document No. 54412089. Those recorded assignments are included in Exhibit C.

6. BSI's business records reflect that the loan and the right to enforce the Note were transferred back to Civic Financial Services, LLC together with the Mortgage, that Civic is the current creditor entitled to enforce the loan documents, and that the original Note is held by or on behalf of Civic. Civic has also authorized Servis One, Inc. d/b/a BSI Financial Services to service the loan and to act on Civic's behalf, including in bankruptcy matters. The servicing authority and limited power of attorney are included in Exhibit C and further addressed in the accompanying Declaration.

7. The loan matured prepetition. BSI's September 10, 2026 payoff statement reflects a maturity date of November 2024 and a total payoff balance of $229,082.33 as of September 2, 2026, including an unpaid interest-bearing principal balance of $172,000.00. The matured indebtedness has not been paid in full. A copy of the payoff statement is attached as Exhibit F.

8. The City of Philadelphia Office of Property Assessment record downloaded on September 25, 2026 lists a 2026 market value of $195,900.00 for the Property. Movant relies on that public record for purposes of this Motion, without waiving the right to obtain and rely on an interior appraisal or other valuation evidence if value is contested. The OPA record is attached as Exhibit E.

9. Using the OPA's 2026 market value, the debt exceeds the Property's value by at least $33,182.33, before taking into account interest and other amounts accruing after the payoff date. Accordingly, there is no equity cushion protecting Movant's interest in the Property.

10. Cause exists for relief under 11 U.S.C. § 362(d)(1). The debt matured before the petition date and remains unpaid, Movant is undersecured based on the presently available valuation evidence, and no equity cushion exists to protect Movant against diminution in the value of its collateral interest. Movant has not been provided other adequate protection sufficient to protect that interest for the continued duration of the stay.

11. Relief is also warranted under 11 U.S.C. § 362(d)(2). Movant has demonstrated that the Debtor has no equity in the Property. Under 11 U.S.C. § 362(g)(2), the Debtor bears the burden on all remaining issues, including whether the Property is necessary to an effective reorganization. The presently available record does not establish that the Property is necessary to a feasible and effective reorganization.

12. If the Court does not terminate the stay, Movant alternatively requests that continuation of the stay be conditioned on adequate protection sufficient to protect Movant's interest, including periodic cash payments sufficient to protect against any diminution in the value of Movant's interest, maintenance and proof of insurance, payment of all real estate taxes and other property charges as they become due, reasonable access for inspection and appraisal, and such other protections as the Court deems appropriate.

13. The relief requested is limited to permitting Movant to exercise its rights and remedies against the Property and related collateral under the loan documents and applicable nonbankruptcy law. This Motion does not seek a determination of the allowance, amount, priority, or distribution of Movant's claim beyond what is necessary to adjudicate stay relief.

14. Movant also requests waiver of the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3), based on the prepetition maturity of the loan, the unpaid matured debt, and the absence of equity.

**WHEREFORE,** Movant respectfully requests an order: (a) granting relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2) to permit Movant to exercise its rights and remedies against the Property and related collateral; (b) waiving the fourteen-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3); (c) alternatively, conditioning continuation of the stay on adequate protection; and (d) granting such other and further relief as the Court deems just and proper.

Dated: October 5, 2026

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33765
P: (727) 565-2653
F: (727) 213-9022
E:bk@stewartlegalgroup.com
Counsel for Movant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 5th day of October 2026.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
RAD Diversified REIT, Inc.
11418 US-19 N.
Port Richey, FL 34688

**VIA CM/ECF NOTICE**
Matthew Fornshell
Ice Miller LLP

250 West Street, Suite 700
Columbus, OH 43215-7509

Jessey James Krehl
Pack Law
4649 Ponce de Leon Boulevard
Ste 405
Coral Gables, FL 33146

Joseph A Pack
Pack Law
4649 Ponce de Leon Boulevard
Ste 405
Coral Gables, FL 33146

U.S. Trustee
United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

Creditor Committee
Unsecured Creditors' Committee
c/o Greenberg Traurig
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

John D Elrod
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

Danielle S Kemp
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602