**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. | |

**DEBTORS' *EXPEDITED* MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING BIDDING PROCEDURES AND SURCHARGE; AND (C) FOR OTHER RELIEF**

**The Debtors respectfully request the Court consider this motion on October 27, 2026 at 3:30 p.m. (ET) when other matters are scheduled to be heard in these cases.**

Debtor and debtor in possession, RAD Diversified REIT, Inc. (the "**Debtor**"), by and through its undersigned counsel, submit this motion (this "**Motion**") for entry of an order

(a) authorizing the Debtor to sell certain real property in the table set forth herein (each, a "**Parcel**" and collectively, the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m); (b) approving bidding procedures and surcharge; and (c) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002 and 6004.

## Background

4. On March 1, 2026 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases (the "**Chapter 11 Cases**") before the Bankruptcy Court.

5. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

8. The Debtor is the record title owner of the Property, which is more particularly described on **Exhibit A** hereto. Each Parcel is subject to a first-position mortgage (collectively, the "**First Mortgages**") by one of Kiavi Funding, Inc. ("**Kiavi**") and NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2023-NQM8 Trust ("**NewRez**") (each a "**Mortgagee**" and collectively the "**Mortgagees**"), as set forth herein. The Property consists of 12 separate parcels of real property, each of which is improved with a single-family home, at the following street addresses and subject to First Mortgages by the following Mortgagees:

| Property No. | Address | Mortgagee |
|---|---|---|
| 1 | 2030 E. Lehigh Ave., Philadelphia, PA 19125 | Kiavi |
| 2 | 340 W. Berkley St., Philadelphia, PA 19144 | Kiavi |
| 3 | 5533 Bloyd St., Philadelphia, PA 19138 | Kiavi |
| 4 | 4047 N. 6th St., Philadelphia, PA 19140 | Kiavi |
| 5 | 6439 N. Beechwood St., Philadelphia, PA 19138 | Kiavi |
| 6 | 1336 E. Rittenhouse St., Philadelphia, PA 19138 | Kiavi |
| 7 | 436 N. Wilton St., Philadelphia, PA 19139 | Kiavi |
| 8 | 4147 N. 9th St., Philadelphia, PA 19140 | Kiavi |
| 9 | 8609 Bayard St., Philadelphia, PA 19150 | Kiavi |
| 10 | 1745 N. Wilton St., Philadelphia, PA 19131 | Kiavi |
| 11 | 5166 Viola St., Philadelphia, PA 19131 | NewRez |

9. For the avoidance of doubt, the relief requested in this Motion, any agreement set forth herein, and any ultimate sale of any Parcel is without prejudice to the right of the Mortgagees to assert a deficiency claim in these Chapter 11 Cases and have such claim treated in accordance with a confirmed chapter 11 plan, and nothing herein shall compromise or stipulate the amount of any such deficiency claim. Additionally, this Motion is without prejudice to the Mortgagees' right to seek stay relief in the event the auction and sale process set forth herein

does not result in a sale of any Parcel. In the vent the auction and sale process set forth herein does not result in a sale of a Parcel, the Debtor shall consent to stay relief as to such Parcel.

10. Based upon the title reports obtained by the Debtor dated November 2025 (the "**Title Reports**") and Debtor's research of the real estate records, all liens and encumbrances against each Parcel are set forth on **Exhibit B**, including any judgment liens, the unpaid past due ad valorem taxes and current ad valorem taxes due for each Parcel, and all tenants and other parties who may assert a possessory interest in each Parcel (collectively, the "**Tenants**"). The Title Reports also reflect certain municipal liens against the Property totaling $36,692.19 that may constitute a lien against the Property, as set forth on **Exhibit C**.

11. To the best of the Debtor's knowledge, information, and belief, except for the parties identified in **Exhibit B** to this Motion (the "**Interested Parties**"), no other person or entity asserts a lien, claim, or *in rem* interest in and to any Parcel.

12. The Debtor, by and through its Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment has determined that it is in the best interest of the Debtors and their estates to sell the Property at public auction on the terms set forth in this Motion.

**Relief Requested**

13. The Debtor was previously authorized to employ Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") as auctioneer [Dkt. No. 418]. By this Motion, the Debtor requests the entry of an order (the "**Sale Order**"), pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests, by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.

