**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

RAD Diversified REIT, Inc.

Case No.: 8:26-bk-01636-CPM
Chapter 11

Debtor. /

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

COMES NOW, BSI Financial Services as servicer for Civic Financial Services, LLC ("Movant") seeks relief from the automatic stay under 11 U.S.C. § 362, in this case in order to exercise any and all rights the Movant may have in the collateral known as 3759 N 15th St, Philadelphia, PA 19140 (the "Property") and more fully described below, or in the alternative, adequate protection, and for cause would show the Court as follows:

1. On March 01, 2026, RAD Diversified REIT, Inc. (the "Debtor"), filed for relief under Chapter 11 of the Bankruptcy Code.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334, 11 U.S.C. §362 and all other applicable rules and statues affecting jurisdiction of the Bankruptcy Courts generally.

3. Pursuant to the provision of 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay of creditors for cause and/or lack of adequate protection in the subject collateral upon request of a party in interest.

4. RAD Diversified REIT, Inc. a Maryland Corporation, by Taylor Green executed and delivered a Note to Civic Financial Services, LLC a California Limited Liability Company, in the principal amount of $215,000.00 for property located at 3759 N 15th St, Philadelphia, PA 19140 (the "Property"). See Note as Exhibit A.

5. In connection with the Note and as security for the loan, RAD Diversified REIT, Inc. a Maryland Corporation, by Taylor Green executed a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Mortgage") in the original principal amount of $215,000.00 using the Property as collateral. The Mortgage was recorded on November 01, 2022 as Doc Id 54116129 in the Philadelphia County Clerk's Office. See Mortgage as Exhibit B.

6. The Note and Mortgage were assigned to Movant by a recorded assignment. See Assignment as Exhibit C.

7. The terms of the aforementioned Note entitled the Movant to possession of the Property upon Default. The Movant has declared debtor in Default.

8. Specifically, the Debtor has defaulted under the terms of the Note by failing to make the payments as required under the Note. The account is currently due for as shown below as of July 14, 2026:

| From | To | Number of Missed Payments | Monthly Payment Amount | Total Amounts Delinquent |
|---|---|---|---|---|
| 12/01/2024 | 09/01/2026 | 22 | $1,789.88 | $39,377.36 |
| Less Suspense | | | | ($0.00) |
| **TOTAL** | | | | **$39,377.36** |

9. As of September 26, 2026, the total payoff is $251,088.51.

10. According to the Broker's Price Opinion dated June 22, 2026, the value of the Property is $145,000.00. A copy of the Broker's Price Opinion is attached hereto as Exhibit "D."

11. 11 U.S.C. §362(d)(1) provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." The

language of §362(d)(1) has been interpreted to include a wide variety of circumstances that constitute "cause" for stay relief. *In re Bryan Road, LLC*, 382 B.R. 844, 854-855 (Bankr. S.D. Fla. 2008) (citing *In re Dixie Broad, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989)).

12. The analysis of determining whether "cause" exists to grant stay relief is left to the discretion of the Court on a case-by-case basis. *Bryan Road, LLC*, 382 B.R. at 854.

13. The totality of the circumstances in each particular case must be considered when making this determination. *Id. (citing In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001); *In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *see also In re Emerald Cove Villas, LLC,* 2007 Bankr. LEXIS 864, 8 (Bankr. M.D. Fla. Mar. 2, 2007)).

14. Bankruptcy courts conduct a case-by-case inquiry and apply a totality of the circumstances test to determine whether cause for relief from the automatic stay exists. *In re Laminate Kingdom LLC,* 2008 Bankr. LEXIS 1594 (Bankr. S.D. Fla. Mar. 13, 2008), citing *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D.Fla. 2001). The decision to lift the stay is within the discretion of the Bankruptcy Court Judge. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

15. The circumstances here warrant relief from the automatic stay for cause under 11 U.S.C. §362(d)(1).

16. Movant's security interest in the Property is being jeopardized by Debtor's failure to comply with the terms of the subject loan documents while the Movant is prohibited from pursuing lawful remedies to protect such interest. The Movant has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

17. If the Movant is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

18. The Movant further requests this Court grant it relief from the automatic stay in the case pursuant to § 362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to the Movant for its interest in the Property.

WHEREFORE, the Movant prays this Honorable Court enter an order terminating the automatic stay *in rem* under 11 U.S.C. § 362(d)(1) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the Property described herein, to gain possession of the Property, to waive the 14-day stay imposed to Fed.R.Bankr.P. 4001(a)(4), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and proper.

Dated: October 13, 2026.

Respectfully submitted,

*/s/ Gavin N. Stewart*

Gavin N. Stewart, Esquire
FL Bar Number 52899
P.O. Box 5703
Clearwater, FL 33758
Phone: 727-565-2653
Email: bk@stewartlegalgroup.com
Counsel for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 13th day of October 2026.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
RAD Diversified REIT, Inc.
11418 US-19 N.
Port Richey, FL 34688

**VIA CM/ECF NOTICE**
Matthew Fornshell
Ice Miller LLP
250 West Street, Suite 700
Columbus, OH 43215-7509

Jessey James Krehl
Pack Law
4649 Ponce de Leon Boulevard
Ste 405
Coral Gables, FL 33146

Joseph A Pack
Pack Law
4649 Ponce de Leon Boulevard
Ste 405
Coral Gables, FL 33146

U.S. Trustee
United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

Creditor Committee
Unsecured Creditors' Committee
c/o Greenberg Traurig
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

John D Elrod
Greenberg Traurig, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 2500

Atlanta, GA 30305

Danielle S Kemp
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602