ORDERED.

**Dated: October 15, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**ORDER GRANTING RAD DIVERSIFIED REIT, INC.'S MOTION TO APPROVE PARTIAL SETTLEMENT WITH THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION PURSUANT TO BANKRUPTCY RULE 9019 AND FOR RELATED RELIEF**

THIS MATTER came before the Court without a hearing upon the motion [Dkt. No. 1112] (the "**Motion**")[1] of RAD Diversified REIT, Inc. ("**RAD**" or the "**Debtor**") for entry of an order (this "**Order**") approving, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, a partial compromise and settlement between RAD and the United States Securities and Exchange Commission embodied in the *Consent of Defendant RAD Diversified REIT, Inc.*, attached hereto as **Exhibit 1** (the "**Consent**"), and the proposed *Judgment as to Defendant RAD Diversified REIT, Inc.*, attached hereto as **Exhibit 2** (the "**Judgment**," and together with the Consent, the "**Consent Judgment**"), and authorizing RAD to consummate the Consent Judgment; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and the Court having reviewed the Motion and the Consent Judgment; and the Court having determined that the Motion was served upon all interested parties with the negative notice legend required by Local Rule 2002-4, informing parties in interest of their opportunity to file a response within 21 days from the date of service, plus any additional time applicable under the Rule; and no party in interest having filed a response within the time permitted; and the Court therefore considering the Motion and the relief requested therein to be unopposed; and the Court having determined that the Consent Judgment is fair and equitable, satisfies the factors set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), and falls within the range of reasonableness; and the Court having determined that the relief requested in the Motion is in the best interests of RAD, its estate, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1. The Motion is **GRANTED** as set forth herein.

2. The Consent Judgment, including the Consent and the Judgment, and the compromise embodied therein, is **APPROVED** pursuant to Bankruptcy Rule 9019.

3. RAD is authorized, but not directed, to execute and deliver the Consent substantially in the form attached hereto as **Exhibit 1**, to consent to entry of the Judgment substantially in the form attached hereto as **Exhibit 2**, and to perform all undertakings and obligations required of RAD under the Consent Judgment.

4. To the extent the automatic stay applies to the liquidation of the claims as anticipated in paragraph 3 of the Consent and Part II of the Judgment, the stay is modified to permit such liquidation, but not collection of any claims found by the District Court.

5. RAD, through its Chief Restructuring Officer and other authorized representatives, officers, professionals, and agents, is authorized to execute, deliver, and implement such documents and to take such actions as may be necessary or appropriate to effectuate and consummate the Consent Judgment and the relief granted by this Order, without further order of this Court.

6. The summaries of the Consent and Judgment contained in the Motion and this Order are for convenience only. In the event of any inconsistency between any such summary and the terms of the Consent or Judgment, the terms of the Consent or Judgment, as applicable, shall control.

7. For the avoidance of doubt, neither RAD's execution of the Consent, the entry of the Judgment, nor anything contained in the Consent Judgment shall constitute or be construed as an admission by RAD, any other Debtor, or any successor thereto of any allegation, claim, liability, fact, legal conclusion, or amount asserted by the Commission, except solely to the extent expressly

provided in the Consent Judgment for purposes of effectuating and enforcing the settlement reflected therein. Nothing in the Consent Judgment shall have any preclusive, evidentiary, claim-allowance, or other binding effect upon any Debtor or any successor thereto in the Chapter 11 Cases or otherwise.

8. Further for the avoidance of doubt, nothing in the Consent Judgment shall constitute the allowance, fixing, classification, priority, or treatment of any claim asserted by the Commission against any Debtor in these chapter 11 cases. Any such claim, to the extent asserted, shall remain subject to the applicable claims-allowance and objection process under the Bankruptcy Code, the Bankruptcy Rules, and orders of this Court, and, to the extent allowed, shall receive only such treatment and distribution as may be provided under any confirmed chapter 11 plan and/or applicable orders of this Court. The rights and objections of all parties in interest, including the Debtors, the Committee, and the Commission, are expressly reserved in connection with any such allowance, fixing, classification, priority, or treatment of any claim asserted by the Commission against any Debtor.

