**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Applicable Debtor. | |

**DEBTOR'S *EXPEDITED* AGREED MOTION FOR ORDER (A) AUTHORIZING THE DEBTOR TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING BIDDING PROCEDURES AND SURCHARGE; AND (C) FOR OTHER RELIEF**

(Single Family Residences located at 5332 Lena St., Philadelphia, PA 19144; 4124 Paul St., Philadelphia, PA 19124; 5743 N. Beechwood St., Philadelphia, PA 19138; 335 N. Redfield St., Philadelphia, PA 19139; 4182 Paul St., Philadelphia, PA 19124; 2737 W. Eyre St., Philadelphia, PA 19121)

**In light of the agreed nature of this Motion, the Debtor respectfully requests that the Court consider this motion on October 27, 2026 at 3:30 p.m. (ET) when other matters are scheduled to be heard in these cases.**

DDH Fund, LLC, debtor and debtor in possession (the "Debtor"), by and through its undersigned counsel, submits this motion (this "**Motion**"), with the agreement of the Mortgagee (as defined herein), for entry of an order, on an agreed basis, (a) authorizing the Debtor to sell certain real property in the table set forth herein (each, a "**Parcel**" and collectively, the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to 11 U.S.C. §§ 363(b), (f), and (m); (b) approving bidding procedures and surcharge; and (c) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002 and 6004.

## Background

4. On March 1, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing its chapter 11 case, which is jointly administered with the chapter 11 cases of its affiliated debtors (collectively, the "**Chapter 11 Cases**") before the Bankruptcy Court.

5. The Debtor is operating its business and managing its property as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors (the "**Committee**").

8. The Debtor is the record title owner of the Property, which is more particularly described on **Exhibit A** hereto. Each Parcel is subject to a single first-position blanket mortgage recorded on November 27, 2019 as Document ID 53597570 in the Office of the Recorder of Deeds for Philadelphia County (the "**First Mortgage**") held by U.S. Bank Trust National Association, not in its individual capacity but solely as Trustee of Homeward Opportunities Fund Trust 2020-2 ("**U.S. Bank Homeward**"), and serviced by Lima One Capital, LLC (together with U.S. Bank Homeward, the "**Mortgagee**"). The Property consists of 6 separate parcels of real property, each of which is improved with a single-family home, at the following street addresses and subject to the First Mortgage held by the Mortgagee:

| Property No. | Address |
|---|---|
| 1 | 5332 Lena St., Philadelphia, PA 19144 |
| 2 | 4124 Paul St., Philadelphia, PA 19124 |
| 3 | 5743 N. Beechwood St., Philadelphia, PA 19138 |
| 4 | 335 N. Redfield St., Philadelphia, PA 19139 |
| 5 | 4182 Paul St., Philadelphia, PA 19124 |
| 6 | 2737 W. Eyre St., Philadelphia, PA 19121 |

9. Based upon the title report obtained by the Debtor dated November 2025 (the "**Title Report**") and the Debtor's research of the real estate records, all liens and encumbrances against each Parcel are set forth on **Exhibit B**, including any judgment liens, the unpaid past due ad valorem taxes and current ad valorem taxes due for each Parcel, and all tenants and other

parties who may assert a possessory interest in each Parcel (collectively, the "**Tenants**"). The Title Report also reflects certain municipal liens against the Property totaling $36,692.19 that may constitute a lien against the Property, as set forth on **Exhibit C**.

10. To the best of the Debtor's knowledge, information, and belief, except for the parties identified in **Exhibit B** to this Motion (the "**Interested Parties**"), no other person or entity asserts a lien, claim, or *in rem* interest in and to any Parcel.

11. The Debtor, by and through its Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment and with the agreement of the Mortgagee, has determined that it is in the best interest of the Debtor and its estate to sell the Property at public auction on the terms set forth in this Motion.

**Relief Requested**

12. The Debtor and its affiliated debtors have previously been authorized to employ Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") as auctioneer [Dkt. No. 418]. By this Motion, the Debtor requests the entry of an order (the "**Sale Order**"), pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests, by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.

