ORDERED.

**Dated: October 16, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**ORDER GRANTING DEBTORS' MOTION TO ESTABLISH SALE CONFIRMATION, DISTRIBUTION, AND CLOSING PROCEDURES**

THIS CASE came before the Court for hearing on October 15, 2026 at 3:30 p.m. (ET) (the "**Hearing**") upon the *Debtors' Motion to Establish Sale Confirmation, Distribution, and*

*Closing Procedures* [Dkt. No. 1173] (the "**Motion**").[1] The Court, having reviewed the Motion, having heard argument of counsel for the Debtor, and for the reasons stated orally on the record at the Hearing that shall constitute the decision of the Court, it is

**ORDERED**:

1. The Motion is **GRANTED**. The following procedures (the **"Procedures"**) and the Forms attached as **Exhibits 1 and 2** are approved.

2. The approved Procedures are as follows:

   a. *Scope*. These Procedures apply to all Court-authorized sales through SoldNow, LLC d/b/a Tranzon Driggers ("**Tranzon**"), unless otherwise ordered.

   b. *Auction Results*. Within five business days after each auction concludes, the Debtors shall file a notice identifying the applicable Debtor, property, successful bidder, winning bid, buyer's premium, and total purchase price.

   c. *Confirmation Motion*. Thereafter, the Debtors shall file a motion substantially in the form of **Exhibit 1** attached hereto (a "**Confirmation Motion**") identifying the Sale Order, auction-results notice, property, purchaser, bid, premium, purchase price, deposit, executed contract, anticipated closing, approved surcharge, known secured debt, proposed distributions, and residual-proceeds treatment (if any). A Confirmation Motion may cover multiple properties and/or auctions and may seek separate orders for individual properties and/or closings in the Debtors' discretion.

   d. *Negative Notice*. Each Confirmation Motion shall contain the legend included in **Exhibit 1** and the relevant objection deadline. The objection deadline shall be 14 days after service, computed under Rule 9006(a), including otherwise-added time under Rule 9006(f) and Local Rule 2002-4(c); no days are added for mail service.

   e. *Service*. The Debtors shall serve the Confirmation Motions on the Office of the United States Trustee ("**U.S. Trustee**"), counsel to the official committee of unsecured creditors (the "**Committee**"), CM/ECF parties, known holders of liens, claims, encumbrances, ownership, possessory, or other interests in the property or proceeds, and all those entitled to service pursuant to Orders of this Court. The Debtors shall comply with applicable service rules, including Rules 6004(c), 9014, and 7004, and shall file proof of service.

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

f. *Unopposed Relief*. Absent timely objection in accordance with these Procedures, the Debtors may submit an order substantially in the form of **Exhibit 2** attached hereto (a "**Confirmation Order**") within three business days after the deadline. The Court may grant relief without further notice or hearing.

g. *Distribution Objections*. An objection solely to the amount, priority, or distribution of proceeds (but not to the closing or the good faith of the purchaser) shall not prevent closing or entry of a Confirmation Order. After the objection deadline, the Debtors may submit a form Confirmation Order granting relief in part, permitting closing and undisputed distributions, and setting a further hearing. The Debtors shall segregate any disputed proceeds pending further order, with asserted liens and interests attaching under the Sale Order and all rights preserved.

h. *Closing and Records*. Upon entry of a Confirmation Order, the Debtors and closing agent may close and distribute proceeds substantially as authorized. The Debtors shall file final closing statements in batches on or before the last day of each month. If required under applicable law, the Debtors shall redact personally identifiable information of the buyer on the closing statement, and any party in interest seeking unredacted copies shall file a motion with the Court. Notwithstanding the foregoing, the Debtors shall provide unredacted copies of al closing statements to the U.S. Trustee.

i. *Purchaser Default*. Upon purchaser default, the Debtors and Tranzon may select an alternative or backup bidder under the approved auction procedures, with or without another auction.

j. *Immediate Effectiveness*. Unless otherwise ordered, the Confirmation Orders are effective upon entry. The stay imposed by Rule 6004(h) shall be waived for cause established by prior sale approval and compliance with approved sale procedures.

3. By filing a Confirmation Motion and submitting a Confirmation Order in accordance with the Procedures approved hereby, the Debtors shall certify their compliance with the Sale Order, approved Tranzon auction procedures, and the Procedures, to the extent then applicable.

