**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

RAD DIVERSIFIED REIT, INC.,

Debtor.
_______________________________/

Case No. 8:26-bk-01636-CPM
Chapter 11

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Civic Financial Services, LLC ("Civic" or "Movant"), by and through its servicer and attorney-in-fact Servis One, Inc. d/b/a BSI Financial Services, moves under 11 U.S.C. § 362(d)(1) and (d)(2) for relief from the automatic stay to enforce its mortgage and related rights, subject to applicable nonbankruptcy law, against the real property located at 3067 Chatham Street, Philadelphia, Pennsylvania 19134 (the "Property"). Alternatively, Civic requests adequate protection under 11 U.S.C. §§ 361 and 362(d)(1). In support, Civic states:

1. On March 1, 2026, RAD Diversified REIT, Inc. (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code. This case is pending before this Court as Case No. 8:26-bk-01636-CPM.

2. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Relief is requested pursuant to 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and Local Rule 4001-1(c).

3. Civic is the current mortgagee of record. Servis One, Inc. d/b/a BSI Financial Services ("BSI") services the loan for Civic. The Property is owned of record by the Debtor, according to the City of Philadelphia Office of Property Assessment. Copies of the material loan and security documents are submitted with this Motion.

4. On October 28, 2022, the Debtor executed a promissory note (the "Note") in favor of Civic for a maximum original principal amount of $222,000.00, bearing a stated nondefault

annual interest rate of 9.990%. The Note required monthly interest-only payments and payment of the outstanding indebtedness in full on November 1, 2024 (the "Maturity Date"). See Exhibit A.

5. To secure the Note, the Debtor executed a Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing against the Property (the "Mortgage"). The Mortgage was recorded in the official real property records of Philadelphia County, Pennsylvania, on November 10, 2022, as Document No. 54119728. See Exhibit B.

6. Civic assigned the Mortgage to Citibank, N.A., as trustee on behalf of MAV 1, by an assignment dated March 6, 2023, and recorded March 16, 2023, as Document No. 54159199. Citibank, N.A., as trustee on behalf of MAV 1, acting through Fay Servicing, LLC as attorney-in-fact, assigned the Mortgage back to Civic by an assignment dated and recorded April 14, 2025, as Document No. 54412260. See Exhibit C. The note includes allonges directing payment first to Citibank, N.A., as trustee on behalf of MAV 1, and then back to Civic. See Exhibit A.

7. The Property is commonly known as 3067 Chatham Street, Philadelphia, Pennsylvania 19134, and is more particularly described in the recorded Mortgage and its legal-description exhibit. See Exhibit B.

8. The contractual Maturity Date occurred on November 1, 2024, before this bankruptcy case was commenced. The balance due on the Note was not paid in full at maturity and remains outstanding. The continuing nonpayment of the matured indebtedness constitutes a default under the loan documents.

9. The payoff statement dated October 7, 2026 reflects an unpaid principal balance of $140,000.00 and a projected total payoff of $220,238.29 calculated through November 4, 2026. See Exhibit D.

10. The City of Philadelphia Office of Property Assessment lists a 2026 assessed market value of $206,900.00 for the Property, and a 2027 assessed market value of $211,300.00. Civic relies on the 2026 figure as preliminary valuation evidence for this Motion, without representing that a tax assessment is a current professional appraisal or waiving its right to present additional competent valuation evidence. See Exhibit E.

11. Based on the 2026 municipal assessment and the payoff statement, the asserted debt exceeds the stated assessment. Civic contends that the Debtor has no equity in the Property, subject to the Court's determination of the Property's value and the amount of debt properly secured by the Mortgage. Civic reserves its rights concerning the validity and amount of any disputed charges and valuation issues.

12. Cause exists to grant relief under 11 U.S.C. § 362(d)(1). The loan matured well before the petition date; Civic has received no payment satisfying the matured indebtedness; Civic remains stayed from exercising its mortgage remedies; and the supporting records do not establish that Civic is receiving adequate protection of its interest in the Property. The status of the Property and the sufficiency of protection, including any equity cushion, remain subject to proof at any hearing.

13. Civic additionally seeks relief under 11 U.S.C. § 362(d)(2). The asserted secured indebtedness exceeds the available preliminary valuation evidence. If the Court finds the Debtor has no equity in the Property, the Debtor must establish that the Property is necessary for an effective reorganization. See 11 U.S.C. § 362(g). Civic disputes that continuation of the stay is justified absent such a showing.

14. In the alternative, to the extent the Court does not grant stay relief, Civic requests adequate protection appropriate to its interest under 11 U.S.C. §§ 361 and 362(d)(1), including periodic payments in an amount and on a schedule determined by the Court, maintenance of

sufficient casualty insurance, proof of payment of taxes and other charges affecting the Property, and such additional safeguards as are warranted. Any interim payment arrangement should be without prejudice to the matured indebtedness or Civic's rights under the loan documents and applicable law.

15. The relief requested is limited to the Property and Civic's rights against that collateral. Civic does not request prospective relief binding future bankruptcy cases under 11 U.S.C. § 362(d)(4), nor any adjudication of the merits of a state-law foreclosure claim by this Motion. Civic requests waiver of the 14-day stay of an order granting relief under Fed. R. Bankr. P. 4001(a)(4), as permitted by Local Rule 4001-1(c)(3).

WHEREFORE, Civic Financial Services, LLC respectfully requests entry of an order (a) modifying the automatic stay under 11 U.S.C. § 362(d)(1), or alternatively § 362(d)(2), to permit Civic and its agents or successors in interest to exercise available rights and remedies against the Property in accordance with applicable nonbankruptcy law; (b) waiving the 14-day stay of the order under Fed. R. Bankr. P. 4001(a)(4); (c) alternatively, conditioning continuation of the stay on adequate protection under 11 U.S.C. § 361, as determined by the Court; and (d) granting such other relief as is just and proper.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire
Florida Bar Number 52899
P.O. Box 5703
Clearwater, FL 33765
P: (727) 565-2653
F: (727) 213-9022
E:bk@stewartlegalgroup.com
Counsel for Movant

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 27th day of October 2026.

*/s/ Gavin N. Stewart*
Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
RAD Diversified REIT, Inc.
11418 US-19 N.
Port Richey, FL 34688

**VIA CM/ECF NOTICE**
Matthew Fornshell
Ice Miller LLP
250 West Street, Suite 700
Columbus, OH 43215-7509

Jessey James Krehl
Pack Law
4649 Ponce de Leon Boulevard
Ste 405
Coral Gables, FL 33146

Joseph A Pack
Pack Law
4649 Ponce de Leon Boulevard
Ste 405
Coral Gables, FL 33146

U.S. Trustee
United States Trustee - TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

Creditor Committee
Unsecured Creditors' Committee
c/o Greenberg Traurig
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

John D Elrod
Greenberg Traurig, LLP
Terminus 200

3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305

Danielle S Kemp
Greenberg Traurig, P.A.
Bank of America Plaza
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602