**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | |
| RAD Diversified REIT, Inc.; | Chapter 11<br>Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; *and* | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC,<br>Debtors. | Case No. 8:26-bk-08030-CPM |

# AGREED MOTION TO COMPROMISE CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

## NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at the Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Ste. 555, Tampa, Florida 33602 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Movants, Fay Servicing, LLC ("Fay") and RTL REO LLC ("Investor") (collectively, "Movants"), through undersigned counsel, pursuant to section 105(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002(a)(3) and 9019, move for the entry of an order authorizing and approving the terms of a compromise among Movants and DHI Holdings, LP ("DHI" or "Debtor"), and in support of the Motion, states as follows:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).
2. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1408.

**Background**

1. On March 1, 2026, DHI and related entities filed bankruptcy petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, and these petitions are being jointly administered in *In re RAD Diversified REIT, Inc.*, Case Number 8:26-bk-01636.
2. On January 25, 2022, DHI executed a $485,000.00 commercial promissory note ("Note") in favor of RCN Capital, LLC secured by a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust") signed by Brandon D. Mendenhall, in his capacity as DHI's General Partner, encumbering the following three tracts of real property:

   Tract One:

   LOT NINETEEN (19), IN BLOCK NINE (9) OF OAKS OF ATASCOCITA, SECTION (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 223, PAGE 107 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

   Property Address: 19311 Spoonwood Court, Humble, Texas 77346.

APN: 108-496-000-0019.

Tract Two:

LOT THIRTY-FIVE (35), IN BLOCK EIGHT (8) OF OAKS OF ATASCOCITA, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 223, PAGE 107 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Property Address: 5603 Mossy Timbers Drive, Humble, Texas 77346.

APN: 108-495-000-0035.

Tract Three:

LOT TWENTY-FIVE (25), BLOCK EIGHT (8) OF OAKS OF ATASCOCITA, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 223, PAGE 107 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

Property Address: 19310 Oak Timbers Drive, Humble, Texas 77346.

APN: 108-496-000-0025

(collectively, the "Properties"). The Note, Deed of Trust, and associated origination documents are collectively referred to as the "Loan Documents", setting forth the terms of the Loan. Fay is the current servicer of the Loan.

3. Movants proceeded to a foreclosure sale of the Properties on December 3, 2024 and the Trustee's Deed reflecting the sale was recorded on December 17, 2024.

4. Certain disputes have arisen between DHI and Movants. Those disputes are more fully set forth in the pleadings filed in the Texas State Court, Harris County, titled DHI Holdings, LP v. RTL REO LLC and Fay Servicing, LLC, Cause Number 2024-83279, referred to as the "State Court Action".

5. Movants and Debtor desire to compromise and settle all disputes and claims which exist, or which may exist, between and among them arising out of the facts, matters, and events

set forth above, without admitting any liability and settle their rights and obligations in connection with the State Court Action and the Loan Documents.

6. The proposed Confidential Settlement and Release Agreement resolves these issues without the need for additional litigation, contested proceedings, discovery, or further expense to the estate.

**Proposed Settlement Terms**

7. Movants and DHI have agreed to the terms of the Settlement, subject to the approval of this Court. Movants and DHI intend that the Settlement will resolve any potential controversy, claim, or dispute between Movants and DHI relating to the State Court Action.

8. The material terms of the Settlement are summarized[1] as follows:

**Payment of Settlement Funds**: Movants will pay DHI a one-time payment of FIVE THOUSAND DOLLARS AND NO CENTS ($5,000.00) (the "Payment") by check payable to DHI's State Court counsel, Jeffrey Jackson & Associates, PLLC, as trustee, 11767 Katy Fwy., Suite 813, Houston, Texas 77079, or as such other party as ordered by the Bankruptcy Court, within ten (10) business days of the last of the following events: (a) Movants' receipt of DHI's executed counterpart of this Agreement; (b) Movants' receipt of complete current W-9 forms for DHI's State Court counsel and DHI; and (c) the Order of the Bankruptcy Court approving this Agreement becomes final and non-appealable. Upon receipt of the Payment, DHI shall deposit the funds in the Debtor-in-Possession account pending further order or distribution by the Bankruptcy Court.

**Dismissal of State Court Action**: DHI agrees to dismiss the State Court Action with prejudice and without fees or costs against Movants. DHI's State Court counsel shall execute the Joint Motion to Dismiss with Prejudice and the Agreed Order of Dismissal with Prejudice simultaneously with the Parties' execution of the Confidential Settlement and Release Agreement. Movants' State Court counsel will hold the executed Dismissal Documents in trust and not file it in the State Court Action until the Bankruptcy Court enters an Order approving the Agreement and DHI's counsel confirms receipt of the Payment.

