**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Chapter 11 |
| RAD DIVERSIFIED REIT, INC.,<br>RAD DIVERSIFIED OZ FUND, LP,<br>DHI FUND, LLC,<br>DHI HOLDINGS, LP, and<br>DDH FUND, LLC,<br>Debtors.<br>_______________________________/ | Case No. 8:26-bk-01636-CPM<br>Jointly Administered with<br>Case No. 8:26-bk-01637-CPM<br>Case No. 8:26-bk-01638-CPM<br>Case No. 8:26-bk-01639-CPM<br>Case No. 8:26-bk-01640-CPM |

**MOVANT'S AGREED MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

Toorak Capital Partners, LLC (hereinafter "Movant" or "Toorak"), by and through its servicer BSI Financial Services ("BSI"), and through undersigned counsel, moves pursuant to 11 U.S.C. § 362(d)(1), Federal Rules of Bankruptcy Procedure 4001(a) and 9014, and Local Rule 4001-1 for relief from the automatic stay as to the real property located at 1117 S. Wilton Street, Philadelphia, Pennsylvania 19143 (the "Property"), owned by Debtor DHI Fund, LLC, formerly known as DHI Fund, LP (hereinafter "Debtor DHI Fund"), Case No. 8:26-bk-01638-CPM. In support, Movant states:

**JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## STATEMENT OF FACTS

### A. The loan

On July 29, 2021, DHI Fund, LP executed a Commercial Promissory Note in favor of RCN Capital, LLC in the original principal amount of Two Hundred Thirty-Seven Thousand Dollars ($237,000.00) (the "Note"), bearing interest at 3.80% per annum and maturing on August 1, 2051. A true and correct copy of the Note is attached as Exhibit A.

The Note is secured by a Mortgage, Assignment of Rents, and Security Agreement (the "Mortgage") encumbering the Property, recorded on January 22, 2022 as Document ID 53953138 in the Office of the Commissioner of Records of the City of Philadelphia, Pennsylvania. A true and correct copy of the recorded Mortgage is attached as Exhibit B.

The Mortgage was assigned from RCN Capital, LLC to Movant by Assignment of Mortgage recorded on March 12, 2022 as Document ID 53994463 (the "Assignment"), a copy of which is attached as Exhibit C. Movant holds the Note and is the assignee of the Mortgage. The Note, the recorded Mortgage and the recorded Assignment, with the filing and recording information stated above, are provided under Local Rule 4001-1(c)(1)(A).

### B. The default

Debtor DHI Fund failed to make the monthly payment due April 1, 2025 and each payment due thereafter. By Notice of Default and Intent to Accelerate

dated May 19, 2025, BSI advised Debtor DHI Fund that $8,524.20 was due and that the default could be cured within fifteen days. Debtor DHI Fund did not cure.

Movant timely filed a proof of claim in Case No. 8:26-bk-01638-CPM (Claim No. 4-1) asserting a claim of $273,922.78 as of the Petition Date, consisting of principal of $220,728.80, accrued interest of $8,387.64, fees, costs and advances of $43,722.97, and an escrow deficiency of $1,083.37. Interest and other charges continue to accrue under the loan documents. This paragraph and the preceding paragraph are Movant's statement of indebtedness under Local Rule 4001-1(c)(1)(C). Debtor DHI Fund has made no payment of any kind to Movant since the Petition Date.

**C. These cases**

Debtor DHI Fund filed its voluntary chapter 11 petition on March 1, 2026 (the "Petition Date"). Its case is jointly administered with the cases of four affiliated debtors under Case No. 8:26-bk-01636-CPM (collectively, the "Debtors"). The estates have not been substantively consolidated; each Debtor remains a separate estate with its own property and its own creditors.

**D. The Debtors' position**

Counsel for the Debtors has advised undersigned counsel that the Debtors agree to the relief requested in this Motion.

