ORDERED.

**Dated: November 02, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE: | |
| RAD Diversified REIT, Inc.; | Chapter 11<br>Case No. 8:26-bk-01636-CPM |
| RAD Diversified OZ Fund, LP; | *Jointly Administered with*<br>Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; and | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC, | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**ORDER GRANTING MOTION FOR RELIEF FROM STAY IN FAVOR OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE OF OBX 2024-NQM2 TRUST**
**[Re: 7275 East Walnut Lane, Philadelphia, PA 19138]**

**THIS CASE** came before the Court for hearing on October 27, 2026 at 3:30 p.m. upon the *Motion for Relief from Automatic Stay* [D.E. #1128] (the "*Motion*") filed by Wilmington

Savings Fund Society, FSB, not in its individual capacity but solely as Owner Trustee of OBX 2024-NQM2 Trust ("Secured Creditor"). For the reasons stated orally and recorded in open Court, and based on the record, it is:

**ORDERED:**

1. Secured Creditor's *Motion for Relief from Automatic Stay* is granted.

2. The automatic stay imposed by 11 U.S.C. §362 is terminated with respect to real property located at **7275 East Walnut Lane, Philadelphia, PA 19138**, legally described as:

**SCHEDULE C**
**LEGAL DESCRIPTION**

Issuing Office File No. COA588223

ALL THAT CERTAIN lot or piece of ground, with the buildings and improvements located thereon, if any.\par SITUATE on the Southeast side of Walnut Lane in the 10th Ward of the City of Philadelphia, described according to a Survey and Plan thereof made by Thomas Buckley Esquire, Surveyor and Regulator of the 15th Survey District on 8/26/1925 as follows, to wit:\par
BEGINNING at the distance of 565 feet 09 inches Northeastward from the Northeast side of 72nd Avenue; thence, Northeastwardly along the Southeast side of Walnut Lane 15 feet to a point; thence, extending South 74 degrees 43 minutes 50 seconds East, 119 feet 4-5/8 inches to the center line of a certain 16 feet wide automobile driveway extending Northeastwardly and Southwestwardly from said 72nd Avenue to 73rd Avenue; thence, extending South 11 degrees 22 minutes 30 seconds East along the center line of the said 16 feet wide automobile driveway 15 feet and 1/2 inch to a point; thence, extending North 74 degrees 43 minutes 50 seconds West, 120 feet 4-7/8 inches to the Southeast side of said Walnut Lane and place of beginning.\par
TOGETHER with the free and common use, right, liberty and privilege of the aforesaid 15 feet wide driveway as and for a passageway and watercourse in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof, at all times hereafter, forever.\par
BEING known as No. 7275 East Walnut Lane.
Being the same premises which John Basile by Deed dated 8/26/2011 and recorded 9/26/2011 in Philadelphia County as Document No. 52393710 conveyed unto Nicole Connell and Lawrence Julian Connell, wife and husband, in fee.
Being the same premises which Lawrence Julian Connell and Nicole Connell, husband and wife by Deed dated 8/8/2022 and recorded 8/13/2022 in Philadelphia County as Document No. 54084362 conveyed unto RAD Diversified REIT, Inc., in fee.

3. This Order Granting Motion for Relief from Stay is entered for the sole purpose of allowing Secured Creditor to pursue its lawful *in rem* remedies against the subject property, and Secured Creditor shall neither seek nor obtain an *in personam* judgment or any other *in personam* relief related to the subject property against Debtor(s).

4. All communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement or other Loan Workout, may be sent directly to Debtor(s).

5. Secured Creditor is awarded its attorneys' fees of $750.00 and costs of $199.00 which were incurred in filing its Motion for Relief from the Automatic Stay. The attorneys' fees and costs shall be recoverable as part of the mortgage debt pursuant to the loan documents under the available remedies available therein but shall not be a personal liability of Debtor(s).

6. The Court in its discretion waives the fourteen (14) day stay of the Order Granting Motion for Relief from Stay pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure.

###

Attorney Tricia Morra is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.