ORDERED.

**Dated: November 02, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**ORDER (I) GRANTING DEBTORS' MOTION TO APPROVE COMPROMISE WITH WILMINGTON SAVINGS FUND SOCIETY, FSB PURSUANT TO BANKRUPTCY RULE 9019, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY, AND (III) CANCELLING EVIDENTIARY HEARING**

THIS MATTER came before the Court without hearing upon the *Debtors' Motion to Approve Compromise with Wilmington Savings Fund Society, FSB, Solely as Owner Trustee of SG Alternative Title Trust 2025-NPL2 Pursuant to Bankruptcy Rule 9019* [Dkt. No. 1153]

(the "**Motion**");[1] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and the Court having determined that the Motion was served upon all interested parties with the negative notice legend required by Local Rule 2002-4, informing parties in interest of their opportunity to file a response within 21 days from the date of service, plus any additional time applicable under the Rule; and no party in interest having filed a response within the time permitted; and the Court therefore considering the Motion and the relief requested therein to be unopposed; and the Court having reviewed the Motion; and the Court having determined that the compromise described in the Motion and embodied in this Order (the "**Compromise**") is fair and equitable, satisfies the factors set forth in *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990), and falls within the range of reasonableness; and the Court having determined that the relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, and the Compromise is **APPROVED** pursuant to Bankruptcy Rule 9019.

2. As consideration for the relief granted herein, the Mortgagee shall pay the Debtors $5,000.00 with respect to each of the following properties, for an aggregate payment of $10,000.00 (the "**Settlement Payment**"): (a) 907 Centerbrook Dr., Brandon, Florida 33511; and (b) 1808 Fox Circle, Clearwater, Florida 33764 (collectively, the "**Properties**"), more particularly described as follows:

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

907 Centerbrook Dr., Brandon, Florida 33511:

THE LAND IS DESCRIBED AS FOLLOWS:

LOT 5, BLOCK 1, BLOOMINGDALE SECTION "F" - UNIT 2, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 53, PAGE(S) 8, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA.

PARCEL ID: 074819-1506

BEING ALL AND THE SAME LANDS AND PREMISES CONVEYED TO RAD DIVERSIFIED REIT, INC., A MARYLAND CORPORATION BY KURT H. SCHALLER AND DENISE M. SCHALLER, HUSBAND AND WIFE IN A DEED DATED 08/03/2022 AND RECORDED 08/08/2022 IN INSTRUMENT NO. 2022388425, IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF HILLSBOROUGH COUNTY, FL.

1808 Fox Circle, Clearwater, Florida 33764:

The Land is described as follows:

Lot 42, Douglas Manor Estates 1st Addition, according to the Map or Plat thereof, as recorded in Plat Book 43, Page(s) 61, of the Public Records of Pinellas County, Florida.

Parcel Id: 24-29-15-22212-000-0420

Being all and the same lands and premises conveyed to Rad Diversified Reit, Inc, a Maryland Corporation by Joseph Korsak, a single man in a Deed dated 08/09/2022 and recorded 08/15/2022 in Book 22168 Page 2019 Instrument No 2022248965 in the Clerk's Office of the Circuit Court of Pinellas, Florida. For Further Reference: Being all and the same lands and premises conveyed to Joseph Korsak, a single man by Kim Sollows, a married woman in a Deed dated 07/08/2021 and recorded 07/16/2021 Book 21628 Page 1005 and Instrument No. 2021232951, in the Clerk's Office of the Circuit Court of Pinellas, Florida.

3. The stay relief granted in paragraphs 4 through 8 of this Order shall become effective only upon the Debtors' receipt of the Settlement Payment, without further action, notice, or order of this Court.

4. Upon the Debtors' receipt of the Settlement Payment, the automatic stay arising under section 362 of the Bankruptcy Code shall be terminated as to the Properties.

5. The automatic stay shall be terminated for the purpose of allowing the Mortgagee to take any and all steps necessary to exercise any and all *in rem* rights it may have in the Properties, including without limitation foreclosure, sale, obtaining title or possession, and such other and further *in rem* relief as may be available under applicable law; *provided*, *however*, that the Mortgagee shall not seek or obtain any *in personam* relief against any Debtor.

6. The Debtors may immediately cancel any property or liability insurance maintained with respect to the Properties retroactive to the Petition Date. The Mortgagee may complete

property preservation on the Properties without further notice to Debtors, provided the actions are required to protect the Mortgagee's interest in the Properties, and said actions are permitted by the terms of the loan documents and applicable law

7. The fourteen-day stay otherwise applicable under Bankruptcy Rule 4001(a)(4) is **WAIVED**.

8. The Mortgagee shall notify Pack Law at joe@packlaw.com, jessey@packlaw.com, and tanya@packlaw.com when each of the Properties is sold and/or transferred at foreclosure or such other proceeding in accordance with the stay relief granted herein.

9. Upon the effectiveness of the stay relief provided herein, the Mortgagee's *Amended Motion for Relief from the Automatic Stay* with respect to 1808 Fox Circle [Dkt. No. 241] shall be deemed resolved in accordance with this Order, and the evidentiary hearing presently scheduled for Nobember 30, 2026 at 2:30 p.m. [Dkt. No. 1178], as may be continued from time to time, shall be **CANCELLED**. Except as expressly set forth herein, no additional relief is granted on account of the Stay Relief Motion.

10. Nothing in this Order constitutes a finding or admission as to the value of either of the Properties, the existence or amount of any equity, or the allowance, amount, classification, priority, or treatment of any claim asserted by the Mortgagee. Except as expressly set forth herein, all rights of the Debtors, the Mortgagee, the Committee, and other parties in interest with respect to any such claim are reserved.

11. This Court retains exclusive jurisdiction to implement, interpret, and enforce this Order and the Compromise.

###

*Attorney Joseph A. Pack, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, consistent with the other Orders of this Court, and file a proof of service within three days of entry of this Order.*