ORDERED.

**Dated: November 05, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |
| Applicable Debtor. | |

**ORDER GRANTING DEBTORS' EXPEDITED AGREED MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING BIDDING PROCEDURES AND SURCHARGE; AND (C) FOR OTHER RELIEF**

THIS CASE came before the Court for hearing on October 27, 2026 at 3:30 p.m. (the "**Hearing**") on the *Debtor's Expedited Agreed Motion for Order (A) Authorizing the Debtors to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (B) Approving Bidding Procedures and Surcharge; and (C) for Other Relief* [Dkt. No. 1283] (the "**Motion**") filed by the above-captioned debtor and debtor in possession (the "**Debtor**"). The Court, having reviewed the Motion, having heard argument of counsel at the Hearing and noting the lack of objection of the Mortgagees and the Committee to the relief requested in the Motion, and being otherwise duly advised in the premises, and for the reasons stated on the record at the Hearing, which shall constitute the findings of the Court,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**, on the terms set forth herein.

2. The Debtors, through SoldNow, LLC dba Tranzon Driggers, are authorized to sell the Property[1] pursuant to the procedures set forth in the Motion and on the terms and conditions set forth in the *Debtors' Application for Authorization to Employ SoldNow, LLC dba Tranzon Driggers as Auctioneer* [Dkt. No. 243] and the order approving same [Dkt. No. 418] (the "**Tranzon Driggers Retention Order**").

3. Pursuant to 11 U.S.C. § 363(e) and (f), and subject to the terms and conditions of the Motion, the sale of the Property shall be free and clear of any and all claims (including "claims" as defined in Section 101(5) of the Bankruptcy Code), mortgages, liens, security interests, interests, encumbrances, judgments or obligations of any character whatsoever and whenever arising (the "**Encumbrances**"); *provided, however*: (a) any Encumbrances for municipal liens that are senior in priority to the First Mortgage under applicable non-bankruptcy law shall be paid in

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

full at the closing to such municipality as a condition to closing and, in the event the same are not paid in full, such municipal liens shall survive such closing; and (b) notwithstanding anything herein to the contrary, the lien of the First Mortgage shall not be released, discharged, or extinguished as to any parcel of the Property until the Mortgagee has received payment in full of the Payoff Amount, and upon the closing of each parcel the First Mortgage lien shall attach to the net proceeds of that parcel and shall continue to encumber such unsold parcel until the Payoff Amount is paid in full.

4. The Surcharge Amount shall not exceed the amount set forth in, and shall be payable solely as provided in, the Motion. Because the First Mortgage is a single, blanket obligation cross-collateralized by all parcels of the Property, the net proceeds of the sale of each and every parcel, after payment of the Surcharge Amount and any municipal liens senior to the First Mortgage, shall be applied to the Payoff Amount until the Mortgagee has been paid in full, regardless of the order in which the parcels are sold, before any distribution of proceeds to subordinate parties. All Encumbrances other than municipal liens, including any junior, disputed, or avoidable liens, shall attach only to the proceeds if any, remaining after payment in full of the Payoff Amount with the same extent, validity, and priority as existed on the Petition Date.

5. For purposes of this Order, the "Payoff Amount" means the entire indebtedness due under the First Mortgage as of the closing date, including unpaid principal, accrued and accruing interest (including interest at the default rate to the extent provided in the loan documents) and all reasonable fees, costs, charges, and attorneys' fees recoverable under the loan documents and 11 U.S.C. § 506(b), as reflected in a payoff statement furnished by the Mortgagee prior to closing.

6. Pursuant to section 363(k) of the Bankruptcy Code, the Mortgagee is authorized to credit bid, in whole or in part, up to the full amount of its allowed secured claim (including the

Payoff Amount) on any individual parcel, any combination of parcels, or all parcels of the Property, whether bid separately or in the aggregate, in connection with any sale of the Property. To the extent Mortgagee is limited by the amount of its secured claim and ineligible to credit bid a property at one or more of the sale(s), Mortgagee reserves the right to make a bid for the same property or properties as a bidder in the ordinary course.. Such credit bid shall be subject to the bid and auction procedures set forth in the Motion and Tranzon Driggers Retention Order. As set forth in the Tranzon Driggers Retention Order, if the Mortgagee is the successful bidder of the Property, an Alternative Buyer's premium of $1,000.00 will be added to the Winning Bid (as defined in the Tranzon Driggers Retention Order).

7. The Debtor shall file a report of the auction results within five (5) business days after the date the auction of the Property is concluded and shall subsequently file a motion to approve the sale of the Property and determine disbursement of the proceeds from the auction of the Property.

8. This Order is without prejudice to the rights of any party to object to any sale motion that may be filed.

9. All rights of the Mortgagee are reserved, including the right to adequate protection under 11 U.S.C. § 363(e) and the right to object to any report of sale, motion to approve the sale, or proposed disbursement of proceeds that does not provide for payment of the Payoff Amount in full in accordance with this Order. Neither the entry of this Order nor the Mortgagee's lack of objection to the Motion shall constitute the Mortgagee's consent, under 11 U.S.C. § 363(f)(2) or otherwise, to any sale or disbursement of proceeds except on the terms set forth herein.

10. This Order shall be immediately enforceable and any stay imposed by the Bankruptcy Code or Bankruptcy Rules is hereby waived. The Debtor and its professionals are

authorized to take actions consistent with this Order to effectuate the sale of the Property, as set forth in the Motion and herein.

11. The Court retains jurisdiction to determine: (a) disbursement of the proceeds from the auction of the Property; (b) all matters arising from or related to the interpretation or enforcement of this Order.

*Attorney Jessey J. Krehl, Esq. is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF, consistent with the other Orders of this Court, and file a proof of service within three days of entry of this Order.*