ORDERED.

**Dated: November 05, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:

Case No. 26-01636-CPM
Chapter 11

RAD Diversified REIT, Inc.,

Debtor.
______________________/

**AGREED ORDER GRANTING WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST XI-A'S MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(as to property located: 249 E. Haines St., Philadelphia, PA 19144; 4994 W. Thompson St., Philadelphia, PA 19131; 2526 N. 19th St., Philadelphia, PA 19132; 5821 Chester Ave., Philadelphia, PA 19143)**

THIS CASE came on for consideration on the Motion for Relief from Automatic Stay filed on June 25, 2026, by WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST XI-A ("Movant") [Doc. No. 679] (the "Motion"), as to the real property located at 249 E. Haines St., Philadelphia, PA 19144; 4994 W. Thompson St., Philadelphia, PA 19131; 2526 N. 19th St., Philadelphia, PA 19132; and 5821 Chester Ave., Philadelphia, PA 19143 (collectively, the "Property"), legally described as follows:

**Parcel 1 (249 E. Haines St., Philadelphia, PA 19144):**

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected described according to a Survey and Plan thereof made by H.M. Fuller, Esq., Surveyor and Regulator of the 9th Survey District on the 19th day of October, A.D. 1920, as follows, to wit:

SITUATE on the Northwesterly side of Haines Street at the distance of 517 feet 5/8 of an inch Southwestwardly from the Southwesterly side of Morton Street in the 59th (formerly 22nd) Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Haines Street 14 feet and extending of that width in length or depth between parallel lines running North 47 degrees 58 minutes 45 seconds West on the Northeasterly line thereof 121 feet 7-1/4 inches and on the Southwesterly line thereof 121 feet 7-1/2 inches the rear line thereof being 14 feet.

BEING Known 249 East Haines Street.

BEING the same premises which Jewell Williams, Sheriff of the County of Philadelphia in the Commonwealth of Pennsylvania, by Deed dated 02/23/2018 and recorded 03/08/2018 in the Office of the Recorder of Deeds in and for the County of Philadelphia in Document No. 53336171, granted and conveyed unto U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust.

AND ALSO BEING the same premises which Alex Shevchenko and Bronislav Leydexer a/k/a Bronislav Leydiker, by Deed dated 10/30/2018 and recorded 03/25/2019 in the Office of the Recorder of Deeds in and for the County of Philadelphia in Document No. 53491470, granted and conveyed unto Christiana Trust, a Division of Wilminton Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3.

AND ALSO BEING the same premises which U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust By Truman Capital Advisors, LP, its Attorney in Fact, by Deed dated 08/24/2018 and recorded 09/04/2018 in the Office of the Recorder of Deeds in and for the County of Philadelphia in Document No. 53412148, granted and conveyed unto RT Real Estate Ventures, LLC.

**Parcel 2 (4994 W. Thompson St., Philadelphia, PA 19131):**

ALL THAT CERTAIN lot or piece of ground.

SITUATE on the South side of Thompson Street at the distance of thirty (30') feet eight (8") inches Eastward from the East side of 50th Street in the 44th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Thompson Street fourteen (14') feet eight (8") inches and extending of that width in length or depth Southward between parallel lines at right angles to the said Thompson

Street seventy (70') feet to a certain four (4') feet wide alley leading from the said 50th Street to St. Bernard Street, formerly called Ackley Street.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for a passageway and watercourse at all times hereafter, forever.

**Parcel 3 (2526 N. 19th St., Philadelphia, PA 19132):**

ALL THAT CERTAIN lot or piece of ground known with the buildings and improvements thereon erected.

SITUATE on the West side if Nineteenth, at the distance of Two Hundred two feet Northward from the North side of Cumberland Street in the Twenty-Eighth Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Nineteenth Street, Fifteen feet, six inches and extending of that width in length or depth, Westward, between parallel lines on right angles to the said Nineteenth Street, Sixty-seven feet, ten inches to the middle of a certain Four feet wide alley leading from the said Cumberland Street to Glenwood Avenue.

TOGETHER with the free and common use, right, liberty and privilege of the said four feet wide alley as and for a passage way and water course at all times forever.

UNDER AND SUBJECT to: Easement of 1/2 of 4 feet wide alley on rear.

