UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| RAD DIVERSIFIED REIT, INC.; | Case No. 8:26-bk-01636-CPM |
| *Jointly Administered with* | |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; and | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC | Case No. 8:26-bk-01640-CPM |
| Debtors. | |

______________________________________/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW, Wilmington Savings Fund Society, FSB not in its individual capacity as owner trustee of Atlas SP RESI Opportunity Trust IA (on behalf of itself and together with any successor and/or assign, “Movant”) hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362 (d)(1); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises located at 621 Ridge Pike, Lafayette Hill, PA 19444 ("Property"); vacating the co-debtor stay in effect pursuant to 11 U.S.C. § 1301(a) and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. DDH Fund, LLC (the “Debtor”) filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 1, 2026.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. 334, 11 U.S.C. 362 and all other applicable rules and statues affecting the jurisdiction of the Bankruptcy Courts generally.

3. Movant is the holder of a Note executed by DDH Fund, LLC dated January 18, 2024, whereby DDH Fund, LLC promised to repay $637,500.00 plus interest to CV3 Financial Services, LLC (the "Original Lender"). To secure the repayment of the Note, DDH Fund, LLC executed a Mortgage in favor of Civic Financial Services, LLC, encumbering the Property commonly known as 621 Ridge Pike, Lafayette Hill, PA 19444, which Mortgage was Recorded in the Official records of Montgomery County at Book 15860, Page 01323 on January 25, 2024 (hereinafter "Mortgage"). Other than liens with statutory priority, Movant's mortgage is in first lien position. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage. A copy of the Note, Mortgage and Assignments of Mortgage are attached hereto as **Exhibit A**.

4. Funds were advanced in connection with the aforementioned agreements as purchase money for the following real property (the "Subject Property"):

**REAL PROPERTY AT 621 Ridge Pike, Lafayette Hill, PA 19444, AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**

EXHIBIT "A"
LEGAL PROPERTY DESCRIPTION

The Land is described as follows:

All that certain lot or piece of ground with the buildings and improvements thereon erected, Hereditaments and Appurtenances, Situate in Whitemarsh Township, Montgomery County, Pennsylvania and described according to a Certain Plan thereof known as Subdivision of Property of Raymond A. Knapp made by Donald H. Schurr, Civil Engineer and Surveyor dated July 23, 1964 and last revised September 9, 1964 said Plan being recorded in the Office of the Recorder of Deeds for Montgomery County at Norristown, Pennsylvania in Plan Book C-3 Page 110 as follows, to wit:

Beginning at a point an iron pin on the Northeasterly side of Ridge Pike (50 feet wide) a corner of Lot No.2 on said Plan said point being at the distance of 239.41 feet measured Northwestwardly along the Northeasterly side of Ridge Pike on the arc of a circle curving to the left having a radius of 1171.28 feet from its point of intersection with the Northwesterly side of Crescent Avenue (40 feet wide); thence extending from said point of beginning Northwestwardly along the Northeasterly side of Ridge Pike on the arc of a circle curving to the left baying a radius of 1171.28 feet the are distance of 73.93 fret to an iron pin a corner of Lot Number 4 on said Plan; thence extending along Lot Number 4 the three following course and distances (1) North 48 degrees 24 minutes East 67.78 feet to an iron pin (2) North 76 degrees 14 minutes East 98.94 feet to an iron pin and (3) North 62 degrees 40 minutes East 71.98 feet to an iron pin, thence extending South 42 degrees 43 minutes East 70.20 feet to an iron pin a corner of Lot Number 2 aforesaid, thence extending along Lot Number 2 South 62 degrees 56 minutes West 241 .45 feet to the first mentioned point, an iron pin and place of beginning.

Containing in area 18,000 square feet.

Parcel ID: 65-00-09673-00-9

Being all and the same lands and premises conveyed to DDH Fund LP by Christine Trelli a/k/a Christine Trelli Snyder in a Deed dated 12/01/2020 and recorded 02/26/2021 in Book 6214, Page 02442 and Instrument No. 2021021282, in the Clerk's Office of the Circuit Court of Montgomery County, PA

5. The subject property is not the Debtor's primary residence according to the petition and schedules filed herein.

6. The Property which are subject of the motion and subject to Movant's interest is described as located at 621 Ridge Pike, Lafayette Hill, PA 19444.

7. Prior to the Bankruptcy filing, the loan was subject of a Mortgage Foreclosure Action under Docket No. 2025-10093 filed in the Court of Common Pleas of Montgomery County, Pennsylvania that resulted in an In-Rem Judgment for Failure to Answer and Assessment of Damages (the "Judgment") on July 7, 2025. A copy of the Judgment is attached hereto as **Exhibit B.**

8. The property was subject of a foreclosure auction taking place on October 29, 2025, resulting in sale back to the Movant; and a Sheriff's Deed transferring ownership of the Property to Movant was recorded on December 1, 2025, at Pook 6421, Page 01555, in the Recorder of Deeds of Montgomery County. A copy of the recorded Sheriff's Deed is attached hereto as **Exhibit C**.

