# EXHIBIT “A”

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

| | |
|---|---|
| | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; and | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC, | Case No. 8:26-bk-01640-CPM |

Debtors.
_____________________________________/

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT OF DEFFENSE COSTS UNDER DIRECTORS AND OFFICERS INSURANCE POLICY (DOC. NO. __)**

THIS CASE came before the Court for hearing on _______________________ pursuant to the Motion for Relief from the Automatic Stay, to the Extent Applicable, or Alternatively to Lift

the Stay to Allow Payment of Defense Costs Under a Directors and Officers Insurance Policy (Doc. No. ___) (the "Motion") filed by Dutch Brandon Mendenhall ("Mendenhall"). Through the Motion, Mr. Mendenhall seeks the entry of an order (A) confirming that the automatic stay does not prohibit StarStone[1] from advancing and/or reimbursing the **Insured Persons' Defense Costs** in connection with the SEC Enforcement Action and the Indictment pursuant to the terms of the D&O Policy issued by StarStone, or (B) alternatively, modifying the automatic stay to the extent necessary to permit StarStone to advance and/or reimburse the **Insured Persons' Defense Costs** pursuant to the terms and conditions of the D&O Policy. Appearances were made as reflected on the record. The Court has considered the Motion, the argument of counsel at the hearing, and the docket as a whole. Based on the foregoing, the Court concludes that it is appropriate to grant the Motion.

Accordingly, it is

**ORDERED** that the Motion is **GRANTED** as follows:

1. The Court confirms that the automatic stay does not apply to the proceeds of StarStone Policy No. DNO00012050P-00 and all renewals thereof, including without limitation, Policy No. DNO00012050P-01 (the "D&O Policy") for the advancement or reimbursement of **Defense Costs** incurred by the **Insured Persons** pursuant to the terms and conditions of the D&O Policy in connection with the pending SEC Enforcement Action and the Indictment.

2. Alternatively, to the extent the automatic stay does apply, the automatic stay is modified for cause pursuant to 11 U.S.C. § 362(d)(1) to the extent necessary to enable StarStone

[1] All capitalized terms or terms in bold not specifically defined herein are ascribed the meanings set forth in the Motion.

to advance or reimburse the **Insured Persons' Defense Costs** pursuant to the terms and conditions of the D&O Policy in connection with the pending SEC Enforcement Action and the Indictment.

3. To the extent applicable, the Court waives the 14-day stay imposed by Federal Rule of Bankruptcy Procedure 4001(a)(3).

4. Any disputes that arise out of this Order shall be subject to the jurisdiction of this Court.

*Attorney Erik Johanson is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of this order.*