# EXHIBIT “C”

MAY 27 2026 PM3:59
FILED - USDC - FLMD - TPA

SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 8:26-CR-192-JLB-NHA
18 U.S.C. § 1341

BRANDON DUTCH MENDENHALL

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
(Mail Fraud)

### A. Introduction

At times relevant to this Indictment:

1. BRANDON DUTCH MENDENHALL, was a resident of the Middle District of Florida, and along with other members known and unknown to the Grand Jury, was the registered agent, director, or officer of several entities, including RAD DIVERSIFIED REIT, INC.; RAD DIVERSIFIED OZ FUND, LP; DDH FUND, LP; and DHI HOLDINGS, LP. MENDENHALL solicited individuals to invest in real estate properties through these entities by falsely and fraudulently promising high investment returns.

SEALED

2. RAD DIVERSIFIED REIT, INC. was a Maryland corporation with its principal address in Port Richey, Florida. MENDENHALL was one of the entity's registered agents, and signatory on its Financial Institution 1 account ending in 9802.

3. RAD DIVERSIFIED OZ FUND, LP was a Delaware limited partnership with its principal address in Tampa, Florida. MENDENHALL was one of the entity's registered agents and had access to its Financial Institution 1 account ending in 8379.

4. DDH FUND, LP was a Delaware limited partnership with its principal address in Tampa, Florida. MENDENHALL was one of the entity's registered agents and was a signatory on its Financial Institution 1 account ending in 5516.

5. DHI HOLDINGS LP. was a Delaware limited partnership with its principal place of business in St. Petersburg, Forida. MENDENHALL was one of the entity's registered agents and a signatory on its Financial Institution 1 account ending in 5376.

6. Lender 1 was a wholesale, non-qualified mortgage lending business, and was a financial institution as that term is defined in 18 U.S.C. § 20.

7. Title Company 1 was a title company whose principal place of business was in the Middle District of Florida.

**B. <u>The Scheme and Artifice</u>**

8. Beginning on an unknown date, but no later than in or around November 2021, and continuing through in or around March 2022, in the Middle District of Florida and elsewhere, the defendant,

BRANDON DUTCH MENDENHALL,

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises about a material fact.

**C. <u>Manner and Means of the Scheme and Artifice</u>**

9. The manner and means by which the defendant sought to accomplish the scheme and artifice included, among others, the following:

a. It was part of the scheme and artifice that the defendant would and did create, and caused to be created, multiple investment funds.

b. It was further a part of the scheme and artifice that the defendant would and did open, and caused to be open, multiple bank accounts at Financial Institution 1 for his investment funds, including the accounts ending in 5516, 5376, 8379, and 9802.

c. It was further a part of the scheme and artifice that the defendant would and did solicit, and caused to be solicited, money from investors for various real estate opportunities, and caused those investments to be deposited into accounts at Financial Institution 1.

d. It was further a part of the scheme and artifice that the defendant would and did arrange, and caused to be arranged, the rental income from real estate investments to be deposited into the accounts at Financial Institution 1.

e. It was further a part of the scheme and artifice that once the defendant established significant deposits into the accounts at Financial Institution 1, the defendant engaged, and caused to be engaged, the services of Lender 1.

f. It was further a part of the scheme and artifice that in order to induce Lender 1 to finance a loan for his personal residence the defendant would and did prepare and submit, and caused to be prepared and submitted, a false and fraudulent mortgage application that included multiple material false and fraudulent representations, and pretenses, such as:

i. Overinflating the defendant's personal income; and

ii. Representing that the deposits in the past 24 months of bank statements provided from the operating accounts of DDH FUND, LP and DHI HOLDINGS, LP were the defendant's personal income because he was the owner of those entities.

g. It was further a part of the scheme and artifice that the defendant would and did cause Lender 1 to mail closing documents to Title Company 1.

h. It was further a part of the scheme and artifice that the defendant would and did cause Lender 1 to approve the mortgage application and caused to be transmitted funds to purchase the residence.

i. It was a further part of the scheme and artifice that the defendant would and did perform acts and make statements to promote and achieve the scheme and artifice and to misrepresent, hide, and conceal the scheme and artifice and the acts committed in furtherance thereof.

## D. Execution of the Scheme and Artifice

10. On or about the date set forth below, in the Middle District of Florida and elsewhere, the defendant,

BRANDON DUTCH MENDENHALL,

for the purpose of executing and attempting to execute the aforesaid scheme and artifice, did knowingly and willfully deposited and caused to be deposited a matter and thing to be sent and delivered by any private or commercial interstate carrier, and knowingly caused to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, a matter and thing, as described below:

| COUNT | DATE OF MAILING | NATURE OF MAILING |
|---|---|---|
| **One** | March 1, 2022 | Closing documents for the purchase of the defendant's personal residence mailed to Title Company 1 located in the Middle District of Florida. |

All in violation of 18 U.S.C. §§ 1341 and 2.

## FORFEITURE

1. The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1341, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, the real property located at 4604 Clarksdale Lane, Brandon, Florida 33511; Lot 25, Block 2,

BLOOMINGDALE SECTION "F" UNIT 1, according to the map of plat thereof, as recorded in Plat Book 51, Page(s) 74, of the Public Records of Hillsborough County, Florida, which represents the real property the defendant obtained from the offense.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

[redacted]

GREGORY W. KEHOE
United States Attorney

By: ______________________
Merrilyn E. Hoenemeyer
Assistant United States Attorney

By: ______________________
Gregory D. Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

FORM OBD-34
May 26

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

---

THE UNITED STATES OF AMERICA

vs.

BRANDON DUTCH MENDENHALL

---

INDICTMENT

Violations: 18 U.S.C. § 1341

---

[redacted]

---

Filed in open court this 27th day

of May, 2026.

KARINA NIEVES
Clerk

---

Bail $________________

---

GPO 863 525