**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |

**DEBTORS' *EXPEDITED* MOTION FOR ORDER (A) AUTHORIZING THE DEBTORS TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(B), (F), AND (M); (B) APPROVING BIDDING PROCEDURES AND SURCHARGE; AND (C) FOR OTHER RELIEF**

**(4015 Worrilow Rd., Brookhaven, PA 19015; 4024 Gideon Rd., Brookhaven, PA 19015; 1205 Rainer Rd., Brookhaven, PA 19015; 3922 Elson Rd., Brookhaven, PA 19015; 1692 Powell Rd., Brookhaven, PA 19015; 1449 Rainer Rd., Brookhaven, PA 19015; 1345 Harshaw Rd., Brookhaven, PA 19015; 1306 Elson Rd., Brookhaven, PA 19015; 1238 Harshaw Rd., Brookhaven, PA 19015; 290 Watson Ave., Coatesville, PA 19320)**

The above-captioned debtors and debtors in possession (the "**Debtors**"), by and through their undersigned counsel, submit this motion (this "**Motion**") for entry of an order (a) authorizing the Debtors to sell certain real property in the table set forth herein (each, a "**Parcel**" and collectively, the "**Property**") free and clear of all liens, encumbrances, and interests pursuant to

11 U.S.C. §§ 363(b), (f), and (m); (b) approving bidding procedures and surcharge; and (c) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Middle District of Florida (the "**Bankruptcy Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105(a), 363(b), (f), and (m), and 506(c) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2002 and 6004.

**Background**

4. On March 1, 2026 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases (the "**Chapter 11 Cases**") before the Bankruptcy Court.

5. The Debtors are operating their business and managing their property as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 1, 2026, the Court entered an order granting the Office of the United States Trustee's unopposed motion for the appointment of an examiner (the "**Examiner Order**") [Dkt. No. 167], and upon the application of the Office of the United States Trustee [Dkt. No. 176], which was approved by the Court on April 8, 2026 [Dkt. No. 195], Maria Yip was appointed as Examiner.

7. On March 27, 2026, the Office of the United States Trustee appointed an official committee of unsecured creditors.

8. The Debtors are the record title owner of the Property, which is more particularly described on **Exhibit A** hereto. Each Parcel is subject to a first-position mortgage (collectively, the "**First Mortgages**") by one of Fay Servicing, LLC as servicer for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for Legacy Mortgage Asset Trust 2024-INV1 ("**Fay Legacy**"); U.S. Bank National Association as Trustee of Greene Street Funding Trust II ("**U. S. Bank Greene Street**"); and Fay Servicing, LLC as servicer for U.S. Bank National Association as Trustee of Greene Street Funding Trust II ("**Fay Greene Street**") (each a "**Mortgagee**" and collectively the "**Mortgagees**"), as set forth herein. The Property consists of 34 separate parcels of real property, each of which is improved with a single-family home, at the following street addresses and subject to First Mortgages by the following Mortgagees:

| Property No. | Address | Mortgagee |
|---|---|---|
| 1-A | 4015 Worrilow Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-B | 4024 Gideon Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-C | 1205 Rainer Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-D | 3922 Elson Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-E | 1692 Powell Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-F | 1449 Rainer Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-G | 1345 Harshaw Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-H. | 1306 Elson Rd., Brookhaven, PA 19015 | Fay Legacy |
| 1-I. | 1238 Harshaw Rd., Brookhaven, PA 19015 | Fay Legacy |
| 2. | 290 Watson Ave., Coatesville, PA 19320 | Fay Legacy |

9. Based upon the title report obtained by the Debtors dated November and December 2025 (the "**Title Report**") and Debtors' research of the real estate records, all liens and encumbrances against each Parcel are set forth on **Exhibit B**, including any judgment liens, the unpaid past due ad valorem taxes and current ad valorem taxes due for each Parcel, and all tenants and other parties who may assert a possessory interest in each Parcel (collectively, the "**Tenants**"). The Title Reports also reflect certain municipal liens against the Property totaling $36,692.19 that may constitute a lien against the Property, as set forth on **Exhibit C**.

10. To the best of the Debtors' knowledge, information, and belief, except for the parties identified in **Exhibit B** to this Motion (the "**Interested Parties**"), no other person or entity asserts a lien, claim, or *in rem* interest in and to any Parcel.

11. The Debtors, by and through their Chief Restructuring Officer, Katie Goodman, in an exercise of her reasonable business judgment, has determined that it is in the best interest of the Debtors and their estates to sell the Property at public auction on the terms set forth in this Motion.

**Relief Requested**

12. The Debtors have previously been authorized to employ Soldnow, LLC d/b/a Tranzon Driggers ("**TD**") as auctioneer [Dkt. No. 418]. By this Motion, the Debtors request the entry of an order (the "**Sale Order**"), pursuant to section 363 of the Bankruptcy Code, approving the sale of the Property, free and clear of all liens, claims, and interests, by public auction to be conducted by TD. The Auction Application sets forth the proposed terms of the auction.

