ORDERED.

**Dated: November 20, 2026**

Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; *and* | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC; | Case No. 8:26-bk-08030-CPM |
| Debtors. | |
| RAD Diversified REIT, Inc., | Case No. 8:26-bk-01636-CPM |
| Applicable Debtor. | |

**ORDER GRANTING DEBTOR'S MOTION TO CONFIRM SALE, AUTHORIZE DISTRIBUTIONS AT CLOSING, AND GRANT RELATED RELIEF**

(2030 E. Lehigh Ave., Philadelphia, PA 19125)

THIS CASE came before the Court without a hearing upon RAD Diversified REIT, Inc.'s (the "**Debtor**") *Motion to Confirm Sale, Authorize Distributions at Closing, and Grant Related Relief* [Dkt. No. 1350] (the "**Motion**").[1] The Motion was served on all interested parties with the approved 14-day negative-notice legend under the Procedures Order [Dkt. No. 1286]. No timely response was filed, and the Court considers the Motion unopposed. Accordingly, it is

**ORDERED**:

1. The Motion is **GRANTED** as set forth herein.

2. The sale to Secure Investments LLC (the "**Purchaser**") for a bid of $68,670.00, plus a buyer's premium of $6,867.00, for a total purchase price of $75,537.00, is confirmed. The property is located at 2030 E. Lehigh Ave., Philadelphia, PA 19125 and legally described as follows (the "**Property**"):

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected, described according to a Survey and Plan thereof made the Fourteenth day of October, A.D. 1945, by Munro L. Abbot, Surveyor and Regulator of the Sixth District, as follows:

SITUATE on the Southwesterly side of Lehigh Avenue at the distance of Forty-seven feet, Seven inches Southeastwardly from the Southeasterly side of Braddock Street, in the Thirty-First Ward of the City of Philadelphia.

CONTAINING in front or breadth on the said Lehigh Avenue, Fourteen feet, Eleven inches, and extending Southwestwardly between lines parallel with Braddock Street, on the Northwesterly line thereof Seventy feet, Eleven and one-half inches, and on the Southeasterly line thereof Seventy-three fest, and one-eighth of an inch, and containing on the rear end thereof Fourteen feet, Ten and one- quarter inches, INCLUDING part of the soil of a Two feet, Six inches wide alley leading Northwestwardly into Braddock Street.

TOGETHER with the free and common use, right, liberty and privilege of the said alley.

BEING known as No. 2030 East Lehigh Avenue.
BEING the same premises which Colleen O'Connor Skylakon by Deed dated 11/3/1995 and recorded 1/20/1996 in Philadelphia County in Deed Book VCS 1850 page 439 conveyed unto Marcella C. Thompson, in fee.

And the said Marcella C. Thompson departed this life on 3/30/2021, leaving a Will probated and registered at Philadelphia County as Will No. 3952 of 2021, wherein she specifically devised the said premises known as 2030 East Lehigh Street, Philadelphia, PA, to Martin L. Thompson, her son, wherein she appointed Martin L. Thompson, Executor to whom Letters Testamentary were granted on 8/30/2021.

3. The Property shall be conveyed free and clear of liens, claims, encumbrances, and interests as provided in the Sale Order. Municipal liens required by the Sale Order to be paid at

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion or the Procedures Order, as applicable. By filing the Motion and submitting this Order, the Debtor has certified compliance with the Procedures Order, the Sale Order [Dkt. No. 1071], and approved Tranzon auction procedures.

closing shall be paid. The sale was conducted under the approved auction procedures, at arm's length and without fraud or collusion; the Purchaser is entitled to the protections of 11 U.S.C. § 363(m).

4. The Debtor is authorized to convey the Property to the Purchaser or its approved assignee or nominee by Trustee's Deed or other instrument acceptable to the title company. Katie S. Goodman, as Chief Restructuring Officer, or another authorized representative or designee of the Debtor, may execute, acknowledge, deliver, and record the deed, settlement statement, title affidavits, tax forms, closing instructions, and other documents necessary to close, without further order. The Purchaser, closing agent, title insurer, and recording offices may rely on this Order as conclusive evidence of that authority.

5. The Debtor and closing agent are authorized to disburse sale proceeds (the "**Proceeds**") substantially as proposed in the Motion [and the settlement statement], as follows:

a. First, $6,867.00 to the Debtor as the previously approved surcharge (the "**Surcharge Amount**"), free and clear of liens, claims, encumbrances, and interests, for deposit into its debtor-in-possession operating account / No surcharge applies].

b. Next, seller charges of $953.86 shall be paid: $70.00 to Pack Law (county search) and $883.86 to escrow (final water). Purchaser charges of $26,600.44, exclusive of the sale price, shall be paid: $12,129.00 to the Philadelphia County Recording Office (recording and transfer); $6,179.40 to Tranzon Driggers and Fifth Realty (commissions); $1,375.63 to ClosingPro, Tohickon Settlement Services, Inc., and Fidelity National Title Insurance Company (title and settlement); $5,234.71 to the Philadelphia City Department of Revenue (2024-2026 property taxes); $995.00 to Tohickon Settlement Services, Inc. (conveyancing); and $686.70 to Tranzon Driggers (marketing), all as required by the approved sale terms.

c. Next, all remaining available Proceeds to Kiavi Funding, Inc. on account of its debt in the asserted amount of $174,128.18.

d. No Proceeds remain after the foregoing payments, and the Debtor receives only the Surcharge Amount.

6. The Debtor shall retain copies of the final closing statement and provide it promptly to the U.S. Trustee and the Committee upon request. If the Purchaser defaults, the Debtor and Tranzon may select an alternative or backup bidder under the approved Tranzon auction procedures and seek confirmation under the Procedures Order with or without another auction.

7. This Order is immediately effective, and the stay under Rule 6004(h) is waived. The sale may close upon entry of this Order, subject to the approved sale terms.

8. The Court retains jurisdiction to enforce this Order.

###

*Attorney Jessey J. Krehl is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this Order.*