# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| | Chapter 11 |
| RAD Diversified REIT, Inc.; | Case No. 8:26-bk-01636-CPM |
| | *Jointly Administered with* |
| RAD Diversified OZ Fund, LP; | Case No. 8:26-bk-01637-CPM |
| DHI Fund, LLC; | Case No. 8:26-bk-01638-CPM |
| DHI Holdings, LP; | Case No. 8:26-bk-01639-CPM |
| DDH Fund, LLC; and | Case No. 8:26-bk-01640-CPM |
| The Seminar Solution, LLC, | Case No. 8:26-bk-08030-CPM |

Debtors.
_________________________________/

**ORDER GRANTING INTERESTED PARTY AMY VAUGHN'S JOINDER AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO PERMIT ADVANCEMENT OF DEFENSE COSTS UNDER DIRECTORS AND OFFICERS LIABILITY POLICY**
**(Doc. No. ___)**

**THIS CASE** came before the Court for hearing on ____________, 2026, at ____ _.m., on Interested Party Amy Vaughn's Joinder in Mendenhall's Motion (Doc. 1405) and Motion for Relief from the Automatic Stay, to the Extent Applicable, to Permit Advancement of Defense

Costs Under the Debtor's Directors and Officers Liability Policy (Doc. No. ___) (the "Motion"). The Motion concerns Public Company Management Liability Insurance Policy No. DNO00012050P-00, issued by StarStone Specialty Insurance Company ("StarStone") to Debtor RAD Diversified REIT, Inc., and any renewal of it, including Policy No. DNO00012050P-01 (together, the "Policy"). Appearances were made as reflected on the record. The Court has considered the Motion, the arguments of counsel, and the record, and finds that the Motion was properly served and that cause exists to grant the relief set forth below. Accordingly, it is

**ORDERED:**

1. The Motion (Doc. No. ___) is GRANTED as set forth in this Order.

2. The automatic stay of 11 U.S.C. § 362(a) does not apply to StarStone's advancement and payment, under and in accordance with the terms and conditions of the Policy, of the Defense Costs of Amy Vaughn incurred in connection with *Securities and Exchange Commission v. RAD Diversified REIT, Inc., et al.*, No. 8:26-cv-02186-KKM-LSG (M.D. Fla.), and any other Claim for which StarStone determines that coverage is available to Vaughn under the Policy (together, the "Vaughn Defense Costs"). The proceeds of the Policy payable under Insuring Agreement A for the Vaughn Defense Costs are not property of the Debtors' estates.

3. Alternatively, to the extent the automatic stay of 11 U.S.C. § 362(a) applies, it is modified for cause under 11 U.S.C. § 362(d)(1) to permit StarStone to advance and pay the Vaughn Defense Costs under and in accordance with the terms and conditions of the Policy.

4. Nothing in this Order (a) determines any interest in the Policy or its proceeds except as stated in paragraph 2; (b) determines any question of coverage under the Policy; (c) authorizes the payment of any judgment or settlement under the Policy; or (d) modifies, waives, or impairs any

term or condition of the Policy or any right, defense, or reservation of rights of StarStone or of any Insured under the Policy.

5. This Order is without prejudice to the motion filed by Dutch Brandon Mendenhall (Doc. No. 1405) and to the rights of any other Insured Person under the Policy.

6. This Order remains in effect notwithstanding the confirmation of any plan in these cases and binds the Debtors, their estates, and any successor to the Debtors' rights under the Policy, including any liquidating trust or liquidating trustee.

7. The 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(4) is waived, and this Order is effective immediately upon entry.

8. The Court retains jurisdiction to interpret and enforce this Order.

Attorney Austin M. Krtausch is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.