14. The Debtor proposes that, except as may otherwise be ordered by the Court in the Sale Confirmation Order:

a. all unpaid property taxes for each Parcel shall be paid by the purchaser at closing, and the purchaser shall be responsible for payment of current and past taxes;

b. the net proceeds of sale of each Parcel shall be disbursed at closing as follows:

   i. first, to the Debtor in payment of the Surcharge Amount (as defined below);

   ii. second, payment of any other municipal liens or judgments with priority over the First Mortgage on such Parcel (which, for the avoidance of doubt, the Debtor does not believe exist);

   iii. third, to the Mortgagee on such Parcel to satisfy the unpaid balance due on each of the First Mortgages, as set forth in **Exhibit B**, attached hereto; and

   iv. all remaining net proceeds, if any (the "**Net Proceeds**") from the sale of each Parcel shall be paid to the Debtor. All valid and duly perfected liens against each Parcel that are not paid at closing will attach to the Net Proceeds, with the same extent, validity, and priority as existed before the Petition Date. The Net Proceeds shall be held by the Debtor and disbursed only pursuant to order of the Bankruptcy Court.

15. The term "Surcharge Amount" means 10% of the winning bid for the sale of each Parcel, up to a maximum of $20,000.00; *provided*, *however*, that in the event the winning bid is not sufficient to pay the relevant Mortgagee in full as set forth herein or the Mortgagee acquires the Parcel by credit bid, the maximum amount is $10,000.00. The Surcharge Amount is necessary, reasonable, and reflects the benefit to the Mortgagees and other Interested Parties from liquidating the Property through an auction process with robust marketing and advertising. Further, the timing of the auction sale will result in a substantial time savings to the Mortgagees given the current status of the foreclosure cases and the delays associated with stay relief litigation. The Surcharge Amount also compensates the Debtor for U.S. Trustee fees and attorneys' fees incurred in connection with the sale of the Property, and provides a fund for payment of creditors of the Debtor. Finally, and most importantly, the Surcharge Amount is

expected to be unopposed by the Mortgagees and reflects robust negotiations with the same in connection with this Motion. As such, the Surcharge Amount is justified pursuant to section 506(c) of the Bankruptcy Code. *In re Dalton Crane, L.C.,* 641 B.R. 850 (Bankr. S.D. Tex. 2022) (approving surcharge in connection with auction). By agreement of the Debtors at the request of the Mortgagees, absent further order of the Court and in all respects subject to orders of the Court, the Surcharge Amount shall be used only for the payment of Court-approved administrative expense claims in these Chapter 11 Cases.

16. The Debtor, in consultation with TD, propose that the following terms of sale be approved by the Court:

a. **Free and Clear**: The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale to the extent such liens, claims, encumbrances, and interests are not paid at closing.

b. **The Auction Dates:** TD shall market the Property for public auction (the "**Auction**"). The auction date shall be a date selected by TD that is at least four weeks but not more than eight weeks after the Sale Order. TD shall begin its marketing campaign within ten days of the entry of the Sale Order.

c. **Auction Terms:** The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application. Notwithstanding anything to the contrary in the Auction Application, the Debtor may require a bid deposit in the form of a $2,000.00 credit card hold from potential purchasers of the Property in lieu of a cash bid deposit.

d. **Sale Documents:** Promptly following the closing of the Auction, the winning bidder shall execute a sale agreement or other applicable sale documents (the "**Sale Documents**").

e. **The sale of the Property shall be "AS-IS, WHERE-IS, WITH ALL FAULTS," with no warranties of title whatsoever.**

f. **Sale Confirmation:** Within ten business days following the Auction and prior to the closing of the sale of the Property, the Debtor will seek the entry of an order confirming the sale to the winning bidder and requesting approval of the disbursements at closing (the "**Sale Confirmation Order**").

g. **<u>Closing Documents</u>**: The Property shall be conveyed to the purchaser by Trustee's Deed or such other similar instrument.

h. **<u>Credit Bid</u>**: Each Mortgagee shall have the right to credit bid at the Auction the full amount of the requisite First Mortgage.

i. **<u>Closing Date</u>**: Closing shall occur within thirty days after the auction or within ten business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

## <u>Authority for Requested Relief</u>

### A. The Proposed Notice of the Auction and Bid Procedures is Appropriate.

17. The Debtor seeks authority to sell the Property through an Auction and related sale process, subject to the Debtor's right to seek an alternative course of action to maximize the value of their estates and preserve the value of the Property for the benefit of all parties in interest, including but not limited to the Mortgagees. TD will conduct an extensive and robust marketing process designed to maximize the number of auction participants, bidders, and purchase price. To maximize participation in the auction, it is anticipated that the auction of the Property may include one or more other properties owned by the Debtor.

18. Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

19. Bankruptcy Rule 6004 provides, in pertinent part:

> (a) Notice.
>
> (1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:
>
> (A) under Rule 2002(a)(2), (c)(1), (i), and (k); and
>
> (B) in accordance with §363(b)(2), if applicable.
>
> * * *

> (c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:
>
> (1) the date of the hearing on the motion; and
>
> (2) the time to file and serve an objection on the debtor in possession or trustee.

Fed. R. Bankr. P. 6004.

20. The Debtor has served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid to the Interested Parties and have transmitted the Motion to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006. In light of the existence of (and expected lack of objection from) the Committee, the estates should not be required to incur the expense of service by mail on all creditors. As a practical matter, given the unique nature of the Property and the Chapter 11 Cases, it is unlikely that creditors of the Debtor will be bidders.

**B. The Auction and Sale of the Property Should be Approved.**

21. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A sale of the debtor's assets should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business purpose exists for the proposed transaction. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated

business justification' . . . ."); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

22. Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale, (ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith. *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders. *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

23. The Debtor has a sound business justification for selling the Property. Each Parcel is subject to a First Mortgage. The value of the Property will be tested through the Auction conducted pursuant to and according to the bid procedures set forth in the Auction Application. Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtor in the exercise of its reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the estates. *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction"). Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process.

### C. The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.

24. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

25. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtor's sale of the Property free and clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

26. The first priority lien against each Parcel is ad valorem property taxes, which will be paid by the purchaser at closing. To the extent of available net proceeds, any municipal liens with priority over the First Mortgage will be paid next from the net proceeds of sale of each Parcel, with any remaining net proceeds paid to the Mortgagee until payment in full of the First Mortgage in the amount set forth in **Exhibit B**. Any unpaid liens against each Parcel of the Property will attach to any remaining net proceeds from the sale of that parcel.

27. The judgment lien of Debra Autry, which encumbers each of the Parcels, is in dispute. Specifically, the judgment became a lien against the Property within 90 days of the Petition Date and is subject to avoidance as a preference.[1]

28. The Debtor proposes to sell the Property free and clear of all claims or interests of the Tenants identified on **Exhibit B**.

29. Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to *ad valorem* taxes, with past due *ad valorem* taxes paid by the buyer at closing.[2]

**D. The Sale Will Be Undertaken by the Buyers in Good Faith.**

30. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased notwithstanding if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

31. The sale of the Property should be found to be in good faith if the Debtor can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

[1] The Debtors have filed an adversary proceeding, Adv. Proc. No. 8:26-ap-00337-CPM objecting to the claim of Debra Autry [Claim No. 279] and seeking to avoid the lien of the judgment, pursuant to 11 U.S.C. § 547. The answer deadline is October 9, 2026.

[2] The buyer will also be responsible for paying all taxes for the current year, without pro-ration.

32. The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Debtor respectfully requests that the Court find that any purchaser of a Parcel be entitled to the protections of section 363(m) of the Bankruptcy Code.

33. Prior to filing this Motion, the Debtor conferred with counsel for the Mortgagee and Mortgagee consents to the sale of the Property (including the Surcharge Amount) on the terms set forth in this Motion.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to section 363 of the Bankruptcy Code; (b) approving the sale procedures, sale terms and Surcharge Amount set forth herein; and (c) granting such other and further relief as may be just and equitable.

Dated: October 13, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *_/s/Jessey J. Krehl_*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on October 13, 2026, the following interested parties were served by the methods indicated below:

**By CM/ECF**:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

Elena Ketchum, Esq., counsel to the Philadelphia Community Development Coalition, Inc.