9. Nothing in this Order limits the jurisdiction retained by the United States District Court for the Middle District of Florida under the Judgment; *provided*, *however*, that this Court shall retain exclusive jurisdiction to determine the allowance, classification, priority, and treatment of any claim asserted by the Commission against RAD or any other Debtor in these chapter 11 cases, including any objection thereto, whether asserted in the District Court or otherwise, and any distribution or other treatment of such claim under any confirmed chapter 11 plan and/or order of this Court.

10. This Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order and the approval of the Consent Judgment, subject to the jurisdiction of the District Court as provided in the Judgment.

###

*Attorney Joseph A. Pack, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, consistent with the other Orders of this Court, and file a proof of service within three days of entry of this Order.*

## Exhibit 1 to Order

## Consent of Defendant RAD Diversified REIT, Inc.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v. Case No. 8:26-cv-2186-KKM-LSG

RAD DIVERSIFIED REIT, INC., BRANDON "DUTCH" MENDENHALL, and AMY VAUGHN,

Defendants; and

THE SEMINAR SOLUTION, LLC,

Relief Defendant.
_______________________________________/

**CONSENT OF DEFENDANT RAD DIVERSIFIED REIT, INC.**

1. Defendant RAD Diversified REIT, Inc. ("Defendant") acknowledges having been served with the Complaint, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violations of:

(a) Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

(b) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

(c) Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) & (c)].

3. Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains. The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from November 1, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of

sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute

notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before

the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

[CONTINUED ON NEXT PAGE]

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Judgment.

Dated: __________ ________________________________

RAD DIVERSIFIED REIT, INC.
By: Katie S. Goodman, solely in her capacity as Chief Restructuring Officer of RAD DIVERSIFIED REIT, INC.

On _________________ 2026, Katie S. Goodman, a person who presented identification_____ or who is known to me personally____ appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of RAD DIVERSIFIED REIT, INC., in her capacity as its Chief Restructuring Officer.

Notary Public
State of ____________
Commission Number :
Commission Expiration :

Approved as to form:

__________________________

Matthew Fornshell
IceMiller
250 West Street, Suite 700
Columbus, OH 43215
Matthew.Forshnell@icemiller.com
*Attorney for Defendant RAD Diversified REIT, Inc.*

## <u>Exhibit 2 to Order</u>

## Judgment as to Defendant RAD Diversified REIT, Inc.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v. Case No. 8:26-cv-2186-KKM-LSG

RAD DIVERSIFIED REIT, INC.,
BRANDON "DUTCH" MENDENHALL,
and AMY VAUGHN,

Defendants; and

THE SEMINAR SOLUTION, LLC,

Relief Defendant.
_______________________________________/

**JUDGMENT AS TO DEFENDANT RAD DIVERSIFIED REIT, INC.**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant RAD Diversified REIT, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

**I.**

**PERMANENT INJUNCTIVE RELIEF**

**A.**

**Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 (“Exchange Act”)**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in or offering of securities;

(B) the prospects for success of any product or company involved in a securities offering;

(C) the risks involved in investing in a securities offering; and

(D) the use of investor funds or proceeds involved in a securities offering.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**B.**

**Section 17(a) of the Securities Act of 1933 ("Securities Act")**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(A) any investment in or offering of securities;

(B) the prospects for success of any product or company involved in a securities offering;

(C) the risks involved in investing in a securities offering; and

(D) the use of investor funds or proceeds involved in a securities offering.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**C.**

**Sections 5(a) and (5)(c) of the Securities Act**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed

with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

**DISGORGEMENT AND PREJUDGMENT INTEREST**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains, and if so, the amount of disgorgement. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from November 1, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and at any hearing held on such a motion: (a) Defendant will be

precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, the parties may take discovery, including discovery from appropriate non-parties.

**III.**

**INCORPORATION OF CONSENT**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**IV.**

**RETENTION OF JURISDICTION**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**V.**

**RULE 54(b) CERTIFICATION**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**ORDERED** in Tampa, Florida, on _______________, 2026.

___________________________________
**Kathryn Kimball Mizelle**
**United States District Judge**