13. The Debtor proposes that, except as may otherwise be ordered by the Court in the Sale Confirmation Order:

a. all unpaid property taxes for each Parcel shall be paid by the purchaser at closing, and the purchaser shall be responsible for payment of current and past taxes;

b. the net proceeds of sale of each Parcel shall be disbursed at closing as follows:

   i. first, to the Debtor in payment of the Surcharge Amount (as defined below);

ii. second, payment of only those municipal liens or judgments that are senior in priority to the First Mortgage as a matter of applicable non-bankruptcy law (which, for the avoidance of doubt, the Debtor does not believe exist); provided that no judgment or other lien junior to the First Mortgage—including the judgments identified on **Exhibit B**—shall be paid from proceeds ahead of the Mortgagee, and all such junior, disputed, or avoidable liens shall instead attach to any Net Proceeds payable to the Debtor (and only after the Payoff Amount is paid in full) with the same extent, validity, and priority as existed before the Petition Date;

iii. third, to the Mortgagee, until the Mortgagee has received payment in full of the Payoff Amount (as defined below), it being acknowledged that the First Mortgage is a single blanket obligation cross-collateralized by all six Parcels and that the net proceeds of every Parcel shall be applied to the Payoff Amount regardless of the order in which the Parcels are sold; and

iv. only after the Mortgagee has received the Payoff Amount in full shall any remaining net proceeds (the "**Net Proceeds**") be paid to the Debtor. No Net Proceeds exist, and no distribution to the Debtor shall be made, unless and until the Payoff Amount has been paid in full. All valid and duly perfected liens that are not paid at closing will attach to the Net Proceeds, with the same extent, validity, and priority as existed before the Petition Date. The Net Proceeds shall be held by the Debtor and disbursed only pursuant to order of the Bankruptcy Court.

14. The term "**Surcharge Amount**" means 10% of the winning bid for the sale of each Parcel, up to a maximum of $20,000.00; *provided*, *however*, that in the event the winning bid is not sufficient to pay the Mortgagee in full as set forth herein or the Mortgagee acquires the Parcel by credit bid, the maximum amount is $10,000.00. The Surcharge Amount is necessary, reasonable, and reflects the benefit to the Mortgagee and other Interested Parties from liquidating the Property through an auction process with robust marketing and advertising. Further, the timing of the auction sale will result in a substantial time savings to the Mortgagee given the current status of the foreclosure cases and the delays associated with stay relief litigation. The Surcharge Amount also compensates the Debtor for U.S. Trustee fees and attorneys' fees

incurred in connection with the sale of the Property, and provides a fund for payment of creditors of the Debtor. Finally, and most importantly, the Surcharge Amount is agreed to by the Mortgagee and reflects robust negotiations with the same in connection with the agreed nature of this Motion. As such, the Surcharge Amount is justified pursuant to section 506(c) of the Bankruptcy Code. *In re Dalton Crane, L.C.,* 641 B.R. 850 (Bankr. S.D. Tex. 2022) (approving surcharge in connection with auction). For the avoidance of doubt, the Surcharge Amount is a fixed per-Parcel ap payable solely from the net proceeds of each Parcel actually sold and closed (or, where the Mortgagee acquires a Parcel by credit bid, as a condition of conveyance of that Parcel), and the Surcharge Amount shall not otherwise reduce the amounts payable to the Mortgagee on account of the Payoff Amount.