4. The Court retains jurisdiction over these Procedures and reserved distributions.

###

*Attorney Jessey J. Krehl is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.*

**<u>Exhibit 1 to Procedures Order</u>**

**Form Confirmation and Distribution Motion**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**DEBTOR'S MOTION TO CONFIRM SALE, AUTHORIZE DISTRIBUTIONS AT CLOSING, AND GRANT RELATED RELIEF**

([Property address(es)])

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

**Objection deadline: [date], at [time] Eastern Time.**

If you object to the relief requested, you must file a response with the Clerk of Court, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602, by the deadline above. The Procedures Order [Dkt. No. [___]] establishes a 14-day objection period, inclusive of any additional service time; no days are added for service by mail.

If you timely respond, the Court may set a hearing or consider your response without a hearing. If you do not timely respond, the Court will consider the Motion unopposed and may grant or deny it without further notice or hearing. An objection solely to distribution will not prevent confirmation or closing, *provided, however,* that disputed proceeds shall be segregated pending further order.

Read these papers carefully and discuss them with your attorney if you have one.

Debtor, [Debtor name] (the "**Debtor**"), requests confirmation and closing of the sale described below pursuant to the *Order Establishing Sale Confirmation, Distribution, and Closing Procedures* [Dkt. No. [___]] (the "**Procedures Order**"),[1] and respectfully states as follows:

5. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2)(N). Relief is requested under 11 U.S.C. § 363 and the Procedures Order.

6. The Court authorized the Debtor to sell [property address(es)] (the "**Property**") under its order [Dkt. No. [___]] (the "**Sale Order**"). Tranzon conducted the auction on [date], and the Debtor filed the auction results at Dkt. No. [___]. [Purchaser name] (the "**Purchaser**") is the [highest / alternative / backup] bidder. The accepted bid is $[___], the buyer's premium is $[___], and the total purchase price is $[___]. The Purchaser executed a purchase agreement dated [___] and paid a deposit of $[___]. Closing is anticipated promptly after entry of the Confirmation Order.

7. [If applicable: Following the default of [original bidder], the Debtor and Tranzon selected the Purchaser as an alternative or backup bidder in accordance with the approved Tranzon auction procedures. The replacement sale terms are stated above.]

8. The sale process complied with the Sale Order and approved Tranzon auction procedures, was conducted at arm's length, and was free of fraud or collusion. The Debtor requests that the Purchaser be found entitled to the protections of 11 U.S.C. § 363(m).

9. The Debtor requests approval of distributions from the sale proceeds (the "**Proceeds**") substantially as follows, consistent with the Sale Order [and the preliminary settlement statement attached as Exhibit [___]]:

[1] Capitalized terms not otherwise defined have the meanings in the Procedures Order

a. [First, $[___] to the Debtor as the previously approved surcharge (the "**Surcharge Amount**"), free and clear of liens, claims, encumbrances, and interests, for deposit into its debtor-in-possession operating account / No surcharge applies].

b. Next, [seller-responsible closing costs, taxes, municipal liens, and other priority payments, with recipients and estimated amounts]. Purchaser-responsible amounts, including [buyer's premium, taxes, and closing charges], shall be paid by Purchaser, as required by the approved sale terms.

c. [Next, $[___ / the remaining available Proceeds] to [secured creditor] on account of its debt in the asserted amount of $[___]]. [If a credit bid: identify the credit-bid amount.]

d. [One of the following]:

   a. [**NO EXCESS:**] No Proceeds remain after the foregoing payments, and the Debtor receives only the Surcharge Amount.

   b. [**EXCESS:**] After the foregoing payments, any other liens payable at closing shall be paid in their applicable priority, and the remaining Proceeds shall be remitted to the Debtor [IF NO OTHER LIENS: free and clear for deposit into its operating account / IF OTHER LIENS: in a segregated account pending further order, with unpaid liens attaching as provided in the Sale Order].

10. By filing this Motion, the Debtor certifies compliance with the Sale Order, the approved Tranzon auction procedures, and the Procedures Order, each to the extent applicable as of filing. The Debtor respectfully requests any stay attributable to Rule 6004(h) be waived for cause based on the prior sale approval and compliance with the approved procedures.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, the Debtor requests entry of an order confirming the sale free and clear as provided in the Sale Order, establishing the Purchaser's good faith, authorizing distributions substantially as proposed and execution of closing documents, and granting related relief.

Dated: October 16, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *\/s/ [DRAFT FORM]*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

I FURTHER CERTIFY that on September 14, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: */s/ [DRAFT FORM]*
[FILER NAME]
Florida Bar No. [FILER BAR NO.]