**Withdrawal of Notice of Pendency of State Court Action**: DHI agrees to submit for recording in the Official Real Property Records of Harris County, Texas, a Withdrawal of

[1] The terms provided above are intended to highlight and summarize certain terms of the Confidential Settlement and Release Agreement. Nothing in this Motion is intended to modify or in any way alter the terms of the Settlement. In the event of any discrepancy between this Motion and the terms of the Settlement, the terms of the Settlement shall prevail.

the Notice of Lis Pendens filed for record against the Properties on December 2, 2024, under File Number RP-2024-447431 within said Official Real Property Records within ten (10) business days of the entry of an Order by the Bankruptcy Court approving the Agreement.

**Attorneys' Fees**: DHI shall bear its own attorney's fees and cost incurred. If any Party hereto commences any action arising out of the Agreement, including, without limitation, any action to enforce or interpret the Agreement prior to entry of a final decree in the Bankruptcy Case, the prevailing Party or Parties in such action shall be entitled to recover its reasonable attorney's fees and other expenses incurred in such action. Any award of attorney's fees hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorney's fees actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorney's fees paid or incurred in good faith.

**Release by DHI**: Except for the obligations and rights expressly set forth and reserved in Paragraph 7 of the Agreement, in consideration of the recitals, covenants and agreements set forth in the Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, upon the Effective Date of this Agreement, DHI, for and on behalf of itself and its present and future successors, beneficiaries, assigns, executors, administrators, and/or estate, or any and all other persons who could claim through DHI (collectively, the "Releasors") hereby unconditionally, irrevocably, forever and fully release, acquit, and forever discharge Fay, the Investor, and their respective predecessors, principals, parents, heirs, successors, assigns, subsidiaries, affiliates, commonly controlled entities, companies, enterprises, ventures, partners, insurers, investors, attorneys, officers, shareholders, directors, agents, representatives employees, clients, administrators, executors, personal representatives, the beneficiary and investor in the Loan and their predecessors, heirs or successors in interest and assigns, and each of them (the "Releasees"), of and from any and all claims, demands, actions, causes of action, suits, liens, debts, obligations, promises, agreements, costs, damages, liabilities, and judgments of any kind, nature, or amount whether in law or equity, whether known or unknown, anticipated or unanticipated, liquidated or unliquidated, including any and all claimed or unclaimed compensatory damages, consequential damages, interest, costs, expenses and fees (including reasonable or actual attorneys' fees) which were, or could have been, raised in, arise out of, relate to, or in any way, directly or indirectly, involve the State Court Action, the Properties, the Note, the Deed of Trust, or the Loan. In addition, DHI covenants not to sue the Investor, Fay, or any other person or entity for any claim DHI has, or may have had, as of the Effective Date, relating to or arising out of the Loan, the Properties, the State Court Action, or the matters mentioned in the recitals herein. DHI also specifically waives and releases any right of rescission under the federal Truth in Lending Act ("TILA") and any other claims they may have, whether known or unknown, fixed or contingent, under TILA, the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement and Procedures Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Equal Credit Opportunity Act ("ECOA"), the Fair Credit Reporting Act ("FCRA"), or their implementing regulations, or any corresponding state law statute or provision concerning the Note, the Deed of Trust, the

Loan, and/or the State Court Action. It is the intention and effect of this release to discharge all claims that the Releasors have against the Releasees up until and including the date of the Effective Date of this Agreement.

**Release of Unknown Claims**: DHI acknowledges and agrees that it may hereafter discover facts different from, or in addition to, those facts known to DHI or which DHI now believes to be true with respect to any and all of the claims, demands, actions, causes of action, suits, liens, debts, obligations, damages, liabilities, judgments, costs, expenses, and fees (including reasonable attorney's fees) existing on the Effective Date of this Agreement. DHI nevertheless agrees that the releases set forth herein have been negotiated and agreed upon, notwithstanding such acknowledgment and agreement, and hereby expressly waive any and all rights which they may have under any federal or state statute or common law principle which may provide that a general release does not extend to claims which are not known to exist at the time of the Effective Date. DHI understands and acknowledges the significance and consequences of this waiver and assumes full responsibility for any and all damages, losses, costs, and expenses he may incur hereafter as a result of any of the facts, matters, and events referred to in the Recitals set forth above.

**Release Limitations**: The Agreement does not release claims arising out of the failure of either Party to perform in conformity with the terms of this Agreement.

**Effective Date**: Upon and on condition of approval by the Bankruptcy Court, the Agreement shall be deemed effective on the Date that it is signed by all Parties hereto.

## Relief Requested

9. Movants and DHI request authority to enter into the Settlement and seek approval of the Settlement to resolve any potential controversy, claim, or dispute between or among the Parties relating to the State Court Action and Loan without the need for additional litigation. Movants and DHI also request that any order granting this Motion be effective upon entry.

## Argument

10. Federal Rule of Bankruptcy Procedure 9019 provides the authority to compromise, and Rule 2002(a)(3) requires 21-day notice to Debtor, Trustee, Creditors, and Indenture Trustees.