## RELIEF REQUESTED

Movant requests that the Court enter an order:

1. Granting Movant relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to § 362(d)(1), to permit Movant, its successors and assigns, to exercise all rights and remedies under the Note, the Mortgage and applicable Pennsylvania law with respect to the Property, including foreclosure and any post-foreclosure possessory action;

2. Limiting the relief granted to in rem relief against the Property, so that the order does not authorize Movant to pursue or collect any in personam claim against the Debtors;

3. Providing that Movant will give written notice to Pack Law, P.A., counsel for the Debtors, at joe@packlaw.com, jessey@packlaw.com and tanya@packlaw.com promptly upon the closing of the foreclosure sale of the Property;

4. Providing that the order does not determine the validity, priority or extent of any party's interest in the Property or the rights of any party as to rents, and does not alter Movant's rights under the Note and the Mortgage, including its right to recover reasonable attorney's fees and costs as provided in those documents;

5. Waiving the fourteen-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(4); and

6. Granting such other and further relief as the Court deems just and proper.

## MEMORANDUM OF LAW

### I. Standard

Section 362(d) of the Bankruptcy Code provides that a party in interest may request relief from the automatic stay for several reasons. 11 U.S.C. § 362(d)(1)–(4). Section 362(d)(1) allows relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "'Cause' is not defined in the Bankruptcy Code, so whether 'cause' exists for relief from the stay must be decided by examining the totality of circumstances in each case." *In re Brown*, 290 B.R. 415 (Bankr. M.D. Fla. 2003) (citing *In re Aloisi*, 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001)). Section 362(d) provides that bankruptcy courts "shall grant relief" from automatic stays for cause. 11 U.S.C. § 362(d).

### II. Cause exists under § 362(d)(1)

Movant's interest in the Property is its lien under the Mortgage, which secures a claim of $273,922.78 as of the Petition Date (Claim No. 4-1). Debtor DHI Fund has made no payment to Movant since the Petition Date, and the default described above began before the Petition Date. Interest and other charges continue to accrue on the claim, and each month they increase the debt that the Property secures.

Debtor DHI Fund has made no adequate protection payment to Movant. The Debtors' Joint Second Amended Plan of Liquidation (ECF No. 1221) treats First Mortgage Secured Claims by a sale of the collateral with a surcharge to the estate or by surrender of the collateral to the holder of the claim. It does not propose to cure the default or to pay Movant from operations, and the combined hearing on confirmation is set for December 17, 2026 (ECF No. 1244).

Considering the totality of these circumstances, including that Movant has received no payment since the Petition Date, that its claim continues to grow, that the Debtors propose no cure, and that the Debtors do not oppose relief, cause exists under § 362(d)(1).

## III. The stay of Rule 4001(a)(4) should be waived

Federal Rule of Bankruptcy Procedure 4001(a)(4) stays an order granting relief from the automatic stay for fourteen days after its entry unless the court orders otherwise. Because the Debtors do not oppose the relief requested and Movant's claim continues to grow while the stay remains in place, there is no reason to delay Movant's exercise of its remedies. Movant requests that the stay of Rule 4001(a)(4) be waived.

## CONCLUSION

WHEREFORE, Movant respectfully requests that the Court enter an order granting relief from the automatic stay as to the Property pursuant to 11 U.S.C. § 362(d)(1) to permit Movant to exercise its rights and remedies under the Note, the Mortgage and applicable Pennsylvania law, including foreclosure and any post-foreclosure possessory action; limiting that relief to in rem relief; providing for notice to Debtors' counsel upon the closing of the foreclosure sale; waiving the stay of Federal Rule of Bankruptcy Procedure 4001(a)(4); and granting such other relief as is just and proper.

Dated: October 30, 2026.

Respectfully submitted,

/s/ Joseph F. Southron, Esq.
Joseph F. Southron, Esq.
Florida Bar No. 0122109
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Phone: (813) 773-5105
Fax: (813) 683-4338
joe@southronfirm.com
eservice@southronfirm.com
*Attorney for Movant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants, including Joseph A. Pack, Esq. and Jessey James Krehl, Esq., Pack Law, counsel for the Debtors, and the Office of the United States Trustee, c/o Nicole Peair, Esq., Timberlake Annex, Suite 1200, 501 E. Polk Street, Tampa, Florida 33602, and that a true and correct copy was sent by U.S. First Class Mail to DHI Fund, LLC, 11418 US-19 N., Port Richey, Florida 34688.

/s/ Joseph F. Southron
Joseph F. Southron, Esq.