BEING No. 2526 North 19th Street.

Being the same premises which Sarah Hunter, Acting herein by her Attorney in Fact Elizabeth Bishop, duly constituted and appointed by Letter of Attorney dated 9/6/1986 and intending to be forthwith recorded by Deed dated 1/23/1987 and recorded 2/10/1987 in Philadelphia County in Deed Book FHS 704 Page 166 conveyed unto James T. Thompson and Evelyn R. Thompson, his wife, as tenants by the entirety, in fee.

And the said James T. Thompson died on 01/17/1999 leaving title to said premises to his wife Evelyn R. Thompson as surviving tenant by the entirety.

AND the said James T. Thompson is also known as James Lawrence Thompson.

And the said Evelyn R. Thompson also known as Evelyn Rocellia Thompson died on 05/08/2017.

Being the same premises which Joseph H. Thompson, Administrator of the Estate of Evelyn Rocellia Thompson by Deed dated 3/29/2021 and recorded 4/29/2021 in Philadelphia County as Document No. 53824070 conveyed unto Nakia Thompson, in fee.

Being the same premises which Nakia L. Thompson by Deed dated 11/15/2021 and recorded 1/20/2022 in Philadelphia County as Document No. 53950842 conveyed unto DDH Fund, LP, in fee.

**<u>Parcel 4 (5821 Chester Ave., Philadelphia, PA 19143):</u>**

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected.

SITUATE on the Northwest side of Chester Avenue at the distance of 199 feet 8 inches Southwestward from the Southwest side of 58th Street in the 40th Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Chester Avenue 19 feet 6 inches and extending of that width in length or depth Northwestwardly between parallel lines at right angles to the said Chester Avenue 96 feet to a certain 3 feet wide alley which extends Northeastwardly and Southwestwardly from 58th Street to 59th Street.

TOGETHER with the free and common use, right, liberty and privilege of the aforesaid alley as and for a passageway and watercourse at all times hereafter, forever.

BEING known as No. 5821 Chester Avenue.

Being the same premises which Jewell Williams, Sheriff of the County of Philadelphia by Deed Poll dated 10/17/2017 and recorded 12/20/2017 in Philadelphia County as Document No. 53305928 conveyed unto DHI Fund, LP, in fee.

Ruling on the Motion was reserved pending the outcome of the Debtor's Expedited Agreed Motion for Order (A) Authorizing the Debtor to Sell Real Property Free and Clear of Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(b), (f), and (m); (B) Approving Sale Procedures and Terms; and (C) for Other Relief [Doc. No. 1056] (the "Sale Motion"). The Property was offered for sale at the October 14, 2026 public auction conducted under the Sale Motion, and Movant was the high bidder on the Property by credit bid. Movant has elected not to close on its credit bid and instead seeks relief from the automatic stay to pursue its in rem remedies against the Property, and the Debtor does not oppose that relief. The Debtor and Movant, by and through their respective undersigned counsel, having agreed to the terms of this Order, and the Court being otherwise fully advised in the premises, it is

**ORDERED:**

1. The Motion is GRANTED as set forth herein.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is terminated as to Movant's interest in the Property, in rem only, to permit Movant, its successors and/or

assigns, to exercise its rights and remedies under applicable non-bankruptcy law, including, without limitation, foreclosure of its mortgage lien against the Property, sale of the Property, and taking possession of the Property.

3. The relief granted in this Order is in rem only. Movant shall not seek or obtain an in personam judgment against the Debtor.

4. Movant shall have no obligation to close the purchase of the Property on its credit bid made at the October 14, 2026 auction, and the Property shall not be sold under the Sale Motion.

5. Within fourteen (14) days after any parcel of the Property is transferred at foreclosure sale, Movant shall notify the Debtor, through its counsel, by email to joe@packlaw.com, jessey@packlaw.com, and tanya@packlaw.com, identifying the parcel transferred and the date of transfer, so that the Debtor may update its records.

6. Nothing in this Order affects the sale or closing of any other property sold to a third-party buyer under the Sale Motion.

7. The fourteen (14) day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived, and this Order is effective immediately upon entry.

########

*Attorney Christian Savio, Esq., is directed to serve a copy of this Order on interested parties and file a Proof of Service within 3 days of entry of the Order.*