9. Foreclosure of the Property is governed by Pennsylvania law, which is summarized in relevant portion below:

> a. ….. at any time at least one hour prior to the commencement of bidding at a sheriff sale or other judicial sale on a residential mortgage obligation, the residential mortgage debtor or anyone in his behalf, not more than three times in any calendar year, may cure his default and prevent sale or other disposition of the real estate and avoid acceleration.

41 P.S. § 404 (a).

> b. Under Pennsylvania law, a mortgagor has the right to redeem mortgaged property until the fall of the hammer at an originally scheduled sheriff's sale.[internal citation omitted] *In re Evergreen Memorial Park Association,* 308 F.2d 65, 67 (3d Cir.1962); *Peoples Bank v. Dorsey,* 453 Pa.Super. 94, 105, 683 A.2d 291, 296 (1996). Once the hammer has fallen at the sheriff's sale, the mortgagor has no right to redeem. *Bundy v. Donovan (In re Bundy),* 183 B.R. 700, 701 (Bankr.W.D.Pa.1995). The purchaser at the sheriff's sale obtains equitable ownership of the property and upon settling with the Sheriff, the right to compel delivery of the deed. *In re Brown,* 75 B.R. 1009, 1012 (Bankr.E.D.Pa.1987). At the time of the sale, the purchaser assumes an obligation to comply with the terms of the sale. *The Chase Manhattan Bank v. Pulcini (In re Pulcini),* 261 B.R. 836, 841 (Bankr.W.D.Pa.2001); *Pennsylvania Co. For Insurances on Lives and Granting Annuities v. Broad Street Hospital,* 354 Pa. 123, 128, 47 A.2d 281, 283 (1946). No court confirmation or approval of the sale is required. *See* Pa.R.C.P. 3135(a) ("Confirmation of the sale by the court shall not be required."). Thus, at the fall of the hammer, the mortgagor loses rights and the purchaser acquires rights and obligations.

*In re Townsville*, 268 B.R. 95, 118–19 (Bankr. E.D. Pa. 2001).

> c. If bankruptcy serves no legitimate purpose in retaining the debtor's possession, then the property owner should be granted relief from the stay to exercise its non-bankruptcy law rights to recover possession from the debtor. *See, e.g. In re Moore,* 267 B.R. 111, 117–18 (Bankr.E.D.Pa.2001). Thus, if a foreclosure sale takes place prepetition, a chapter 13 debtor has no right to cure or reinstate her mortgage under Pennsylvania law. *See In re Brown,* 75 B.R. 1009 (Bankr.E.D.Pa.1987); *In re Rouse,* 48 B.R. 236 (Bankr.E.D.Pa.1985). Nor, after such a sale, does she have any right to cure a prepetition mortgage default in a chapter 13 proceeding under federal bankruptcy law. 11 U.S.C. § 1322(c)(1). In such circumstances, *i.e.,* where a pre-bankruptcy sale has already occurred, courts have routinely held that relief from the bankruptcy stay generally is appropriate so the buyer may eject the debtor. *See, e.g., In re Moore,* 267 B.R. at 117–18; *In re Belmonte,* 240 B.R. 843, 854 (Bankr.E.D.Pa.1999) (when debtor's ownership interests in realty were terminated prepetition and the chapter 13 case cannot restore those rights, cause exists to terminate the bankruptcy stay), *rev'd in part,* 279 B.R. 812 (E.D.Pa.2001); *In re Yorke,* 1996 WL 509614, at *2 (Bankr.E.D.Pa.1996) ("Since the Debtor lacks title to her Home ... she cannot propose a viable plan to cure arrears on, or liquidate, that mortgage. Since she cannot confirm a plan achieving these ends, the Bank is entitled to relief, pursuant to 11 U.S.C. § 362(d)(1), on its Stay Motion"); *In re Brown,* 75 B.R. at 1009 (stay lifted when bankruptcy filed after foreclosure sale).

*In re Dunlop*, 378 B.R. 85, 92 (Bankr. E.D. Pa. 2007).

10. Debtor filed the instant Bankruptcy after the Sheriff's Sale was held in Montgomery County, Pennsylvania; and after the Sheriff's Deed transferring ownership of the Property to Movant was recorded. Accordingly, Debtor has no right to redeem the Property through the instant Bankruptcy and thus cannot file a viable Plan that addresses arrears due to Movant.

11. Accordingly, grounds exist to vacate the stay in Debtor's case and Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause in accordance with 11 U.S.C. § 362(d)(1) to permit Movant to pursue its

rights under the Mortgage and applicable law, including, without limitation, the recoding of a Sheriff's Deed and/or eviction proceeding Movant respectfully requests reasonable attorney fees in the amount of $1,350.00 and costs in the amount of $199.00.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay and for such other, further and additional relief as to this Court may deem just, proper and equitable.

Dated: November 9, 2026

By: /s/ Laura Noyes
Laura Noyes, Esq.
**FRIEDMAN VARTOLO LLP**
Attorneys for Wilmington Savings Fund Society, FSB not in its individual capacity as owner trustee of Atlas SP RESI Opportunity Trust IA
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
T: (212) 471-5100
F: (212) 471-5150
Bankruptcy@FriedmanVartolo.com