13. The Debtors propose that, except as may otherwise be ordered by the Court in the Sale Confirmation Order:

a. all unpaid property taxes for each Parcel shall be paid by the purchaser at closing, and the purchaser shall be responsible for payment of current and past taxes;

b. the net proceeds of sale of each Parcel shall be disbursed at closing as follows:

i. first, to the Debtors in payment of the Surcharge Amount (as defined below);

ii. second, payment of any other municipal liens or judgments with priority over the First Mortgage on such Parcel (which, for the avoidance of doubt, the Debtors do not believe exist);

iii. third, to the Mortgagee on such Parcel to satisfy the unpaid balance due on each of the First Mortgages, as set forth in **Exhibit B**, attached hereto; and

iv. all remaining net proceeds, if any (the "**Net Proceeds**") from the sale of each Parcel shall be paid to the Debtors. All valid and duly

perfected liens against each Parcel that are not paid at closing will attach to the Net Proceeds, with the same extent, validity, and priority as existed before the Petition Date. The Net Proceeds shall be held by the Debtors and disbursed only pursuant to order of the Bankruptcy Court.

14. The term "Surcharge Amount" means 10% of the winning bid for the sale of each Parcel, up to a maximum of $20,000.00; *provided*, *however*, that in the event the winning bid is not sufficient to pay the relevant Mortgagee in full as set forth herein or the Mortgagee acquires the Parcel by credit bid, the maximum amount is $10,000.00. The Surcharge Amount is necessary, reasonable, and reflects the benefit to the Mortgagees and other Interested Parties from liquidating the Property through an auction process with robust marketing and advertising. Further, the timing of the auction sale will result in a substantial time savings to the Mortgagees given the current status of the foreclosure cases and the delays associated with stay relief litigation. The Surcharge Amount also compensates the Debtors for U.S. Trustee fees and attorneys' fees incurred in connection with the sale of the Property, and provides a fund for payment of creditors of the Debtors. . As such, the Surcharge Amount is justified pursuant to section 506(c) of the Bankruptcy Code. *In re Dalton Crane, L.C.,* 641 B.R. 850 (Bankr. S.D. Tex. 2022) (approving surcharge in connection with auction).

15. The Debtors, in consultation with TD, propose that the following terms of sale be approved by the Court:

a. **Free and Clear**: The Property shall be sold free and clear of all liens, claims, encumbrances, and interests, with such liens, claims, encumbrances, and interests attaching to the proceeds of the sale to the extent such liens, claims, encumbrances, and interests are not paid at closing.

b. **The Auction Dates:** TD shall market the Property for public auction (the "**Auction**"). The auction date shall be a date selected by TD that is at least four weeks but not more than eight weeks after the Sale Order. TD shall begin its marketing campaign within ten days of the entry of the Sale Order.

c. **Auction Terms:** The auction terms, bid procedures, and compensation of TD shall be as set forth in the Auction Application. Notwithstanding anything to

the contrary in the Auction Application, the Debtor may require a bid deposit in the form of a $2,000.00 credit card hold from potential purchasers of the Property in lieu of a cash bid deposit.

d. **Sale Documents:** Promptly following the closing of the Auction, the winning bidder shall execute a sale agreement or other applicable sale documents (the "**Sale Documents**").

e. **The sale of the Property shall be "AS-IS, WHERE-IS, WITH ALL FAULTS," with no warranties of title whatsoever.**

f. **Sale Confirmation:** Within ten business days following the Auction and prior to the closing of the sale of the Property, the Debtors will seek the entry of an order confirming the sale to the winning bidder and requesting approval of the disbursements at closing (the "**Sale Confirmation Order**").

g. **Closing Documents**: The Property shall be conveyed to the purchaser by Trustee's Deed or such other similar instrument.

h. **Credit Bid**: Each Mortgagee shall have the right to credit bid at the Auction the full amount of the requisite First Mortgage.

i. **Closing Date**: Closing shall occur within thirty days after the auction or within ten business days after the Sale Confirmation Order becomes final and nonappealable, whichever is later.

## Authority for Requested Relief

### A. The Proposed Notice of the Auction and Bid Procedures is Appropriate.

16. The Debtors seek authority to sell the Property through an Auction and related sale process, subject to the Debtors' right to seek an alternative course of action to maximize the value of their estates and preserve the value of the Property for the benefit of all parties in interest, including but not limited to the Mortgagees. TD will conduct an extensive and robust marketing process designed to maximize the number of auction participants, bidders, and purchase price. To maximize participation in the auction, it is anticipated that the auction of the Property may include one or more other properties owned by the Debtors.

17. Bankruptcy Rule 2002(a)(2) provides that the clerk or clerk's designee shall give all creditors 21 days' notice of "a proposal to use, sell, or lease property of the estate other than

in the ordinary course of business—unless the court, for cause, shortens the time or orders another method of giving notice."

18. Bankruptcy Rule 6004 provides, in pertinent part:

> (a) Notice.
>
> (1) *In General*. Notice of a proposed use, sale, or lease of property that is not in the ordinary course of business must be given:
>
> (A) under Rule 2002(a)(2), (c)(1), (i), and (k); and
>
> (B) in accordance with §363(b)(2), if applicable.
>
> * * *
>
> (c) Motion to Sell Property Free and Clear of Liens and Other Interests; Objection. A motion for authority to sell property free and clear of liens or other interests must be made in accordance with Rule 9014 and served on the parties who have the liens or other interests. The notice required by (a) must include:
>
> (1) the date of the hearing on the motion; and
>
> (2) the time to file and serve an objection on the debtor in possession or trustee.