Seth J. Greenhill, Esq., counsel to Kiavi

Seth J. Greenhill, Esq., counsel to NewRez

**By first-class U.S. Mail, postage prepaid, and electronic mail**:

Debra Autrey
526 East Walnut Lane
Philadelphia, PA 19144
debautrey456@gmail.com

**By first-class U.S. Mail, postage prepaid**:

Any and All Unknown Occupants
2030 E. Lehigh Ave.
Philadelphia, PA 19125

Any and All Unknown Occupants
340 W. Berkley St.
Philadelphia, PA 19144

Any and All Unknown Occupants
5533 Bloyd St.
Philadelphia, PA 19138

Any and All Unknown Occupants
4047 N. 6th St.
Philadelphia, PA 19140

Any and All Unknown Occupants
6439 N. Beechwood St.
Philadelphia, PA 19138

Any and All Unknown Occupants
1336 E. Rittenhouse St.
Philadelphia, PA 19138

Any and All Unknown Occupants
436 N. Wilton St.
Philadelphia, PA 19139

Any and All Unknown Occupants
4147 N. 9th St.
Philadelphia, PA 19140

Any and All Unknown Occupants
8609 Bayard St.
Philadelphia, PA 19150

Any and All Unknown Occupants
1745 N. Wilton St.
Philadelphia, PA 19131

Any and All Unknown Occupants
5166 Viola St.
Philadelphia, PA 19131

Any and All Unknown Occupants
1456 N. Ithan St.
Philadelphia, PA 19131

Pennsylvania Department of Revenue
Bureau of Compliance, Lien Section
P.O. Box 280948
Harrisburg, PA 17128-0948

**I FURTHER CERTIFY** that on October 13, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: *\/s/ Jessey J. Krehl*
Jessey J. Krehl
Bar No. 1025848

# Exhibit A

## Legal Descriptions

| Property No. | Address | Legal Description |
|---|---|---|
| 1 | 2030 E. Lehigh Ave. Philadelphia, PA 19125 | **LEGAL DESCRIPTION**<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, described according to a Survey and Plan thereof made the Fourteenth day of October, A.D. 1945, by Munro L. Abbot, Surveyor and Regulator of the Sixth District, as follows:<br><br>SITUATE on the Southwesterly side of Lehigh Avenue at the distance of Forty-seven feet, Seven inches Southeastwardly from the Southeasterly side of Braddock Street, in the Thirty-First Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Lehigh Avenue, Fourteen feet, Eleven inches, and extending Southwestwardly between lines parallel with Braddock Street, on the Northwesterly line thereof Seventy feet, Eleven and one-half inches, and on the Southeasterly line thereof Seventy-three fest, and one-eighth of an inch, and containing on the rear end thereof Fourteen feet, Ten and one- quarter inches, INCLUDING part of the soil of a Two feet, Six inches wide alley leading Northwestwardly into Braddock Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said alley.<br><br>BEING known as No. 2030 East Lehigh Avenue.<br>BEING the same premises which Colleen O'Connor Skylakon by Deed dated 11/3/1995 and recorded 1/20/1996 in Philadelphia County in Deed Book VCS 1850 page 439 conveyed unto Marcella C. Thompson, in fee.<br><br>And the said Marcella C. Thompson departed this life on 3/30/2021, leaving a Will probated and registered at Philadelphia County as Will No. 3952 of 2021, wherein she specifically devised the said premises known as 2030 East Lehigh Street, Philadelphia, PA, to Martin L. Thompson, her son, wherein she appointed Martin L. Thompson, Executor to whom Letters Testamentary were granted on 8/30/2021. |