15. The Debtor, in consultation with TD, propose that the following terms of sale be approved by the Court:

a. **Free and Clear**: The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale to the extent such liens, claims, encumbrances, and interests are not paid at closing. Notwithstanding the foregoing, the lien of the First Mortgage shall not be released, discharged, or extinguished as to any Parcel until the Mortgagee has received the Payoff Amount in full; upon the closing of each Parcel, the First Mortgage lien shall attach to the net proceeds of that Parcel with the same validity, extent, and priority it held immediately prior to the sale and shall continue to encumber each unsold Parcel until the Payoff Amount is paid in full.

b. **The Auction Dates:** TD shall market the Property for public auction (the "**Auction**"). The auction date shall be a date selected by TD that is at least four weeks but not more than eight weeks after the Sale Order. TD shall begin its marketing campaign within ten days of the entry of the Sale Order.

c. **Auction Terms:** The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application. Notwithstanding anything to the contrary in the Auction Application, the Debtor may require a bid deposit in the form of a $2,000.00 credit card hold from potential purchasers of the Property in lieu of a cash bid deposit.

d. **<u>Sale Documents:</u>** Promptly following the closing of the Auction, the winning bidder shall execute a sale agreement or other applicable sale documents (the "**<u>Sale Documents</u>**").

e. **<u>The sale of the Property shall be "AS-IS, WHERE-IS, WITH ALL FAULTS," with no warranties of title whatsoever.</u>**

f. **<u>Sale Confirmation:</u>** Within ten business days following the Auction and prior to the closing of the sale of the Property, the Debtor will seek the entry of an order confirming the sale to the winning bidder and requesting approval of the disbursements at closing (the "**<u>Sale Confirmation Order</u>**").

g. **<u>Closing Documents</u>**: The Property shall be conveyed to the purchaser by Trustee's Deed or such other similar instrument.

h. **<u>Credit Bid</u>**: The Mortgagee shall have the right to credit bid at the Auction, pursuant to 11 U.S.C. § 363(k), up to the full Payoff Amount on any individual Parcel, any combination of Parcels, or all Parcels, whether bid separately or in the aggregate. A credit bid on one or more Parcels shall not reduce or exhaust the Mortgagee's right to credit bid on any other Parcel, provided that the Mortgagee's aggregate credit bids shall not exceed the Payoff Amount.

i. **<u>Closing Date</u>**: Closing shall occur within thirty days after the auction or within ten business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

**<u>Authority for Requested Relief</u>**

**A. The Proposed Notice of the Auction and Bid Procedures is Appropriate.**

16. The Debtor seeks authority to sell the Property through an Auction and related sale process, subject to the Debtor's right to seek an alternative course of action to maximize the value of its estate and preserve the value of the Property for the benefit of all parties in interest, including but not limited to the Mortgagee. TD will conduct an extensive and robust marketing process designed to maximize the number of auction participants, bidders, and purchase price. To maximize participation in the auction, it is anticipated that the auction of the Property may include one or more other properties owned by the Debtor or its affiliated debtors.

17. Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than

in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

18. Bankruptcy Rule 6004 provides, in pertinent part:

> (a) Notice.
>
> (1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:
>
> > (A) under Rule 2002(a)(2), (c)(1), (i), and (k); and
> >
> > (B) in accordance with §363(b)(2), if applicable.
>
> * * *
>
> (c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:
>
> > (1) the date of the hearing on the motion; and
> >
> > (2) the time to file and serve an objection on the debtor in possession or trustee.

Fed. R. Bankr. P. 6004.

19. The Debtor has served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid to the Interested Parties and has transmitted the Motion to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006. In light of the existence of the Committee, the Debtor's estate should not be required to incur the expense of service by mail on all creditors. As a practical matter, given the unique nature of the Property and the Chapter 11 Cases, it is unlikely

that creditors of the Debtor will be bidders. Moreover, on the record at a hearing in these Chapter 11 Cases on August 11, 2026, the Court indicated that a sale motion such as this may be entertained without a hearing if there is clear agreement between the Debtor and the Mortgagee, consistent with section 102 of the Bankruptcy Code.

**B. The Auction and Sale of the Property Should be Approved.**

20. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A sale of the debtor's assets should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business purpose exists for the proposed transaction. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated business justification' . . . ."); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

21. Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale, (ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith. *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders. *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

22. The Debtor has a sound business justification for selling the Property. Each Parcel is subject to the First Mortgage. The value of the Property will be tested through the Auction

conducted pursuant to and according to the bid procedures set forth in the Auction Application. Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtor in the exercise of its reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the estate. *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction"). Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process.