# **<u>Exhibit 2 to Procedures Order</u>**

## **Form Sale Confirmation and Distribution Order**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**ORDER [GRANTING / GRANTING IN PART]**
**DEBTOR'S MOTION TO CONFIRM SALE, AUTHORIZE**
**DISTRIBUTIONS AT CLOSING, AND GRANT RELATED RELIEF**
([Property address(es)])

THIS CASE came before the Court [without a hearing] upon [Debtor name]'s (the "**Debtor**") *Motion to Confirm Sale, Authorize Distributions at Closing, and Grant Related*

*Relief* [Dkt. No. [___]] (the "**Motion**").[1] The Motion was served on all interested parties with the approved 14-day negative-notice legend under the Procedures Order [Dkt. No. [___]]. [No timely response was filed, and the Court considers the Motion unopposed / The only timely objection concerns distribution of the Proceeds, and the sale confirmation and closing are unopposed]. Accordingly, it is

**ORDERED**:

1. The Motion is **GRANTED [IN PART]** as set forth herein.

2. The sale to [Purchaser name] (the "**Purchaser**") for a bid of $[___], plus a buyer's premium of $[___], for a total purchase price of $[___], is confirmed. The property is located at [address] and legally described as follows (the "**Property**"):

[insert complete legal description].

3. The Property shall be conveyed free and clear of liens, claims, encumbrances, and interests as provided in the Sale Order. Municipal liens required by the Sale Order to be paid at closing shall be paid. The sale was conducted under the approved auction procedures, at arm's length and without fraud or collusion; the Purchaser is entitled to the protections of 11 U.S.C. § 363(m).

4. The Debtor is authorized to convey the Property to the Purchaser or its approved assignee or nominee by Trustee's Deed or other instrument acceptable to the title company. Katie S. Goodman, as Chief Restructuring Officer, or another authorized representative or designee of the Debtor, may execute, acknowledge, deliver, and record the deed, settlement statement, title affidavits, tax forms, closing instructions, and other documents necessary to close, without further

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Procedures Order, as applicable. By filing the Motion and submitting this Order, the Debtor has certified compliance with the Procedures Order, the Sale Order [Dkt. No. [___]], and approved Tranzon auction procedures.

order. The Purchaser, closing agent, title insurer, and recording offices may rely on this Order as conclusive evidence of that authority.

5. The Debtor and closing agent are authorized to disburse sale proceeds (the "**Proceeds**") substantially as proposed in the Motion [and the settlement statement], as follows:

a. [First, $[___] to the Debtor as the previously approved surcharge (the "**Surcharge Amount**"), free and clear of liens, claims, encumbrances, and interests, for deposit into its debtor-in-possession operating account / No surcharge applies].

b. Next, [seller-responsible closing costs, taxes, municipal liens, and other priority payments, with recipients and estimated amounts]. Purchaser-responsible amounts, including [buyer's premium, taxes, and closing charges], shall be paid by Purchaser, as required by the approved sale terms.

c. [Next, $[___ / the remaining available Proceeds] to [secured creditor] on account of its debt in the asserted amount of $[___]]. [If a credit bid: identify the credit-bid amount.]

d. [One of the following]:

   a. [**NO EXCESS:**] No Proceeds remain after the foregoing payments, and the Debtor receives only the Surcharge Amount.

   b. [**EXCESS:**] After the foregoing payments, any other liens payable at closing shall be paid in their applicable priority, and the remaining Proceeds shall be remitted to the Debtor [IF NO OTHER LIENS: free and clear for deposit into its operating account / IF OTHER LIENS: in a segregated account pending further order, with unpaid liens attaching as provided in the Sale Order].

6. [If distribution is disputed: The objection of [party] [Dkt. No. [___]] is reserved solely as to [issues]. The sale may close and undisputed distributions may be made. In accordance with paragraph 5 hereof, the disputed amount of $[___] shall be remitted to the Debtor and held in a segregated account pending further order. Asserted liens and interests shall attach to such funds as provided in the Sale Order, with all parties' rights preserved. The Court shall conduct a further hearing on [date] at [time] Eastern Time, at [location ].] All parties may

attend the hearing in person. Parties are directed to review Judge McEwen's Procedures Governing Court Appearances (available at https://www.flmb.uscourts.gov/judges/mcewen) for her policies and procedures for remote attendance at hearings by video or telephone via Zoom.

7. The Debtor shall retain copies of the final closing statement and provide it promptly to the U.S. Trustee and the Committee upon request. If the Purchaser defaults, the Debtor and Tranzon may select an alternative or backup bidder under the approved Tranzon auction procedures and seek confirmation under the Procedures Order with or without another auction.

8. This Order is immediately effective, and the stay under Rule 6004(h) is waived. The sale may close upon entry of this Order, subject to the approved sale terms.

9. The Court retains jurisdiction to enforce this Order [and resolve reserved distribution issues].

###

*Attorney Jessey J. Krehl is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.*