11. Bankruptcy Courts, in evaluating a compromise must consider the following factors: (a) the probability of success in the litigation; (b) the difficulty of collecting on the claims; (c) the complexity and expense of the litigation, and the associated inconvenience and delay; and (d) the other creditors interest. In re Justice Oaks II, Ltd., 898 F.2d 1544, 1549 (11th Cir. 1990). These factors are addressed below.

12. The *Justice Oak* factors are reviewed to determine “the fairness, reasonableness and adequacy of a proposed settlement agreement.” In re Chira, 567 F.3d 1307, 1312 (11th Cir. 2009).

13. **Probability of success in the litigation:** Movants may prevail on the merits in the State Court Action. However, additional litigation involves uncertainty. The Parties maintain their claims and defenses and do not admit liability. Success is not guaranteed, and the amount of damages is unknown and disputed.

14. **Difficulty of collecting on the claims:** This factor is irrelevant in this action.

15. **Complexity and expense of litigation, and associated inconvenience and delay:** The issues in the State Court Action are complex and additional discovery would be required to resolve. The cost of additional litigation and possible appeal far outweigh the settlement amount.

16. **Other creditors interest:** Creditors benefit from this Settlement as the settlement funds will be placed in Debtor’s Debtor-in-Possession account and may be used by Debtor as permitted by this Court.

17. After application of the *Justice Oaks* factors, it is clear that the Settlement is fair, equitable, and reasonable. The Settlement is made in good faith, and eliminates additional expense, uncertainty, and risk of further litigation.

18. Based on the foregoing, Movants and DHI respectfully request that the Settlement be approved.

**WHEREFORE**, Movants respectfully request this Honorable Court enter an Order Approving the Settlement and for such other and further relief as this Court shall deem appropriate.

Respectfully Submitted,

By: *Tricia A. Morra*
Tricia A. Morra (FLBN 0095989)
Aldridge Pite, LLP
101 East Park Blvd.
Suite 600, Office 23
Plano TX 75074
tmorra@aldridgepite.com
Telephone: (404) 994-7290
Attorney for Secured Creditor

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion has been served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first-class U.S. Mail on October 28, 2026.

DHI Holdings, LP
11418 US-19 N
Port Richey, FL 34668

Pack Law
Jessey James Krehl
Email: jessey@packlaw.com
Joseph A Pack
Email: Joe@packlaw.com
4649 Ponce de Leon Boulevard
Ste 405
Coral Gables, FL 33146

Nicole Peair
Timberlake Annex
501 E Polk Street, Suite 1200
Tampa, FL 33602
Email: Nicole.W.Peair@USdoj.gov

**20 LARGEST UNSECURED CREDITORS LIST:**

Unsecured Creditors' Committee
c/o Greenberg Traurig
3333 Piedmont Road, NE
Suite 2500
Atlanta, GA 30305
elrodj@gtlaw.com
kempd@gtlaw.com

Premiere Networks Inc.
C/O Mcglinchey Stafford
10375 Centurion Pkwy, Ste 420
Jacksonville, FL 32256

Ado Professional Solutions Inc.
4800 Deerwood Campus Pkwy, Bldg 800
Jacksonville, FL 32246

Arneberg, Lora
507 N. Arthur St
New Harmony, IN 47631

Jacar Investments LLC
C/O Savage Villoch Law PLLC
Attn Rovert K Savage, Esq
400 N Tampa St, Ste 2820
Tampa, FL 33602

Hemphill, Steven L
5855 Midnight Pass Rd, Unit 215
Sarasota, FL34242

Boston National LLC
Two Radnor Corporate Center
100 Matsonford Rd.
Radnor, PA 19087

Pbk Architects Inc.
C/O Stream Kim Hicks Wrage & Alfaro PC
Attn: T. Stream, S. Devore
3403 10th St, Ste 700
Riverside, CA 92501

Valet Living, LLC
10150 Highland Manor Dr
Suite 120
Tampa, Fl 33160

PECO
PO Box 37629
Philadelphia, PA 19101

Legno Construction Inc.
Attn: Christiano
3421morrell Ave
Philadelphia, PA 19114

Lowes
1000 Lowes Boulevard
Mooresville, NC 28117

Katz Barsky LLC/KBK Law Group
Attn: Katz, Jeffery
100 S Broad Street, Suite 1205
Philadelphia, PA 19110

American Express card
200 Vesey Street
New York, NY 10285-3106

Veiga Construction And Remodeling LLC
Attn: Veiga, Rojelio
136 Columbia Ave
Phoenixville, PA 19460

Shore To Shore Title LLC
2255 Glades Road Suite 2341a
Boca Raton, FL 33431

Jeffrey Jackson & Associates PLLC
11767 Katy Fwy Suite 813
Houston, TX 77079

and the Local Rule 1007 Parties in Interest List.

/s/ _*Tricia A. Morra* _
Tricia A. Morra