Fed. R. Bankr. P. 6004.

19. The Debtors have served this Motion by CM/ECF on all parties receiving notice by CM/ECF and by first class U.S. Mail, postage prepaid to the Interested Parties and have transmitted the Motion to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice under *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72] and requests the Court to find such notice good and sufficient pursuant to Bankruptcy Rules 2002, 6004, and 9006. The estates should not be required to incur the expense of service by mail on all creditors. As a practical matter, given the unique nature of the Property and the Chapter 11 Cases, it is unlikely that creditors of the Debtor will be bidders.

**B. The Auction and Sale of the Property Should be Approved.**

20. Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). A sale of the debtor's assets should be authorized pursuant to section 363 of the Bankruptcy Code if a sound business purpose exists for the proposed transaction. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) ("Under Section 363, the debtor-in-possession can sell property of the estate . . . if he has an 'articulated business justification' . . . ."); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).

21. Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (i) whether a sound business justification exists for the sale, (ii) whether adequate and reasonable notice of the sale was given to interested parties, (iii) whether the sale will produce a fair and reasonable price for the property, and (iv) whether the parties have acted in good faith. *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A sound business purpose for the sale of a debtor's assets outside the ordinary course of business may be found where such a sale is necessary to preserve the value of assets for the estate, creditors, or interest holders. *See, e.g., In re Abbotts Dairies of Pa, Inc.*, 788 F.2d 143 (3d Cir. 1986).

22. The Debtors have a sound business justification for selling the Property. Each Parcel is subject to a First Mortgage. The value of the Property will be tested through the Auction conducted pursuant to and according to the bid procedures set forth in the Auction Application. Ultimately, the winning bid, after being subject to a "market check" in the form of the Auction and accepted by the Debtors in the exercise of their reasonable business judgment, will constitute the highest and best offer for the Property and will provide the highest and best recovery for the

estates. *See, e.g., In re Trans World Airlines, Inc.*, No. 01-00056, 2001 WL 1820326, at *4 (Bankr. D. Del. 2001) (while a "section 363(b) sale transaction does not require an auction procedure . . . the auction procedure has developed over the years as an effective means for producing an arm's-length fair value transaction"). Consequently, the fairness and reasonableness of the consideration to be paid in the form of the winning bid ultimately will be demonstrated by adequate "market exposure" and an open and fair auction process.

### C. The Sale of the Property Should Be Approved Free and Clear of All Claims and Interests.

23. Section 363(f) of the Bankruptcy Code permits a debtor to sell property free and clear of another party's interest in the property if (i) applicable nonbankruptcy law permits such a free and clear sale, (ii) the holder of the interest consents, (iii) the interest is a lien and the sale price of the property exceeds the value of all liens on the property, (iv) the interest is the subject of a bona fide dispute, or (v) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

24. Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to permit the Debtors' sale of the Property free and clear of all interests (*i.e.*, all liens, claims, rights, interests, charges, or encumbrances), except with respect to any interests that may be assumed liabilities under the applicable purchase agreement. *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("[I]f any of five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens."); *see also In re Dundee Equity Corp.*, 1992 Bankr. LEXIS 436, at *12 (Bankr. S.D.N.Y. March 6, 1992) ("[s]ection 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met.").

25. The first priority lien against each Parcel is ad valorem property taxes, which will be paid by the purchaser at closing. To the extent of available net proceeds, any municipal liens with priority over the First Mortgage will be paid next from the net proceeds of sale of each Parcel, with any remaining net proceeds paid to the Mortgagee until payment in full of the First Mortgage in the amount set forth in **Exhibit B**. Any unpaid liens against each Parcel of the Property will attach to any remaining net proceeds from the sale of that parcel.

26. The judgment lien of Debra Autry, which encumbers each of the Parcels, is in dispute. Specifically, the judgment became a lien against the Property within 90 days of the Petition Date and is subject to avoidance as a preference.[1]

27. The Debtors propose to sell the Property free and clear of all claims or interests of the Tenants identified on **Exhibit B**.

28. Notwithstanding anything herein appearing to the contrary, the Property will be sold subject to *ad valorem* taxes, with past due *ad valorem* taxes paid by the buyer at closing.[2]

**D. The Sale Will Be Undertaken by the Buyers in Good Faith.**

29. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased notwithstanding if a sale conducted under section 363(b) of the Bankruptcy Code is later reversed or modified on appeal.

30. The sale of the Property should be found to be in good faith if the Debtors can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee,

---

[1] The Debtors have filed an adversary proceeding, Adv. Proc. No. 8:26-ap-00337-CPM objecting to the claim of Debra Autry [Claim No. 279] and seeking to avoid the lien of the judgment, pursuant to 11 U.S.C. § 547. The answer deadline is October 9, 2026.

[2] The buyer will also be responsible for paying all taxes for the current year, without pro-ration.

or an attempt to take grossly unfair advantage of other bidders.") (citations omitted); *see also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

31. The sale of the Property pursuant to the auction procedures will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Debtors respectfully request that the Court find that any purchaser of a Parcel be entitled to the protections of section 363(m) of the Bankruptcy Code.