| Property No. | Address | Legal Description |
|---|---|---|
| 2 | 340 W. Berkley St. Philadelphia, PA 19144 | **LEGAL DESCRIPTION**<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Southeasterly side of Berkley Street (Fifty feet wide) at the distance of Two hundred thirty-four feet Northeastwardly from the Northeasterly side of Morris Street (Sixty feet wide), in the Thirteenth (formerly Fifty-ninth) Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Berkley Street Sixteen feet and extending of that width in length or depth Southeastwardly between parallel lines at right angles with the said Berkley Street Eighty feet to a certain Ten feet wide private driveway which leads Northeastwardly into Milne Street and communicates with two other Ten feet wide private driveways, one of which extends Northwestwardly into the said Berkley Street and the other extends Northwestwardly from the said Milne Street to Berkley Street, aforesaid.<br><br>TOGETHER with the free use, right, liberty and privilege of the said Ten feet wide private driveway as and for driveways, and passageways at all times hereafter, forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and having the use thereof.<br><br>BEING known as No. 340 West Berkley Street.<br>Being the same premises which Lorenzo Woods by Deed dated 11/17/2015 and recorded 11/24/2015 in Philadelphia County as Document No. 52992376 conveyed unto KMA Holdings, LLC, in fee.<br>Being the same premises which KMA Holdings LLC by Deed dated 12/24/2020 and recorded 1/4/2021 in Philadelphia County as Document No. 53773001 conveyed unto YOLO Homes, LLC, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 3 | 5533 Bloyd St. Philadelphia, PA 19138 | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Northeasterly side of Bloyd Street at the distance of 247 feet Northwestwardly from the Northwesterly side of Church Lane (formerly Mill Street) in the 12th (formerly 22nd) Ward of the City of Philadelphia, County of Philadelphia and the Commonwealth of Pennsylvania.<br><br>CONTAINING in front or breadth on the said Bloyd Street 14 feet and extending of that width in length or depth Northeastwardly between lines parallel with the said Church Lane, on the Northwesterly line 91 feet 6-3/16 inches and on the Southeasterly line thereof 91 feet 6-7/16 inches including on the rear end thereof a certain 3 feet wide alley leading Northwestwardly and Southeastwardly and communicating at its Northerly and Southerly ends thereof with two other certain 3 feet wide alleys leading Southwestwardly into said Bloyd Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said alleys as and for passageways and watercourses at all times hereafter, forever.<br><br>BEING known as No. 5533 Bloyd Street.<br><br>Being the same premises which Wolfgang Holdings LLC by Deed dated 1/15/2016 and recorded 2/17/2016 in Philadelphia County as Document No. 53024240 conveyed unto 5546 Bloyd Street Acquisition LLC, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 4 | 4047 N. 6th St. Philadelphia, PA 19140 | **LEGAL DESCRIPTION**<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the East side of 6th Street 60 feet wide at the distance of 345 feet Northward from the North side of Luzerne Street 70 feet wide, in the 42nd Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on said 6th Street 15 feet and extending of that width in length or depth Eastward between parallel lines at right angles to the said 6th Street 70 feet to a certain 3 feet wide alley which extends from said Luzerne Street to Lycoming Street.<br><br>BEING known as No. 4047 North 6th Street.<br>Being the same premises which Gregory A. Gilfoil, President/CEO of CSG Properties, LLC as the Court Appointed Receiver for Liberated Property Holdings, II, LLC a/k/a Liberty Property Holdings II, LLC a/k/a Liberated Property Holdings, LLC, a/k/a Liberated Property Holdings, 2, LLC and Gregory A.Gilfoil, President/CEO of CSG Properties, LLC as the Court Appointed Receiver for Sevenco LLC a/k/a Sevenco, LLC by Deed dated 3/02/2016 and recorded 3/09/2016 in Philadelphia County as Document No. 53032664 conveyed unto Cohen Boys LLC, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 5 | 6439 N. Beechwood St. Philadelphia, PA 19138 | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements located thereon, if any.<br><br>SITUATE on the Easterly side of Beechwood Street at the distance of 287 feet 6 Inches Northwardly from the Northerly side of Chelten Avenue in the 17th (Formerly part of the 42nd) Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Beechwood Street 15 feet and extending of that width in length or depth Eastwardly between parallel lines at right angles to the said Beechwood Street 73 feet to a certain 4 feet wide alley running Northwardly and Southwardly and connecting at each end thereof with another certain 3 feet wide alley leading from the aforesaid Beechwood Street to Norwood Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alleys as and for passageways and watercourses at all times hereafter, forever.<br><br>**BEING known as No. 6439 North Beechwood Street.**<br><br>Being the same premises which Matthew Thomas, Jr. and Beverly A. Thomas, husband and wife by Deed dated 10/5/1999 and recorded 10/12/1999 in Philadelphia County in Deed Book JTD 1188 Page 604 conveyed unto Dudley A. Gray and Barbara I. Gray, husband and wife, as tenants by entireties, in fee.<br><br>Being the same premises which Dudley A. Gray and Barbara I. Gray by Deed dated 5/7/2001 and recorded 4/3/2003 in Philadelphia County as Document No. 50643567 conveyed unto Dudley A. Gray, in<br><br>fee. ($1.00 Consideration)<br><br>And the said Dudley A. Gray also known as Dudley Gray departed this life on 9/1/2015, intestate. And Letters of Administration were granted on 10/11/2022 unto Howard Soloman in Philadelphia County under Administration number A5125-2022. |