## C. The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.

23. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

24. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtor's sale of the Property free and clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any

of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

25. The first priority lien against each Parcel is ad valorem property taxes, which will be paid by the purchaser at closing. To the extent of available net proceeds, only those municipal liens that are senior in priority to the First Mortgage under applicable non-bankruptcy law will be paid next from the net proceeds of sale of each Parcel, with all remaining net proceeds of every Parcel paid to the Mortgagee until payment in full of the Payoff Amount, it being acknowledged that the First Mortgage is a single blanket obligation cross-collateralized by all six Parcels. Any unpaid liens junior to the First Mortgage will attach only to the Net Proceeds, if any, remaining after the Payoff Amount is paid in full.

26. Because the Mortgagee possesses a single blanket, cross-collateralized lien as to each of the six Parcels, the full amount of the Mortgagee's lien will remain attached and fully enforceable as to any unsold Parcel or Parcels, and no Parcel shall be sold or released free of the First Mortgage except upon application of its net proceeds to the Payoff Amount in accordance with the disbursement waterfall set forth in this Motion.

27. The Mortgagee's lien will be fully released as to all Parcels only upon receipt of the Payoff Amount in full. The "**Payoff Amount**" as used herein means the entire unpaid indebtedness due under the First Mortgage as of the closing date, including unpaid principal, accrued and accruing interest (including interest at the default rate to the extent provided in the loan documents), and all reasonable fees, costs, charges, and attorneys' fees recoverable under

the loan documents and 11 U.S.C. § 506(b), as reflected in a payoff statement furnished by the Mortgagee prior to closing.

28. The judgment lien of Debra Autry, which encumbers each of the Parcels, is in dispute. Specifically, the judgment became a lien against the Property within 90 days of the Petition Date and is subject to avoidance as a preference.[1]

29. The Debtor proposes to sell the Property free and clear of all claims or interests of the Tenants identified on **Exhibit B**.

30. Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to *ad valorem* taxes, with past due *ad valorem* taxes paid by the buyer at closing.[2]

**D. The Sale Will Be Undertaken by the Buyers in Good Faith.**

31. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased notwithstanding if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

32. The sale of the Property should be found to be in good faith if the Debtor can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2,

[1] The Debtors have filed an adversary proceeding, Adv. Proc. No. 8:26-ap-00337-CPM objecting to the claim of Debra Autry [Claim No. 279] and seeking to avoid the lien of the judgment, pursuant to 11 U.S.C. § 547. The answer deadline is October 9, 2026.

[2] The buyer will also be responsible for paying all taxes for the current year, without pro-ration.

2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

33. The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Debtor respectfully requests that the Court find that any purchaser of a Parcel be entitled to the protections of section 363(m) of the Bankruptcy Code.

34. Prior to filing this Motion, the Debtor conferred with counsel for the Mortgagee, and the Mortgagee consents to the sale of the Property (including the Surcharge Amount) on the terms set forth in this Motion. The Mortgagee's consent to the sale of the Property free and clear of the First Mortgage pursuant to § 363(f)(2) of the Bankruptcy Code is expressly conditioned upon (a) application of the net proceeds of all Parcel as to the Payoff Amount until it is paid in full before any distribution to the Debtor; (b) no release of the First Mortgage as to any Parcel until the Payoff Amount is paid in full; and (c) preservation of the Mortgagee's credit bid rights as set forth herein. The Mortgagee reserves all rights under § 363(e) of the Bankruptcy Code, including the right to adequate protection, and the right to object to any Sale Confirmation Order or closing disbursement inconsistent with these terms.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to section 363 of the Bankruptcy Code; (b) approving the sale procedures, sale terms and Surcharge Amount set forth herein; and (c) granting such other and further relief as may be just and equitable.