32. Prior to filing this Motion, the Debtors conferred with counsel for the Mortgagee and Mortgagee consents to the sale of the Property (including the Surcharge Amount) on the terms set forth in this Motion.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order (a) approving the sale of the Property free and clear of all liens, claims, and interests pursuant to section 363 of the Bankruptcy Code; (b) approving the sale procedures, sale terms and Surcharge Amount set forth herein; and (c) granting such other and further relief as may be just and equitable.

Dated: November 21, 2026

Respectfully submitted,

**PACK LAW**
4649 Ponce de Leon Blvd., Suite 405
Coral Gables, Florida 33146
Telephone: (305) 916-4500

By: *__/s/ Jessey J.Krehl__*
Joseph A. Pack
Email: joe@packlaw.com
Florida Bar No. 117882
Jessey J. Krehl
Email: jessey@packlaw.com
Florida Bar No. 1025848

*Counsel to the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case including:

Megan N. Harper, Esq., Divisional Deputy City Solicitor, Bankruptcy Division, City of Philadelphia Law Department, Tax Litigation & Collections Unit

Elena Ketchum, Esq., counsel to the Philadelphia Community Development Coalition, Inc.

Laura Noyes, Esq., Friedman Vartolo LLP, counsel to Mortgagees

Donna Glick, Esq., Esq., Friedman Vartolo LLP, counsel to Mortgagees

**I FURTHER CERTIFY** that that on November 21, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on the following:

**By first-class U.S. Mail, postage prepaid, and electronic mail:**

Debra Autrey
526 East Walnut Lane
Philadelphia, PA 19144
debautrey456@gmail.com

Takiyah Holmes
1205 Rainer Rd.
Brookhaven, PA 19015
takiyah.holmes88@gmail.com

Talib Sudan
3922 Elson Rd.
Brookhaven, PA 19015
talibblack61@gmail.com

Nicole Wesley
Deshawn L. Wesley-Barker
1345 Harshaw Rd.
Brookhaven, PA 19015
nwesley1333@gmail.com
deshawn303@gmail.com

Evelyn Madison
Tom Frye
1306 Elson Rd.
Brookhaven, PA 19015
evelynmadison1971@gmail.com
tommyfrye95@yahoo.com

Monique Smith-Melvin
1238 Harshaw Rd.
Brookhaven, PA 19015
monique.smith0208@gmail.com

**By first-class U.S. Mail, postage prepaid**:

Any and All Unknown Occupants
4015 Worrilow Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
4024 Gideon Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
1205 Rainer Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
3922 Elson Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
1692 Powell Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
1449 Rainer Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
1345 Harshaw Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
1306 Elson Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
1238 Harshaw Rd.
Brookhaven, PA 19015

Any and All Unknown Occupants
290 Watson Ave.
Coatesville, PA 19320

Pennsylvania Department of Revenue
Bureau of Compliance, Lien Section
P.O. Box 280948
Harrisburg, PA 17128-0948

**I FURTHER CERTIFY** that on November 21, 2026, I transmitted the foregoing document to Epiq Corporate Restructuring, LLC for service on those persons entitled to notice by mail under the *Interim Order Granting Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and Consolidated List of the Top Thirty Unsecured Creditors, (II) Establishing Notice Procedures, and (III) Granting Related Relief* [Dkt. No. 72].