| Property No. | Address | Legal Description |
|---|---|---|
| 6 | 1336 E. Rittenhouse St. Philadelphia, PA 19138 | LEGAL DESCRIPTION<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Southeast side of Rittenhouse Street at the distance of 273 feet 5/8 inches Northeastward from the Northeast side of Crittenden Street in the 22nd Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Rittenhouse Street 15 feet and extending of that width in length or depth Southeastwardly between parallel lines at right angles to the said Rittenhouse Street 74 feet to a certain 4 feet wide alley which extends Southwestward from Wister Street (formerly known as Stenton Avenue) and connects at the Southwestern end thereof with a certain other 4 feet wide alley leading from Price Street to the said Rittenhouse Street,<br><br>TOGETHER with the free and common use, right, liberty and privilege of the said alleys as and for passageways and watercourses at all times hereafter, forever.<br><br>BEING Known as No. 1336 East Rittenhouse Street.<br><br>BEING the same premises which James G. Searles and Mary C. Searles, husband and wife, by Deed dated August 15, 1986 and recorded September 2, 1986 in the Recorder's Office of the County of Philadelphia, Commonwealth of Pennsylvania in Deed Book FHS 562, Page 374, granted and conveyed unto Donna J. Cargill, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 7 | 436 N. Wilton St. Philadelphia, PA 19139 | ALL THAT CERTAIN lot or piece of ground with the two-story brick messuage or tenement thereon erected.<br><br>SITUATE in City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania.<br><br>SITUATE on the West side of Wilton Street at the distance of 216 feet 10 inches Southward from the South side of Westminster Avenue in the Forty-Fourth Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Wilton Street fourteen feet nine inches and extending of that width in length or depth Westward between lines at right angles with the said Wilton Street 64 feet to a certain four feet wide alley leading Northward into Westminster Avenue and communicating with two other four feet wide alleys leading Eastward into Wilton Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid four feet wide alleys as passageways and watercourses at all times, hereafter, forever.<br><br>**BEING known as No. 436 North Wilton Street.**<br><br>Being the same premises which Diane Deeden by Deed dated 9/4/2014 and recorded 9/8/2014 in Philadelphia County as Document No. 52825352 conveyed unto A & E Capital Investments, LLC, a PA limited liability company, in fee.<br><br>Being the same premises which Diane Deeden by Corrective Deed dated 12/14/2014 and recorded<br><br>12/29/2014 in Philadelphia County as Document No. 52865528 conveyed unto A & E Capital Investments, LLC, a PA limited liability company, in fee. ($1.00 Consideration) |

| Property No. | Address | Legal Description |
|---|---|---|
| 8 | 4147 N. 9th St. Philadelphia, PA 19140 | ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the East side of Ninth Street at the distance of one hundred twenty-seven feet two inches Southward from the South side of Hunting Park Avenue in the 43rd Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Ninth Street fifteen feet eight inches and extending of that width in length or depth Eastward fifty-three feet to the middle line of a certain three feet wide alley which extends Northward into the said Hunting Park Avenue.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley, as and for a passageway and watercourse at all times hereafter, forever in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.<br><br>BEING NO. 4147 North 9th Street.<br><br>OPA NO. 43-3389200<br><br>**BEING** the same premises which Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, by Deed dated June 20, 2018, and recorded June 28, 2018, in the Office of the Recorder of Deeds in and for the County of Philadelphia, Pennsylvania, as Instrument No. 53383408, granted and conveyed unto RT Real Estate Ventures LLC, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 9 | 8609 Bayard St. Philadelphia, PA 19150 | **LEGAL DESCRIPTION**<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE in the 50th Ward of the City of Philadelphia and described according to a Survey and Plan thereof made by Joseph F. Delany, Esq., Surveyor and Regulator of the 5th District dated the 31st day of March, A.D., 1953 as follows, to wit:<br><br>BEGINNING at a point on the Northeasterly side of Bayard Street (forty six feet wide) at the distance of seventy-four feet four inches Northwestwardly from the Northwesterly side of Roumfort Road (sixty feet wide).<br><br>CONTAINING in front or breadth on the said side of Bayard Street sixteen feet and one-half of an inch and extending of that width in length or depth Northeastwardly between parallel lines with Roumfort Road partly through the centers of the party walls erected partly on these premises and partly on premises adjoining to the Northwest and Southeast eighty-nine feet nine inches to the center line of a certain fifteen feet wide driveway, said driveway extending from Rounfort Road to Ivy Hill Road.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid fifteen feet wide driveway as and for a driveway, passageway and watercourse at all times hereafter forever in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.<br><br>BEING known as No. 8609 Bayard Street.<br>Being the same premises which Doris B. Seals, now known as Doris B. Eleazer by Deed dated 10/30/1997 and recorded 12/18/1997 in Philadelphia County in Deed Book JTD 496 Page 511 conveyed unto Doris B. Eleazer, in fee. ($1.00 consideration)<br>And the said Doris B. Eleazer died on __3/27/2006__________, intestate. And Letters of Administration were granted on ______6/4/2007________ unto Niyetta N. Lawson in Philadelphia County under Register of Wills number A2517-2007.<br>Being the same premises which Niyetta N. Lawson, Administratrix of the Estate of Doris B. Eleazer, Deceased by Deed dated 07/11/2007 and recorded 07/11/2007 in Philadelphia County as Document No. 51731412 conveyed unto Niyetta N. Lawson, in fee. ($1.00 consideration) |