Dated: October 16, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: */s/ Jessey J. Krehl*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

**I FURTHER CERTIFY** that on October 16, 2026, the following interested parties were served by the methods indicated below:

**By CM/ECF**:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

Elena Ketchum, Esq., counsel to the Philadelphia Community Development Coalition, Inc.

Troy A. Lawrence, Esq., Atlas | Solomon, LLP, counsel to Lima One Capital, LLC

**By first-class U.S. Mail, postage prepaid, and electronic mail**:

Yvonia Gordon Waiters and Rashanda
5332 Lena St.
Philadelphia, PA 19144
yvoniag@yahoo.com
rashanda614@gmail.com

Michelle Johns
4124 Paul St.
Philadelphia, PA 19124
michrllejj4@gmail.com

Samuel Holmes and Sarah Miles
5743 N. Beechwood St.
Philadelphia, PA 19138
inpersona64@gmail.com
sarahmiles56@yahoo.com

Jantaya S. Sowell
335 N. Redfield St.
Philadelphia, PA 19139
muslimahsabr32@yahoo.com

Alice Orr
4182 Paul St.
Philadelphia, PA 19124
orralice781@gmail.com
Debra Autrey
526 East Walnut Lane
Philadelphia, PA 19144
debautrey456@gmail.com

**By first-class U.S. Mail, postage prepaid**:

Any and All Unknown Occupants
5332 Lena St.
Philadelphia, PA 19144

Any and All Unknown Occupants
4124 Paul St.
Philadelphia, PA 19124

Any and All Unknown Occupants
5743 N. Beechwood St.
Philadelphia, PA 19138

Any and All Unknown Occupants
335 N. Redfield St.
Philadelphia, PA 19139

Any and All Unknown Occupants
4182 Paul St.
Philadelphia, PA 19124

Any and All Unknown Occupants
2737 W. Eyre St.
Philadelphia, PA 19121

Pennsylvania Department of Revenue
Bureau of Compliance, Lien Section
P.O. Box 280948
Harrisburg, PA 17128-0948

**I FURTHER CERTIFY** that on October 16, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: *_/s/ Jessey J. Krehl_*
Jessey J. Krehl
Bar No. 1025848

# Exhibit A

## Legal Descriptions

| Property No. | Address | Legal Description |
|---|---|---|
| 1 | 5332 Lena St. Philadelphia, PA 19144 | Premises "B"<br>ALL THAT CERTAIN Lot or piece of ground with the buildings and improvements thereon erected.<br>SITUATE on the Southwest side of Lena Street at the distance of 160 feet 6-38 inches Southeast from the Southeast side of Coulter Street; Thence extending South 41 degrees 50 minutes 10 seconds West 90 feet to the Southwest side of a certain 3 feet wide alley leading Northwest into said Coulter Street; Thence Southeast along said alley 15 feet 11-3/4 inches to a point; Thence North 41 degrees 52 minutes 18 seconds East 90 feet to the Southwest side of said Lena Street; Thence Northwest along the same 16-3/8 inches to the place of beginning.<br>BEING known as 5332 Lena Street.<br>BEING BRT No. 12-2-1329-00. |
| 2 | 4124 Paul St. Philadelphia, PA 19124 | Premises "D"<br>ALL THAT CERTAIN lot or piece of ground with the messuage or tenement thereon erected. SITUATE on the Northwestwardly side of Paul Street at the distance of one hundred sixty-one feet and seven and one-eighths inches Northeastwardly from the Northerly side of Torresdale Avenue in the Twenty-third Ward of the City of Philadelphia.<br>CONTAINING in front or breadth on the said Paul Street, sixteen feet three inches and extending Northwestwardly between parallel lines in length or depth North sixty-two degrees five minutes forty-five seconds West on the Northeastwardly line passing through the middle of the partition wall between two brick dwellings one hundred two feet six and three-eighths inches and on the Southwest line passing along the middle of an alley two feet six and one half inches.<br>BOUNDED Northwestwardly by ground now or late of Richard Garsed et al., Northwestwardly by ground now or late of John H. Webster and Southeastwardly by Paul Street aforesaid.<br>TOGETHER with the free right, use, liberty and privilege of the above mentioned overhead alley at all times hereafter, forever.<br>BEING known as 4124 Paul Street.<br>BEING BRT No. 23-2-5099-00. |