By: *\/s/ Jessey J. Krehl*
Jessey J. Krehl
Bar No. 1025848

# Exhibit A

## Legal Descriptions

| Property No. | Address | Legal Description |
|---|---|---|
| 1-A | 4015 Worrilow Rd. Brookhaven, PA 19015 | PREMISES "C":<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, hereditaments and appurtenances, Situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania and described according to a survey thereof made for Richard G. Kelly by William W. Reeder, Professional Engineer, Upper Darby, Pennsylvania on 12/16/1963 as follows:<br><br>BEGINNING at a point on the Northeasterly side of Worrilow Road (formerly Renolds Road) (50 feet wide), measured the two following courses and distances along same from its intersection with the Southeasterly side of Powell Road (50 feet wide) (both lines produced): (1) extending from said point off intersection South 34 degrees 14 minutes 10 seconds East, 25.52 feet to a point of tangent and (2) on a line curving to the left having a radius of 216.42 feet the arc distance of 151.98 feet to the point and place of beginning; thence extending (1) North 15 degrees, 47 minutes, 07 seconds East, 105.80 feet to a point in the center line of a certain 20 feet wide (paved 17 feet) driveway, which extends Southeastwardly from Powell Road to Adair Road; thence extending (2) South 86 degrees 46 minutes 32 seconds East along the center line of said driveway, 20.71 feet to a point; thence extending (3) South 03 degrees 13 minutes 28 seconds West passing through the party wall between these premises and the premises adjoining to the Southeast, 108.19 feet to a point on the Northeasterly side of Worrilow Road (formerly Renolds Road), aforesaid; thence extending (4) Northwestwardly, along the aforementioned Northeasterly side of Worrilow Road, on a line curving to the right having a radius of 601.66 feet, the arc distance of 26.33 feet to a point of tangent; thence (5) Still along the Northeasterly side of Worrilow Road, North 79 degrees 14 minutes 10 seconds West 8.70 feet to a point of curve; thence, (6) Northwestwardly still along the Northeasterly side of Worrilow Road, on a line curving to the right having a radius of 216.42 feet the arc distance of 18.00 feet to the first mentioned point and place of beginning.<br><br>Being Lot No. 327, as shown on said Plan<br><br>TOGETHER with the free and common use, right, liberty and privilege of the above mentioned 20 feet wide driveway as and for a driveway and watercourse at all times hereafter, forever, in common with the owners, tenants and occupiers of the lots of ground bounding thereon and entitled to the use thereof.<br><br>SUBJECT, however, to the proportionate part of the expense of keeping said driveway in good order, condition and repair.<br><br>**BEING known as: 4015 Worrilow Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 1-B | 4024 Gideon Rd. Brookhaven, PA 19015 | PREMISES "G":<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected. Situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania and described according to a Plan thereof made for Richard G. Kelly by William W. Reeder, Professional Engineer, Upper Darby, Pennsylvania on May 9, 1966 as follows:<br><br>SITUATE on the Southerly side of Gideon Road (50 feet wide) at the distance of 323.16 feet measure North 79 degrees 44 minutes 10 seconds East along same from its interaction with the Easterly side of Powell Road (50 feet wide) (both lines produced).<br><br>CONTAINING in front or breadth on said Gideon Road, measured South 79 degrees 14 minutes 10 seconds East, 18.00 feet and extending of that width in length or depth measured South 10 degrees 45 minutes 50 seconds West between parallel lines at right angles to said Gideon Road, 110.00 feet to the Southerly side of a certain 20.00 feet wide driveway which extends Eastwardly and Westwardly, communicating at each end thereof with certain other 20.00 feet wide driveways which extend Southwardly from Gideon Road to Woodworth Road. The Easterly and Westerly lines thereof passing through the party walls between these premises and the premises adjoining to the East and West respectively.<br><br>BEING Lot No. 436 as shown on said Plan.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway, passageway and watercourse at all times hereafter, forever, thereof, and to any other properties to which the sue thereof may be granted by the said Richard G. Kelly, his heirs and assigns. Subject, however to the proportionate part of the expense of keeping said driveway in good order, condition and repair at all times hereafter forever.<br><br>**BEING known as: 4024 Gideon Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
| --- | --- | --- |
| 1-C | 1205 Rainer Rd. Brookhaven, PA 19015 | PREMISES "A":<br><br>ALL THAT CERTAIN Lot or piece of ground with the buildings and Improvements thereon erected, Hereditaments and Appurtenances, situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania and described according to a Plan of Toby Farms, made for Richard G. Kelly by Catania Engineering Associates, Inc., Chester, Pennsylvania, on March 15, 1972 and last revised April 3, 1973 as follows:<br><br>BEGINNING at a point on the Easterly side of Rainer Road (50 Feet wide) measured the three following courses and distances along the same from its point of intersection with the Northerly side of Worrilow Road (50 feet wide) (both lines extended): (1) from said point of intersection North 20 degrees 07 minutes 50 seconds East, 204.69 feet to a point; (2) North 18 degrees 57 minutes 50 seconds East 731.87 feet to the point of Curve and (3) on a line curving to the left having a radius of 175 feet the arc distance of 27.62 feet to a point and place of beginning; thence extending from said beginning point along the said side of Rainer Road Northwardly on a line curving to the left having a radius of 175 feet the arc distance of 18.57 feet to a point; thence extending South 71 degrees 02 minutes 10 seconds East passing through the party wall between these premises and the premises adjoining to the North and crossing the bed of a certain 20 feet wide drainage and utilities easement, 120.82 feet to a point on the Easterly side of said easement; thence extending along the same South 18 degrees 2 minutes 10 seconds West 18.17 feet to a point; thence extending North 71 degrees 02 minutes 10 seconds West, recrossing said easement and passing through the party wall between these premises and the premises adjoining to the South 117.03 feet to a point on the Easterly side of Rainer Road, aforesaid, the first mentioned point and place of beginning.<br><br>BEING Lot 187, as shown on said Plan.<br><br>**BEING known as: 1205 Rainer Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 1-D | 3922 Elson Rd. Brookhaven, PA 19015 | PREMISES "F":<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania, described according to a revised Plan of lots of part of Section No. 3, Sheet No. 5 of "Toby Farms" for Richard G. Kelly, made by Catania Engineering Associates, Inc., Consulting Engineers, Chester, Pennsylvania, dated December 27, 1967 and revised July 8, 1968 as follows:<br><br>BEGINNING at a point on the Southeasterly side of Elson Road (50 feet wide) measured the two following courses and distances along same from its intersection with the Northeasterly side of Charles Road (50 feet wide) (both lines produced): (1) extending from said point of intersection North 82 degrees 37 minutes 50 seconds East, 195 feet to a point of curve; and (2) on a line curving to the left having a radius of 189.79 feet the arc distance of 86.16 feet to the point and place of beginning; thence extending from said beginning point along the said Southeasterly side of Elson Road, on a line curving to the left having a radius of 189.79 feet the arc distance of 24.72 feet to a point; thence extending South 43 degrees 51 minutes 46 seconds East passing through the party wall between these premises and the premises adjoining to the Northeast 102.44 feet to a point in the bed of a certain 20 feet (paved 17 feet) wide driveway, which extending Southwestwardly into Charles Road, aforesaid; thence extending through the bed of said driveway on a line curving to the right having a radius of 303.72 feet the arc distance of 43.35 feet to a point; thence extending North 33 degrees, 22 minutes, 46 seconds West 101.34 feet to the first mentioned point and place of beginning.<br><br>BEING Lot No. 581, as shown on said Plan.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway, passageway and watercourse at all times hereafter, forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof. SUBJECT, however, to the proportionate part of the expense of keeping said driveway in good order, condition and repair at all times hereafter, forever.<br><br>**BEING known as: 3922 Elson Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
| --- | --- | --- |