| Property No. | Address | Legal Description |
|---|---|---|
| 10 | 1745 N. Wilton St. Philadelphia, PA 19131 | **LEGAL DESCRIPTION**<br><br>ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected.<br><br>SITUATE on the Southeast side of Wilton Street at the distance of 340 feet Northeast from the Northeast side of Jefferson Street in the 52nd Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Wilton Street 15 feet and extending of that width in length or depth Southeast between parallel lines at right angles to the said Wilton Street 55 feet to a 3 feet wide alley which extends Southwest from Columbia Avenue.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alleys as and for passageways and watercourses at all times hereafter, forever.<br><br>BEING known as No. 1745 North Wilton Street.<br>Being the same premises which Joseph A. Coulter and Dorothy Coulter by Deed dated 12/11/1980 and recorded 12/19/1980 in Philadelphia County in Deed Book DCC 1662 Page 327 conveyed unto Gretchen Allen-Addison and Arlene Stevens, in fee.<br>Being the same premises which Gretchen Allen, formerly known as Gretchen Allen-Addison and Arlene Stevens by Deed dated 03/09/1998 and recorded 03/09/1998 in Philadelphia County in Deed Book JTD 608 Page 456 conveyed unto Gretchen Theresa Allen and David Allen, her husband, as tenants by entirety, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 11 | 5166 Viola St.<br>Philadelphia, PA 19131 | **LEGAL DESCRIPTION**<br><br>ALL THAT CERTAIN lot or piece of ground situated in the 52nd Ward of the City of Philadelphia with the buildings and improvements thereon erected being described as follows:<br><br>SITUATED at a point on the Southwesterly side of Viola Street (40 feet wide) at the distance of 196 feet 10 inches Southeastward from the southeasterly side of 52nd Street (100 feet wide).<br><br>CONTAINING in front or breadth on Viola Street 14 feet 6 inches and extending of that width in length or depth Southwestward between parallel lines at right angles to said Viola Street a distance of 80 feet 0 inches to the centerline of a 4 feet 0 inches wide alley.<br><br>BEING Known as No. 5166 Viola Street.<br>Being the same premises which Octavia Farmer by Deed dated 9/26/2014 and recorded 10/21/2014 in Philadelphia County as Document No. 52841281 conveyed unto Lydia R. Davis, in fee. |

## Exhibit B

### Property Information

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 1 | 2030 E. Lehigh Ave.<br>Philadelphia, PA 19125 | $244,200.00 | $360,000.00 | Kiavi<br>$174,128.18 | $3,622.85 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | None. Structure demolished approximately two years ago. |

| **Property No.** | **Address** | **2027 Assessed Value** | **Estimated Value** | **First Mortgagee Claim** | **Unpaid Taxes 2023-25** | **Non-Mortgage Liens/Interests** | **Tenants** |
|---|---|---|---|---|---|---|---|
| 2 | 340 W. Berkley St. Philadelphia, PA 19144 | $232,100.00 | $175,000.00 | Kiavi $227,632.28 | $2,435.43 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | Michelle Smith – Rent is $1,495.00 per month and is current; last payments received were $900.00 on 7/29/2026 and $6,105.50 on 9/18/2026. Lease expires 2/29/2028. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 3 | 5533 Bloyd St. Philadelphia, PA 19138 | $116,900.00 | $163,000.00 | Kiavi $185,830.99 | $2,248.05 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | Unknown Occupant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 4 | 4047 N. 6th St. Philadelphia, PA 19140 | $175,000.00 | $81,000.00 | Kiavi $191,335.93 | $63.85 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | Darlisa A. Norris, Teionne S. Norris, and one minor – Rent is $1,450.00 per month and is delinquent in the amount of $10,468.50; last payment received was $295.50 on 2/12/2026. Lease expired 5/31/2026. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 5 | 6439 N. Beechwood St. Philadelphia, PA 19138 | $126,000.00 | $163,000.00 | Kiavi $83,420.74 | $2,219.60 | **Case No. 250202189 –** $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515 –** $845.36 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757 –** $963.64 – Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 – $345.00** – City of Philadelphia: Departm<br><br>**Case No. 2501W24011878 –** $1,537.21 – Water Lien<br><br>**Case No. 2507W25010877 –** $1,513.35 – Water Lien<br><br>**Case No. 2601W25011805 –** $1,517.32 – Water Lien | Vacant. |