| Property No. | Address | Legal Description |
|---|---|---|
| 3 | 5743 N. Beechwood St. Philadelphia, PA 19138 | Premises "A"<br>ALL THAT CERTAIN lot or piece of ground with the two story brick messuage or tenement thereon erected.<br>SITUATE on the East side of Beechwood Street at the distance of Three hundred fourteen feet Seven and one-eighth inches (314' 7-1/8") Northward from the North side of Chew Street in the Forty-ninth Ward of the City of Philadelphia.<br><br>CONTAINING in front of breadth on the said Beechwood Street Fourteen feet Three inches (14' 3") and extending of that width in length or depth Eastward parallel with the Conlyn Street on the North line thereof Sixty-two (62') and on the South line thereof Sixty two feet and Three eighth inches (62' 3/8") to a certain Three feet (3') wide alley extending Northward into said Conlyn Street and communicating at its Southern end with a certain other Three feet (3') wide alley extending Westward into said Beechwood Street.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alleys as and for passageways and watercourses at all times hereafter, forever.<br><br>BEING NO 5743 North Beechwood Street<br>BRT # 17-2-4949-00 |
| 4 | 335 N. Redfield St. Philadelphia, PA 19139 | Premises "E"<br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the East side of Redfield Street at the distance 252 feet Northward from the North side of Vine Street in the 4th Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Redfield Street 15 feet and extending of that width in length or depth Eastwardly between parallel lines at right angles to the said Redfield Street 44 feet to a certain 3 feet wide alley extending Northwardly and Southwardly and communicating at the Southern end thereof with a certain other 3 feet wide alley extending Westwardly and Eastwardly into the said Redfield Street and 59th Street.<br>BEING Known as 335 North Redfield Street.<br>BEING BRT No. 04-2-2487-00. |

| Property No. | Address | Legal Description |
|---|---|---|
| 5 | 4182 Paul St. Philadelphia, PA 19124 | Premises "F"<br>ALL THAT CERTAIN lot or piece of ground with the three story brick messuage and tenement thereon erected described according to a survey made thereof by J. H. Webster, Jr., Surveyor and Regulator of the Tenth District of, or tenant thereon situate on the Twenty-fifth day of August, A.D. 1892, as follows, to wit:<br><br>SITUATE on the Northwesterly side of Paul Street at the distance of Twenty feet Southwestwardly from the Southwesterly side of Womrath (formerly Green) Street in Frankford in the Twenty-third Ward of the City of Philadelphia.<br><br>CONTAINING in front or breadth on the said Paul Street, nineteen feet ten and three quarters of an inch and extending of that width in length or depth Northwestwardly between parallel lines at right angles to the said Paul Street, one hundred feet bounded Northwestwardly by ground now or late of James Claghan, Southwestwardly by ground now or late of John H. Webster and Southeastwardly by Paul Street, aforesaid.<br>BEING known as 4182 Paul Street.<br>BEING BRT No. 23-2-5125-00. |
| 6 | 2737 W. Eyre St. Philadelphia, PA 19121 | Premises "G"<br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.<br><br>SITUATE on the Northerly side of Eyre Street at the distance of 276 feet 8 inches Westwardly from the Westerly side of 27th Street.<br><br>CONTAINING in frontage on Eyre Street 15 feet and extending of that width in length or depth Northward 54 feet to a certain 3 feet wide alley.<br><br>BEING Known as 2737 W Eyre Street<br>BEING BRT No. 32-4-0749-00. |