| 1-E | 1692 Powell Rd. Brookhaven, PA 19015 | PREMISES "D":<br><br>ALL THAT CERTAIN Lot or piece of ground with the buildings and improvements thereon erected, situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania and described according to a revised plan of Lots of Toby Farms made for Richard G. Kelly, by Catania Engineering Associates, Inc., Consulting Engineers, Chester Pennsylvania, dated December 27, 1967 and last revised January 17, 1970, as follows:<br><br>BEGINNING at a point on the Southerly side of Powell Road (50 feet wide) at the distance of 85.50 feet measured South 82 degrees 37 minutes 50 seconds West along same and the Southerly side of Ranier Road (50 feet wide) from the point formed by the intersection of the Southerly side of said Ranier Road with the extended Easterly side of Charles Road (50 feet wide); thence extending from said beginning point South 07 degrees 22 minutes 10 seconds East passing through the party wall between these premises and the premises adjoining on the East and crossing a certain 20.00 feet wide driveway which extends Eastwardly and Westwardly; thence Northwardly communicating with certain other 20.00 feet wide driveways which extend Northwardly and Eastwardly respectively into Powell Road 110.00 feet to a point on the Southerly side of the first mentioned driveway; thence extending along same South 82 degrees 37 minutes 50 seconds West 20.00 feet to a point; thence extending North 07 degrees 22 minutes 10 seconds West recrossing said driveway and passing through the party wall between these premises and the premises adjoining on the West, 110.00 feet to a point on the Southerly side of Powell Road; thence extending along same North 82 degrees 37 minutes 50 seconds East, 20.00 feet to the first mentioned point and place of beginning.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the above mentioned driveways as and for driveways, passageways and watercourses at all times hereafter forever, in common with the owners, tenants and occupiers of the other lots or ground bounding thereon and entitled to the use thereof.<br><br>SUBJECT however, to the proportionate part of the expense of keeping said driveways in good order, condition and repair at all times hereafter forever.<br><br>BEING Lot No. 810, on said plan.<br><br>**BEING known as: 1692 Powell Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 1-F | 1449 Rainer Rd. Brookhaven, PA 19015 | PREMISES "H":<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected Situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania described according to a Plan Toby Farms made by Catania Engineer Associates, Inc Consulting Engineers, Chester, Pennsylvania, dated June 23, 1970 and last revised April 11, 1972 as follows:<br><br>SITUATE on the Northwesterly side of Rainer Road (50 feet wide) at the distance of 521.06 feet measured South 20 degrees 07 minutes 50 seconds West along same from its intersection with the Southwesterly side of Renolds Road (50 feet wide) (both lines produced).<br><br>CONTAINING in front or breadth on the said Northwesterly side of Rainer Road measured South 20 degrees 07 minutes 10 seconds West 30.00 feet and extending of that width in length or depth North 69 degrees 52 minutes 10 seconds West between parallel lines at right angles in Rainer Road 107.50 feet to a center line of a 20.00 feet wide driveway which extends Northeastwardly into Renolds Road and Southeastwardly into Charles Road, the Southwesterly line thereof passing through the party wall between these premises and the premises adjoining on the Southwest.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveway as and for a driveway, passageway and watercourse at all times hereafter, forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereof and entitled to the use thereof.<br><br>Subject, however to the proportionate part of the expense of keeping said driveway in good order, condition and repair.<br><br>BEING known and designated as Lot No. 722.<br><br>**BEING known as: 1449 Rainer Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 1-G | 1345 Harshaw Rd.<br>Brookhaven, PA 19015 | PREMISES "I":<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and Improvement thereon erected, Situate in the Township of Cheater, County of Delaware and Commonwealth of Pennsylvania, and described according to a survey thereof made for Richard G. Kelly by Reeder and McGarity, Professional Engineers, Upper Darby, Pennsylvania, dated April 12, 1962, as follows, to wit:<br><br>BEGINNING at a point on the Easterly side of Harshaw Road (50 feet wide) measured the three following courses and distances, along same, from its intersection with the Southerly side of Powell Road (60 feet wide) (both lines produced); (1) extending from said point of intersection, South 01 degree 57 minutes 50 seconds West, 33.45 feet to a point of curve; (2) on a line curving to the right having a radius of 560.29 feet, the arc distance of 166.24 feet to a point of tangent and (3) South 18 degrees 57 minutes 50 seconds West, 627.17 feet to the point and place of beginning.<br><br>CONTAINING in front or breadth on the Easterly side of Harshaw Road, measured South 18 degrees 57 minutes 50 seconds West, from said beginning,18.70 feet and extending of that width in length or depth measured South 71 degrees 02 minutes 10 seconds East, between parallel lines at right angles to said Harshaw Road, 107.50 feet to the center line of a certain 20 feet wide driveway (17 feet paved) which extends Northwardly from Renolds Road communicating at its Northernmost end thereof with a certain other 20 feet wide driveway which extends Eastwardly from Harshaw Road to Elson Road. The Northerly and Southerly lines thereof passing through the party walls between these premises and the premises adjoining to the North and South.<br><br>BEING Lot No. 131, as shown on said survey.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveways, as and for driveways, passageways and watercourses at all times hereafter forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof. Subject, however, to the proportionate part of the expense of keeping said driveways in good order, conditions and repair at all times hereafter forever.<br><br>**BEING known as: 1345 Harshaw Road**<br><br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 1-H | 1306 Elson Rd. Brookhaven, PA 19015 | PREMISES "E":<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania, and described according to a survey thereof made for Richard G. Kelly, by Reeder and Magarity, Professional Engineers, Upper Darby, Pennsylvania on 6/12/1961 as follows:<br><br>BEGINNING at a point on the Northwesterly side of Elson Road (60 feet wide) measured the two following courses and distances along same from its intersection with the Northeasterly side of Renolds Road (30 feet wide) (both line produced) (1) extending from said point of intersection, North 20 degrees 07 minutes 30 seconds East 201.26 feet to a point, and (2) North 18 degrees 57 minutes 50 seconds East 249.50 feet to the point and place of beginning.<br><br>CONTAINING in front or breadth on the said Elson Road measured North 18 degrees 57 minutes 50 seconds East 18.17 feet and extending of that width in length or depth North 71 degrees __ minutes 10 seconds West between parallel lines at right angle __ said Elson Road 107.50 feet to the center line of a certain 20.00 feet wide driveway which extends Northeastwardly from Renolds Road communicating at its Northeasternmost end thereof with a certain other 20.00 feet wide driveway which extends Northwestward from Elson Road to Harshaw Road, the Northeasterly and Southwesterly lines thereof passing through the party walls between these premises and the premises adjoining to the Northeast and Southwest.<br><br>BEING Lot 76, as shown on said plan.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the aforesaid driveways as and for driveways, passageways and watercourses at all times hereafter, forever, common with the owners, tenants and occupiers of the other lots of ground bounding thereon and entitled to the use thereof.<br><br>SUBJECT, however to the proportionate part of the expense of keeping said driveway in good order and repair at all times forever.<br><br>**BEING known as: 1306 Elson Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| Property No. | Address | Legal Description |
|---|---|---|
| 1-I | 1238 Harshaw Rd. Brookhaven, PA 19015 | PREMISES "B":<br><br>ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, Hereditaments and Appurtenances, situate in the Township of Chester, County of Delaware and Commonwealth of Pennsylvania described according to a survey thereof made for Richard G. Kelly by Reader and Magarity, Professional Engineers, Upper Darby, Pennsylvania on 5/10/1963 as follows, to wit:<br><br>BEGINNING at a point on the Westerly side of Harshaw Road (50 feet wide) at the distance of 523.07 feet measured North 18 degrees 57 minutes 50 seconds East, along same from its intersection with the Northerly side of Renolds Road (50 feet wide) (both lines produced)<br><br>CONTAINING in front or breadth on the said Westerly side of Harshaw Road, measured North 18 degrees, 57 minutes, 50 seconds East, from said beginning point, 18.17 feet and extending of that width in length or depth measured North 71 degrees 02 minutes 10 seconds West between parallel lines at right angles to said Harshaw Road 107.50 feet to the center line of a certain 20 feet wide (paved 17 feet driveway which extends Northwardly and Southwardly, communicating at each end thereof with certain other 20 feet wide paved 17 feet driveways which extend Westwardly from Harshaw Road to Adair Road, the Northerly and Southerly lines thereof passing through the party walls between these premises and ten premises adjoining to the North and South.<br><br>BEING Lot No. 146, as shown on said plan.<br><br>TOGETHER with the free and common use, right, liberty and privilege of the above mentioned driveways as and for driveways, passageways and watercourses at all times hereafter, forever, in common with the owners, tenants and occupiers of the other lots of ground bounding thereon and having the use thereof.<br><br>SUBJECT, however, to the proportionate part of the expense of keeping said driveways in good order, condition and repair at all times hereafter, forever.<br><br>**BEING known as: 1238 Harshaw Road**<br>Being the same premises which Thomas F. Brawley, Sr. and Thomas F. Brawley, Jr. by Deed dated 9/28/2018 and recorded 12/1/2018 in Delaware County in Volume 6254 Page 1842 conveyed unto BMJ Real Estate, LLC, a Pennsylvania Limited Liability Company, in fee. |