| **Property No.** | **Address** | **2027 Assessed Value** | **Estimated Value** | **First Mortgagee Claim** | **Unpaid Taxes 2023-25** | **Non-Mortgage Liens/Interests** | **Tenants** |
|---|---|---|---|---|---|---|---|
| 6 | 1336 E. Rittenhouse St. Philadelphia, PA 19138 | $151,800.00 | $150,000.00 | Kiavi $129,213.22 | $2,393.24 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | Vacant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 7 | 436 N. Wilton St. Philadelphia, PA 19139 | $86,100.00 | $120,000.00 | Kiavi $142,684.97 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | Unknown Occupant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 8 | 4147 N. 9th St. Philadelphia, PA 19140 | $101,700.00 | $81,000.00 | Kiavi $186,632.40 | $44.32 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2507W25010562** – $1,300.26 – Water Lien | Taubah E. Johnson and three minors – Rent is $1,400.00 per month and is delinquent in the amount of $10,746.25; last payment received was $1,400.00 on 2/12/2025. Lease expired 3/31/2026. |

| **Property No.** | **Address** | **2027 Assessed Value** | **Estimated Value** | **First Mortgagee Claim** | **Unpaid Taxes 2023-25** | **Non-Mortgage Liens/Interests** | **Tenants** |
|---|---|---|---|---|---|---|---|
| 9 | 8609 Bayard St. Philadelphia, PA 19150 | $224,300.00 | $145,000.00 | Kiavi $274,117.81 | $97.90 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2501W24011171** – $1,326.23 – Water Lien<br><br>**Case No. 2507W25010155** – $1,166.54 – Water Lien | Vacant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 10 | 1745 N. Wilton St. Philadelphia, PA 19131 | $110,500.00 | $180,000.00 | Kiavi $193,376.30 | $3,517.35 | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2507W25010468** – $1,263.74 – Water Lien | Unknown Occupant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 11 | 5166 Viola St. Philadelphia, PA 19131 | $180,100.00 | $180,000.00 | NewRez $159,489.23 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112 -** $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br><br>**Case No. 2507W25010886** – $1,101.14 – Water Lien | Shaquinne S. Carter and one minor – Rent is $1,350.00 per month and is delinquent in the amount of $6,189.69; last payment received was $1,900.00 on 9/4/2026. Lease expires 7/31/2027. |

## Exhibit C

### Municipal Liens and Judgments

| Lienholder | Case No. | Amount |
|---|---|---|
| City of Philadelphia, Department of Licenses and Inspections (Code Enforcement Lien) | CE-25-03-32-0112 | $345.00 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23023924 | $298.15 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23024705 | $277.23 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R23027859 | $315.57 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24002824 | $1,252.54 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004988 | $299.17 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004990 | $3,720.73 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24006202 | $1,149.30 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24008929 | $321.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24009946 | $1,903.79 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24011325 | $1,751.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24015183 | $385.94 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24021455 | $2,469.31 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023109 | $2,641.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023827 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24024454 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24027679 | $1,752.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028480 | $375.70 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028529 | $1,117.11 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24029357 | $294.01 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24030930 | $1,505.43 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033104 | $335.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033338 | $2,506.52 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24034597 | $1,363.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24035759 | $411.48 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24036043 | $1,462.86 |

| | | |
|---|---|---|
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24038287 | $1,223.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24039421 | $371.44 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24040280 | $1,045.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24046201 | $410.21 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24048641 | $1,471.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24049462 | $416.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24050108 | $1,549.64 |
| **Total** | | **$36,692.19** |