# **Exhibit B**

## **Property Information**

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgage | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 1 | 5332 Lena St. Philadelphia, PA 19144 | $140,200.00 | $217,000.00 | $618,784.59 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br>**Case No. 2507W25007999** – $1,278.92 – Water Lien<br><br>**Case No. 2604W25008758** – $1,395.93 – Water Lien | Yvonia Gordon Waiters and Rashanda – Rent is $1,695.00 per month. Last payment received was $1,450.00 on 9/10/2026. Lease expired 9/30/2025. Owes $19,295.80 in past due rent. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgage | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 2 | 4124 Paul St. Philadelphia, PA 19124 | $83,600.00 | $89,000.00 | $618,784.59 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br>**Case No. 2504W24007926** – $831.16 – Water Lien<br><br>**Case No. 2601W25008378** – $1,134.50 – Water Lien | Michelle Johns – Rent is $1,345.00 per month. Lease expired 11/30/2025. Owes $6,039.19 in past due rent. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgage | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 3 | 5743 N. Beechwood St. Philadelphia, PA 19138 | $132,600.00 | $179,000.00 | $618,784.59 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br>**Case No. 2601W25008022** – $1,164.11 – Water Lien | Samuel Holmes and Sarah Miles – Rent is $1,345.00 per month. Last payment received was $677.41 on 9/5/2026. Lease expires 8/31/2027. Rent is current. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgage | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 4 | 335 N. Redfield St. Philadelphia, PA 19139 | $72,900.00 | $115,000.00 | $618,784.59 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br>**Case No. 2501W24008480** – $46.01 – Water Lien<br><br>**Case No. 2604W25008425** – $1,089.24 – Water Lien | Jantaya S. Sowell – Rent is $1,250.00 per month. Last payment received was $1,250.00 on 9/9/2026. Lease expires 5/31/2027. Owes $2,213.21 in past due rent. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgage | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 5 | 4182 Paul St. Philadelphia, PA 19124 | $121,900.00 | $259,000.00 | $618,784.59 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry<br>**Case No. 2510W25007256** – $616.86 – Water Lien<br><br>**Case No. 2604W25008178** – $1,413.07 – Water Lien | Alice Orr – Rent is $975.00 per month. Last payment received was $975.00 on 7/22/2026. Lease expires 6/30/2027. (May owe $2,016.50 in past due rent.) |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgage | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|
| 6 | 2737 W. Eyre St.<br>Philadelphia, PA 19121 | $112,400.00 | $135,000.00 | $618,784.59 | None. | **Case No. 250202189** – $74,538.45 – Judgment in favor of Philadelphia Community Development Coalition, Inc.<br><br>**Case No. 250400515**– $845.36 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. 251102757**– $963.64 –Pennsylvania Department of Revenue Tax Lien (Employer Withholding Tax)<br><br>**Case No. CE-25-03-32-0112** - $345.00 - City of Philadelphia: Department of Licenses and Inspections Judgment<br><br>**Case No. 250500898** – $216,168.00 – Judgment in favor of Debra Autry | Vacant. |

# Exhibit C

## Municipal Liens and Judgments

| Lienholder | Case No. | Amount |
|---|---|---|
| City of Philadelphia, Department of Licenses and Inspections (Code Enforcement Lien) | CE-25-03-32-0112 | $345.00 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23023924 | $298.15 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23024705 | $277.23 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R23027859 | $315.57 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24002824 | $1,252.54 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004988 | $299.17 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004990 | $3,720.73 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24006202 | $1,149.30 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24008929 | $321.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24009946 | $1,903.79 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24011325 | $1,751.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24015183 | $385.94 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24021455 | $2,469.31 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023109 | $2,641.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023827 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24024454 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24027679 | $1,752.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028480 | $375.70 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028529 | $1,117.11 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24029357 | $294.01 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24030930 | $1,505.43 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033104 | $335.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033338 | $2,506.52 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24034597 | $1,363.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24035759 | $411.48 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24036043 | $1,462.86 |

| | | |
|---|---|---|
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24038287 | $1,223.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24039421 | $371.44 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24040280 | $1,045.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24046201 | $410.21 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24048641 | $1,471.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24049462 | $416.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24050108 | $1,549.64 |
| **Total** | | **$36,692.19** |