| **Property No.** | **Address** | **Legal Description** |
|---|---|---|
| 2 | 290 Watson Ave.<br>Coatesville, PA 19320 | **LEGAL DESCRIPTION**<br><br>ALL that certain lot or tract of land being Lot No. 21, on Plan of Lots known as Colonial Gardens, Hereditaments and Appurtenances, situate in Caln Township, as designated by H.G. Book, Engineer, in Caln Township, Chester County, Pennsylvania, bounded and described as follows:<br><br>BEGINNING at a point, being the Northeast corner of Lot No. 20 on the West side of Watson Avenue; thence running in a general Northerly direction along the West side of Watson Avenue, a distance of 100 feet to the Southeast corner of Lot No. 22; thence running along the South side of Lot No. 22 in a general Northwestward line, 174.73 feet to a point, being the Northeast corner of Lot No. 4; thence in a general Southerly direction along the Eastern Boundary line of Lot No. 4, 100 feet to the Northwest corner of Lot No. 20 in a general Southeasterly direction, 174.73 feet in a line parallel to the opposite boundary line to the point and place of beginning.<br><br>BEING the same premises which Ralph E Jilek & Crystal L Jilek, husband and wife, by Deed dated 7-1-09 and recorded 7-14-09 in Chester County in Deed Book 7721, Page 1133, conveyed unto Steve Perry, in fee. |

## <u>Exhibit B</u>

### Property Information

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-A | 4015 Worrilow Rd. Brookhaven, PA 19015 | $71,300.00 | $210,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Vacant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-B | 4024 Gideon Rd. Brookhaven, PA 19015 | $68,880.00 | $175,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Vacant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-C | 1205 Rainer Rd. Brookhaven, PA 19015 | $69,600.00 | $148,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Takiyah Holmes – Rent is $1,000.00 per month. Last payment received was $1,000.00 on 3/3/2025. Lease expired 10/31/2024. |

| **Property No.** | **Address** | **2027 Assessed Value** | **Estimated Value** | **First Mortgagee Claim** | **Mortgagor** | **Unpaid Taxes 2023-25** | **Non-Mortgage Liens/Interests** | **Tenants** |
|---|---|---|---|---|---|---|---|---|
| 1-D | 3922 Elson Rd. Brookhaven, PA 19015 | $74,000.00 | $220,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Talib Sudan and one minor – Rent is $999.00 per month and is current; last payments received were $984.00 on 9/1/2026 and $100.00 on 9/4/2026. Lease expired 10/31/2024. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-E | 1692 Powell Rd. Brookhaven, PA 19015 | $65,060.00 | $250,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Vacant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-F | 1449 Rainer Rd. Brookhaven, PA 19015 | $73,100.00 | $230,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Vacant. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-G | 1345 Harshaw Rd. Brookhaven, PA 19015 | $67,580.00 | $220,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Nicole Wesley, Deshawn L. Wesley-Barker, and one minor – Rent is $1,820.00 per month and is current; last payment received was $1,820.00 on 9/4/2026. Lease expires 9/30/2026. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-H | 1306 Elson Rd. Brookhaven, PA 19015 | $69,000.00 | $175,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Evelyn Madison and Tom Frye – Rent is $1,200.00 per month. Last payment received was $450.00 on 3/19/2025. Lease expired 10/31/2022. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 1-I | 1238 Harshaw Rd. Brookhaven, PA 19015 | $67,220.00 | $180,000.00 | Fay Legacy $1,184,203.69 | DDH Fund LP | None. | None. | Monique Smith-Melvin – Rent is $1,350.00 per month. Last payment received was $864.00 on 11/5/2025. Lease expired 10/31/2024. |

| Property No. | Address | 2027 Assessed Value | Estimated Value | First Mortgagee Claim | Mortgagor | Unpaid Taxes 2023-25 | Non-Mortgage Liens/Interests | Tenants |
|---|---|---|---|---|---|---|---|---|
| 2 | 290 Watson Ave. Coatesville, PA 19320 | $108,340.00 | $383,000.00 | Legacy $190,902.18 | DDH Fund LP | None. | None. | Vacant. |

## Exhibit C

### Municipal Liens and Judgments

| Lienholder | Case No. | Amount |
|---|---|---|
| City of Philadelphia, Department of Licenses and Inspections (Code Enforcement Lien) | CE-25-03-32-0112 | $345.00 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23023924 | $298.15 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2404R23024705 | $277.23 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R23027859 | $315.57 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24002824 | $1,252.54 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004988 | $299.17 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24004990 | $3,720.73 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24006202 | $1,149.30 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24008929 | $321.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24009946 | $1,903.79 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24011325 | $1,751.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24015183 | $385.94 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24021455 | $2,469.31 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023109 | $2,641.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24023827 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24024454 | $974.61 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24027679 | $1,752.22 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028480 | $375.70 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24028529 | $1,117.11 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24029357 | $294.01 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24030930 | $1,505.43 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033104 | $335.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24033338 | $2,506.52 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24034597 | $1,363.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24035759 | $411.48 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24036043 | $1,462.86 |

| | | |
|---|---|---|
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24038287 | $1,223.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24039421 | $371.44 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24040280 | $1,045.49 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24046201 | $410.21 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24048641 | $1,471.26 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24049462 | $416.47 |
| City of Philadelphia, Department of Revenue (Real Estate Tax Lien) | 2501R24050108 | $1,549.64 |
| **Total** | | **$36,692.19** |